Russell Davis (SBN 177959)
PACIFIC JUSTICE INSTITUTE
29 Lakewood Ave.
San Francisco, CA 94127
Tel. (415) 310-6575
rdavis@pji.org

Kevin T. Snider (SBN 170988)
PACIFIC JUSTICE INSTITUTE
ksnider@pji.org
P.O. Box 276600
Sacramento, CA 95827
Tel. (916) 857-6900
Fax (916) 857-6902
ksnider@pji.org

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELINA KEENE, MELODY FOUNTILA, MARK MCCLURE, <br><br> Plaintiffs, <br><br> v. <br><br> CITY and COUNTY OF SAN FRANCISCO; LONDON BREED, Mayor of San Francisco in her official capacity; CAROL ISEN, Human Resources Director, City and County of San Francisco, in her official capacity; DOES 1-100, <br><br> Defendants. | Case No.: <br><br> **VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF, DAMAGES** <br><br> [Demand for Jury Trial] |

1. COME NOW Plaintiffs SELINA KEENE, MELODY FOUNTILA, and MARK MCCLURE, employees of Defendant CITY and COUNTY OF SAN FRANCISCO (hereinafter CCSF), seeking declaratory and injunctive relief, in the form of a preliminary and permanent injunction, barring Defendants, and all those in active concert, from abridging Plaintiffs' constitutionally and statutorily protected fundamental rights guaranteed by the First Amendment, Title VII of the Civil Rights Act of 1964, and the California Fair Employment and Housing Act (FEHA). Plaintiffs also seek damages for violation of those same civil rights.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction and venue over this action pursuant to 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. §§ 1983 and 1988 because the Defendants are violating Plaintiffs' civil rights; and 42 U.S.C. § 2000e-5(f)(3), which confers original jurisdiction on federal district courts to address the deprivation of rights, privileges, and immunities secured by the United States Constitution and federal law, and the general legal and equitable powers of this Court, which empower this Court to grant the requested relief.

3. Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201-2202, and Federal Rules of Civil Procedure, Rule 57 and 65.

4. Supplemental Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims which are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the U.S. Constitution.

5. This Court has the authority to award Plaintiffs' attorneys' fees and costs associated with this action pursuant to 42 U.S.C. §§ 1983 and 1988 and other applicable laws.

6. Venue is proper within this judicial district and division, pursuant to 28 U.S.C. § 1391(b) because the relevant events have occurred and are threatened to occur in this jurisdictional district and division.

**The Vaccine Mandate**

7. On June 23, 2021, CCSF demanded that all 35,000 of its employees be vaccinated against COVID-19 or risk losing their jobs. The requirement would take effect once a COVID-19 vaccine received full authorization from the Food and Drug Administration. Due to the FDA's authorization of the Pfizer vaccine, the mandate was revised. Thereafter, in a mandate issued by Defendant LONDON BREED, all CCSF workers were to be vaccinated by November 1, 2021.

## PARTIES

**Plaintiffs**

8. Plaintiff SELINA KEENE, is and was at all times relevant to this action a qualified/eligible employee of Defendant CCSF, within the meaning of the California Fair Employment and Housing Act and Title VII of the Civil Rights Act. Plaintiff resides in Contra Costa County, California. MS. KEENE is a Christian who believes in the sanctity of life. She is opposed to the vaccines because they were derived from stem cells from aborted fetuses, in direct contradiction to her Christian beliefs. Based on her sincerely held religious beliefs, KEENE requested a religious accommodation to the vaccine mandate. She responded to CCSF questionnaires about her religious beliefs; however, her request for accommodation to the vaccine mandate imposed by Defendant LONDON BREED was denied without explanation. KEENE also requested a medical exemption based on her a-fib condition; that request was also denied. The mandate at issue was implemented by Defendant CAROL ISEN, who as head of the CCSF's HR Department is responsible for implementing the vaccine mandates against all CCSF employees. In January 2022, KEENE contracted COVID-19 and recovered. She now has natural immunity.

9. Plaintiff MELODY FOUNTILA is and was at all times relevant to this action a qualified/eligible employee of Defendant CCSF, working for the CCSF within the meaning of the California Fair Employment and Housing Act and Title VII of the Civil Rights Act. Plaintiff

resides in Contra Costa County, California. She was infected with and survived COVID-19. FOUNTILA is a Christian who believes in the sanctity of life. She is opposed to taking the current vaccines because they are derived from aborted fetal stem cells, in direct contradiction to her Christian beliefs. FOUNTILA responded to CCSF questionnaires about her religious beliefs; however, her request for accommodation to the vaccine mandate imposed by Defendant LONDON BREED was denied without explanation. The mandate at issue was implemented by Defendant CAROL ISEN, who as head of the CCSF's HR Department is responsible for implementing the vaccine mandates against all CCSF employees. FOUNTILA also requested a medical exemption based on the fact that she has natural immunity to COVID-19. Her medical exemption request was also denied.

10. Plaintiff MARK MCCLURE is and was at all times relevant to this action a qualified/eligible employee of Defendant CCSF, within the meaning of the California Fair Employment and Housing Act and Title VII of the Civil Rights Act. Plaintiff resides in San Mateo County, California. MR. MCCLURE is a Christian. He is opposed to taking the vaccines because they are derived from aborted fetal stem cells, in direct violation of his Christian beliefs. He responded to CCSF questionnaires about his religious beliefs; however, his request for accommodation to the vaccine mandate imposed by Defendant LONDON BREED was denied without explanation. The mandate at issue was implemented by Defendant CAROL ISEN, who as head of the CCSF's HR Department is responsible for implementing the vaccine mandates against all CCSF employees.

11. All Plaintiffs have received right to sue letters from the EEOC or the DFEH.

**Defendants**

12. Defendant CCSF is a qualified/eligible employer within the meaning of the California Fair Employment and Housing Act and Title VII and conducting its operations in San Francisco

County. It employs Plaintiffs FOUNTILA, KEENE, and MCCLURE. It is an administrative and political subdivision of California that consists of a geographic region with specific boundaries and some level of governmental authority.

13. Defendant LONDON BREED is and was at all times relevant to this action Mayor of the City of San Francisco. She resides in San Francisco County. She is sued in her official capacity. The Mayor of the City and County of San Francisco is the head of the executive branch of the San Francisco City and County government. This officeholder has the duty to enforce city laws and the power to either approve or veto bills passed by the San Francisco Board of Supervisors. Because of San Francisco's status as a consolidated city-county, the Mayor also serves as the head of government of the County and can issue executive orders and/or mandates, and did in fact issue a vaccine mandate for all CCSF employees.

14. Defendant CAROL ISEN is and was at all times relevant to this action head of the Human Resources Department of CCSF. She is being sued in her official capacity. The HR Department is tasked with maximizing employee productivity and protecting CCSF from any issues that may arise within the workforce. HR responsibilities include compensation and benefits, recruitment, firing, and keeping up to date with any laws that may affect the company and its employees. The Human Resources Department executes the Mayor's vaccine mandate by terminating employees that are not vaccinated. For purposes of this litigation, termination includes, but is not limited to, being placed on forced administrative leave or having employees use up their accrued benefits, such as FMLA time, sick time, and vacation time while waiting out the results of this litigation.

15. The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 100, inclusive are unknown to Plaintiffs at this time, who therefore sues said Defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that

each of the fictitiously named Defendants are in some way responsible for, or participated in, or contributed to, the matters and things complained of herein, and are legally responsible in some manner. Plaintiffs will seek leave to amend this Complaint when the true names, capacities, participation, and responsibilities have been ascertained.

16. Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, that CCSF and Defendants named in this action as well as the fictitiously named Defendants, and each of them, were agents and employees of each other, and in so doing the things hereinafter complained of, were acting within the course and scope of such agency and/or employment and with the knowledge and consent of the remaining Defendants.

**STATEMENT OF FACTS**

17. Plaintiffs herein incorporate paragraphs 1-16. Due to the vaccine mandates, supra, Plaintiffs have been forced to take administrative leave and to use sick time, vacation time, and FMLA time in order to mitigate their damages and to "buy" time while this litigation progresses.

18. Plaintiff FOUNTILA experienced hostility from vaccinated co-workers and had to check her feelings and emotions. She now loses sleep over the prospect of not being able to support herself. Assuming that CCSF wants their staff to have immunity to COVID-19, FOUNTILA's termination is especially egregious because she has natural immunity to the disease.

19. Plaintiff MCCLURE lost his pension and at age sixty (60) and worries about trying to search for another job. His employment with CCSF had been a reliable source of income, and at his age it is a hardship to seek full time employment. His family income has been cut in half. He can no longer afford health care. His mortgage payments are in jeopardy, and his utility bills are now unaffordable.

20. Plaintiff KEENE has an a-fib condition; that condition was exacerbated by stress incident to her fear of loss of income, medical benefits, promotional opportunities, retirement

income, and payments for her medical insurance. As a result, KEENE was forced to take disability leave on October 27, 2021. Because of her reduced income, she is in jeopardy of losing her home and is struggling to pay her utility bills.

21. The Defendants arbitrarily and unreasonably implemented the mandates. The mandates fail to address the reality that unvaccinated employees with accommodations can safely perform their job duties while protecting themselves, fellow employees, and the community they serve through non-pharmaceutical interventions, such as daily health screenings, wearing masks, quarantining, and in some cases, telecommuting for work. Before the mandate was implemented, the Plaintiffs were called heroes for staying on the job and working through the worst of the COVID-19 pandemic. During that time, the Defendants relied on weekly testing, wearing masks and PPE, and telecommuting as the primary means of protecting the peace, health, and safety of the public, other employees, and themselves. Now Plaintiffs are being terminated because they do not want to take a vaccine that violates their protected religious beliefs, and because the Defendants will not admit the efficacy of the prior means of protecting the public and their employees.

22. The mandates at issue ignore peer-reviewed studies comparing naturally acquired and vaccine acquired immunity. Those studies show overwhelmingly that natural immunity provides equivalent or greater protection against severe infection from COVID-19 than immunity generated by mRNA vaccines. The Defendants do not and cannot point to any evidence that vaccinated individuals have longer lasting or more complete immunity than those who have recovered from COVID-19. Early data also suggests that naturally acquired immunity may provide greater protection against COVID-19 variants than vaccine-induced immunity.

23. CCSF's refusal to allow an opt out, especially for employees with naturally acquired immunity, is not based on science. In line with this unreasonable and arbitrary refusal, CCSF does

VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

-7-

not provide any process for employees to submit test results showing antibodies that provide natural immunity from COVID-19.

24. The mandates further presume that requiring vaccination of an individual that has already contracted and recovered from COVID-19 will not cause any short-term or long-term injuries. This presumption is based on absolutely no evidence and is purely conjectural.

**FIRST CAUSE OF ACTION**
**Violation of Title VII of the Civil Rights Act of 1964 42 U.S.C. § 2000e *et seq*.**
**(Against All Named Defendants)**

25. Paragraphs 1 through 24 are hereby incorporated and realleged as though fully set forth herein.

26. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., provides broad workplace protections for people of sincere religious faith.

27. Among other protections, it is generally unlawful for an employer to "exclude or to suspend an employee, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(c)(1).

28. Within this framework, Title VII requires an employer to reasonably accommodate an employee's sincere religious observances and practices, unless such an accommodation would impose an undue hardship on the employer.

29. Pursuant to 42 U.S.C. § 2000e(j), "religion" in the employment context is defined as "all aspects of religious observance and practice, as well as belief." In view of this broad definition by Congress, it cannot be said that any employer covered by Title VII may legally or constitutionally require an employee to belong to any "bona-fide" religious organization as a condition for receiving an accommodation.

30. Title VII protects the Plaintiffs and other CCSF employees' rights to request religious or medical accommodations as needed. The employer is required to evaluate the request and determine through an interactive process whether reasonable accommodations can occur and the employee must be provided a reasonable opportunity to submit such requests. "Reasonable accommodation" means a modification or adjustment to the workplace that enables the employee to perform the essential functions of the job held or desired. Such accommodation can be made herein by simply having Plaintiffs follow the same protocols that were followed at the height of the pandemic, when they were considered heroes for continuing to work. Doing so would not impose an undue hardship on any of the Defendants. Defendants have utterly failed to make reasonable accommodations for the Plaintiffs' religious accommodation requests. Given that employees could submit to daily health screenings, wearing masks, quarantining, and telecommuting for work, those requests for accommodation would not amount to an undue hardship on the Defendants. Those exact same accommodations were made and worked during the height of the pandemic in 2020 and 2021.

31. Plaintiffs' right to free exercise of religion cannot be conditioned on the Defendants' irrational mandates. As Christians who believe in the sanctity of life, they will not take vaccines derived from aborted fetal cell lines. All Defendants, in denying the Plaintiffs' exemptions, were doing so under color of law and also doing so in order to subject the Plaintiffs to ongoing coercion based on their religious beliefs, that is, they are being coerced into a choice between their religious convictions and continued employment. That coercion is harmful in and of itself and cannot be remedied after the fact and is a violation of their fundamental civil rights under the First Amendment and Title VII.  Plaintiffs have been damaged as a result, and also seek equitable relief from these irrational mandates.

32. Plaintiffs herein seek declaratory and injunctive relief, mandating that Defendants stop their coercion based on the Plaintiffs' religious beliefs and to grant their religious accommodation requests. Plaintiffs further request the same relief for medical exemptions based on having had COVID-19 and its concomitant antibodies.

**SECOND CAUSE OF ACTION**
**Violation of the California Fair Employment and Housing Act (Cal. Govt. Code § 12900 *et seq*.) – Failure to Provide Religious Accommodation**
**(Against All Named Defendants)**

33. Plaintiffs hereby incorporate and reallege the preceding paragraphs 1-32 as though fully set forth herein.

34. Under FEHA, it is an unlawful employment practice for an employer to discriminate against any employee or other covered person because of a conflict between the person's religious belief or observance and any employment requirement, unless the employer demonstrates that it has explored any available reasonable means of accommodating the religious belief or observance, including the possibilities of excusing the person from those duties that conflict with their belief and observance, or permitting those duties to be performed at another time or by another person.

35. Plaintiffs are persons and employees of Defendants within the meaning of FEHA.

36. Defendants were at all times relevant herein employers for purposes of FEHA.

37. Plaintiffs are able to perform the essential functions of their jobs with Defendants and have been doing so successfully and commendably for many years, including working during the height of the pandemic.

38. The mandates at issue make clear that accepting certain vaccines are suddenly a de facto expectation for their positions.

39. Plaintiffs have strong, sincerely held religious beliefs that taking the COVID-19 vaccines would be morally wrong for them. This is due to the fact that as Christians they have a

duty to uphold the sanctity of life and they want no part of vaccines that are derived from aborted fetal cell lines. The Defendants herein are attempting to coerce Plaintiffs into violating their faith by making them choose between their faith and continued employment. These acts by Defendants violate the Plaintiffs' fundamental rights under Article I of the California Constitution and FEHA.

40. Plaintiffs have notified their supervisors of the conflict and in fact requested accommodations.

41. Accommodation would permit Plaintiffs to continue performing their essential functions as they have been doing for many years.

42. "Reasonable accommodation" means a modification or adjustment to the workplace that enables the employee to perform the essential functions of the job held or desired. Defendants refused to explore available reasonable alternatives to the stated vaccine requirement or engage in any timely, interactive, meaningful, or good faith process with Plaintiffs to ascertain whether, in light of their extensive backgrounds and experience, they could in fact perform the essential functions of their positions without being vaccinated. That refusal to explore reasonable alternatives is based on the Defendants' goal to coerce the Plaintiffs into a choice between their religious convictions and continued employment. That coercion is ongoing and cannot be remedied after the fact. An accommodation can be made herein by simply having Plaintiffs follow the same protocols that were followed at the height of the pandemic, when they were considered heroes for continuing to work. Doing so would not impose an undue hardship on CCSF.

43. All Defendants, in denying the Plaintiffs' exemptions, were doing so under color of law. Plaintiffs have been damaged as a result and also seek equitable relief from these irrational mandates.

44. Defendants intentionally violated Plaintiffs' rights with malice and recklessness in violation of FEHA and Article I of the California Constitution. As a result of Defendants'

discriminatory actions, Plaintiffs suffered harm and are entitled to recover damages including but not limited to mental suffering, past and future lost earnings and benefits, and other compensatory damages in an amount according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray this Court grants relief as follows:

1. A preliminary and permanent injunction requiring Defendants to accept all sincere requests for religious accommodations to taking the COVID-19 vaccinations;

2. A preliminary and permanent injunction requiring Defendants to accept all sincere requests for medical exemptions based on having COVID-19 antibodies acquired as a result of surviving a COVID-19 infection;

3. Plaintiffs request compensatory damages in an amount according to proof;

4. Plaintiffs request reasonable costs of suit and attorneys' fees; and

5. Plaintiffs request such other and further relief as the Court may deem appropriate.

Dated:  March 4, 2022

      /s/ Russell Davis
Russell Davis, Esq.
Kevin T. Snider, Esq.
PACIFIC JUSTICE INSTITUTE

*Attorneys for Plaintiffs*

# DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all causes of action and claims to which they have a right to a jury trial.

/s/ Russell Davis
Russell Davis, Esq.
Kevin T. Snider, Esq.
PACIFIC JUSTICE INSTITUTE

*Attorneys for Plaintiffs*

## VERIFICATION

I, Selina Keene, am one of the Plaintiffs in the above-captioned matter. I have read the VERIFIED COMPLAINT and am familiar with same. The contents are true and accurate and known to me by personal knowledge, except for those matters which are stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed this 7th Day of March 2022, in the County of Contra Costa, State of California.

_Selina Keene_
Selina Keene, Plaintiff

## VERIFICATION

I, Mark McClure, am one of the Plaintiffs in the above-captioned matter. I have read the VERIFIED COMPLAINT and am familiar with same. The contents are true and accurate and known to me by personal knowledge, except for those matters which are stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed this 30 Day of March 2022, in the County of San Mateo, State of California.

Mark McClure, Plaintiff

VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

-14-

**VERIFICATION**

I, Melody Fountila, am one of the Plaintiffs in the above-captioned matter. I have read the VERIFIED COMPLAINT and am familiar with same. The contents are true and accurate and known to me by personal knowledge, except for those matters which are stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed this 9 Day of March 2022, in the County of Contra Costa, State of California.

_____
Melody Fountila, Plaintiff