DAVID CHIU, State Bar #189542
City Attorney
WAYNE K. SNODGRASS, State Bar #148137
JAMES M. EMERY, State Bar #153630
KATE G. KIMBERLIN, State Bar #261017
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-5408
Telephone:    (415) 554-4628 (Emery)
              (415) 554-3847 (Kimberlin)
Facsimile:    (415) 554-4699
E-Mail:       jim.emery@sfcityatty.org
              kate.kimberlin@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO;
LONDON BREED, Mayor of San Francisco in her official capacity; and
CAROL ISEN, Human Resources Director, City and County
of San Francisco, in her official capacity

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELINA KEENE, MELODY FOUNTILA, MARK MCCLURE,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY and COUNTY OF SAN FRANCISCO; LONDON BREED, Mayor of San Francisco in her official capacity; CAROL ISEN, Human Resources Director, City and County of San Francisco, in her official capacity; DOES 1-100,<br><br>Defendants. | Case No. 22-cv-01587-JSW<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS CLAIMS AGAINST DEFENDANTS LONDON BREED AND CAROL ISEN**<br><br>**[Fed. R. Civ. P. 12(b)(6)]**<br><br>Hearing Date:    June 24, 2022<br>Time:            9:00 a.m.<br>Judge:           Hon. Jeffrey S. White<br>Location:        Oakland Courthouse, Courtroom 5 (Remote)<br><br>Date Action Filed:  March 14, 2022<br>Trial Date:         None set |

INDIVIDUAL DEFENDANTS' MOTION TO DISMISS
CASE NO. 22-cv-01587-JSW

n:\govlit\li2022\220836\01601727.docx

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on June 24, 2022 at 9:00am, in Courtroom 5, 2nd Floor, 1301 Clay Street, Oakland, California, 94612 (or remotely), or as soon thereafter as the Court is able, Defendants London Breed and Carol Isen ("Individual Defendants") will and hereby do move the Court to dismiss all claims against them in the Complaint filed by Plaintiffs Selina Keene, Melody Fountila and Mark McClure (collectively, "Plaintiffs"). The Individual Defendants are named in their official capacities only and the claims against them should therefore be dismissed as redundant of those asserted against the City and County of San Francisco ("City") and because no individual liability exists for discrimination claims under Title VII or the California Fair Employment and Housing Act ("FEHA").

This Motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6), and is supported by the Memorandum of Points and Authorities, below, along with the [Proposed] Order, filed herewith.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs have improperly named two individual defendants in this action: San Francisco Mayor London Breed and Director of Human Resources, Carol Isen. There is no basis to maintain this action against either Mayor Breed or Director Isen because they are alleged to have acted only in their official capacities. There is also no basis for individual liability for discrimination under either Title VII or FEHA. Defendants therefore respectfully request the Court dismiss all claims against Mayor Breed and Director Isen, with prejudice, and that the case proceed solely with Plaintiffs' claims against the City.

## II. RELEVANT FACTS ALLEGED IN COMPLAINT

Plaintiffs allege they either are or were employees of the City and they have been discriminated against on the basis of their religious beliefs in violation of Title VII and FEHA. (Complaint, ¶¶8-10). They allege the City has impermissibly implemented a COVID-19 vaccine mandate and unreasonably

denied them exemptions from the mandate or reasonable accommodations therefrom. (*Id.* at ¶¶ 30-31, 39-43).

Alongside the City, Plaintiffs have named both Mayor Breed and Director Isen as individual defendants, but acknowledge that each is being sued in her "official capacity" only. (*Id.* at ¶¶ 13-14). In particular, Plaintiffs allege Mayor Breed and Director Isen were responsible for issuing and executing the City-wide vaccine policies. (*Id.*) Plaintiffs do not allege that either Mayor Breed or Director Isen was directly involved in evaluating Plaintiffs' requests for exemptions or the decisions to deny those requests.

### III.  ARGUMENT
#### A.  Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P., Rule 12(b)(6).  A plaintiff must provide "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007) (holding that because plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed").

#### B.  The Court Should Dismiss Mayor Breed and Director Isen Because Any Claims Against them are Duplicative of Those Against the City

In their complaint, Plaintiffs name Mayor Breed and Director Isen in their official capacities only. However, lawsuits "against persons acting in their official capacity 'generally represent only another way of pleading an action against the entity of which the officer is an agent.'" *Hofmann v. City and County of San Francisco*, 870 F.Supp.2d 799, 803 (N.D. Cal. 2012) (quoting *Chew v. Gates*, 27 F.3d 1432, 1446 n. 15 (9th Cir. 1994)). Claims against current and former Mayors and department heads "in their official capacities are likewise deemed to be claims against the City" and should therefore be dismissed. *Id.*

Here, Plaintiffs allege claims under Title VII and the FEHA against their former employer – the City. Because Plaintiffs have not articulated any basis to maintain separate claims against either Mayor Breed or Director Isen, the claims against those Individual Defendants should be dismissed with prejudice.

### C. Claims for Discrimination Under Title VII and the FEHA May Only Be Brought Against the Employer, Not Individual Employees

The Ninth Circuit has long held there is no individual liability under Title VII. *See Miller v. Maxwell's Intern. Inc.*, 991 F.2d 583, 587 (9th Cir. 1993). Only an employer itself – not the employee's co-workers or supervisors – may be held liable. *Grimes v. San Mateo County Transit Dist.* 2013 WL 1739470 (N.D. Cal. Apr. 22, 2013) (citing 42 U.S.C. § 2000e(b)); *Scott v. Solano County Health & Soc. Serv. Dept.*, 459 F.Supp.2d 959, 965 (E.D. Cal. 2006) ("Under Title VII, there is no personal liability for employees, including supervisors."). Mayor Breed and Director Isen are likewise not "agents" of the City who may be held independently liable under Title VII. Although the definition of "employer" under Title VII includes "agents" (42 U.S.C. § 2000e(b); 29 U.S.C. § 630(b)), the *Miller* court definitively concluded that "[t]he statutory scheme itself indicates that Congress did not intend to impose individual liability on employees," and that "[t]he obvious purpose of this [agent] provision was to incorporate respondeat superior liability into the statute." *Miller*, 991 F.2d at 587 (internal citation omitted).

Similarly, the California Supreme Court has definitively held that individual employees and managers cannot be held liable for discrimination under the FEHA. *Reno v. Baird*, 18 Cal.4th 640, 663 (1998) ("individuals who do not themselves qualify as employers may not be sued under the FEHA for alleged discriminatory acts."). Mayor Breed and Director Isen are also not "agents" of the City under the FEHA. As with Title VII, California courts have interpreted the term "agent" under the FEHA to exclude individual employees. *See* Cal. Gov. Code § 12926(d); *Reno*, 18 Cal.4th at 655 (quoting *Janken v. GM Hughes Electronics*, 46 Cal.App.4th 55, 76-77 (1996) ("The fact that the employer is liable via the respondeat superior effect of the 'agent' language provides protection to employees even if individual supervisors are not personally liable. Hence we do not find this consideration to compel a conclusion that the Legislature must have intended to impose personal liability on individual supervisory employees.").

Because neither Mayor Breed nor Director Isen are "employers" under the definition of either Title VII or the FEHA, they should be dismissed as defendants from this action. Furthermore, excluding these individual defendants from this suit does not otherwise prohibit Plaintiffs from

pursuing their claims against the City.  Accordingly, dismissing the Individual Defendants imposes no prejudice on Plaintiffs.

## IV. CONCLUSION

For the foregoing reasons, the Individual Defendants respectfully request that the Court dismiss all claims against them, with prejudice.

Dated:  May 19, 2022

>
> DAVID CHIU
> City Attorney
> WAYNE K. SNODGRASS
> JAMES M. EMERY
> KATE G. KIMBERLIN
> Deputy City Attorneys
>
> By: */s/ Kate G. Kimberlin*
> JAMES M. EMERY
> KATE G. KIMBERLIN
>
> Attorneys for Defendants
> CITY AND COUNTY OF SAN FRANCISCO,
> MAYOR LONDON BREED and CAROL ISEN