DAVID CHIU, State Bar #189542
City Attorney
WAYNE K. SNODGRASS, State Bar #148137
JAMES M. EMERY, State Bar #153630
KATE G. KIMBERLIN, State Bar #261017
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-5408
Telephone:     (415) 554-4628 (Emery)
               (415) 554-3847 (Kimberlin)
Facsimile:     (415) 554-4699
E-Mail:        jim.emery@sfcityatty.org
               kate.kimberlin@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, *et al.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELINA KEENE, MELODY FOUNTILA, MARK MCCLURE,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY and COUNTY OF SAN FRANCISCO; LONDON BREED, Mayor of San Francisco in her official capacity; CAROL ISEN, Human Resources Director, City and County of San Francisco, in her official capacity; DOES 1-100,<br><br>Defendants. | Case No. 22-cv-01587-JSW<br><br>**CITY AND COUNTY OF SAN FRANCISCO'S ANSWER TO COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF, DAMAGES**<br><br>Trial Date:       None set. |

Defendant City and County of San Francisco ("City") hereby answers Plaintiffs' Complaint as follows:

## ANSWER TO COMPLAINT

### INTRODUCTION

1. In answer to paragraph 1, the City admits that Plaintiffs either are or were employees of the City. The City denies Plaintiffs have been injured or suffered damages in any fashion or are entitled to any relief whatsoever.

### JURISDICTION AND VENUE

2. In answer to paragraph 2, the City does not contest jurisdiction or venue, but denies Plaintiffs have been injured or suffered damages in any fashion or are entitled to any relief whatsoever.

3. In answer to paragraph 3, the City denies Plaintiffs are entitled to any equitable relief.

4. In answer to paragraph 4, the City does not contest jurisdiction or venue, but denies Plaintiff have been injured or suffered damages in any fashion or are entitled to any relief whatsoever.

5. In answer to paragraph 5, the City denies any wrongdoing whatsoever and denies Plaintiffs are entitled to any attorneys' fees or costs.

6. In answer to paragraph 6, the City does not contest venue, but denies Plaintiffs have been injured or suffered damages in any fashion or are entitled to any relief whatsoever.

**The Vaccine Mandate**

7. In answer to paragraph 7, the City admits that in June 2021, the City issued a policy requiring employees be vaccinated against COVID-19 and that, as to some employees, that requirement was set to take effect once at least one COVID-19 vaccine received full authorization from the Food and Drug Administration ("FDA"). The City also admits that it subsequently revised its vaccination policy after the FDA authorized the Pfizer vaccine. The City further admits that certain employees were subject to a November 1, 2021 vaccination deadline. Except as expressly admitted herein, the City denies the allegations in this paragraph.

//

# PARTIES

**Plaintiffs**

8. In answer to paragraph 8, the City admits that Plaintiff Selina Keene was an employee of the City. The City admits Plaintiff Keene requested an exemption from the vaccine mandate. The City denies Plaintiff Keene responded to the City's inquiries about her religious beliefs. The City denies that Mayor Breed imposed a vaccine mandate. The City also denies that Plaintiff Keene's request for an accommodation was denied without explanation. The City further denies that Ms. Isen implemented the mandate as to all City employees, but admits Ms. Isen is the Director of the City's Department of Human Resources. Except as expressly admitted or denied, the City lacks sufficient information to admit or deny the remaining allegations in this paragraph and on that basis, denies each and every one of them.

9. In answer to paragraph 9, the City admits that Plaintiff Melody Fountila was an employee of the City. The City denies Plaintiff Fountila responded to all of its questions about her religious beliefs. The City admits Plaintiff Fountila's request for an exemption from the vaccine mandate was denied, but denies it was imposed by Defendant Breed or done without explanation. The City admits Defendant Isen is the Director of the City's Department of Human Resources, but denies the mandate at issue was implemented by Isen or that Isen was responsible for implementing the mandate against all City employees. Except as expressly admitted or denied, the City lacks sufficient information to admit or deny the remaining allegations in this paragraph and on that basis, denies each and every one of them.

10. In answer to paragraph 10, the City admits that Plaintiff Mark McClure was an employee of the City. The City denies Plaintiff McClure responded to all of the City's questions. The City admits it denied Plaintiff McClure's request for an exemption from the vaccine mandate, but denies that mandate was imposed by Defendant Breed or that the request was denied without explanation. The City admits that Defendant Isen is the Director of the City's Department of Human Resources, but denies the mandate at issue was implemented by Isen or that Isen was responsible for implementing the mandate against all City employees. Except as expressly admitted or denied, the

City lacks sufficient information to admit or deny the remaining allegations in this paragraph and on that basis, denies each and every one of them.

11. In answer to paragraph 11, the City lacks sufficient information to admit or deny the allegations in this paragraph and on that basis, denies each and every one of them.

**Defendants**

12. In answer to paragraph 12, the City admits that it employed Plaintiffs. The remaining allegations in this paragraph consist solely of statements of law.

13. In answer to paragraph 13, the City admits that Ms. Breed is and at all relevant times has been Mayor of San Francisco. The City admits Ms. Breed is being sued in her official capacity. The City denies Mayor Breed issued a vaccine mandate for City employees. The remaining allegations in this paragraph consist solely of statements of law and contain no allegations specific to the City.

14. In answer to paragraph 14, the City admits that Ms. Isen is and at all relevant times has been the Director of the City's Human Resources Department. The City admits Ms. Isen is being sued in her official capacity. The City denies that the Human Resources Department executes a Mayoral vaccine mandate. The remaining allegations in this paragraph consist solely of statements of law and contain no allegations specific to the City.

15. In answer to paragraph 15, the City denies any wrongdoing whatsoever. The City lacks sufficient information to admit or deny the remaining allegations in this paragraph and on that basis, denies each and every one of them.

16. In answer to paragraph 16, the City denies any wrongdoing whatsoever. The City lacks sufficient information to admit or deny the remaining allegations in this paragraph and on that basis, denies each and every one of them.

### STATEMENT OF FACTS

17. In answer to paragraph 17, the City incorporates by reference as if fully set forth herein his responses to paragraphs 1 through 16, above. The City denies any wrongdoing and denies Plaintiffs have been damaged whatsoever.

18. In answer to paragraph 18, the City denies Plaintiff Fountila experienced hostility. The City lacks sufficient information to admit or deny the remaining allegations in this paragraph and on that basis, denies each and every one of them.

19. In answer to paragraph 19, the City denies Plaintiff McClure has suffered any damages. The City lacks sufficient information to admit or deny the remaining allegations in this paragraph and on that basis, denies each and every one of them.

20. In answer to paragraph 20, the City denies Plaintiff Keene has suffered any damages. The City lacks sufficient information to admit or deny the remaining allegations in this paragraph and on that basis, denies each and every one of them.

21. In answer to paragraph 21, the City admits that prior to the availability of COVID-19 vaccines, it relied on testing, masking, and other protective measures. Except as expressly admitted herein, the City denies the allegations in this paragraph.

22. In answer to paragraph 22, the City denies the allegations in this paragraph.

23. In answer to paragraph 23, the City denies the allegations in this paragraph.

24. In answer to paragraph 24, the City denies the allegations in this paragraph.

## FIRST CAUSE OF ACTION

### Violation of Title VII of the Civil Rights Act of 1964 42 U.S.C. §2000e *et seq.*
### (Against All Named Defendants)

25. In answer to paragraph 25, the City incorporates by reference as if fully set forth herein its responses to paragraphs 1 through 24, above. The City denies any wrongdoing and denies Plaintiffs have been damaged whatsoever.

26. In answer to paragraph 26, the allegations in this paragraph consist solely of statements of law and there are therefore no factual allegations for the City to admit or deny.

27. In answer to paragraph 27, the allegations in this paragraph consist solely of statements of law and there are therefore no factual allegations for the City to admit or deny.

28. In answer to paragraph 28, the allegations in this paragraph consist solely of statements of law and there are therefore no factual allegations for the City to admit or deny.

29. In answer to paragraph 29, the allegations in this paragraph consist solely of statements of law and there are therefore no factual allegations for the City to admit or deny.

30. In answer to paragraph 30, the City denies Plaintiffs qualified for accommodations under Title VII or that any reasonable accommodations were available to them. The remaining allegations in this paragraph consist solely of statements of law.

31. In answer to paragraph 31, the City denies the allegations in this paragraph.

32. In answer to paragraph 32, the City denies the allegations in this paragraph.

## SECOND CAUSE OF ACTION

**Violation of the California Fair Employment and Housing Act (Cal. Govt. Code § 12900 et seq.) – Failure to Provide Religious Accommodation**

**(Against All Named Defendants)**

33. In answer to paragraph 33, the City incorporates by reference as if fully set forth herein its responses to paragraphs 1 through 32 above. The City denies any wrongdoing and denies Plaintiffs have been damaged whatsoever.

34. In answer to paragraph 34, the allegations in this paragraph consist solely of statements of law and there are therefore no factual allegations for the City to admit or deny.

35. In answer to paragraph 35, the City admits Plaintiffs were employees of the City. The City denies Plaintiffs are employees of Ms. Breed or Ms. Isen. The remaining allegations in this paragraph consist solely of statements of law.

36. In answer to paragraph 36, the City admits that it is an employer. The City denies that Ms. Breed or Ms. Isen are employers.

37. In answer to paragraph 37, the City denies the allegations in this paragraph.

38. In answer to paragraph 38, the City denies the allegations in this paragraph.

39. In answer to paragraph 39, the City denies any wrongdoing whatsoever. Except as expressly denied herein, the City lacks sufficient information to admit or deny the remaining allegations in this paragraph and on that basis, denies each and every one of them.

40. In answer to paragraph 40, the City admits that Plaintiffs sough exemptions from the vaccine mandate. Except as expressly denied herein, the City lacks sufficient information to admit or deny the remaining allegations in this paragraph and on that basis, denies each and every one of them.

41. In answer to paragraph 41, the City denies the allegations in this paragraph.

42. In answer to paragraph 42, the City denies the allegations in this paragraph.

43. In answer to paragraph 43, the City denies the allegations in this paragraph.

44. In answer to paragraph 44, the City denies the allegations in this paragraph.

## PRAYER FOR RELIEF

Defendants deny Plaintiffs have been injured or suffered damages in any fashion and deny that they are entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

The City asserts the following affirmative defenses to the Complaint, without conceding that the City has the burden of persuasion or the burden of proof as to any affirmative defense set forth herein. Because the Complaint is couched in conclusory terms, the City cannot fully anticipate all affirmative defenses that may apply in this case.  Accordingly, the City reserves the right to assert additional affirmative defenses in this litigation as warranted.

## FIRST AFFIRMATIVE DEFENSE

The Complaint, and each and every allegation contained therein, whether considered singly or in combination, fail to state facts sufficient to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint, and each and every claim set forth therein, are barred by applicable statutes of limitations, including but not limited to those set forth in 42 U.S.C. § 12117, 42 U.S.C. § 2000e-5(f)(1), and California Government Code §§ 12960 and 12965.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs have failed, in whole or in part, to (1) exhaust their administrative, judicial, and/or contractual remedies in a timely manner, including but not limited to remedies made available under the Memorandum of Understanding ("MOU") between Plaintiffs' Unions and the City, (2) timely

satisfy the claims filing requirements under California Government Code §§ 910, *et seq.*, (3) timely or exhaustively file claims with the Equal Employment Opportunity Commission, and/or (4) to satisfy other jurisdictional and/or procedural prerequisites prior to filing suit.

**FOURTH AFFIRMATIVE DEFENSE**

The City asserts the various absolute and qualified immunities conferred upon it, either directly or indirectly, pursuant to the United States Constitution and the California Government Code and other applicable provisions of law, including but not limited to those contained in Division 3.6 of Title 1 of the California Government Code, such as agency immunity pursuant to Government Code §§ 815, 815.2, 818, 818.2, 818.8; immunity from liability for intentional torts pursuant to Government Code § 815.3; discretionary immunity pursuant to Government Code § 820.2; prosecutorial immunity pursuant to Government Code § 821.6; and other immunities pursuant to Government Code §§ 820.4 and 820.8.

**FIFTH AFFIRMATIVE DEFENSE**

At all times and places alleged in the Complaint, the City acted in good faith, without malice or a fraudulent intent, and in conformity with and reliance upon applicable policies, procedures, regulations and laws.

**SIXTH AFFIRMATIVE DEFENSE**

Any and all employment actions taken with respect to Plaintiffs were not based on any discriminatory motive or in retaliation for any activity engaged in by Plaintiffs, or based on any other improper or illegal consideration, but rather were based on one or more legitimate, sufficient, non-discriminatory and non-retaliatory reasons.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because any injury or damage suffered by Plaintiffs was caused by the intentional, reckless or negligent acts, omissions and/or misconduct of Plaintiffs or a third party.

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent applicable, the Complaint, and each and every cause of action alleged therein, may be barred, in whole or in part, by various equitable doctrines, including the doctrines of laches, estoppel, waiver, unclean hands, collateral estoppel, and/or *res judicata*.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs have failed to use due diligence to mitigate their damages, if any, as required by law.

**TENTH AFFIRMATIVE DEFENSE**

Any recovery may be barred, in whole or in part, by the after-acquired evidence doctrine.

**ELEVENTH AFFIRMATIVE DEFENSE**

The City is not vicariously liable for any act or omission of any other person, whether by way of *respondeat superior*, agency, or otherwise.  If any wrongful activity occurred, or if Plaintiffs suffered any injuries or damages, other parties or persons over whom the City had no control caused such injuries or damages.

**TWELFTH AFFIRMATIVE DEFENSE**

There are alternative adequate legal remedies available to Plaintiff and there is no danger of irreparable harm.

WHEREFORE, the City prays for judgment as follows:

1. That Plaintiffs take nothing from the City;
2. That the Complaint be dismissed with prejudice;
3. That the City recover costs of suit herein; and
4. For such other relief as is just and proper.

Dated:  May 19, 2022

DAVID CHIU
City Attorney
WAYNE K. SNODGRASS
JAMES M. EMERY
KATE G. KIMBERLIN
Deputy City Attorneys


By:  */s/ Kate G. Kimberlin*
JAMES M. EMERY
KATE G. KIMBERLIN

Attorneys for Defendants