DAVID CHIU, State Bar #189542
City Attorney
WAYNE K. SNODGRASS, State Bar #148137
JAMES M. EMERY, State Bar #153630
KATE G. KIMBERLIN, State Bar #261017
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-5408
Telephone:    (415) 554-4628 (Emery)
              (415) 554-3847 (Kimberlin)
Facsimile:    (415) 554-4699
E-Mail:       jim.emery@sfcityatty.org
              kate.kimberlin@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO;
LONDON BREED, Mayor of San Francisco in her official capacity; and
CAROL ISEN, Human Resources Director, City and County
of San Francisco, in her official capacity

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELINA KEENE, MELODY FOUNTILA, MARK MCCLURE,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY and COUNTY OF SAN FRANCISCO; LONDON BREED, Mayor of San Francisco in her official capacity; CAROL ISEN, Human Resources Director, City and County of San Francisco, in her official capacity; DOES 1-100,<br><br>Defendants. | Case No. 22-cv-01587-JSW<br><br>**REPLY TO OPPOSITION TO MOTION TO DISMISS CLAIMS AGAINST DEFENDANTS LONDON BREED AND CAROL ISEN**<br><br>[Fed. R. Civ. P. 12(b)(6)]<br><br>Hearing Date:  July 8, 2022<br>Time:          9:00 a.m.<br>Judge:         Hon. Jeffrey S. White<br>Location:      Oakland Courthouse, Courtroom 5, 2nd Floor (In-Person)<br><br>Date Action Filed:  March 14, 2022<br>Trial Date:         None set |

**INTRODUCTION**

There is no basis to retain Title VII or FEHA claims against the Individual Defendants. Naming them in their "official capacity" is unnecessary and duplicative of the claims against the City. Plaintiffs have now made it abundantly clear the Individual Defendants are named only as representatives of their respective departments – the Office of the Mayor and the Department of Human Resources. Because, as set forth in the motion, these departments lack the legal capacity to sue or be sued, the Individual Defendants respectfully request the Court grant their Motion to Dismiss with prejudice.

**ARGUMENT**

**I.  THERE IS NO "JURISDICTIONAL" REASON TO INCLUDE THE INDIVIDUAL DEFENDANTS AS NAMED PARTIES**

Plaintiffs have two claims for relief in this action for religious discrimination under Title VII and the FEHA. Contrary to Plaintiffs' unsupported assertions, there is no "jurisdictional" need to maintain claims against either Mayor Breed or Director Isen. (See Opp. at pp. 7-8). The City is not disputing this Court has jurisdiction over Plaintiffs' employment discrimination claims against their former employer – the City. Nor do Title VII or the FEHA require Plaintiffs to establish precisely who within the City issued or enforced the Vaccination Policy vis-à-vis Plaintiffs.

Plaintiffs' assertion that "[t]he jurisdictional issue raised by the Complaint is whether the offices of the Mayor and/or the Department of Human Resources (DHR) have the power (jurisdiction) to issue a vaccine mandate in the first place" is particularly off-base. (Opp. at 7:19-21). To establish a *prima facie* case for religious discrimination under either Title VII or the FEHA, Plaintiffs must demonstrate: (1) "a bona fide religious belief, the practice of which conflicts with an employment duty," (2) that plaintiff "informed [her] employer of the belief and conflict"; and (3) "the employer discharged, threatened, or otherwise subjected [her] to an adverse employment action because of [her] inability to fulfill the job requirement." *Berry v. Department of Soc. Servs.*, 447 F.3d 642, 655 (9th Cir. 2006) (quotation marks omitted); *see also Metoyer v. Chassman*, 504 F.3d 919, 941 (9th Cir. 2007) ("California courts apply the Title VII framework to claims brought under FEHA."). Where, as here, the "gravamen" of the complaint is an employer's failure to accommodate a religious belief or

practice, the plaintiff must demonstrate her "need for an accommodation was a motivating factor in the employer's decision." *E.E.O.C. v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 772 & n.2 (2015). Thus, there is no component of either Plaintiffs' claims that calls into question the "jurisdiction" (or power) of the City, its constituent departments, or individual officials to either issue or enforce the Vaccination Policy. There is therefore no basis to maintain this action against the Individual Defendants in addition to the City, and they should be dismissed.

## II.  THERE IS NO BASIS TO MAINTAIN AN "OFFICIAL CAPACITY" SUIT

The City's reliance on *Hofmann v. City and County of San Francisco* is apt. 870 F.Supp.2d 799 (N.D. Cal. 2012). There, the Court held the "City has established by charter that it is the authority to appear and defend" against lawsuits because "departments, appointive boards, commissions ***and other units of government***" have "no independent legal existence apart from the City." *Id.* at 802-803 (quoting San Francisco City Charter Sections 1.101 and 4.100) (emphasis added). The holding in *Hofmann* was broad and not limited to any particular claims; it certainly did not carve out claims under Title VII or FEHA, both of which were also asserted by the plaintiffs in *Hofmann*. *Id.* at 800.

Plaintiffs simultaneously affirm their understanding that *Hofmann* bars claims against individual departments of the City while conceding they are suing Mayor Breed and Director Isen only as representatives of their "units of government": The Office of the Mayor and the Department of Human Resources. The City addressed individual liability *in addition to* official capacity liability in its moving papers because, even though, as Plaintiffs assert, "[it] is axiomatic that Defendant CCSF can only act through its departments and agencies and the executives that are in charge of those departments and agencies," Plaintiffs declined to voluntarily dismiss the Individual Defendants.

Plaintiffs' confusion on this point may lie with their mistaken belief Title VII and the FEHA require them to establish *Monell*-type liability. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978). Plaintiffs assert in their Opposition they are suing Mayor Breed because she is "the individual who committed the ***constitutional*** tort [and] was an official with final policy-making authority and that the challenged action itself thus constituted an act of official governmental policy." Opp. at 6:15-18, quoting *Hofmann*, 870 F.Supp.2d at 804 (emphasis added). But, Plaintiffs have not alleged any unconstitutional action that would trigger *Monell*'s requirement to identify specifically the

City official with "final policy-making authority." *Hofmann*, 870 F.Supp.2d at 804 (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1346-1347 (9th Cir. 1992)). This requirement applies only to certain constitutional violations, such as those under 42 U.S.C. §1983, not to claims under Title VII or FEHA. There is therefore no basis or need to allege claims against either of the Individual Defendants – in their official capacity or otherwise.

### III. IT WOULD BE FUTILE TO ALLOW FURTHER AMENDMENT TO THE COMPLAINT

There is no basis to permit Plaintiffs an opportunity to amend either of their existing claims as against the Individual Defendants because, as set forth in the moving papers, any claims against them are "duplicative of the municipal liability claim, and thus subject to dismissal." *Eldridge v. Rochester City School Dist.*, 968 F.Supp.2d 546, 563 (W.D.N.Y. 2013) (rejecting request to amend Title VII claim as against employee in their official capacity) (*abrogated by Agosto v. New York City Dept. of Ed.*, 982 F.3d 86, n.7 (2nd Cir. 2020)); *see also Ames v. City of Novato*, No. 16-cv-02590-JST, 2016 WL 6024587, *4 (N.D. Cal. Oct. 14, 2016) (collecting cases, "courts have dismissed Title VII claims against individual employees sued in their official capacities as redundant where the employer is also named as a defendant."); *Win v. County of Santa Clara*, No. 18-CV-00840-LHK, 2018 WL 5603658, *4 (N.D. Cal. Oct. 29, 2018); *Hall v. High Desert Recycling, Inc.*, No. 03:11-CV-00137-LRH, 2011 WL 2600483, *2 (D. Nev. June 29, 2011) ("[O]fficial capacity claims under Title VII are unnecessary and duplicative where the plaintiff has also brought a Title VII claim against the alleged employer.") (citing *Cooke-Seals v. Dist. of Columbia*, 937 F.Supp. 184, 187 (D.D.C. 1997)). Plaintiffs do not cite or argue any additional facts to support the maintenance of their duplicative claims, and the Individual Defendants therefore respectfully request the Court grant their motion in its entirety.

### IV. THE INDIVIDUAL DEFENDANTS WOULD BE PREJUDICED BY REMAINING NAMED PARTIES

Plaintiffs assert without support or authority the Individual Defendants will suffer "no prejudice" by remaining as named parties to this action. (Opp. at p. 8). However, should the Individual Defendants remain parties, they and the City will be responsible for responding to separate discovery requests and, potentially, claims via a motion for summary judgment or at trial. This, in essence, would triple the City's work to defend against Plaintiffs' claims even though the claims should be

maintained only against Plaintiffs' former employer – the City. This unnecessary duplication of work is precisely the type of harm the Individual Defendants are seeking to avoid through the present Motion and why Courts have time-and-again held that claims against individuals in their official capacity are duplicative of those against the employer itself.

## CONCLUSION

There is no jurisdictional or other basis to maintain duplicative claims against the Individual Defendants in their official capacities where, as here, the Plaintiffs have alleged identical claims under Title VII and the FEHA against the City. The Individual Defendants respectfully request the Court grant their motion to dismiss with prejudice.

Dated:  June 9, 2022

DAVID CHIU
City Attorney
WAYNE K. SNODGRASS
JAMES M. EMERY
KATE G. KIMBERLIN
Deputy City Attorneys


By: */s/ Kate G. Kimberlin*
JAMES M. EMERY
KATE G. KIMBERLIN

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
MAYOR LONDON BREED and CAROL ISEN