Russell Davis (SBN 177959)
PACIFIC JUSTICE INSTITUTE
29 Lakewood Ave.
San Francisco, CA 94127
Tel. (415) 310-6575
rdavis@pji.org

Kevin T. Snider (SBN 170988)
PACIFIC JUSTICE INSTITUTE
P.O. Box 276600
Sacramento, CA 95827
Tel. (916) 857-6900
Fax (916) 857-6902
ksnider@pji.org

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SELINA KEENE, MELODY FOUNTILA, MARK MCCLURE, <br><br> Plaintiffs, <br><br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO; LONDON BREED, Mayor of San Francisco in her official capacity; CAROL ISEN Human Resources Director, City and County of San Francisco, in her official capacity; DOES 1-100, <br><br> Defendants. | Case No.: 4:22-cv-01587-JSW <br><br> **PLAINTIFFS' REPLY TO OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION** <br><br> Date: July 8, 2022 <br> Time: 9:00 AM <br> Courtroom: 5 |

**INTRODUCTION**

The majority of Defendants' Opposition has nothing to do with the issues raised in the instant Motion. Rather than respond to the arguments raised in the Plaintiffs' Motion for Preliminary Injunction, Defendants resorted to raising straw man arguments. One such straw man argument is that the Plaintiffs seek to end CCSF's vaccine mandate. Not so—Plaintiffs merely challenge application of the vaccine mandate to themselves and raise the issue of the Defendants' failure to reasonably accommodate their sincerely held religious beliefs.

Another, but not the last, straw man argument raised by Defendants is their characterization of the instant Motion as one seeking money. Nowhere in the Motion is money mentioned. Although Plaintiffs have been forced to retire, Defendants offer no reason as to why Plaintiffs cannot proceed to get their careers back. Plaintiffs' argument to restore their careers is made pursuant to binding Ninth Circuit case law.

The Defendants' argument about the efficacy of the vaccines regarding transmission is based on a 2021 case in which the plaintiffs failed to introduce any scientific or medical evidence. Their argument also ignores the plethora of peer-reviewed, scientific studies showing that the vaccines do not stop the transmission of COVID-19, including statements from the CDC itself; Plaintiffs herein have lodged those documents with the Court. Irrespective of whether the vaccines are truly vaccines or something else, and irrespective of whether the vaccines reduce the spread of the virus or not, one thing is certain—the virus cannot be transmitted over telephone lines. As Defendants have failed to respond to Plaintiffs' reasonable accommodation argument regarding telecommuting to work, they have waived it. Defendants cannot deny that allowing the Plaintiffs to work remotely is a reasonable accommodation. Further, Defendants have not responded to Plaintiffs' unconstitutional conditions argument and have therefore waived argument.

One of many issues raised by Plaintiffs is that the "vaccines" do not prevent the transmission of COVID-19. It does not matter whether one considers the vaccines under the old or new definition of vaccine. The point made was that the CDC changed the traditional definition of *vaccine*. In their statement of facts, Defendants cite *Plata v. Newsom*, WL 5410608 (N.D. Cal.

Nov. 17, 2021), for the proposition that vaccinated persons were less likely to infect others. However, Plaintiffs have been unable to find such a quote or case. The latest *Plata v. Newsom* case found by Googling and Lexis research is *Plata v. Newsom*, 2020 U.S. Dist. LEXIS 133099 (N.D. Cal. July 22, 2020), a prison overcrowding case that has nothing to do with the issues in this matter.

By citing to and relying on *Messina v. College of New Jersey*, WL 4786114 (D. NJ Oct 14, 2021), the Defendants have hoisted themselves on their own petard. Defendants cite *Messina* for the proposition that this Court should defer to the expertise of the CDC. In that case, unlike ours, the plaintiffs failed to introduce any medical evidence categorizing the COVID-19 vaccines as "Gene Therapy Products," *id*. at 17; the court then deferred to the CDC's guidance with respect to COVID-19. Attached to the Russell Davis Decl. in Reply as Exhibit 1 are direct quotes from Dr. Rochelle Walensky, the CDC director. While claiming that the vaccines work well, Dr. Walensky further states, "But what they can't do anymore is prevent transmission." If the Defendants are sincere in deferring to the CDC, then they must admit that the vaccines do not prevent transmission of COVID-19. Attached to the Notice of Lodgment are many other peer-reviewed articles cited in the Motion that state the same thing: the vaccines do not prevent transmission of the disease. There is even one quote from Dr. Fauci himself. *See* fn 8 to the Notice of Lodgment ("We know now as a fact that [vaccinated people with COVID-19] are capable of transmitting the infection to someone else."). In short, it is a proven fact that the vaccines do not prevent transmission of COVID-19. More importantly, it is beyond cavil that the disease cannot be transmitted via telephone lines or over the internet. The Plaintiffs were working remotely at the height of the pandemic. The Defendants offer no reason why Plaintiffs cannot continue to do so and have therefore waived that argument. Such arrangement would be a reasonable accommodation, costing CCSF virtually nothing.[1]

---

[1] Continuing their misreading of the Complaint and instant Motion, Defendants claim that Plaintiffs have misrepresented fn 6 in their brief. Not so—that document speaks for itself.

PLAINTIFFS' REPLY TO OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

-2-

**ARGUMENT**

**I. Plaintiffs have demonstrated irreparable harm, raised serious questions of law, and established probable success on the merits. Defendants' straw man arguments should be ignored.**

Defendants ignore binding Ninth Circuit case law and claim that money damages should provide an appropriate remedy for unlawful termination of employment. However, the instant Motion does not mention money at all. Instead, Plaintiffs' Motion focuses on career loss and injunctive relief. Coincidentally, injunctive relief would also help satisfy the Plaintiffs' duty to mitigate damages. The Defendants' straw man money argument should be ignored. It is ironic that Defendants claim that *Enyart v. National Conf. of Bar Examiners*, 630 F.3d 1153 (9th Cir. 2011), *Chalk v. U.S. Dist. Ct. Cent. Dist.*, 840 F.2d 701 (9th Cir. 1988), and *Costa Mesa Emps. Ass'n v. City of Costa Mesa*, 209 Cal. App. 4th 298 (2012), involve "unique circumstances" without realizing that the COVID-19 pandemic is also a unique circumstance requiring out-of-the-box responses, not straw man arguments.

The Ninth Circuit has recognized that career loss constitutes irreparable harm. *See Enyart* and *Chalk*. The unconstitutional conditions doctrine raises serious questions of law. The government may not condition employment "on a basis that infringes [an employee's] constitutionally protected interests." *Perry v. Sindermann*, 408 U.S. 593, 597 (1972); *see also*, *Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595, 606 (2013) ("[T]he unconstitutional conditions doctrine forbids burdening the Constitution's enumerated rights by coercively withholding benefits from those who exercise them."). The enumerated right at issue is Plaintiffs' First Amendment right to practice their religion and to follow the dictates of their faith, as also recognized by Title VII and FEHA. The government herein is burdening Plaintiffs' rights by conditioning continuation of their careers by insisting they take a treatment where there is no nexus between the stated government goal of preventing the spread of COVID-19 and the treatment itself. The government gave the Plaintiffs a Hobson's choice: lose your faith and keep your job, or keep your faith and lose your job. This unlawful choice needs to be enjoined. The

1  Defendants have not responded to the unconstitutional conditions argument and have therefore
2  waived argument, thereby establishing the Plaintiffs' likelihood of success on the merits.
3  **II. Plaintiffs have established a prima facie case. Defendants have failed to carry their**
4  **burden of moving forward.**
5        **A.  Plaintiffs have established a prima facie case.**
6        Under Title VII, to *establish* a religious discrimination case on the basis of a failure-to-
7  accommodate theory, a plaintiff must set forth a prima facie case that "(1) he had a bona fide
8  religious belief, the practice of which conflicts with an employment duty; (2) he informed his
9  employer of the belief and conflict; and (3) the employer discharged, threatened, or otherwise
10 subjected him to an adverse employment action because of his inability to fulfill the job
11 requirement." *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 606 (9th Cir. 2004). The burden of
12 going forward then shifts to the Defendants to show that they "initiated good faith efforts to
13 accommodate reasonably the employee's religious practices or that it could not reasonably
14 accommodate the employee without undue hardship." *Tiano v. Dillard Dept Stores*, 139 F.3d 679,
15 681 (9th Cir. 1998). Notably, the Defendants, in their Opposition, have ignored their burden of
16 going forward.
17       Defendants claim, without evidence, that Plaintiffs have not demonstrated that their
18 religious beliefs are sincere, that those beliefs conflict with receiving the vaccine, or that, as a
19 result of any conflict, they require an accommodation. Defendants go on to raise another straw
20 man argument: personal preferences are not religious in nature. Apparently Defendants have not
21 read the Plaintiffs' declarations and reveal their ignorance of the law in this matter. "Courts
22 typically give credence to assertions of sincerely held religious beliefs in absence of
23 any challenge to their sincerity or religious motives, and so long as they are not 'so bizarre, so
24 clearly nonreligious in motivation, as not to be entitled to protection under the Free Exercise
25 Clause.'" *Thomas v. Review Bd. of Ind. Emp't Sec. Div.*, 450 U.S. 707, 715-16 (1981). Plaintiffs
26 have plainly stated that they are Christians and will not partake of a vaccine derived from aborted
27 (i.e., murdered) children. *See* Fountila Decl., ¶ 2; Keene Decl., ¶ 8; Russell Davis Decl. in Reply,
28

1  Exhibit 2 (the vaccines are, in fact, derived from aborted fetal cell lines). Plaintiffs' position is
2  consonant with mainstream Christian beliefs and values. Both Plaintiffs made their employer
3  aware of their religious objections and did in fact apply for accommodations. Fountila Decl., ¶¶ 9-
4  10; Keene Decl., ¶¶ 8-9. Thus, Plaintiffs have sufficiently alleged that they have sincerely held
5  religious beliefs, that their beliefs conflict with an employer mandate, and that they informed their
6  employer and were fired as a result. Defendants have offered no evidence to the contrary.

**B.  Defendants have not carried their burden of going forward.**

Irrespective of unsupported comments and straw man arguments from the Defendants, it is beyond cavil that Plaintiffs have established a prima facie case in their complaint and declarations in support of the instant Motion. *See* Argument II A above. Because Plaintiffs have made a prima facie case, the burden has shifted to the Defendants to show that they "initiated good faith efforts to accommodate reasonably the employee's religious practices or that it could not reasonably accommodate the employee without undue hardship." *Tiano v. Dillard Dept. Stores*, 139 F.3d at 681. In fact, Defendants have made no effort at all to accommodate Plaintiffs. Defendants offer no explanation as to why Plaintiffs cannot be accommodated by working remotely, just as they did during the height of the pandemic. *See* Keene Decl. at ¶ 6.; Fountila Decl. at ¶ 5. Nor have they explained why wearing PPE and testing often cannot be reasonable accommodations. This failure to reasonably accommodate is another reason why Plaintiffs are likely to prevail. Because Defendants have failed to carry their burden of moving forward, the Court should grant the Plaintiffs' Motion and mandate that CCSF accommodate the Plaintiffs by allowing them either to work remotely or to wear PPE at work and to test often. Either solution will cost CCSF virtually nothing.

**III.  Plaintiffs have not unduly delayed the filing of the instant Motion.**

Plaintiffs' initial action was filed in December 2021. Defendants have "forgotten" that Plaintiffs dismissed their initial action at the request of opposing counsel in that matter—who insisted that joining CCSF and SCC was improper. Plaintiffs agreed, dismissed the case, and refiled two separate cases. Not realizing the irony of their shifting litigation tactic argument,

Defendant CCSF then moved to relate the first and new cases in order to forum shop for Judge Tigar to hear this case. This Court should reject their "shifting litigation tactics" argument.

CCSF's initial notice of mandatory vaccination was June 23, 2021. However, it was not to take effect until ten weeks after final FDA approval. On August 25, 2021, the Pfizer vaccine was granted full FDA approval for the prevention of COVID-19 in individuals sixteen (16) or older. CCSF then noticed employees that they must be vaccinated no later than November 1, 2021. Plaintiff Melody Fountila was given unpaid leave until December 29, 2021, and was forced to retire, or was constructively fired, on April 1, 2022. Plaintiff Selina Keene was also forced to retire on April 1, 2022. Their causes of action for loss of their careers and for reinstatement did not accrue until April 1, 2022. Plaintiffs submit that filing this Motion about one month thereafter is not being dilatory.

**IV. Defendants have failed to respond to Plaintiffs' natural immunity argument and have therefore waived argument.**

Plaintiffs will not repeat all of their natural immunity argument herein. Suffice it to say that Plaintiffs had COVID-19 and now have robust natural immunity and such immunity is at least as effective as vaccine immunity in all respects, thereby obviating the necessity of taking the vaccine. By failing to respond to this argument, the Defendants have waived it.

**V.  The equities weigh in favor of granting the Motion.**

Codified by 42 U.S.C. §2000e et seq. and California Government Code § 12900 et seq., both Title VII of the 1964 Civil Rights Act and the California Fair Employment and Housing Act (FEHA) provide broad workplace protections for people of sincere religious faith. For instance, it is generally unlawful for an employer to "exclude or to suspend an employee, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin." 42 U.S.C. 2000e-2(c)(1); *see also*, Government Code §12940(b). Within this framework, both Title VII and FEHA require an employer to reasonably accommodate an employee's sincere religious observances and practices, unless such an accommodation would impose more than a de minimis undue hardship. *See Tooley v. Martin-Marietta Corp*., 648 F.2d 1239, 1241 (9th Cir. 1981). As to

what an "undue hardship" entails, an employer must either provide factual evidence that co-workers of an accommodated employee will be significantly imposed upon, or that a material disruption of the work routine will occur. Mere hypothetical scenarios of what could happen if an employee is granted an accommodation are wholly insufficient. *Heller v. EBB Auto Co*., 8 F.3d 1433, 1440 (9th Cir. 1993); *Tooley v. Martin-Marietta Corp., supra*, at 1243; *Burns v. Southern Pacific Transp. Co*., 583 F.2d 403, 406-07 (9th Cir. 1978); Government Code § 12940(s).

The reasonable accommodation requested by the Plaintiffs will not affect the health of the general public or workers at CCSF, nor will Plaintiffs' request affect the general vaccine mandate. Granting this Motion will only vindicate the First Amendment, Title VII, and FEHA rights of the Plaintiffs and will not weaken Defendants' efforts to carry out its goal of protecting the public. There is no "balance" between the religious rights of the Plaintiffs and the public interest because the public interest is not implicated. As stated above, the virus cannot be transmitted through telephone lines. Every worker employed by CCSF and every member of the general public will not be affected at all by allowing the Plaintiffs to work remotely. The balance of equities falls heavily in favor of the Plaintiffs.

**CONCLUSION**

For the foregoing reasons, this Court should grant the instant Motion and mandate that Defendants allow Plaintiffs to work remotely.

Dated:  June 11, 2022

/s/ Russell Davis
Russell Davis, Esq.
PACIFIC JUSTICE INSTITUTE

*Attorney for Plaintiffs*