UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELINA KEENE, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>　　　　　Defendants. | Case No. 22-cv-01587-JSW<br><br>**ORDER GRANTING MOTION TO DISMISS INDIVIDUAL DEFENDANTS AND DENYING MOTION FOR PRELIMINARY INJUNCTION**<br><br>Re: Dkt. Nos. 15, 19, 28 |

Now before the Court is the motion to dismiss claims against Defendants London Breed and Carol Isen as individuals sued in their official capacities and Plaintiffs' motion for a preliminary injunction. The Court has considered the parties' papers, relevant legal authority, and the record in this case, and HEREBY GRANTS Defendants' motion to dismiss the individual defendants sued in their official capacities and DENIES Plaintiffs' motion for a preliminary injunction.[1]

**BACKGROUND**

Selina Keene and Melody Fountila ("Plaintiffs"), City workers, filed this lawsuit against the City and County of San Francisco as well as Mayor London Breed and Carol Isen, as Director of Human Resources for the City and County of San Francisco ("City"), in their official capacities.

---

[1] Plaintiffs' *ex parte* motion for shortened time is DENIED as moot. (Dkt. No. 28.)

1  In their complaint, Plaintiffs allege that on June 23, 2021, the City mandated that all 25,000 of its
2  employees be vaccinated against COVID-19 by no later than November 1, 2021.
3  Plaintiffs contend that the vaccinations are derived from stem cells from aborted fetuses
4  and are therefore in direct contravention of their deeply held religious beliefs. Based on these
5  beliefs as well as their understanding that their naturally-acquired immunity was sufficiently
6  strong, Plaintiffs refused to get vaccinated. Having failed to cooperate with the mandate, Plaintiffs
7  have left their employment.
8  Plaintiffs contend that the vaccine mandate is arbitrary and unreasonably implemented.
9  They further contend that the mandates "ignore peer-reviewed studies comparing naturally
10 acquired and vaccine acquired immunity . . . [which] show that natural immunity provides
11 equivalent or greater protection against severe infections from COVID-19 than immunity
12 generated by mRNA vaccines." (Complaint at ¶ 22.) Plaintiffs contend that that the vaccines are
13 really only treatments for COVID-19 and are not effective in preventing infection, transmission, or
14 reinfection of the virus.
15 Based on these allegations, Plaintiffs contend that the City's mandatory vaccination
16 program violates their rights under Title VII of the Civil Rights Act of 1964 which provides broad
17 protections for people of religious beliefs. Plaintiffs allege that the City failed to accommodate the
18 free exercise of their sincere religious observances and practices. Plaintiffs also allege that the
19 mandatory vaccination program constitutes an unlawful employment practice under the California
20 Fair Employment and Housing Act by failing to accommodate their religious beliefs or
21 observances.
22 The Court will address additional facts as necessary in its analysis.

**ANALYSIS**

**A.   Motion to Dismiss Individual Defendants.**

    **1.   Applicable Legal Standard.**

26 A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the
27 pleadings fail to state a claim upon which relief can be granted. A court's "inquiry is limited to
28 the allegations in the complaint, which are accepted as true and construed in the light most

1   favorable to the plaintiff." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

2   Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a
3   plaintiff's obligation to provide 'grounds' of his 'entitle[ment] to relief' requires more than labels
4   and conclusions, and formulaic recitation of the elements of a cause of action will not do."
5   *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Pursuant to
6   *Twombly*, a plaintiff cannot merely allege conduct that is conceivable but must instead allege
7   "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  "A claim has facial
8   plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable
9   inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,
10  678 (2009) (citing *Twombly*, 550 U.S. at 556).

11  If the allegations are insufficient to state a claim, a court should grant leave to amend
12  unless amendment would be futile.  *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th
13  Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th
14  Cir. 1990).  "A pro se litigant must be given leave to amend his or her complaint unless it is
15  absolutely clear that the deficiencies in the complaint could not be cured by amendment."   *Noll v.*
16  *Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded on other grounds by statute as stated in*
17  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).  However, a court "is not
18  required to accept legal conclusions cast in the form of factual allegations if those conclusions
19  cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d
20  752, 754-55 (9th Cir. 1994).

21  **2.  Claims Against Individual Defendants Breed and Isen.**

22  In addition to naming the City and County of San Francisco as a defendant, Plaintiffs have
23  also sued London Breed, Mayor of San Francisco, and Carol Isen, as Director of Human
24  Resources for the City and County of San Francisco, in their official capacities.  Defendants move
25  to dismiss the named individual defendants sued in their official capacities, arguing that the
26  addition of the individuals is unnecessary and duplicative of claims pending against the City and
27  County.

28  Plaintiffs allege two claims against the individual officials for religious discrimination

3

under Title VII and the FEHA. To establish a cause of action for religious discrimination under either statute, Plaintiffs must demonstrate (1) "a bona fide religious belief, the practice of which conflicts with an employment duty," (2) that plaintiffs "informed [their] employer of the belief and conflict"; and (3) "the employer discharged, threatened, or otherwise subjected [them] to an adverse employment action because of [their] inability to fulfill the job requirement." *Berry v. De't of Soc. Servs.*, 447 F.3d 642, 655 (9th Cir. 2006) (quotation marks omitted); *see also Metoyer v. Chassman*, 504 F.3d 919, 941 (9th Cir. 2007) ("California courts apply the Title VII framework to claims brought under FEHA."). In order to prevail on a claim for religious discrimination, a plaintiff must allege that an employer failed to accommodate a religious belief or practice and the plaintiff's "need for an accommodation was a motivating factor in the employer's decision." *E.E.O.C. v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 772 & n.2 (2015).

In this matter, where Plaintiffs have sued the employer, here the City and County of San Francisco, the addition of the individual mayor and director of human resources is duplicative. *See Ames v. City of Novato*, No. 16-cv-02590-JST, 2016 WL 6024587, at *4 (N.D. Cal. Oct. 14, 2016) (collecting cases in which "courts have dismissed Title VII claims against individual employees sued in the official capacities as redundant where the employer is also named as a defendant."). Where the plaintiff sues both the individual defendant in her official capacity and the entity itself, "the court may dismiss the officer as a redundant defendant" because "[a]n official capacity suit against a municipal officer is equivalent to a suit against the entity." *Center for Bio-Ethical Reform, Inc. v. Los Angeles County Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir. 2008) (citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)).

Accordingly, the Court GRANTS the motion to dismiss the individual defendants Breed and Isen sued in their official capacities.

**B.    Motion for Preliminary Injunction.**

    **1.    Legal Standard.**

Preliminary injunctive relief is an "extraordinary and drastic remedy" that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689-690 (2008) (internal citations omitted). In order to obtain such relief, Plaintiff must establish: (1) she is likely to succeed on the merits; (2) she is

4

likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in her favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). In *Alliance for the Wild Rockies v. Cottrell*, the Ninth Circuit held that the "serious questions" sliding scale approach survives *Winter*. 632 F.3d 1127, 1134-35 (9th Cir. 2011). Thus, a court may grant a request for a preliminary injunction if a plaintiff demonstrates that there are serious questions going to the merits and a hardship balance that tips sharply in their favor, if the other two elements of the *Winter* test are also met. *Id*. at 1132.

However, a plaintiff also must show that she is likely to suffer irreparable injury and that the injunction is in the public interest. *Id.* at 1135. "For the purposes of injunctive relief, 'serious questions' refers to questions which cannot be resolved one way or the other at the hearing on the injunction and as to which the court perceives a need to preserve the status quo lest one side prevent resolution of the questions or execution of any judgment by altering the status quo." *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988).

Serious questions are "substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberative investigation." *Hamilton Watch Co. v. Benrus Watch Co.*, 206 F.2d 738, 740 (2d Cir. 1952). Serious questions need not promise a certainty of success, nor even present a probability of success, but must involve a "fair chance of success on the merits." *Nat'l Wildlife Fed'n v. Coston*, 773 F.2d 1513, 1517 (9th Cir. 1985).

**3.      Plaintiffs Have Not Established That They Are Likely to Prevail on the Merits.**

Plaintiffs have sued the City and County of San Francisco for the institution and application of a vaccine mandate as a condition of their continued employment. In the complaint and in conjunction with their motion for preliminary injunction, Plaintiffs contend that the vaccine is a mere treatment, and a not so effective one at that. Plaintiffs also allege that the vaccine "is derived from murdered children" and therefore violates their Christian beliefs. (Dkt. No. 19-3, Declaration of Selina Keene, ¶ 8.) Plaintiffs also assert that they have natural immunity derived from having had COVID-19 previously.

Contrary to Plaintiffs' unfounded assertions, the California Department of Public Health has determined that unvaccinated people are considerably more likely to get and pass along

1  COVID-19 than fully-vaccinated people.  (Request for Judicial Notice, Ex. E.)  In addition,

2  unvaccinated people are more likely to be hospitalized and more likely to die if they contract the

3  disease.  And "because vaccinated individual are less likely to become infected in the first place

4  and also experience accelerated viral clearance, … [they] are less likely to infect others."  *Plata v.*

5  *Newson*, No. 01-cv-01351-JST, 2021 WL 5410608, at *2 (N.D. Cal. Nov. 17, 2021).

Not only do the assertions by Plaintiffs fly in the face of scientific consensus, their claims fail to recognize well-settled law allowing for compulsory vaccination as a condition for employment.  *See, e.g., Jacobson v. Massachusetts*, 197 U.S. 11, 39 (1905).  Neither Plaintiff has demonstrated that their religious beliefs are sincere or that those beliefs conflict with receiving the COVID-19 vaccine.  There are no grounds upon which to assert the mistaken conclusion that the FDA-approved vaccines contain fetal cells or are otherwise derived from murdered babies.  (*See, e.g.,* Request for Judicial Notice, Ex. G.)  Feeling passionately about something or having a specific personal preference does not merit the status of a sincere religious belief.  *See Wisconsin v. Yoder*, 496 U.S. 205, 215 (1972) ("[B]elief that is philosophical and personal rather than religious does not rise to the demands of the Religion Clause.").  Personal preferences are not beliefs protected by Title VII or FEHA.  Accordingly, Plaintiffs have not established that they are likely to prevail on the merits of their claims.

### 4. Plaintiffs Have Not Demonstrated Irreparable Harm.

Plaintiffs argue that they will face irreparable harm absent an injunction of the application of the vaccination mandate because they have been forced to choose between maintaining their employment or taking a vaccine that they do not want.  The majority of courts who have considered this issue have concluded that such a choice does not constitute irreparable harm.  *See Plata*, 2021 WL 5410608, at *3 (collecting cases upholding vaccine mandates).  It is well-settled law that loss of employment does not constitute irreparable harm for purposes of an injunction.  *See id.*

### 5. Balance of Equities and Public Interest Weighs in Favor of Denial.

Even if Plaintiffs had made a showing of likelihood of success on the merits or demonstrated that they suffer irreparable harm, the Court finds that the balance of hardships and

the public interest weigh sharply in favor of denial of an injunction. The public interest in preventing the spread of COVID-19 strongly favors increased vaccination rates as mandated by the City and County of San Francisco. Moreover, "[i]f . . . the impact of an injunction reaches beyond the parties, carrying with it a potential for public consequences, the public interest will be relevant to whether the district court grants the injunction." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1139 (9th Cir. 2009). Even considering the specific harm of the individual plaintiffs in this matter who were compelled to retire early, "when balancing that harm against the legitimate and critical public interest in preventing the spread of COVID-19 by increasing the vaccination rate . . . the Court finds the balance weighs in favor of the broader public interests." *Mass. Corr. Officers Federated Union v. Baker*, 567 F. Supp. 3d 315, 327 (D. Mass. 2021).

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss the individuals in their official capacities and DENIES Plaintiffs' motion for a preliminary injunction.

The Court HEREBY SETS an initial case management conference for November 4, 2022 at 11:00 a.m. The parties shall submit a joint case management statement no later than October 28, 2022.

**IT IS SO ORDERED.**

Dated: September 23, 2022

_____
JEFFREY S. WHITE
United States District Judge