Russell Davis (SBN 177959)
PACIFIC JUSTICE INSTITUTE
29 Lakewood Ave.
San Francisco, CA 94127
Tel. (415) 310-6575
rdavis@pji.org

Kevin T. Snider (SBN 170988)
PACIFIC JUSTICE INSTITUTE
P.O. Box 276600
Sacramento, CA 95827
Tel. (916) 857-6900
Fax (916) 857-6902
ksnider@pji.org

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SELINA KEENE, MELODY FOUNTILA, MARK MCCLURE,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO; LONDON BREED, Mayor of San Francisco in her official capacity; CAROL ISEN Human Resources Director, City and County of San Francisco, in her official capacity; DOES 1-100,<br><br>    Defendants. | Case No.: 4:22-cv-01587-JSW<br><br>**PLAINTIFFS' PETITION FOR REHEARING DUE TO MANIFEST ERROR OF LAW AND FACT**<br><br>Date: November 4, 2022<br>Time: 9:00 AM<br>Judge: Hon. Jeffrey S. White<br>Courtroom: 5 |

### **PETITION FOR REHEARING DUE TO MANIFEST ERROR OF LAW AND FACT**

**I. There is a manifest error of law and fact in the Court's ruling denying the Plaintiffs' motion for preliminary injunction. The Court has turned Title VII jurisprudence on its head.**

In its ruling, the Court stated as follows: "Neither Plaintiff has demonstrated that their religious beliefs are sincere or that those beliefs conflict with receiving the Covid-19 vaccine." The Court also mistakenly claimed that "there are no grounds upon which to assert the mistaken conclusion that the FDA-approved vaccines contain fetal cells or are otherwise derived from murdered babies." (Order, page 6, line 9 et seq.).

By the above statements the Court has turned Title VII jurisprudence on its head. It is not Plaintiffs' burden to establish sincerity of belief; it is the Defendants' burden to come forward with evidence showing insincerity of belief. As stated in Plaintiffs' Reply Brief, "Courts typically give credence to assertions of sincerely held religious beliefs in absence of any challenge to their sincerity or religious motives, and so long as they are not 'so bizarre, so clearly nonreligious in motivation, as not to be entitled to protection under the Free Exercise Clause.'" *See Thomas v. Review Bd. of Ind. Emp't Sec. Div.*, 450 U.S. 707, 715-16 (1981). Plaintiffs' religious beliefs are mainstream Christian beliefs. A one sentence peremptory statement by opposing counsel in her brief in opposition is not evidence of lack of sincerity.

Under Title VII, to *establish* a religious discrimination case on the basis of a failure-to-accommodate theory, a plaintiff must set forth a prima facie case that "(1) he had a bona fide religious belief, the practice of which conflicts with an employment duty; (2) he informed his employer of the belief and conflict; and (3) the employer discharged, threatened, or otherwise subjected him to an adverse employment action because of his inability to fulfill the job requirement." *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 606 (9th Cir. 2004).

Plaintiffs have plainly stated that they are Christians, that they informed their employer and will not partake of a vaccine derived from aborted, i.e., murdered, children. Decl. of Fountila, ¶ 2, Decl. of Keene, ¶ 8. They were constructively fired as a result. In other words, they have established a prima facie case. *Id*.

1    It needs to be emphasized that nowhere in Plaintiffs papers was any statement suggesting
2 that the vaccines contained aborted fetal cells. What was stated was that the vaccines were derived
3 from aborted fetal cells. And the vaccines, in fact, were derived from aborted fetal cell lines. *See*
4 Decl. of Russell Davis in Reply, Exhibit 2. The National Geographic is hardly a right-wing
5 Christian organization. There are others that state the same thing. *See* www.nebraskamed.com
6 (Fetal cell lines—cells grown in a laboratory based on aborted fetal cells collected generations
7 ago—were used in testing during research and development of the mRNA vaccines, and during
8 production of the Johnson & Johnson vaccine); www.immunize.ca.ask-us (The Moderna
9 (Spikevax) and Pfizer-BioNTech (Comirnaty) COVID-19 vaccines used the fetal cell line HEK
10 293 in the very early stages of research and development. It was not used to make
11 these vaccines. The HEK 293 and PER.C6 fetal cell lines descend from cells taken from
12 fetuses aborted in the 1970s and 1980s.).
13    Having established a prima facie case, with no evidence of lack of sincerity, the burden
14 shifted to Defendants to show why they cannot accommodate the Plaintiffs. The Defendants had to
15 show that they "initiated good faith efforts to accommodate reasonably the employee's religious
16 practices or that it could not reasonably accommodate the employee without undue hardship."
17 *Tiano v. Dillard Dept Stores*, 139 F.3d 679, 681 (9th Cir. 1998). The Defendants, in their brief,
18 have ignored their burden of going forward. For the above reasons, Plaintiffs are likely to succeed
19 on the merits.
20    For this motion, Plaintiffs' counsel selected Plaintiffs Keene and Fountila because they
21 were working remotely during the height of the pandemic. There is no reason why they cannot
22 continue to do so now. As emphasized many times in Plaintiffs' briefs, there is no way COVID-
23 19, or its variants, can be transmitted through telephone lines. The public, and other city
24 employees, are not at risk while Plaintiffs sit at home working. This needs repeating: ***COVID-19***
25 ***cannot be transmitted over telephone lines. In view of the physical impossibility of spreading***
26 ***disease through phone lines or wi-fi, a preliminary injunction will not harm the public. On the***
27
28

PLAINTIFFS' PETITON FOR REHEARING DUE TO MANIFEST ERROR OF LAW AND FACT

2

*other hand, requiring that state actors comply with federal nondiscrimination employment laws advances the public interest.*

The Plaintiffs have lost their careers, *see Enyart v. Nat'l Conf. of Bar Examiners*, 630 F.3d 1153, 1165-6 (9th Cir. 2010) (loss of career is irreparable harm); their retirement plans have been upset; they are in danger of losing their homes. In other words, they are irreparably harmed by CCSF's mandate. Neither the public nor CCSF are affected by allowing Plaintiffs to work remotely, just as they were doing during the height of the pandemic. Therefore, the balance of equities falls heavily in their favor. The cost of a zoom line for the Plaintiffs is not even a rounding error in CCSF's budget of fourteen billion dollars ($14,000,000,000); therefore, there is no undue harm to the Defendants.

**Conclusion**

For the above stated reasons, the Court should vacate its initial ruling and grant Plaintiffs' motion for preliminary injunction.

Respectfully submitted this 30th day of September 2022.

/s/ Russell Davis
Russell Davis, Esq.
PACIFIC JUSTICE INSTITUTE

*Attorney for Plaintiffs*