DAVID CHIU, State Bar #189542
City Attorney
JONATHAN ROLNICK, State Bar #151814
Chief Labor Attorney
ADAM SHAPIRO, State Bar #245368
LAUREN E. WOOD, State Bar #280096
Deputy City Attorneys
Fox Plaza
1390 Market Street, 5th Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3830
Telephone:     (415) 554-4261
E-Mail:         adam.shapiro@sfcityatty.org
E-Mail:         lauren.wood@sfcityatty.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELINA KEENE, MELODY FOUNTILA, MARK MCCLURE,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY and COUNTY OF SAN FRANCISCO; LONDON BREED, Mayor of San Francisco in her official capacity; CAROL ISEN, Human Resources Director, City and County of San Francisco, in her official capacity; DOES 1-100,<br><br>Defendants. | Case No. 4:22-cv-01587-JSW<br><br>**NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>**(Civil L.R. 3-12(b) and 7-11)** |
| THADDEUS SALEEM SHAHEED, JESSE MURILLO, RICARDO TREJO, and PHILIPPE J. CABRAL,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; and DOES 1 through 100,<br><br>Defendants. | Case No. 3:22-cv-06013-CRB |

1

| | |
|---|---|
| DAVID GOZUM,<br><br>    Plaintiff,<br><br>    vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO HUMAN SERVICES AGENCY, AND DOES 1 TO 100,<br><br>    Defendants. | Case No. 4:22-cv-03975-KAW |
| JOSE GUARDADO, MELISSA BORZONI, ANDREW MALONEY, ROMMEL TAYLOR, PENNI EIGSTER, TARA AMADO, and DANIELLE BOLOGNA on behalf of themselves and all other similarly situated persons,<br><br>    Plaintiffs,<br><br>    vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; and DOES 1 through 100, | Case No. 3:22-cv-4319-TLT |

## NOTICE OF MOTION AND MOTION

### TO THE COURT AND PLAINTIFFS

PLEASE TAKE NOTICE that Defendant City and County of City of San Francisco will and hereby does move the Court to consider whether *Keene v. City and County of San Francisco*, Case No. 4:22-cv-01587-JSW (the "*Keene* Action") is related to three later filed actions: *Gozum v. City and County of San Francisco*, N.D. Cal. Case No. 4:22-cv-03975-KAW (the "*Gozum* Action"), *Guardado, et al. v. City and County of San Francisco*, N.D. Cal. Case No. 3:22-cv-4319-TLT (the "*Guardado* Putative Class Action"), and *Shaheed et al. v. City and County of San Francisco,* N.D. Cal. Case No. 3:22-cv-06013-CRB (the *"Shaheed* Action"). This motion is made pursuant to Civil Local Rules 3-12(b) and 7-11.

2

Admin. Motion to Relate Cases – Notice and MPA    n:\labor\li2022\230273\01635265.docx
CASE NO. 22-cv-01587-JSW

Dated: October 21, 2022

DAVID CHIU
City Attorney
JONATHAN C. ROLNICK
Chief Labor Attorney
LAUREN E. WOOD
ADAM SHAPIRO
Deputy City Attorneys

By: */s/ Lauren E. Wood*
    LAUREN WOOD

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO, in *Shaheed, et al. v. City & County of San Francisco*, No. 3:22-cv-06013-CRB

3

Admin. Motion to Relate Cases – Notice and MPA
CASE NO. 22-cv-01587-JSW

n:\labor\li2022\230273\01635265.docx

## INTRODUCTION

Pursuant to Civil Local Rules 3-12(b) and 7-11, the City and County of San Francisco (the "City") respectfully asks the Court to consider whether *Keene v. City and County of San Francisco*, Case No. 22-cv-01587-JSW (the "*Keene* Action") is related to three later filed actions: *Gozum v. City and County of San Francisco*, N.D. Cal. Case No. 4:22-cv-03975-KAW (the "*Gozum* Action"); *Guardado, et al. v. City and County of San Francisco*, N.D. Cal. Case No. 3:22-cv-4319-TLT (the "*Guardado* Putative Class Action"); and *Shaheed et al. v. City and County of San Francisco,* N.D. Cal. Case No. 3:22-cv-06013-CRB (the *"Shaheed* Action"), and whether all four actions should be assigned to the Honorable Jeffrey S. White, who has already been assigned the *Keene* Action, the lowest-numbered case.

The *Keene* Action, *Gozum* Action, *Guardado* Putative Class Action, and *Shaheed* Action are substantially related. The City is the only defendant in all four actions. All four actions were brought by current or former City employees who sought religious exemptions under the City's Covid-19 vaccination policy. All four actions seek injunctive and declaratory relief related to the City's COVID-19 vaccination policy. All four actions allege religious discrimination in violation of Title VII of the federal Civil Rights Act of 1964 ("Title VII") and California's Fair Employment and Housing Act ("FEHA"), due to an alleged failure to provide plaintiffs with religious accommodations.

Prior to filing this motion, the City contacted plaintiffs' counsel in the *Keene*, *Guardado*, and *Shaheed* Actions[1] to determine whether they would oppose this request. (Declaration of Lauren E. Wood in Support of Motion ("Wood Decl."), ¶ 2.) The City understands that the parties are in agreement that *Guardado* and *Shaheed* should be related, but it is unclear whether plaintiffs in one or more of the Actions will oppose the motion with respect to relating *Guardado* and *Shaheed* to *Keene* and/or *Gozum*. *Id*.

As demonstrated below, all four actions meet the criteria for related cases set forth in Civil Local Rule 3-12, and reassignment of the later filed actions – *Gozum, Guardado*, and *Shaheed* – is both appropriate and necessary to avoid conflicting results and to conserve judicial resources.

---

[1] Kevin T. Snider of the Pacific Justice Institute represents the plaintiffs in the *Keene* Action, the *Guardado* Putative Class Action, and the *Shaheed* Action.

4

Admin. Motion to Relate Cases – Notice and MPA            n:\labor\li2022\230273\01635265.docx
CASE NO. 22-cv-01587-JSW

# BACKGROUND

## I. The *Keene* Action

The *Keene* Action was filed on March 14, 2022 against the City. Wood Decl. Ex. 1. London Breed (the Mayor of San Francisco), and Carol Isen (the City's Director of Human Resources) were also sued in their individual capacities, but on September 23, 2022, the Court granted a motion to dismiss these individual defendants, thus the City is the only remaining defendant. Wood Decl. Ex. 2.

The three plaintiffs, Selina Keene, Melody Fountila, and Mark McClure, allege that they were employees of the City, they were opposed to taking the COVID-19 vaccine due to their religious beliefs, and they were denied an accommodation to the vaccine mandate imposed by the City. Wood Decl. Ex. 1 ¶¶ 8, 9, 10. The *Keene* plaintiffs assert causes of action for (1) failure to provide religious accommodation in violation of Title VII, (2) failure to provide religious accommodation in violation of FEHA. *Id.* ¶¶ 25-44.

On September 23, 2022, the Court denied the Plaintiff's motion for preliminary injunction. Wood Decl. Ex. 2.

## II. *Gozum* Action

The *Gozum* Action was originally filed in San Francisco Superior Court on April 22, 2022. On June 6, 2022, the plaintiff filed a First Amended Complaint that added a cause of action for religious discrimination under Title VII, and the City subsequently removed the *Gozum* Action to the Northern District of California on July 6, 2022. Wood Decl. Exs. 3, 4. The sole plaintiff David Gozum alleges that he sought a religious accommodation to be exempted from the City's COVID-19 vaccine mandate based on his religious beliefs, which was denied. Wood Decl. Ex. 3 ¶¶ 8, 11. Plaintiff further alleges that he was ultimately dismissed from employment due to his refusal to vaccinate. *Id.* ¶ 13. Plaintiff Gozum brings two causes of action: (1) failure to provide religious accommodation in violation of FEHA, and (2) failure to provide religious accommodation in violation of Title VII. *Id.* ¶¶ 14-24. Plaintiff seeks compensatory damages and injunctive relief.

### III.     *Guardado* Putative Class Action

The *Guardado* Putative Class Action was filed July 26, 2022. Wood Decl. Ex. 5. The seven plaintiffs allege religious beliefs prevented them from receiving the COVID-19 vaccine, that they requested an exemption from the City's vaccine mandate, and they were ultimately discharged due to their failure to vaccinate. *Id.* ¶¶ 5-11. The plaintiffs assert claims for (1) failure to provide religious accommodation in violation of Title VII, (2) violation of the "religious clauses" of the First Amendment to the U.S. Constitution, and (3) failure to provide religious accommodation in violation of FEHA. *Id.* ¶¶ 57-80.

The putative class in *Guardado* is defined as: "All employees presently or previously employed by San Francisco (1) who have been ordered to submit to a COVID-19 vaccination, (2) who have submitted a written request for a religious accommodation, and (3) whose requests were denied due to a finding of a lack of religious sincerity and/or due to the claim that granting a religious accommodation would pose an undue hardship on San Francisco." *Id.* ¶ 14. This class definition appears to encompass all of the plaintiffs in the *Keene* Action, the plaintiff in the *Gozum* Action, and all plaintiffs in the *Shaheed* Action, described below. As in the *Keene* Action, the *Gozum* Action, and the *Shaheed* Action, the *Guardado* plaintiffs seek injunctive relief concerning application of the City's vaccine mandate.

### IV.     *Shaheed* Action

The *Shaheed* action was filed on October 12, 2022. Wood Decl. Ex. 6. The four plaintiffs allege religious beliefs prevented them from receiving the COVID-19 vaccine, that they requested a religious exemption from the City's vaccine mandate, and they were ultimately discharged due to their failure to vaccinate. *Id.* ¶¶ 5-8. The plaintiffs assert claims for (1) failure to provide religious accommodation in violation of Title VII, (2) violation of the "religious clauses" of the First Amendment to the U.S. Constitution, and (3) failure to provide religious accommodation in violation of FEHA. *Id.* ¶¶ 53-82.

As noted above, all four plaintiffs in the *Shaheed* Action appear to fall within the proposed class definition in the *Guardado* Putative Class Action. The Complaint in *Shaheed* appears to have

6

Admin. Motion to Relate Cases – Notice and MPA          n:\labor\li2022\230273\01635265.docx
CASE NO. 22-cv-01587-JSW

been largely copied and pasted from the Complaint in the *Guardado* Putative Class Action and seeks nearly identical relief.

**DISCUSSION**

Two cases are related if:

> (1) The actions concern substantially the same parties, property, transaction, or event; and
>
> (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

N.D. Cal. Local Civil Rule 3-12(a). Whenever a party believes an action filed in this district may be "related to an action which is or was pending in this District …, the party must promptly file in the lowest-numbered case an Administrative Motion to Consider Whether Cases Should be Related." *Id.* Rule 3-12(b). "If any Judge decides that any of the cases are related, pursuant to the Assignment Plan, the Clerk shall reassign all related higher-numbered cases to that Judge and shall notify the parties and the affected Judges accordingly." *Id.* Rule 3-12(f)(3).

Here, the *Guardado*, *Keene*, *Gozum*, and *Shaheed* Actions concern substantially the same parties. The City is the sole remaining defendant in all four actions. The plaintiffs in all four actions are City employees who are challenging the City's vaccine mandate under FEHA and Title VII, and the putative class in the *Guardado* Action encompasses all of the plaintiffs in the *Keene*, *Gozum*, and *Shaheed* Actions. All four actions concern substantially the same events, as they arise out of challenges to the City's vaccine policy, including the validity of the policy, both facially and as applied, with respect to requests for religious exemptions or religious accommodation.

It is also highly "likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." N.D. Cal. Local Civil Rule 3-12(a)(2). All four cases assert nearly identical causes of action under FEHA and Title VII, and all four cases challenge the same vaccine policy on the same grounds. Moreover, in the *Guardado* Putative Class Action and *Shaheed* Action, plaintiffs seek declaratory relief that, if granted, would invalidate the City's vaccination policy and impact the plaintiffs in all actions. In the interest of

7

Admin. Motion to Relate Cases – Notice and MPA
CASE NO. 22-cv-01587-JSW

n:\labor\li2022\230273\01635265.docx

judicial efficiency, and to avoid conflicting decisions, these four matters should be heard before the same Judge.

## CONCLUSION

Because these four cases are related, the Court should assert its case management authority over them and find that they are related. Further, the actions should be reassigned consistent with Local Rule 3-12.

Dated: October 21, 2022

DAVID CHIU
City Attorney
JONATHAN C. ROLNICK
Chief Labor Attorney
LAUREN E. WOOD
ADAM SHAPIRO
Deputy City Attorneys

By: */s/ Lauren E. Wood*
LAUREN WOOD

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO, in *Shaheed, et al. v. City & County of San Francisco*, No. 3:22-cv-06013-CRB

8

Admin. Motion to Relate Cases – Notice and MPA
CASE NO. 22-cv-01587-JSW

n:\labor\li2022\230273\01635265.docx