Russell Davis (SBN 177959)
Kevin T. Snider (SBN 170988)
PACIFIC JUSTICE INSTITUTE
P.O. Box 276600
Sacramento, CA 95827
Tel.:  (916) 857-6900
Fax:   (916) 857-6902
Emails: ksnider@pji.org; rdavis@pji.org
*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELINA KEENE, et al., | Case No. 4:22-cv-01587-JSW |
| Plaintiffs, | **PLAINTIFFS' CASE MANAGEMENT STATEMENT** |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO, et al., | Date: November 4, 2022<br>Time: 11:00 AM<br>Place: via Zoom |
| Defendants. | Complaint Filed: 03/14/2022<br>Trial Date: TBD |

Pursuant to U.S. District Court for the Northern District of California Local Rule 16-9, and the Court's Standing Order, and in advance of the upcoming case management conference set for November 4, 2022, Plaintiffs Selina Keene, Melody Fountila, and Mark McClure submit the following separate Case Management Statement. Plaintiffs' Counsel made reasonable efforts to obtain cooperation of Defendants' Counsel in the preparation of a joint statement.

**1. Jurisdiction and Service**

This Court has jurisdiction and venue over this action pursuant to 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. §§ 1983 and 1988 because the Defendants are violating Plaintiffs' civil rights; and 42 U.S.C. § 2000e-5(f)(3), which confers original jurisdiction on federal district courts to address the deprivation of rights, privileges, and immunities secured by the U.S. Constitution and federal law, and the general legal and equitable powers of this Court, which empowered this Court to grant the requested relief.

Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201-02, and Federal Rules of Civil Procedure, Rule 57 and 65. Supplemental Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims which are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the U.S. Constitution.

All parties have been served.

**2. Facts**

Plaintiffs are Christians who believe that taking a vaccine derived from aborted children violates their sincerely held religious beliefs. Plaintiffs requested, and were denied, religious and medical exemptions to the COVID-19 vaccine mandate. Plaintiffs KEENE and FOUNTILA were constructively fired on April 1, 2022. On informormation and belief, Plaintiff McCLURE was also fired on April 1, 2022.

Plaintiffs KEENE and FOUNTILA were working remotely during the height of the pandemic. As to these Plaintiffs, the main issue is whether Defendant CCSF failed to reasonably accommodate the Plaintiffs' Title VII claims by refusing to allow them to continue working remotely. The issue for Plaintiff McCLURE is whether or not wearing a fitted N95 mask and testing often will satisfy his demand for a reasonable accommodation.

**3. Legal Issues**

Under Title VII, to *establish* a religious discrimination case on the basis of a failure-to-accommodate theory, a plaintiff must set forth a prima facie case that "(1) he had a bona fide religious belief, the practice of which conflicts with an employment duty; (2) he informed his employer of the belief and conflict; and (3) the employer discharged, threatened, or otherwise subjected him to an adverse employment action because of his inability to fulfill the job requirement." *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 606 (9th Cir. 2004).  This is precisely what happened to the Plaintiffs.  Defendant claims that Plaintiffs have not proven their sincerity; however, Plaintiffs do not have that burden.  Defendant has the burden of disproving sincerity. *Thomas v. Review Bd. of Ind. Emp't Sec. Div.*, 450 U.S. 707, 715-16, 101 S. Ct. 1425, 67 L. Ed. 2d 624 (1981).  Defendant also failed to come forward to show that they "initiated good faith efforts to accommodate reasonably the employee's religious practices or that it could not reasonably accommodate the employee without undue hardship." *Tiano v. Dillard Dept Stores*, 139 F.3d 679, 681, 1998.  Defendants have made no effort at all to accommodate the Plaintiffs.  Neither the general public, nor workers at CCSF, can be harmed by Plaintiffs working remotely in their private homes.  Plaintiff McCLURE can wear a fitted N95 mask and test frequently.  Given recent scientific evidence, that protocol would be a reasonable accommodation.

**4. Motions**

Plaintiffs filed and served a Motion for Preliminary Injunction. That motion was denied. A Petition for Rehearing Due to Manifest Error of Law and Facts was also denied. Plaintiffs have appealed. That appeal is currently on the Ninth Circuit's "rocket" docket.

**5. Amendment of Pleadings**

In order to avoid mootness of their appeal, Plaintiffs cannot amend their Complaint while the appeal is pending. Plaintiffs would like to amend their Complaint after the appeal is heard and ruled upon and hereby requests that this matter be stayed until such time.

**6. Evidence Preservation**

Plaintiffs have reviewed such Guidelines.

**7. Disclosures**

No relevant disclosures have been made yet. Plaintiffs have asked multiple times for a copy of the mandate at issue and the identity of the person who issued it. We understand that a Carol Isen, HR Director, was charged with enforcing the mandate; however, the actual mandate itself has not been given to the Plaintiffs, nor has the person that issued it been identified.

**8. Discovery**

There has been no discovery to date. Plaintiffs anticipate sending interrogatories, requests for production, and requests for admission to Defendants and will take the depositions of London Breed, Carol Isen, and CCSF's Health Officer. If the appeal succeeds, discovery may not be necessary.

**9. Class Actions**

N/A

**10. Related Cases**

Plaintiffs are aware of other cases filed by Pacific Justice Institute against Defendant. It seems that the issues in those cases differ from the instant case.

Defendants have motioned to have those cases related.

**11.  Relief**

   Plaintiffs seek injunctive relief and damages. Plaintiffs want their careers back and damages in the form of back pay, from the time they were forced to retire to the date of restoration of their careers.

**12. Settlement and Alternative Dispute Resolution (ADR)**

   Plaintiffs are not opposed to ADR.

**13. Other References**

   Plaintiffs have no problem with ADR but will not submit to binding arbitration.

**14. Narrowing of Issues**

   This is too early to answer. The Plaintiffs' appeal will probably narrow issues considerably.

**15. Expedited Trial Procedure**

   Plaintiffs do not agree to the expedited trial procedure.

**16. Scheduling**

   Plaintiffs propose the following dates:

   Discovery cutoff: One month before trial.

   Dispositive motions: Five months before trial.

   Pretrial conference: One month before trial.

   Designation of experts: Two months before trial.

   Expert depositions: Can be taken two weeks before trial irrespective of discovery cutoff.

   Trial: August 2024.

**17. Trial**

   Plaintiffs demand a jury trial. Plaintiffs anticipate trial will be 4-5 days.

**18. Disclosure of Non-party Interested Entities or Persons**

    Unknown at current time.

**19. Professional Conduct**

    Plaintiffs have reviewed such Guidelines.

**20. Other Matters as may facilitate the just, speedy and inexpensive disposition of this matter.**

    None at the current time.

Dated: October 28, 2022　　　　　　　　PACIFIC JUSTICE INSTITUTE

　　　　　　　　　　　　　　　　　　　　/s/ Russell Davis
　　　　　　　　　　　　　　　　　　　　Russell Davis, Esq.
　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiffs*

## CASE MANAGEMENT ORDER

The above CASE MANAGEMENT STATEMENT and PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

DATED:

_____

Senior District Judge Jeffrey S. White

5

# **PROOF OF SERVICE**

I hereby certify that the foregoing CASE MANAGEMENT STATEMENT was served on Defendants' counsel via the Court's electronic filing system, of which they are registered recipients in this case.

Executed this 28th day of October 2022, in Sacramento County, California.

                                        s/ Russell Davis
                                        Russell Davis, Esq.
                                        PACIFIC JUSTICE INSTITUTE

*Attorney for Plaintiffs*