DAVID CHIU, State Bar #189542
City Attorney
WAYNE K. SNODGRASS, State Bar #148137
JAMES M. EMERY, State Bar #153630
KATE G. KIMBERLIN, State Bar #261017
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-5408
Telephone:    (415) 554-4628 (Emery)
              (415) 554-3847 (Kimberlin)
Facsimile:    (415) 554-4699
E-Mail:       jim.emery@sfcityatty.org
              kate.kimberlin@sfcityatty.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO;

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELINA KEENE, MELODY FOUNTILA, MARK MCCLURE,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY and COUNTY OF SAN FRANCISCO<br><br>Defendant. | Case No. 4:22-cv-01587-JSW<br><br>**SAN FRANCISCO'S CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Hearing Date:   November 4, 2022<br>Time:           11:00 a.m.<br>Place:          Oakland Courthouse<br>                Courtroom 5 – 2nd Floor<br>                1301 Clay Street<br>                Oakland, CA 94612<br><br>Trial Date:     None set.<br><br>Attachments:    Exhibit A |

San Francisco submits this case management conference statement pursuant to Local Rule 16-9 and the Court's Standing Order.[1]

**1. Jurisdiction and Service**

San Francisco agrees this Court has jurisdiction. San Francisco has answered the complaint.

**2. Facts**

All City and County of San Francisco employees are required to be fully vaccinated against COVID-19 as a condition of employment. Someone is fully vaccinated when 14 days have passed since they received the final dose of a two-shot vaccine or a dose of a one-shot vaccine.

Plaintiffs objected to San Francisco's' COVID vaccine mandate. San Francisco evaluated plaintiffs' request for a religious exemption from the COVID vaccine mandate and determined plaintiffs were not eligible for the exemption. Plaintiffs now challenge San Francisco's determination of their ineligibility.

**3. Legal Issues**

Well-settled law allows for compulsory vaccination as a condition for employment. See, e.g., *Jacobson v. Massachusetts*, 197 U.S. 11, 39 (1905). Feeling passionately about something or having a specific personal preference does not merit the status of a sincere religious belief. See *Wisconsin v. Yoder*, 496 U.S. 205, 215 (1972).

In the context of the current COVID-19 pandemic, the Supreme Court has reaffirmed judicial deference to state and local officials to protect the public welfare. When the government acts "'in areas fraught with medical and scientific uncertainties,' their latitude 'must be especially broad.' Where those broad limits are not exceeded, they should not be subject to second-guessing by an 'unelected federal judiciary' which lacks the background, competence, and expertise to assess public health and is not accountable to the people." *South Bay United Pentecostal Church v. Newsom*, 140 S.Ct. 1613, 1613-1614 (2020). Federal courts have therefore universally rejected attempts to enjoin COVID-19 vaccine mandates, such as the one at issue here. *See, e.g.*, *Klaassen v. Trustees of Ind.*

---

[1] San Francisco apologizes to the Court for its failure to submit a joint case management conference statement. After e-mailing counsel for plaintiffs on Wednesday October 26, 2022 (see Exhibit A, attached hereto), counsel for San Francisco mistakenly believed further consultation would occur before plaintiffs submitted their separate statement on October 28.

*Univ.,* 7 F.4th 592 (7th Cir. 2021) (affirming district court's denial of preliminary injunction motion seeking to enjoin Indiana University's vaccine mandate: "Given *Jacobson v. Massachusetts*, … which holds that a state may require all members of the public to be vaccinated against smallpox, there can't be a constitutional problem with vaccination against SARS-CoV-2."); *Kheriaty v. Regents of the Univ. of Cal.*, No. SACV21001367JVSKESX, 2021 WL 4714664 (C.D. Cal. Sept. 29, 2021) (University of California's vaccine mandate for employees and students); *Children's Health Def., Inc. v. Rutgers*, No. CV2115333ZNQTJB, 2021 WL 4398743, (D.N.J. Sept. 27, 2021) (Rutgers University's vaccine mandate for students); *Streight v. Pritzker*, No. 3:31-CV-50339, 2021 WL 4306146 (N.D. Ill. Sept. 22, 2021) (college's vaccine mandate); *Valdez v. Grisham*, 559 F.Supp.3d 1161 (D.N.M. 2021) (New Mexico's vaccine mandate for healthcare workers); *America's Frontline Doctors v. Wilcox*, No. EDCV211243JGBKKX, 2021 WL 4546923 (C.D. Cal. July 30, 2021) (University of California's vaccine mandate for employees and students); *Bridges v. Houston Methodist Hosp.,* 543 F.Supp.3d 525 (S.D. Tex. 2021) (hospital's vaccine mandate for employees).

**4. Motions**

The parties have agreed this case should be stayed pending plaintiffs' appeal of this court's preliminary injunction motion. If this case becomes active again, San Francisco anticipates bringing a summary judgment motion.

**5. Amendment of Pleadings**

San Francisco has answered the complaint and does not anticipate amending its answer.

**6. Evidence Preservation**

San Francisco has reviewed the guidelines. The parties have not yet met and conferred.

**7. Disclosures**

In light of the parties' agreement the case should be stayed, San Francisco believes initial disclosures are premature.

**8. Discovery**

There has been no discovery to date. If this case becomes active again following resolution of plaintiffs' appeal, San Francisco will conduct focused discovery in advance of its anticipated summary judgment motion. San Francisco would object to the deposition of Mayor Breed.

**9. Class Actions**

N/A

**10. Related Cases**

Related case motions are pending. *Gozum v. City and County of San Francisco*, N.D. Cal. Case No. 4:22-cv-03975-KAW, *Guardado, et al. v. City and County of San Francisco*, N.D. Cal. Case No. 3:22-cv-4319-TLT, and *Shaheed et al. v. City and County of San Francisco*, N.D. Cal. Case No. 3:22-cv-06013-CRB.

**11. Relief**

In the event liability is established, back pay would be calculated using established methods.

**12. Settlement and ADR**

San Francisco believes ADR is premature while plaintiffs' appeal remains pending.

**13. Other References**

San Francisco does not believe the case is appropriate for binding arbitration, a special master, or MDL.

**14. Narrowing of Issues**

If the case becomes active again after resolution of plaintiffs' pending appeal, San Francisco's anticipated summary judgment motion will dispose of the case or narrow the issues.

**15. Expedited Trial Procedure**

San Francisco does not agree to the expedited trial procedure.

**16. Scheduling**

In light of plaintiffs' pending appeal and the parties' agreement to stay this action, San Francisco believes pretrial scheduling is premature.

**17. Trial**

This case should be tried to the Court. San Francisco concurs with plaintiffs' estimate that trial would take 4-5 days.

**18. Disclosure of Non-party Interested Entities or Persons**

San Francisco is not aware of non-party interested entities or persons.

**19. Professional Conduct**

Counsel for San Francisco has reviewed the Guidelines for Professional Conduct for the Northern District of California

**20.  Other matters**

None.

Dated:  October 31, 2022

>DENNIS J. HERRERA
>City Attorney
>WAYNE K. SNODGRASS
>JAMES M. EMERY
>KATE KIMBERLIN
>Deputy City Attorneys
>
>
>By:  s/James M. Emery
>JAMES M. EMERY
>
>Attorneys for Defendant
>CITY AND COUNTY OF SAN FRANCISCO

**EXHIBIT A**

**TO**

**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S CASE MANAGEMENT CONFERENCE STATEMENT**

| | |
|---|---|
| **From:** | Emery, Jim (CAT) |
| **To:** | "Russell Davis" |
| **Cc:** | Kimberlin, Kate (CAT) |
| **Subject:** | FW: Keene v CCSF |
| **Date:** | Wednesday, October 26, 2022 12:00:05 PM |

Hi Russell,

In light of plaintiffs' position, articulated in the consolidation proceedings, that the pending appeal of Judge White's preliminary injunction order "should dispose of the case," we agree it makes sense to stay the district court proceedings pending the outcome of the pending appeal.

I'm not sure how you intend to bring the proposed stay to the Court's attention. If you prepare a stipulation, we will review it. If you decide to submit an administrative motion for stay, you may state that CCSF does not oppose the stay. Or we could simply use the upcoming jt CMCS to propose a stay. You may have another idea. Let us know how you wish to proceed; Kate and I will cooperate.

**Jim Emery**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-4628 Direct
www.sfcityattorney.org

**From:** Russell Davis <rdavis@pji.org>
**Sent:** Sunday, October 16, 2022 9:05 PM
**To:** Kimberlin, Kate (CAT) <Kate.Kimberlin@sfcityatty.org>; Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>
**Subject:** Keene v CCSF

Would you consider a stay of the current action pending a ruling on our appeal?

Russell Davis, Esq.