| | |
|---|---|
| City and County of San Francisco<br><br>David Chiu<br>City Attorney | Office of the City Attorney<br><br>Lauren Wood<br>Deputy City Attorney<br><br>Direct Dial: (415) 554-4261<br>Email: lauren.wood@sfcityatty.org |



February 3, 2023

<u>Via ECF Delivery</u>

Hon. Judge Jeffrey S. White
Oakland Courthouse
Courtroom 5 – 2nd Floor
1301 Clay Street, Oakland, CA 94612

    Re:    *Jose Guardado, et al. v. City and County of San Francisco et al.*
              United States District Court – Northern District
              Case No. 4:22-cv-04319-JSW

              *Thaddeus Saleem Shaheed, et al. v. City and County of San Francisco et al.*
              United States District Court – Northern District
              Case No. 4:22-cv-06013-JSW

              *Denise Angelina DeBrunner, et al. v. City and County of San Francisco et al.*
              United States District Court – Northern District
              Case No. 4:22-cv-07455-JSW

              *David Gozum v. City and County of San Francisco et al.*
              United States District Court – Northern District
              Case No. 4:22-cv-03975-JSW

              *Selina Keene et al. v. City and County of San Francisco et al.*
              United States District Court – Northern District
              Case No. 4:22-cv-01587-JSW

              *Joseph Cook. v. City and County of San Francisco et al.*
              United States District Court – Northern District
              Case No. 4:22-cv-07645-JSW

C<small>ITY AND</small> C<small>OUNTY OF</small> S<small>AN</small> F<small>RANCISCO</small>　　　　　　　　O<small>FFICE OF THE</small> C<small>ITY</small> A<small>TTORNEY</small>

Honorable Jeffrey S. White
Page 2
February 3, 2023

Dear Honorable Judge White:

　　The City and County of San Francisco (the "City") is a defendant in each of the above-listed related actions challenging the City's COVID-19 Vaccination Policy on religious grounds.

　　Plaintiffs in the putative class action, *Guardado, et al. v. City & County of San Francisco*, No. 4:22-cv-04319-JSW, recently filed a motion to consolidate that action with *Shaheed, et al. v. City & County of San Francisco*, Case No. 4:22-cv-06013-JSW. As a courtesy to the Court and to provide notice to the plaintiffs in each of the related actions, the City's response to the *Guardado* Plaintiffs' motion to consolidate is attached.

　　　　　　　　　　　　　　　　　　　Very truly yours,

　　　　　　　　　　　　　　　　　　　DAVID CHIU
　　　　　　　　　　　　　　　　　　　City Attorney

　　　　　　　　　　　　　　　　　　　*/s/ Lauren E. Wood*

　　　　　　　　　　　　　　　　　　　LAUREN E. WOOD
　　　　　　　　　　　　　　　　　　　Deputy City Attorney

cc: All Counsel via ECF

DAVID CHIU, State Bar #189542
City Attorney
JONATHAN ROLNICK, State Bar #151814
Chief Labor Attorney
ADAM SHAPIRO, State Bar #245368
LAUREN E. WOOD, State Bar #280096
Deputy City Attorneys
Fox Plaza
1390 Market Street, 5th Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3830
Telephone:     (415) 554-4261
E-Mail:         adam.shapiro@sfcityatty.org
E-Mail:         lauren.wood@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GUARDADO, MELISSA BORZONI, ANDREW MALONEY, ROMMEL TAYLOR, PENNI EIGSTER, TARA AMADO, and DANIELLE BOLOGNA on behalf of themselves and all other similarly situated persons,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; and DOES 1 through 100,<br><br>Defendants. | Case No. 4:22-cv-04319-JSW<br><br>**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S RESPONSE TO PLAINTIFF JOSE GUARDADO'S MOTION TO CONSOLIDATE CASES 4:22-CV-04319-JSW AND 4:22-CV-06013-JSW**<br><br>Date Action Filed:   July 26, 2022<br>Trial Date:              Not Set |
| THADDEUS SALEEM SHAHEED, JESSE MURILLO, RICARDO TREJO, and PHILIPPE J. CABRAL,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; and DOES 1 through 100,<br>Defendants. | Case No. 4:22-cv-06013-JSW<br><br>Date Action Filed:   October 12, 2022<br>Trial Date:              Not Set |

1

**Defendant City and County of San Francisco's Response to Motion to Consolidate**

The City and County of San Francisco (the "City") submits the following response to Plaintiffs Jose Guardado, Melissa Borzoni, Andrew Maloney, Rommel Taylor, Penni Eigster, Tara Amado, and Danielle Bologna's (collectively "Guardado Plaintiffs") Motion to Consolidate the putative class action they filed, *Guardado, et al. v. City & County of San Francisco*, No. 4:22-cv-04319-JSW ("*Guardado* Class Action"), with *Shaheed, et al. v. City & County of San Francisco*, No. 4:22-cv-06013-JSW ("*Shaheed* Action").

The City does not dispute that the Complaints filed in the *Guardado* Class Action and the *Shaheed* Action are virtually identical, with the exception of the class allegations included in the former and those allegations relating specifically to the named plaintiffs. Both actions challenge the City's COVID-19 Vaccination Policy on the same legal grounds and the City agrees that consolidation would likely conserve party and judicial resources. The *Guardado* Class Action and the *Shaheed* Action, however, are only two of six pending federal cases challenging the City's COVID-19 Vaccination Policy that have been related and assigned to this Court.[1]  In light of these four other related actions, the Guardado Plaintiffs' Motion to Consolidate only the *Shaheed* Action is premature and fails to address the broader case management and coordination issues presented by these related actions.

A brief description of each of the other four actions follows:

- *Keene, et al. v. City & County of San Francisco*, No. 4:22-cv-01587-JSW ("*Keene* Action"): Action by three former City employees challenging the City's COVID-19 Vaccination Policy on religious grounds, alleges violation of Title VII and FEHA for failure to provide religious accommodation due to the City's denial of plaintiffs' request for religious exemptions from the City's Vaccination Policy.

---

[1] On November 10, 2022, the Court issued an order relating the *Keene* Action, the *Gozum* Action, the *Guardado* Class Action, and the *Shaheed* Action. *Keene* Action, No. 4:22-cv-01587-JSW, Dkt. 44. On January 24, 2023, the *Cook* Action was related to the *Guardado* Class Action, No. 4:22-cv-04319-JSW, Dkt. 32. On February 1, 2023, the *Debrunner* Action was related to the *Keene* Action, the first-filed federal case challenging the City's Vaccination Policy. *Keene* Action, No. 4:22-cv-01587-JSW, Dkt. 48.

1   Plaintiffs' appeal of the Court's denial of their motion for preliminary injunction is
2   currently pending before the Ninth Circuit.

- *Gozum v. City & County of San Francisco,* No. 4:22-cv-03975-JSW (*Gozum* Action): Action by former City employee challenging the City's COVID-19 Vaccination Policy on religious grounds, alleges violation of Title VII and FEHA for failure to provide religious accommodation due to the City's denial of plaintiff's request for religious exemption from the City's Vaccination Policy.

- *Debrunner, et al. v. City & County of San Francisco, et al.*, No. 3:22-cv-07455-JSW ("*Debrunner* Action"): Action by approximately 135 current and former City employees challenging the City's COVID-19 Vaccination Policy on religious grounds, alleges violation of the First Amendment (Section 1983 claim), Title VII and FEHA for failure to provide religious accommodation due to the City's denial of plaintiffs' request for religious exemption from the City's Vaccination Policy. Plaintiffs also bring disability discrimination and ADA claims based upon denial of approximately eight plaintiffs' requests for medical exemptions from the City's Vaccination Policy.

- *Cook v. City & County of San Francisco*, No. 4:22-cv-07645-JSW ("*Cook*" Action): Action by former City employee challenging the City's COVID-19 Vaccination Policy on religious grounds, alleges violation of the First Amendment (Section 1983 claim), Title VII and FEHA for failure to provide religious accommodation due to the City's denial of plaintiff's request for religious exemption from the City's Vaccination Policy, as well as wrongful termination and breach of the collective bargaining agreement between the City and plaintiff's labor union.

As the City advised counsel for the *Guardado* Class Action and the *Shaheed* Action when first notified that the Guardado Plaintiffs intended to seek consolidation with only the *Shaheed* Action, issues related to case coordination, including potential consolidation, should be addressed during the initial case management conference on March 24, 2023,[2] to ensure that *all* parties in the related actions

---

[2] The *Guardado* Class Action, the *Shaheed* Action, and the recently related *Cook* Action are all set for an initial case management conference on March 24, 2023 at 11:00 a.m. The City intends to

3

and their counsel may be heard on these issues. Global consideration of case coordination and consolidation issues is necessary given that the plaintiffs in each of the related actions[3] appear to fall within the *Guardado* Class Action's proposed class definition:

> All employees presently or previously employed by San Francisco (1) who have been ordered to submit to a COVID-19 vaccination, (2) who have submitted a written request for a religious accommodation, and (3) whose requests were denied due to a finding of a lack of religious sincerity and/or due to the claim that granting a religious accommodation would pose an undue hardship on San Francisco.

*Guardado* Class Action, Dkt. 1 at ¶ 15.

Accordingly, the City respectfully requests that the Court defer ruling on the Guardado Plaintiffs' Motion to Consolidate and instead address case coordination and consolidation issues with all parties at the upcoming March 24, 2023 case management conference.

Dated: February 3, 2023

DAVID CHIU
City Attorney
JONATHAN C. ROLNICK
Chief Labor Attorney
LAUREN E. WOOD
ADAM SHAPIRO
Deputy City Attorneys

By: */s/ Lauren E. Wood*
     LAUREN E. WOOD

Attorney for Defendant
CITY AND COUNTY OF SAN FRANCISCO

---

seek orders from the Court resetting the initial case management conferences in the other related actions to the same date by stipulation or by administrative motion, if necessary.

[3] According to the Complaint, all but two of the 135 plaintiffs in the *Debrunner* Action sought religious exemptions from the City's COVID-19 Vaccination Policy. *Debrunner* Action, No. 3:22-cv-07455-JSW, Dkt. 1 at ¶ 144.