DAVID CHIU, State Bar #189542
City Attorney
WAYNE K. SNODGRASS, State Bar #148137
JAMES M. EMERY, State Bar #153630
LAUREN E. WOOD, State Bar #280096
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-5408
Telephone:    (415) 554-4628 (Emery)
              (415) 554-4261 (Wood)
Facsimile:    (415) 554-4699
E-Mail:       jim.emery@sfcityatty.org
              lauren.wood@sfcityatty.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELINA KEENE, MELODY FOUNTILA, MARK MCCLURE,<br><br>       Plaintiffs,<br><br>       vs.<br><br>CITY and COUNTY OF SAN FRANCISCO; LONDON BREED, Mayor of San Francisco in her official capacity; CAROL ISEN, Human Resources Director, City and County of San Francisco, in her official capacity; DOES 1-100,<br><br>       Defendants. | Case No. 4:22-cv-01587-JSW<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>**(Civil L.R. 3-12(b) and 7-11)**<br><br>Judge:        Hon. Jeffrey S. White<br><br>Trial Date:   None set. |

Admin. Motion to Relate Cases
CASE NO. 22-cv-01587-JSW

n:\govlit\li2022\220836\01666615.docx

## INTRODUCTION

The City and County of San Francisco (the "City") respectfully asks the Court to consider whether the above-captioned action (the "*Keene* Action") is related to one later filed action: *Sanders v. City and County of San Francisco*, N.D. Cal. Case No. 3:23-cv-00211-JD (the "*Sanders* Action").

The Court previously related five other actions to the *Keene* Action: *Gozum v. CCSF*, No. 4:22-cv-03975-JSW; *Guardado, et al. v. CCSF*, No. 4:22-cv-04319-JSW; *Shaheed, et al. v. CCSF*, No. 4:22-cv-06013-JSW; *Debrunner, et al. v. CCSF, et al.*, No. 4:22-cv-07455-JSW; *Cook v. CCSF*, No. 4:22-cv-07645-JSW (collectively "Related Vaccine Actions"). The recently filed *Sanders* Action bears a substantially similar relationship to *Keene* as the Related Vaccine Actions and likewise should be related.

The *Sanders* Action, filed on January 17, 2023, was also brought by a former City employee who sought a religious exemption under the City's Covid-19 vaccination policy. Like the plaintiffs in the Related Vaccine Actions, Sanders seeks injunctive and declaratory relief related to the City's COVID-19 vaccination policy and alleges religious discrimination in violation of Title VII of the federal Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.) due to an alleged failure to provide plaintiff with a religious accommodation. Like the plaintiffs in the related *Guardado* Putative Class Action and the related *Shaheed*, *Debrunner*, and *Cook* Actions, Sanders also brings claims pursuant to Section 1983 for violation of the First Amendment's Free Exercise Clause. A copy of the Complaint in the *Sanders* Action is attached as **Exhibit A** to the accompanying Declaration of Lauren E. Wood.

## DISCUSSION

Two cases are related if:

> (1) The actions concern substantially the same parties, property, transaction, or event; and
>
> (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

N.D. Cal. Local Civil Rule 3-12(a).  Whenever a party believes an action filed in this district may be "related to an action which is or was pending in this District …, the party must promptly file in the

Admin. Motion to Relate Cases
CASE NO. 22-cv-01587-JSW

n:\govlit\li2022\220836\01666615.docx

lowest-numbered case an Administrative Motion to Consider Whether Cases Should be Related." *Id.* Rule 3-12(b).

Here, the *Sanders* Action concerns substantially the same parties as the *Keene* Action and the Related Vaccine Actions. While the plaintiff in the *Sanders* Action erroneously named the San Francisco Public Library as a defendant instead of directly naming the City and County of San Francisco, if the case is to proceed, the City necessarily must be joined as a defendant. The San Francisco Public Library is constituent department of the City, created and existing under the authority of the City's Charter. *See* S.F. Charter Article VIII, Section 8.102. Under the San Francisco's Charter, only the City has the power to "appear, sue, and defend" in a civil action. S.F. Charter Article I, Section 1.101. The fact that the *Sanders* Action also named City Librarian Michael Lambert and City Senior Human Resources Analyst Lawrence P. Lindisch in both their individual and official capacities does not change the analysis. Official capacity suits brought under Section 1983 are the equivalent of a suit against the public entity. *See, e.g., Schiff v. City and County of San Francisco*, No. 19-cv-03260-YGR, 2020 WL 95637 (N.D. Cal. Jan. 8, 2020); *Anglero-Wyrick v. County of Sonoma,* No. 21-cv-01985-SK, 2021 WL 4170677 (N.D. Cal. Sept. 14, 2021); *LeMoon v. California Forensic Med. Group, Inc*., No. 20-cv-02552-PJH, 2022 WL 1092626 (N.D. Cal. Apr. 12, 2022).

The plaintiffs in *Keene*, *Sanders* and the other Related Vaccine Actions are all current or former City employees who are challenging the City's vaccine mandate under Title VII, FEHA, and/or the First Amendment, claiming that the City failed to provide religious accommodations and discriminated against plaintiffs on the basis of religion. If certified, the putative class in the *Guardado* Action would include plaintiff in the *Sanders* Action. The *Sanders* Action, like *Keene* and the other Related Vaccine Actions concern substantially the same events, as they arise out of challenges to the City's vaccine mandate, including the validity of the policy, both facially and as applied, would necessarily affect the plaintiffs across all actions.

It is also "likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the [*Sander* Action were] conducted before [a] different Judge" than the other Related Vaccine Actions. N.D. Cal. Local Civil Rule 3-12(a)(2). The *Keene* Action and the five other Related Vaccine Actions, including the *Guardado* Putative Class Action, challenging the same policy

Admin. Motion to Relate Cases
CASE NO. 22-cv-01587-JSW

n:\govlit\li2022\220836\01666615.docx

on the same religious grounds, are all pending before the Honorable Jeffrey S. White. In the interest of judicial efficiency, and to avoid conflicting decisions, the *Sanders* Action too should be heard before Judge White.

## CONCLUSION

Because the *Sanders* Action is related to *Keene* and the Related Vaccine Actions, the Court should assert its case management authority over the *Sanders* Action, find that it is related and reassign the case to the Honorable Jeffrey S. White.

Dated:

                        DAVID CHIU
                        City Attorney
                        JAMES M. EMERY
                        LAUREN E. WOOD
                        Deputy City Attorneys

By: */s/ Lauren E. Wood*
      LAUREN E. WOOD

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

Admin. Motion to Relate Cases
CASE NO. 22-cv-01587-JSW

n:\govlit\li2022\220836\01666615.docx