1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Russell M Davis
Pacific Justice Institute
29 Lakewood Avenue
San Francisco, CA 94127
Telephone: 415-310-6575
Email: loanhound@sbcglobal.net

Attorneys for Plaintiffs
ATTORNEY TO BE NOTICED

DAVID CHIU, State Bar #189542
City Attorney
LAUREN E. WOOD, State Bar #280096
ADAM M. SHAPIRO, State Bar #267429
Deputy City Attorneys
Fox Plaza
1390 Market Street, 5th Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-4261
E-Mail:     lauren.wood@sfcityatty.org
                adam.shapiro@sfcityatty.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELINA KEENE, MELODY FOUNTILA, MARK MCCLURE,<br><br>    Plaintiffs,<br><br>    vs.<br><br>CITY and COUNTY OF SAN FRANCISCO; LONDON BREED, Mayor of San Francisco in her official capacity; CAROL ISEN, Human Resources Director, City and County of San Francisco, in her official capacity; DOES 1-100,<br><br>    Defendants. | Case No.  22-cv-01587-JSW<br><br>**INITIAL JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:     April 28, 2023<br>Time:     11:00 a.m.<br>Dept:     Courtroom 5 – 2nd Floor<br>            1301 Clay St.<br>            Oakland, CA 94621<br>Judge:    Hon. Jeffrey S. White<br>                Trial Date:        None set. |

The parties to the above-entitled action jointly submit this Joint Case Management

Statement and Proposed Order pursuant to Civil Local Rule 16-9 and the Standing Order for All

INITIAL JOINT CASE MANAGEMENT
STATEMENT

94449417v.1

Judges of the Northern District of California.

1.    **Jurisdiction and Service**

*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

This Court has original jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. § 2000e-5(f)(3). This Court has jurisdiction over the related state law claims under 28 U.S.C. § 1367(a). Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because all defendants reside in this District and because a substantial part of the events complained of herein occurred in this District and Division. There are no issues regarding personal jurisdiction or venue. Plaintiffs have served the City and County of San Francisco. The Plaintiffs have dismissed the individual defendants from the lawsuit.

2.    **Facts**

*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

**PLAINTIFF'S POSITION**

Plaintiffs are a group of 3 former employees of the City and County of San Francisco ("CCSF" or "San Francisco" or "City") who were denied reasonable accommodations from the City's mandate that all workers receive the COVID-19 vaccine. Each sought an accommodation from CCSF based on either their religious beliefs or a medical condition (or both) requesting an exemption from the vaccine mandate.

Plaintiffs contend that the City's denial of their religious and/or medical exemption requests violated Title VII and the California Fair Employment and Housing Act (FEHA). Both Title VII and FEHA protections require employers to provide religious or medical accommodations to employees seeking to be excused from job requirements that conflict with the employee's religious beliefs or medical conditions. An employer may deny such a request if it would create an undue burden for the employer. Title VII and FEHA have different undue burden requirements, though the Title

INITIAL JOINT CASE MANAGEMENT
STATEMENT

VII undue burden requirement is currently under review by the U.S. Supreme Court. FEHA requires employers to establish a higher degree of undue burden in order to successfully invoke this defense, whereas currently the Title VII counterpart has a lower degree of burden. FEHA also has specific requirements that an employer engage in and explore reasonable accommodations with the employee in order to invoke the undue burden defense.

Plaintiffs contend that the City failed to engage in negotiations and explore reasonable alternatives to vaccination and that there were reasonable alternatives, particularly testing, that did not create an undue burden. Among others, some key facts supporting this position are summarized as follows.

First, the City granted a mere 11/125 medical requests (8.8%) while only granting 8/943 religious requests (0.84%). Even those employees working entirely remote were denied reasonable accommodations. Also, those who had previously received a granted accommodation had their accommodations retroactively revoked when the City learned that certain departments had granted some exemptions. By contrast, neighboring Marin County California had a 95.65% approval rate for requested accommodations. When the neighboring county could grant 95.65% of requests without an undue burden, the City will be hard pressed to prove that its less than 1% approval rate was justified.

Second, the City developed a system to ensure that all (or nearly all) accommodation requests were denied and retroactively revoked previously granted accommodation request. When some requests were still being granted the City changed the forms and did re-training to ensure that requests were not approved. The City also ditched genuine good faith negotiations and changed what should have been an interactive process into a box checking game. They trained evaluators to look for ways to deny the accommodation requests, rather than assist with granting them if possible. They also trained evaluators to harass those requesting accommodations by teaching them to ask manipulative questions undermining the sincerity of the requesting person's religious beliefs.

Third, by August 2021 the CDC had made multiple statements and had collaborated with the Wisconsin Department of Health Services to publish a large-scale joint study on this issue. This study showed vaccinated individuals had high higher viral loads and were just as likely to

INITIAL JOINT CASE MANAGEMENT
STATEMENT

94449417v.1

transmit infection as unvaccinated individuals. Furthermore, vaccinated individuals posed a greater contagion risk due to the increased likelihood of asymptomatic infection. By August 2021, this high-quality data supported by the CDC established that vaccination did not reduce transmission and, therefore, testing represented the only legitimate means for reducing transmission. This is highly problematic for the City because the City fired all 135 Plaintiffs after this data was published. Regular testing not only represented a reasonable accommodation, but by the time Plaintiffs were fired it also represented the only meaningful way to reduce viral transmission. Consequently, the City will be hard pressed to prove that it had a non-discriminatory motive.

It is also a well-known tenant of immunology that natural immunity is always better than vaccine induced immunity, which has been confirmed by clinical research of Covid-19. The City refused to recognize natural immunity. In any event, the City could not possibly have had any non-discriminatory reason for refusing to grant public facing employees the option of regular testing for always represented the best and only option meaningful option for reducing infection exposure and transmission in situations where contact could not be avoided.

The foregoing is list is not a complete summary of the key facts and is intended only as a brief introduction to some of the Plaintiff's key factual points.

**Section 1983 claims**

Plaintiffs will be seeking leave to amend their complaint to bring claims for violation of their state and federal constitutional rights pertaining to the free exercise of religion. The vaccine mandate is not a generally applicable policy because it has a mechanism for individualized exemptions. The policy therefore must survive strict scrutiny, which it does not satisfy. Testing represented a narrower, less restrictive, and more effective means of satisfying the touted goal of reducing virus transmission as compared with vaccination. The policy does not satisfy constitutional requirements and therefore represents an actionable violation of Plaintiffs religious free exercise rights. Plaintiffs will also amending to add a breach of contract claim.

INITIAL JOINT CASE MANAGEMENT STATEMENT

1

**DEFENDANT'S POSITION**

2       The City and County of San Francisco (the "City" or "CCSF") requires all of its

3  employees in every department or agency to be fully vaccinated against COVID-19 as a condition

4  of employment pursuant to its COVID-19 Vaccination Policy.

5       CCSF has a duty to provide a safe and healthy workplace for its employees. The COVID-

6  19 Vaccination Policy was based on the findings of the federal Centers for Disease Control

7  (CDC), the California Department of Health (CDPH), and the San Francisco County Health

8  Officer that COVID-19 continued to pose a risk to individuals who were unvaccinated and that

9  safety measures remained necessary to protect the public at large. Thus, CCSF concluded that the

10 Vaccination Policy would help keep its employees and constituents safe from the spread of

11 COVID-19; minimize work and staffing disruptions from absences and quarantines due to

12 COVID-19; and reduce the administrative burden of having to provide weekly testing for those

13 who are unvaccinated. As a result, CCSF made the decision to require all employees to receive

14 the COVID-19 vaccination unless approved for a medical or religious exemption. Under the

15 COVID-19 Vaccination Policy, employees were required to report their vaccination status and to

16 be fully vaccinated (defined as having received both doses of the Pfizer or Moderna vaccine or a

17 single dose of the Johnson & Johnson vaccine). The COVID-19 Vaccination Policy informed

18 employees of their rights to request an exemption on the basis of a sincerely held religious belief

19 that conflicted with the vaccination requirement, or on the basis of a medical condition that

20 prevented the employee from being vaccinated.

21       Plaintiffs objected to and refused to comply with CCSF's COVID-19 Vaccination Policy,

22 thereby risking and endangering the health and safety of their colleagues and members of the

23 public with whom many of them must interact pursuant to their job duties as public entity

24 employees. CCSF conducted an individualized assessment of each Plaintiff's request for an

25 exemption from the COVID-19 Vaccination Policy, and determined that most of the Plaintiffs

26 were not eligible for the exemption(s) sought, and/or that granting the Plaintiffs' requested

27 exemption(s) would be an undue burden on CCSF.

28

INITIAL JOINT CASE MANAGEMENT
                                                                        STATEMENT

94449417v.1

Eventually, with respect to the Plaintiffs in this matter, after sustained non-compliance with CCSF's COVID-19 Vaccination Policy, the Plaintiffs were separated from CCSF's employment. Plaintiffs now challenge CCSF's determination of their ineligibility for a religious and/or medical exemption from the COVID-19 Vaccination Policy and/or CCSF's determination that granting an accommodation to the policy would be an undue burden.

CCSF denies Plaintiffs' claims. The allegations in the Complaint are inaccurate, incomplete, or otherwise fail to support a valid a claim.

**3.** **Legal Issues**

*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

**Plaintiff's Position**:

(1) Did the City violate Plaintiffs' rights under Title VII and FEHA by denying Plaintiffs religious and/or medical accommodation requests and terminating them because Plaintiffs failed to comply with the City's mandatory Covid-19 vaccination policy,

(2) under Title VII, did the City engage in good faith accommodation discussions and/or does the City have a legitimate undue burden defense;

(3) Under FEHA, did the City engage in required negotiations concerning accommodation options for purposes of invoking the undue burden defense,

(4) Under FEHA, assuming the City engaged in adequate negotiations, does the City meet the requirements for satisfying an undue burden defense,

(5) Under the U.S. and California Constitutions, does the City's vaccination policy violate Plaintiffs rights regarding the free exercise of their religion.

**Defendant's Position:**

(1) Whether CCSF properly concluded that it could not reasonably accommodate Plaintiffs' allegedly sincerely-held religious beliefs, practices, or observances without undue hardship on its operations;

(2) Whether facts presented by Plaintiffs in their requests for accommodation provided an objective basis for questioning either the religious nature or the sincerity of a particular belief,

94449417v.1

practice, or observance of Plaintiffs, and thus CCSF was justified in requesting additional supporting information;

(3) Whether Plaintiffs failed to show sincere or bona fide religious conflict with CCSF's COVID-19 vaccine;

(4) Whether CCSF's COVID-19 Vaccination Policy violated Plaintiffs' right to free exercise of their religion.

(5)  Whether Plaintiffs failed to show that they have a severe life-threatening allergic reaction or immediate systemic allergic reaction to all of the FDA authorized COVID-19 vaccines or a component of each of them.

(6) Whether a Plaintiff failed to show that their physical condition or medical circumstances rendered immunization unsafe.

**4.**   **Motions**

*All prior and pending motions, their current status, and any anticipated motions.*

**Plaintiff's Position**

There are no pending motions. The Plaintiffs are waiting for the appellate decision in this matter, which may obviate this cmc statement.  Plaintiffs intend to move the court to amend the complaint and anticipate filing a motion for summary judgment.  At this time, the Parties do not anticipate needing to file any discovery motions unless unanticipated disputes regarding discovery arise.

CCSF has filed a motion to consolidate this Action with six pending and related federal cases challenging the CCSF's COVID-19 Vaccination Policy on the same legal grounds and alleging substantially the same or similar facts. Recently, the Court consolidated two of these six cases – *Guardado, et al. v. City & County of San Francisco*, No. 4:22-cv-04319-JSW ("*Guardado* Class Action") and *Shaheed, et al. v. City & County of San Francisco*, No. 4:22-cv-06013-JSW. Consolidation of all vaccine-related litigation against CCSF will facilitate broader case management and coordination issues presented by the actions and avoid inconsistent rulings.

Plaintiffs are willing to discuss what aspects of this case may be consolidated with the cases involving similar types of religious and medical exemption claims, but do not believe that

INITIAL JOINT CASE MANAGEMENT STATEMENT

discovery and trial scheduling can be fully coordinated due to the unique need in this case to conduct discovery and trials for multiple cases.

**Defendant's Position**

Defendants London Breed and Carol Isen (Individual Defendants) filed a motion to dismiss on May 19, 2022 (Dkt. No. 15), and Plaintiff filed a motion for preliminary injunction on May 23, 2022 (Dkt. No. 19). On September 23, 2022, the Court issued an order granting the motion to dismiss and denying the motion for a preliminary injunction. (Dkt. No. 31.) Plaintiffs filed a petition for rehearing as to the order denying the motion for preliminary injunction (Dkt No. 32), which the Court denied (Dkt. No. 33.) Plaintiffs appealed the order denying a preliminary injunction, and that appeal remains pending before the Ninth Circuit.

CCSF will file a motion to consolidate this Action with six pending and related federal cases challenging the City's COVID-19 Vaccination Policy on the same legal grounds and alleging substantially the same or similar facts. Recently, the Court consolidated two of these six cases – *Guardado, et al. v. City & County of San Francisco*, No. 4:22-cv-04319-JSW ("Guardado Class Action"); and *Shaheed, et al. v. City & County of San Francisco*, No. 4:22-cv-06013-JSW. Consolidation of all vaccine-related litigation will facilitate broader case management and coordination issues presented by the actions and avoid inconsistent rulings.

The City may also file a motion for summary judgment and/or adjudication at the appropriate time.

**5.** <u>**Amendment of Pleadings**</u>

*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

CCSF does not anticipate any amendment of its pleadings.

Plaintiffs anticipate that some amendment of the pleadings will occur regarding to additional causes of action.

**6.** <u>**Evidence Preservation**</u>

*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps*

INITIAL JOINT CASE MANAGEMENT
STATEMENT

*taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

The Parties have not met and conferred but agree that an ESI order may need to be entered in the case. At this time, CCSF has placed litigation holds in all of the relevant departments, but is still in the process of reconciling the electronic infrastructure of the numerous departments in which Plaintiffs worked so as to be able to agree to an order in this regard. The Parties agree that an ESI order will likely need to be entered after the initial exchange of information.

## 7.  **Disclosures**

*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.  For ADA and employment cases, see General Order Nos. 56 and 71.*

**Plaintiffs' Position:** There are only three (3) Plaintiffs in this case.  Initial disclosures should be governed by Rule 26.  Initial disclosures should be made within 45 days of the CMC order in this matter.

**CCSF's Position:** The parties previously agreed to stay this matter pending the resolution of Plaintiffs' appeal of the Court's order denying Plaintiffs' motion for a preliminary injunction. In the event that the City's motion to consolidate is granted, then the City believes that initial disclosures should be due at the same time as the initial discovery proceeding in the other consolidated matters. In the event that the motion to consolidate is denied, then given the parties prior agreement, initial disclosures should be stayed pending resolution of the appeal.

## 8.  **Discovery**

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

**Plaintiff's Position**:

There has been no discovery exchanged to date. The scope of anticipated discovery is

INITIAL JOINT CASE MANAGEMENT
STATEMENT

voluminous. It is anticipated that some written discovery including interrogatories, document requests, and requests for admission will be necessary. It is also anticipated that an extensive number of depositions will be necessary after written discovery is complete, but the number and identity of such individuals cannot be determined until information is complete, but the number and identity of such individuals cannot be determined until information is exchanged. Plaintiffs request that an additional case management conference be set for approximately 6 months from the currently scheduled CMC to set further discovery deadlines after completion initial discovery.

**Defendant's Position**:

There has been no discovery to date. CCSF contends that discovery should be coordinated with the Related Cases following an additional case management conference if the Court grants CCSF's motion to consolidate. Further, Defendant contends that discovery of documents and deposition testimony should be conducted in the proposal articulated in the *Guardado* Initial Joint Case Management Conference Statement, Section 8. In the event that the cases are not consolidated, then discovery should remain stayed pending the resolution of Plaintiffs' appeal of the order denying Plaintiffs' motion for preliminary injunction.

9. **Class Actions**

*If a class action, a proposal for how and when the class will be certified.*

This is not a Class Action.

10. **Related Cases**

*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

There are at least 106 charges filed by former CCSF employees with the California Department of Fair Employment and Housing and the United States Equal Employment Opportunity Commission. There are also numerous cases filed with CCSF administrative bodies concerning individual putative class members who are members of various unions, each of which have collectively-bargained grievance procedures that must be undertaken as a matter of due process.

In terms of litigation, there are six related cases in N.D. Cal. that counsel is aware of at this time which are as follows:

INITIAL JOINT CASE MANAGEMENT STATEMENT

- *Guardado v. CCSF*, No. 3:22-cv-04319-JSW
- *Shaheed, et al. v. CCSF, No. 4:22-cv-06013-JSW*
- *Gozum v. CCSF*, No. 4:22-cv-03975-JSW
- *Debrunner, et al. v. CCSF, et al.*, No. 3:22-cv-07455-TSH
- *Cook v. CCSF*, No. 4:22-cv-07645-HSG
- *Sanders v. San Francisco Public Library, et al.*, No. 3:23-cv-00211-JD

There are at least six vaccine-exemption cases in San Francisco Superior Court of which counsel for CCSF is aware:

- *Qwist, et al. v. City and County of San Francisco, et al.*, San Francisco Superior Court Case No. CGC-21-593669 [this complaint has not been served]
- *United SF Freedom Alliance, et al. v. City and County of San Francisco*, San Francisco Superior Court Case No. CGC-21-595642
- *Kricken, et al. v. City and County of San Francisco, et al.*, San Francisco Superior Court Case No. CGC-22-600135
- *Sanchez v. City and County of San Francisco, et al.*, San Francisco Superior Court Case No. CGC-22-601015
- *Gomwalk, et al. v. City and County of San Francisco, et al.*, San Francisco Superior Court Case No. CGC-22-600975
- *Cattaneo, et al. v. City and County of San Francisco, et al.*, San Francisco Superior Court Case No. CGC-22-601361

## 11. <u>Relief</u>

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

**Plaintiffs' Position**

The Plaintiffs are seeking the following relief:

1.   Declare that CCSF violated Title VII, and California state law for its failure to provide a reasonable accommodation for Plaintiffs clearly articulated religious beliefs and medical needs when numerous no-cost options were available;

2.   Declare that CCSF violated Title VII, and California state law by failing to engage in the interactive process in response to Plaintiffs requests for accommodations to the City's vaccine mandate and, instead, preemptively denied those requests based on pretextual reasons;

INITIAL JOINT CASE MANAGEMENT
STATEMENT

94449417v.1

3.       Declare that CCSF's disparate treatment of religious employees—in interrogating those seeking religious accommodations in a bad faith attempt to undermine their beliefs rather than determine reasonable accommodations—constitutes religious discrimination in violation of Title VII and California state law;

4.       Declare that CCSF violated Title VII, the ADA, and California state law by retaliating against Plaintiffs for engaging in protected activity through seeking religious and medical accommodations;

5.       Declare that CCSF violated the ADA by treating each of the Plaintiffs as being perpetually infected by a threatening virus, thus regarding them as disabled and discriminating against them without justification;

6.       Declare that CCSF violated Plaintiffs' constitutional and statutory privacy rights by disclosing their private medical information to non-authorized personnel and/or to the general public.

7.       Declare that CCSF violated Plaintiffs' constitutional rights to free exercise of religion by imposing the vaccine mandate upon them without satisfying the requisite constitutional standards.

8.       Award Plaintiffs damages, including back pay, front pay, pre-judgment and post-judgment interest, punitive damages, and compensatory damages and other affirmative relief necessary to eradicate the effects of CCSF's unlawful employment practices;

9.       Award Plaintiffs damages necessary to make them whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and loss of civil rights, in an amount to be determined at trial;

10.     Award reasonable attorneys' fees and costs; and

11.     Grant any other relief that the Court deems just and proper;

**Defendants' Position**

CCSF denies that Plaintiffs are entitled to any damages or relief.

INITIAL JOINT CASE MANAGEMENT
STATEMENT

**12. Settlement and ADR**

*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including which ADR process option the parties have selected and a proposed deadline, or if the parties do not agree, each party's preferred option and timing, in compliance with ADR L.R. 3-5. In addition, the parties should include a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

Plaintiffs are willing to participate in a mediation.

CCSF believes that consideration of ADR is premature at this stage, and will need to be revisited after CCSF's motion to consolidate is resolved and initial discovery has been completed.

**13. Consent to Magistrate Judge for All Purposes**

*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.* _____ YES    X NO

**14. Other References**

*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

No other references are needed at this time. At this time, the parties agree that this case is not suitable for arbitration, a special master, nor the judicial panel on multidistrict litigation.

**15. Narrowing of Issues**

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

**Defendant's Position**: CCSF will move to bifurcate liability and damages in discovery and at trial.

Plaintiffs Position:  To be determined.

**16. Expedited Trial Procedure**

*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.  If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

No expedited procedures are needed at this time.

1

### 17. Scheduling

2

3
*Proposed dates for completion of initial ADR session, designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

4
**Plaintiffs' position**: Plaintiffs request that the court set an additional case management

5
conference for purposes of setting the relevant scheduling orders after initial disclosures are

6
complete.

7
**Defendant's Position**: Following the completion of the initial phase of discovery and after initial

8
depositions are completed, the Parties should meet and confer to determine if a second phase of

9
discovery is necessary and whether ADR or dispositive motions will assist in the resolution of the

10
action.

11
### 18. Trial

12
*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

13
**Defendant**: In light of CCSF's forthcoming motion to consolidate all federal related

14
actions, CCSF believes setting a trial date is premature. Notwithstanding, CCSF anticipates that a

15
multi-plaintiff action encompassing just the three plaintiffs will take 9-12 days.

16
**Plaintiff**: Plaintiff agrees that setting a trial date is premature.

17
### 19. Disclosure of Non-party Interested Entities or Persons

18

19
*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations*

20
*(including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind*

21
*of interest that could be substantially affected by the outcome of the proceeding.*

22
Pursuant to Civil L.R. 3-15, the Plaintiffs certify that as of this date, there is no conflict of

23
interest (other than the named parties) to report.

24
CCSF is a public entity and Civil Local Rule 3-15 does not apply.

25
### 20. Professional Conduct

26
*Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

27

28
All attorneys of record for the parties have reviewed the Guidelines for Professional

INITIAL JOINT CASE MANAGEMENT
STATEMENT

1    Conduct for the Northern District of California.

2         **21. Such Other Matters as May Facilitate the Just, Speedy, and Inexpensive**

3              **Disposition of This Matter**

4    *Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

5         The Parties are presently unaware of any other matters that may facilitate the just, speedy

6    and inexpensive disposition of this matter, aside from issues already discussed above by the

7    parties.

8

9    Dated: April 26, 2023                                PACIFIC JUSTICE INSTITUTE

10

11                                                        */s/ Russell Davis*
                                                         RUSSELL DAVIS
12                                                       Attorney for Plaintiffs

13

14   Dated:  April 26, 2023

15                                                       DAVID CHIU
                                                         City Attorney
16                                                       ADAM M. SHAPIRO
                                                         LAUREN E. WOOD
17                                                       Deputy City Attorneys

18
                                                   By: */s/ Adam M. Shapiro*
19                                                      ADAM M. SHAPIRO

20                                                       Attorneys for Defendant
                                                         City and County of San Francisco
21

22

23

24

25

26

27

28

- 15 -                INITIAL JOINT CASE MANAGEMENT
                                                               STATEMENT
94449417v.1

1

## <u>ATTESTATION PURSUANT TO N.D. CAL. LOCAL RULE 5-1</u>

2      Pursuant to N.D. Cal. Local Rule 5-1(i)(3), I attest that concurrence in the filing of the

3  document has been obtained from each of the other Signatories. I declare under penalty of perjury

4  that the foregoing is true and correct.

5

6                                          <u>*/s/Adam Shapiro*              </u>
                                           ADAM SHAPIRO

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INITIAL JOINT CASE MANAGEMENT
                                                            STATEMENT

94449417v.1