**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 15 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SELINA KEENE; MELODY FOUNTILA, <br><br>  Plaintiffs-Appellants, <br><br> and <br><br> MARK MCCLURE, <br><br>  Plaintiff, <br><br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO, <br><br>  Defendant-Appellee, <br><br> and <br><br> LONDON BREED; CAROL ISEN, <br><br>  Defendants. | No.   22-16567 <br><br> D.C. No. 4:22-cv-01587-JSW <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted April 18, 2023
San Francisco, California

---

    \*   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  CALLAHAN and BUMATAY, Circuit Judges, and BOLTON,[**] District Judge.

Appellants Selina Keene and Melody Fountila, two recently retired employees of the City and County of San Francisco (CCSF), were denied religious exemptions to CCSF's COVID-19 vaccination requirement. Appellants filed a lawsuit against CCSF in March 2022, claiming CCSF had violated Title VII of the Civil Rights Act of 1964 and California's Fair Employment and Housing Act (FEHA) by failing to accommodate their religious beliefs. In May 2022, Appellants moved for a preliminary injunction requiring CCSF to, *inter alia*, accommodate their religious beliefs by allowing them to work from home or wear personal protective equipment at work. The district court denied preliminary relief, finding that Appellants had not made a prima facie case of discrimination; that their "loss of employment" did not constitute irreparable harm; and that the public interest in increasing the vaccination rate weighed "sharply in favor of denial of an injunction." Appellants challenge each conclusion on appeal. We have jurisdiction under 28 U.S.C. § 1292(a), and we reverse and remand.

"We review a district court's denial of a preliminary injunction for abuse of discretion." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir.

---

[**]  The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

2011). A district court abuses its discretion when it utilizes "an erroneous legal standard or clearly erroneous finding of fact." *Id.* (quoting *Lands Council v. McNair*, 537 F.3d 981, 986 (9th Cir. 2008) (en banc)). A factual finding is clearly erroneous if it is "illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012) (quoting *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc)).

A party seeking a preliminary injunction must establish (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm absent preliminary relief; (3) the balance of equities tips in the movant's favor; and (4) the injunction is in the public interest. *Wild Rockies*, 632 F.3d at 1131 (citing *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008)). "When the government is a party," the third and fourth factors "merge." *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014) (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)). Likelihood of success on the merits "is the most important" *Winter* factor. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc).

1. To establish a prima facie case for religious discrimination under a failure-to-accommodate theory, an employee must show "(1) [s]he had a bona fide religious belief, the practice of which conflicts with an employment duty; (2) [s]he informed h[er] employer of the belief and conflict; and (3) the employer

3

discharged, threatened, or otherwise subjected h[er] to an adverse employment action because of h[er] inability to fulfill the job requirement." *Berry v. Dep't of Soc. Servs.*, 447 F.3d 642, 655 (9th Cir. 2006) (citation omitted); *Metoyer v. Chassman*, 504 F.3d 919, 941 (9th Cir. 2007) (courts evaluate FEHA claims under the Title VII framework), *abrogated on other grounds by Nat'l Ass'n of African Am.-Owned Media v. Charter Commc'ns, Inc.*, 915 F.3d 617 (9th Cir. 2019). A bona fide religious belief is one that is "sincerely held." *See* U.S. Equal Emp. Opportunity Comm'n, EEOC-CVG-2021-3, Section 12: Religious Discrimination, § 12–I(A)(2) (Jan. 15, 2021) (EEOC Guidance).

The record shows that Appellants swear that they are Christians who "believe in the sanctity of life." The record before the district court also reflects that COVID-19 vaccine manufacturers used "[f]etal cell lines . . . grown in a laboratory . . . [that] started with cells from elective abortions that occurred several decades ago" to at least test vaccine efficacy.[1] *COVID-19 Vaccine: Addressing Concerns*, UCLA Health, https://www.uclahealth.org/treatment-options/covid-19-info/covid-19-vaccine-addressing-concerns [https://archive.is/WqUPW] (last visited Apr. 28, 2023). After CCSF mandated that all non-exempt employees

---

[1] The Pfizer and Moderna vaccines used such fetal stem cells early in the development process to test "proof of concept," or how a cell takes in mRNA to create immunity to COVID-19. *See COVID-19 Vaccine and Fetal Cell Lines*, L.A. Cnty. Dep't of Pub. Health (Apr. 20, 2021) (LA County Guidance).

receive a COVID-19 vaccine, Appellants requested religious exemptions, which CCSF denied for reasons absent from the record. Under threat of termination for failure to vaccinate, Appellants retired from CCSF, as they swore that they could not receive a vaccine "derived from murdered children" without violating their religious beliefs.

The district court erroneously concluded that "[n]either Plaintiff has demonstrated that their religious beliefs are sincere or that those beliefs conflict with receiving the COVID-19 vaccine. There are no grounds upon which to assert the mistaken conclusion that the FDA-approved vaccines contain fetal cells or are otherwise derived from murdered babies." However, the record reflects that the COVID-19 vaccines are, albeit remotely, "derived" from aborted fetal cell lines. *Id.*; LA County Guidance. This directly contradicts the district court's conclusion. *See Hinkson*, 585 F.3d at 1263.

Beyond the district court's factual error, its decision reflects a misunderstanding of Title VII law. A religious belief need not be consistent or rational to be protected under Title VII, and an assertion of a sincere religious belief is generally accepted. *Thomas v. Review Bd.*, 450 U.S. 707, 714 (1981) ("[T]he resolution of [whether a belief is religious] is not to turn upon a judicial perception of the particular belief or practice in question; religious beliefs need not be acceptable, logical, consistent, or comprehensible to others in order to merit

5

First Amendment protection."); *Doe v. San Diego Unified Sch. Dist.*, 19 F.4th 1173, 1176 n.3 (9th Cir. 2021) ("We may not . . . question the legitimacy of [Appellants'] religious beliefs regarding COVID-19 vaccinations." (citing *Masterpiece Cakeshop, Ltd. v. Colo. Civil Rights Comm'n*, 138 S. Ct. 1719, 1731 (2018))), *recons. en banc denied*, 22 F.4th 1099 (9th Cir. 2022); EEOC Guidance, § 12–I(A)(2) ("[T]he sincerity of an employee's stated religious belief is usually not in dispute and is generally presumed or easily established." (cleaned up)).

The district court did not explain its conclusion that Appellants had not established sincerity beyond stating that there are "no grounds upon which to assert the mistaken conclusion that the FDA-approved vaccines . . . are . . . derived from murdered babies" and generally stating that personal preferences are not sincere religious beliefs. And CCSF offered no argument or evidence that Appellants' beliefs are insincere. Absent any indication otherwise, it seems that the district court erroneously held that Appellants had not asserted sincere religious beliefs because their beliefs were not scientifically accurate. Remand is warranted for the district court to reevaluate Appellants' claims applying the proper failure-to-accommodate inquiry.[2]

---

[2] As the district court may consider any noticed documents on remand, CCSF's Motion to Take Judicial Notice is **DENIED AS MOOT**. Dkt. 17.

2. The district court also found that Appellants' "loss of employment" did not constitute irreparable harm, but it never considered Appellants' argument that they lost the opportunity to pursue their "chosen profession," which we have recognized as irreparable harm under certain circumstances. *E.g.*, *Chalk v. U.S. Dist. Ct.*, 840 F.2d 701, 710 (9th Cir. 1988); *Enyart v. Nat'l Conf. of Bar Exam'rs, Inc.*, 630 F.3d 1153, 1156, 1165–66 (9th Cir. 2011). Nor did it consider Appellants' argument that CCSF "g[ave] [Appellants] a Hobson's choice: lose your faith and keep your job, or keep your faith and lose your job." Given the lack of analysis below regarding Appellants' purported loss of career and the pressure on Appellants to violate their faith, we suspect the district court's errors in analyzing the likelihood of success on the merits infected its analysis of irreparable harm as well.

3. Lastly, the district court failed to properly balance the equities and evaluate the public interest. The district court considered the public interest in increased vaccination against the COVID-19 virus, but there is no indication that the district court considered the public interest in enforcement of civil rights statutes. *See Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1138–39 (9th Cir. 2009); *Enyart*, 630 F.3d at 1166–67 (concluding that public interest was served by requiring entities to comply with the Americans with Disabilities Act). We remand for the district court to extend its analysis. *See Roman Catholic Diocese of*

7

*Brooklyn v. Cuomo*, 141 S. Ct. 63, 68 (2020) ("Before [restricting religious practice due to COVID-19], we have a duty to conduct a serious examination of the need for such a drastic measure.").

**REVERSED AND REMANDED.**