1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| JOSE GUARDADO, et al., | Case No. 4:22-cv-04319-JSW |
| | Case No. 4:22-cv-06013-JSW |
| Plaintiffs, | |
| | **[PROPOSED] ORDER GRANTING DEFENDANT'S AMENDED MOTION TO CONSOLIDATE CASE NUMBERS:** |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO, et al., | **4:22-cv-03975-JSW** |
| | **4:22-cv-01587-JSW** |
| Defendants. | **4:22-cv-07455-JSW** |
| | **4:22-cv-04633-JSW** |
| | **4:22-cv-07645-JSW** |
| | **4:23-cv-00211-JSW** |
| | Date Action Filed:   July 26, 2022 |
| | Trial Date:   Not Set |

1

[PROPOSED] ORDER GRANTING DEFENDANT'S AMENDED MOTION FOR CONSOLIDATION
4:22-cv-04319-JSW

95644773v.1

On June 23, 2023, the Parties appeared before this Court to argue the City and County of San Francisco's, the City and County of San Francisco Human Services Agency's, the City and County of San Francisco Department of Public Health's, and the San Francisco Public Library's (collectively, "Defendant") Amended Motion[1] to Consolidate this case, (1) *Guardado, et al. v. City and County of San Francisco*, Case No. 4:22-cv-04319-JSW and (2) *Shaheed, et al. v. City and County of San Francisco*, Case No. 4:22-cv-06013-JSW, with (3) *Gozum v. City and County of San Francisco Human Services Agency*, Case No. 4:22-cv-03975-JSW; (4) *Debrunner, et al. v. The City and County of San Francisco, et al.*, Case No. 4:22-cv-07455-JSW; (5) *Cook v. City and County of San Francisco*, Case No. 4:22-cv-07645-JSW; (6) *Sanders v. San Francisco Public Library, et al.*, Case No. 4:23-cv-00211-JSW; (7) *Keene, et al. v. City and County of San Francisco, et al.*, Case No. 4:22-cv-01587-JSW; and (8) *Monegas v. City and County of San Francisco Department of Public Health*, Case No. 4:22-cv-04633-JSW (collectively, the "Related Vaccine Actions"). Defendant requests that the Related Vaccine Actions should be consolidated at least through summary judgment and permit the Parties to revisit consolidation for trial purposes, if necessary.

Having heard oral argument on this matter and having reviewed the Parties' papers:

**THE COURT HEREBY ORDERS:**

Defendant's Amended Motion is **GRANTED**. Federal Rule of Civil Procedure 42(a) authorizes the court to consolidate cases that involve common allegations of law or fact pending in the same district, even if currently pending before different judges. *See Investors Research Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). "The purpose of consolidation is to enhance court efficiency and to avoid substantial danger of inconsistent adjudications." *Tehrani v. Int'l Cycle Works, Inc.*, No. SA CV 06-20 DOC RNBX, 2007 WL 6548862, at *1 (C.D. Cal. June 19, 2007). "While a district court does have broad discretion in determining whether consolidation is appropriate, typically, consolidation is favored." *Tse v. Apple, Inc.*, No. C 12-02653 SBA, 2013 WL 451639, at *3 (N.D. Cal.

---

[1] Defendant's Amended Notice of Motion only substantively differed from the originally filed Motion (Dkt. 57), insofar as it contained an amended case number for the *Monegas v. City and County of San Francisco Department of Public Health* action, following the Order Relating Case on June 6, 2023. (Dkt. 30.)

Feb. 5, 2013); *In re Oreck Corp. Halo Vacuum & Air Purifiers Mktg. & Sales*, 282 F.R.D. 486, 490 (C.D. Cal. 2012).

The Court finds that Defendant has established that consolidation is proper under Rule 42. Specifically, the Court finds that the Related Vaccine Actions all involve nearly identical legal theories, nearly identical claims under California and federal law and/or the state and federal constitutions, have certain overlapping facts, and all name the City as a defendant. *See, e.g.*, *Ho Keung Tse v. Apple, Inc.*, No. C 12-02653 SBA, 2013 WL 451639, at *3 (N.D. Cal. Feb. 5, 2013) (consolidating patent infringement cases even though the plaintiff alleged that different products violated the patent in question); *Paxonet Commc'ns, Inc. v. TranSwitch Corp.*, 303 F. Supp. 2d 1027, 1028-29 (N.D. Cal. 2003) (consolidating two cases involving three of the same patents and "the same underlying technology," even though one case included allegations related to a fourth patent). For example, each of the Related Vaccine Actions, with the exception of the *Monegas* Action, involves claims under Title VII of the Civil Rights Act against Defendant for allegedly failing to accommodate Plaintiffs' religious beliefs and/or for discriminating against Plaintiffs for their held religious beliefs. Further, six of these Actions involve claims arising under California Fair Employment and Housing Act (Cal. Govt. Code § 12900, et seq.) ("FEHA"), for allegedly failing to accommodate Plaintiffs' religious beliefs. (*See, e.g.*, the *Guardado* Action, the *Gozum* Action, the *Keene* Action, the *Debrunner* Action, the *Cook* Action, and the *Shaheed* Action.)

Consolidation is also appropriate here because the City and County of San Francisco is the chief, actual, or sole defendant in each of these actions. Further, given the broad class definition in the *Guardado* Action, the Court finds that virtually all of the Plaintiffs in each of the Related Vaccine Actions are likely part of the putative class in that matter.

Finally, the Court finds that consolidation is proper because consolidation will also promote efficiency, preserve judicial resources, and will not prejudice any party of these proceedings.

//
//
//

Accordingly, the Court hereby consolidates the Related Vaccine Actions through summary judgment and permits the Parties to revisit consolidation for trial purposes at that time.

**IT IS SO ORDERED**

_____

Hon. Jeffrey S. White