DAVID CHIU, State Bar #189542
City Attorney
WAYNE K. SNODGRASS, State Bar #148137
JAMES M. EMERY, State Bar #153630
LAUREN E. WOOD, State Bar #280096
ADAM SHAPIRO, State Bar #245368
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-5408
Telephone:    (415) 554-4628 (Emery)
              (415) 554-4261 (Wood)
              (415) 554-3830 (Shapiro)
E-Mail:       jim.emery@sfcityatty.org
              lauren.wood@sfcityatty.org
              adam.shapiro@sfcityatty.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELINA KEENE, MELODY FOUNTILA, MARK MCCLURE,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY and COUNTY OF SAN FRANCISCO<br><br>Defendant. | Case No. 22-cv-01587-JSW<br><br>**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S [PROPOSED] ORDER RE: DISCOVERY RELATING TO ELECTRONICALLY STORED INFORMATION**<br><br>Filed:        March 14, 2022<br>Trial Date:   None set |

**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S [PROPOSED] ORDER RE: DISCOVERY RELATING TO ELECTRONICALLY STORED INFORMATION**

Pursuant to this Court's Amended Civil Minute Order (Dkt. 59), and order extending time to file a proposed ESI order (Dkt. 66), Defendant City and County of San Francisco (City) through its counsel of record hereby submits the following proposed order regarding discovery relating to electronically stored information:

The parties shall conduct discovery in a cooperative manner in adherence to the proportionality standards of the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules and those provisions shall govern the scope and protocols for preservation and production of electronically stored information ("ESI") in this case.

Nothing herein shall be deemed to limit or waive any party's right to object to or limit discovery requests, including any requests for ESI.

## I. CUSTODIANS

The temporal scope of discovery is limited to information created or modified between March 1, 2020 and the present ("Temporal Scope").

It is reasonable and appropriate to limit the scope of discovery of emails and user-created files to the custodians in this case ("Custodians"). A party from whom ESI has been requested shall not be required to search for responsive ESI from sources that are not reasonably accessible without undue burden or cost.

The parties shall confer and attempt to reach agreement with respect to which individuals shall be Custodians in this case.

## II. PRESERVATION OBLIGATIONS

The parties shall take reasonable and proportionate steps to preserve potentially relevant ESI created or modified within the Temporal Scope that is within their possession, custody, or control.

The circumstances of this case do not warrant the preservation of ESI that is not reasonably accessible (as defined below) and the remote possibility of additional relevant information existing in

not reasonably accessible sources is substantially outweighed by the burden and cost of preservation of ESI from those sources.

The following ESI is not reasonably accessible: (1) deleted, shadowed, fragmented, residual, or cached data, temporary files, random access memory ("RAM"), or ESI that would only be accessible by taking a forensic (bit stream) image of a device; (2) server, system, or network logs; (3) back up tapes or other storage media used for disaster recovery purposes; (4) voicemails; (5) online access data such as temporary internet files, history, cache, cookies, etc.; (6) data in metadata fields that are frequently updated automatically, such as last-opened dates; and (7) other forms of ESI whose preservation requires extraordinary affirmative measures that are not utilized in the ordinary course of business.

The parties will meet and confer about such ESI as additional data sources are identified. However, nothing herein shall prevent a party from subsequently requesting that ESI identified above be produced if specific facts demonstrate a particular need for such ESI that justifies the burden of production. Further, nothing herein shall prevent a party from requesting and receiving additional detail and explanation from the producing party regarding any of the above items that would allow the requesting party to further evaluate the substance of the information and the burden and costs of producing this information.

## III.   ESI COLLECTION, PROCESSING, REVIEW, AND PRODUCTION

### A.   Scope

The parties shall identify and collect any relevant ESI from the Custodians that is within their possession, custody, or control.

### B.   Email and User-Created Files

#### 1.   ESI Processing, Filtering, and Review Methodology

The process for the identification, review, and production of responsive email and user-created files may consist of any of the following processes selected by the producing party: (1) loading of ESI into a review platform; (2) the application of file type, date, and other metadata filters; (3) the use of

DEFENDANT'S [PROPOSED] ORDER RE:
ELECTRONICALLY STORED INFORMATION
CASE NO. 22-cv-01587-JSW

3

n:\labor\li2023\220410\01683122.docx

search terms; (4) deduplication of identical files; (5) the use of analytics technologies, including email threading, clustering, categorization, technology assisted review, predictive coding, continuous active learning, and artificial intelligence; and (6) attorney review.

Attorneys will review the results of the above efforts for privilege or other protection from disclosure and all responsive, non-privileged ESI shall be produced in the format described below in Section III(B)(4).

### 2. Search Terms

The parties shall confer and attempt to reach agreement on a set of search terms to be used to identify email and user-created files that are responsive to written discovery in this case.

In the event a party determines in good faith after an agreement between the parties on a set of search terms has been reached that additional search terms are necessary to identify responsive information, or determines that modifications to any search terms are necessary in order to avoid disproportionate or undue burden and expense associated with the review and production of the results of those search terms, counsel will meet and confer in an effort to agree upon additional terms or modifications.

### 3. Deduplication

The parties shall make good faith efforts to de-duplicate ESI to the extent that it is possible, meaning that only one copy of a document may be produced even if the same document is within other custodians' ESI.

### 4. Format of Production

The parties shall make all reasonable efforts to produce documents in accordance with the specifications identified in this section. ESI will generally be produced in single-page TIFF format (300 DPI resolution) with corresponding document-level extracted text and a Concordance-delimited DAT file containing the metadata fields outlined in <u>Exhibit A.</u>

    a. **All spreadsheets and multimedia files shall be produced in native format with an associated placeholder image.**

    b.    **All hidden text (e.g. track changes, hidden columns, mark-ups, notes) shall be expanded and rendered in the image file.**

    c.    **All non-graphic embedded objects (Word documents, Excel spreadsheets, .wav files, etc.) that are found within a file shall be extracted and produced. For purposes of production, the embedded files shall be treated as attachments to the original file, with the parent/child relationship preserved.**

    d.    **Any data (whether individual files or digital containers) that is protected by a password, encryption key, digital rights management, or other encryption scheme, shall be decrypted prior to processing for production, to the extent possible.**

### 5. Redacted Documents

Documents that contain redactions, including any associated family members, will be produced in single-page TIFF format (300 DPI resolution) with corresponding document-level extracted text and a Concordance-delimited DAT file containing the metadata fields outlined in column "Provide if Redacted" field of <u>Exhibit A</u> to the extent that such metadata fields are not part of the redaction.

To the extent a party deems production of redacted TIFF images of Excel spreadsheets significantly degrades the usability of the document, the party may redact the Excel spreadsheet natively using industry standard tools.

### C. Structured Database

Information from structured database systems shall be produced through existing report formats available in the associated applications, including but not limited to Microsoft Excel spreadsheet or delimited text format, if available. If a receiving party believes the format of a produced report is inadequate or does not fully respond to a discovery request, the parties shall meet and confer regarding other methods to produce responsive information from the database systems.

## IV. ADDITIONAL CONSIDERATIONS

### A. Documents Protected from Discovery

Pursuant to Federal Rule of Evidence 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of

privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

### B.     Metadata

Metadata can easily be altered unintentionally or inadvertently and can be extracted when native files are converted to an image file. Metadata can also be highly volatile and easily altered in the collection process. The parties shall take reasonable steps to preserve the metadata fields listed in Exhibit A for email and user-created files to the extent it is relevant, available, and has been maintained in the ordinary course of business.

### C.     Continued Operation of Systems

Nothing herein shall prohibit the following actions taken in the ordinary course of business: (1) routine maintenance, operation, or replacement of computer systems or equipment; and (2) upgrading, loading, reprogramming, customizing, or migrating software, even if such actions modify or alter the way in which ESI is maintained, stored, or viewed, provided the integrity of relevant ESI is reasonably maintained.

### D.     Spam and Virus Filtering

Absent compelling circumstances and upon notice by a requesting party to a producing party, any message, attachment, or other ESI that has been identified by a spam or virus filter shall be treated as per se non-responsive and a party shall not be required to preserve or produce such ESI.

Dated:

                        DAVID CHIU
                        City Attorney
                        JAMES M. EMERY
                        LAUREN E. WOOD
                        ADAM SHAPIRO
                        Deputy City Attorneys


By: */s/ Adam Shapiro*
     ADAM SHAPIRO

     Attorneys for Defendant
     CITY AND COUNTY OF SAN FRANCISCO

**[PROPOSED] ORDER**

IT IS HEREBY ORDERED that the parties will exchange electronically stored information pursuant to the terms of Defendant's proposed order.

**IT IS SO ORDERED.**

Dated: _____           _____
                                                         HONORABLE JEFFREY S. WHITE
                                                         United States District Judge

# EXHIBIT A

# METADATA FIELDS

| Field name | Field Description | Field Type | Field Value | Hard Copy | E-mail | Other ESI | Provide if Redacted |
|---|---|---|---|---|---|---|---|
| CUSTODIAN | Custodian(s)/Source(s) - format: Last, First or ABC Dept. | Text | 160 | x | x | x | x |
| AUTHOR | Creator of the document | Text | 500 | | | x | |
| BEGDOC# | Start Bates (including prefix) - No spaces | Text | 60 | x | x | x | x |
| ENDDOC# | End Bates (including prefix) - No spaces | Text | 60 | x | x | x | x |
| PGCOUNT | Page Count | Number | 10 | x | x | x | x |
| GROUPID | Contains the Group Identifier for the family, in order to group e-mails with their attachments | Text | 60 | | x | x | x |
| PARENTID | Contains the Document Identifier of an attachment's parent | Text | 60 | | x | x | x |
| BEGATTACH | Start Bates number of first attachment | Text | 60 | x | x | x | x |
| ENDATTACH | End Bates number of last attachment | Text | 60 | x | x | x | x |
| REDACTIONS | Identifies whether the document contains redactions. | Boolean | 10 | x | x | x | x |
| FROM | Author - format: Last name, First name | Text | 160 | | x | x | |
| TO | Recipient- format: Last name, First name | Text – semicolon delimited | Unlimited | | x | x | |
| CC | Carbon Copy Recipients - format: Last name, First name | Text – semicolon delimited | Unlimited | | x | x | |
| BCC | Blind Carbon Copy Recipients - format: Last name, First name | Text – semicolon delimited | Unlimited | | x | x | |
| SUBJECT | Subject/Document Title | Text | Unlimited | | x | x | |
| DOCDATE | Last Modified Date for files and Sent date for e-mail, this field inherits the date for attachments from their parent. | Date | MM/DD/YYYY | | x | x | |
| TEXT FILEPATH | Relative file path of the text file associated with either the extracted text or the OCR | Text | Unlimited | x | x | x | x |
| DATE TIME SENT | Date Sent (Use Time Zone of Collection Locality) | Date and Time | MM/DD/YYYY HH:MM:SS | | x | | |

| Field name | Field Description | Field Type | Field Value | Hard Copy | E-mail | Other ESI | Provide if Redacted |
|---|---|---|---|---|---|---|---|
| DATE TIME CRTD | Date Created (Use Time Zone of Collection Locality) | Date and Time | MM/DD/YYYY HH:MM:SS | | x | x | |
| DATE TIME MOD | Date Last Modified (Use Time Zone of Collection Locality) | Date and Time | MM/DD/YYYY HH:MM:SS | | x | x | |
| FILE SIZE | Native File Size in bytes | Number | 10 | | | x | x |
| FILE NAME | File name - name of file as it appeared in its original location | Text | Unlimited | | | x | x |
| FILE EXTENSION | Extension for the file (e.g. .doc, .pdf, .wpd) | Text | 10 | | x | x | x |
| NATIVE LINK | Relative file path location to the native file | Text | Unlimited | | x | x | x |
| MD5 HASH | MD5 Hash value (used for deduplication or other processing) (e-mail hash values must be run with the e-mail and all of its attachments) | Text | Unlimited | | x | x | x |