DAVID CHIU, State Bar #189542
City Attorney
WAYNE K. SNODGRASS, State Bar #148137
JAMES M. EMERY, State Bar #153630
LAUREN E. WOOD, State Bar #280096
ADAM SHAPIRO, State Bar #245368
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-5408
Telephone:     (415) 554-4628 (Emery)
               (415) 554-4261 (Wood)
               (415) 554-3830 (Shapiro)
E-Mail:        jim.emery@sfcityatty.org
               lauren.wood@sfcityatty.org
               adam.shapiro@sfcityatty.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELINA KEENE, MELODY FOUNTILA, MARK MCCLURE, <br><br>Plaintiffs, <br><br>vs. <br><br>CITY and COUNTY OF SAN FRANCISCO <br><br>Defendant. | Case No. 22-cv-01587-JSW <br><br>**DECLARATION OF ADAM M. SHAPIRO RE PROPOSED ESI ORDER** <br><br>Filed:       March 14, 2022 <br>Trial Date:  None set |

I, Adam Shapiro, declare:

1. I am currently employed by the City and County of San Francisco as a Deputy City Attorney, and am counsel of record for Defendants in the above-captioned matter.

2. I have personal knowledge of the following facts and, if called to testify, could and would testify competently thereto.

3. As set forth below, the City and County of San Francisco (the "City") attempted to meet and confer in good faith with Plaintiffs regarding a proposed ESI Order in this matter, but were unable to reach an agreement.

4. On May 30, 2023, I sent counsel for Plaintiffs in the above-captioned matter a copy of a draft Joint Proposed Stipulation and Order for Discovery Relating to ESI. I re-sent the proposed order to Russell Davis, one of the attorneys for Plaintiffs, on May 31, 2023, after he instructed me to use an email, "loanhound@sbcglobal.net," different from the one listed on Plaintiffs' pleadings. A true and correct copy of this correspondence his attached hereto as **Exhibit 1**.

5. Mr. Davis's co-counsel in this matter, subsequently agreed to an identical proposed order in a related matter, *Guardado v. City and County of San Francisco*, Case No. 22-cv-04319-JSW. The Plaintiffs in related cases *Gozum v. City and County of San Francisco*, Case No. 22-cv-03975-JSW, and *Debrunner v. City and County of San Francisco*, Case No. 22-cv-07455-JSW, also agreed to identical proposed language. It is my understanding that the plaintiff in related case *Cook v. City and County of San Francisco*, Case No. 22-cv-07645-JSW, has refused to agree to any kind of ESI order, notwithstanding the Court's order that the parties file one.

6. I did not hear back from Mr. Davis until Sunday, June 11, 2023. Mr. Davis did not provide any feedback on the proposed order that had been provided to him almost two weeks earlier. Instead, he sent me a "draft ESI discovery plan." It appears that Mr. Davis modified a model Idaho "discovery plan" that can be found online. A true and correct copy of that correspondence is attached hereto as **Exhibit 2**.

7. There are several problems with the proposed discovery plan provided by Mr. Davis on June 11, including but not limited to:

a. Section I(b)(i) requires the preservation of approximately 24 years of electronically stored information ("ESI") (1999 to the present). This incredibly burdensome requirement would result in the preservation of a substantial volume or data unrelated to the facts and issues of the case. Further, this provision is inconsistent with Section V(a) of the proposed ESI order, which states that "Although not a hard and fast rule, a party from whom ESI has been requested in the typical case will not be expected to search for responsive ESI […] that was created more than 5 years before the filing of the lawsuit."

b. Section I(b)(ii) also requires the preservation of information from sources that are unlikely to contain potentially relevant information or alternatively, are either inapplicable or too vague to provide the parties with appropriate guidance (such as the "San Francisco County Server"). This section also fails to identify any non-Defendant sources that may have potentially relevant information.

c. There are a variety of inconsistent or confusing references to the number of custodians from which ESI will be produced. Section V(b)(a) limits discovery to "15 key custodians" to be searched and Section V(g) requires the exchange of potentially larger email custodian listings (along with a set of 15 "most significant" email custodians), but Section V(j) limits the production of information to 10 custodians.

d. Section V(b) and (c) require production of ESI in searchable PDF format which has a variety of issues. This format prevents the Receiving Party from utilizing available document metadata (such as by sender, recipient, filename/subject, or date) to search and filter produced documents without significant, additional manual work by the Receiving Party. This format also makes it difficult to identify and group document that are related to each other, such as easily identifying any attachments to a specific email. Finally, certain document types are unreliable or unintelligible when converted to searchable PDF format, such as spreadsheets, multimedia files, or large documents.

e. Section V(h) imposes an unnecessary cost and burden to respond to potential discovery requests and a deposition related to custodians, search terms, and date ranges. In

contrast, the City's proposal allows the parties to work cooperatively and efficiently through the meet-and-confer process to finalize these items.

 f. The discovery plan did not cover a wide array of issues addressed by the City's proposed order.

8. I conveyed my concerns to Mr. Davis the following day, on June 12, 2023, and asked to schedule a meet-and-confer call to discuss further. Mr. Davis responded later that day, faulting the City for not providing edits to his form pleading. I responded later that night, outlining further issues with Plaintiff's proposed order. A true and correct copy of my correspondence is attached hereto as **Exhibit 3**.

9. On June 13, 2023, Mr. Davis emailed me about the Proposed ESI Order. He abandoned his former proposal to adopt the Idaho pleading, and again refused to provide any substantive feedback on the revised model order provided by the City on May 30, 2023. Instead, he proposed that the parties adopt the "Ninth Circuit's model form." In fact, Mr. Davis provided a version of the Northern District of California's model ESI Order with several inappropriate modifications. Mr. Davis stated that, to the extent there were problems with his proposal "we can always redo this." A true and copy of this correspondence is attached hereto as **Exhibit 4**.

10. There were several problems with the modified order Plaintiff provided on June 13, including but not limited to the following:

 a. Many of Plaintiffs' modifications to the order would pose an undue burden on the City. For example, in Section 4(a), Plaintiffs propose that "Only ESI created or received between 12/01/1999 to current will be preserved," notwithstanding the fact that facts giving rise to this case occurred more than 20 years after 1999.

 b. Plaintiff left many of the provisions in the template blank or else provided little or no details regarding those provisions, including sections 4(d), 4(e), 4(f), and 7.

 c. The proposed order includes several representations regarding the parties' meet-and-confer efforts which are simply inaccurate, including those contained in section 4(b).

 d. Plaintiffs' proposed order does not address many of the detailed specifications included in the City's proposed order.

11.     On June 13, 2023, I expressed my concerns with Plaintiffs' revised proposal. A true and correct copy of this correspondence is attached hereto as **Exhibit 5**.

12.     On June 13, 2023, at 2:58 p.m., I received an email from Mr. Davis stating: "Sorry you feel that way.  I don't claim to know as much about ESI as you do.  However, your draft seemed too restrictive re: the scope of discovery.  Anyway, I will be filing my document and declaration." This was the first time that Plaintiffs provided any feedback regarding the draft provided on May 30, 2023, and Mr. Davis did not further explain what he meant by "restrictive re: the scope of discovery."

13.     In light of Plaintiffs' continued unwillingness to meaningfully meet and confer regarding Defendants' May 30, 2023 proposal, the City filed its own proposed ESI order.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on June 13, 2023 in San Francisco, California.

By: */s/ Adam Shapiro*
        ADAM SHAPIRO