## Baltodano, Latricia (CAT)

| | |
|---|---|
| **From:** | Russell Davis <loanhound@sbcglobal.net> |
| **Sent:** | Sunday, June 11, 2023 2:47 PM |
| **To:** | Shapiro, Adam (CAT) |
| **Subject:** | Re: Keene v. CCSF |
| **Attachments:** | ESI discovery plan.docx |

Please find attached Plaintiffs' ESI discovery plan.

Russ

It looks like we will have to submit separate plans.

On Wednesday, May 31, 2023 at 04:30:01 PM PDT, Shapiro, Adam (CAT) <adam.shapiro@sfcityatty.org> wrote:

Per our conversation, I'm resending the proposed ESI order.



Adam M. Shapiro

Deputy City Attorney

Office of City Attorney David Chiu

(415) 554-3830 Direct

www.sfcityattorney.org

---

**From:** Shapiro, Adam (CAT)
**Sent:** Tuesday, May 30, 2023 11:44 AM
**To:** 'rdavis@pji.org' <rdavis@pji.org>; 'Kevin Snider' <ksnider@pji.org>
**Cc:** 'Turner, Coby M.' <CTurner@seyfarth.com>; Super, Amy (CAT) <Amy.Super@sfcityatty.org>; Taylor, Dante (CAT) <Dante.Taylor@sfcityatty.org>; Baltodano, Latricia (CAT) <Latricia.Baltodano@sfcityatty.org>
**Subject:** Keene v. CCSF

Kevin and Russell,

1

Today is the deadline for the parties are to file an ESI order in the Keene matter. I understand that you have already agreed to an two-week extension of the deadline in the Guardado matter. Would you be willing to agree to the same extension in the Keene matter?

A draft of the order is attached for your review (it is the same as the one provided in Guardado) - we are still waiting on some feedback from internal stakeholders. Please let us know if you have any comments, concerns, or proposed edits.

Regards,

 Adam M. Shapiro

Deputy City Attorney

Office of City Attorney David Chiu

(415) 554-3830 Direct

www.sfcityattorney.org

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SELINA KEENE, et al

        Plaintiff,

     v.

CCSF, et al

        Defendants.

Case No.   4:22-cv-01587-JSW

**ESI DISCOVERY PLAN**

## I.  Preservation

    a.  **Preservation & Proportionality:**  The parties have applied the proportionality standard in Rule 26(b)(1) to determine what information should be preserved and what information should not be preserved.

    b.  **Electronically Stored Information (ESI):**  With regard to ESI, the parties agree that:

        i.  **Date Range:**  Only ESI created or received between December 1, 1999 to current date will be preserved;

        ii.  **Scope of Preservation:**  The parties agree to:

            1.  Preserve the Following Types of ESI

                a.  Emails, voicemails, text messages, social media

            2.  From the Following Custodians or Job Titles:

a.  human resources,  custodian of records, Chief Health

or Chief Medical Officer, The Mayor, Carol Eisen

3.  From the Following Systems, Servers, or Databases

a.  San Francisco County Server, Data stored on local

computers in the offices of The Mayor, Chief Health

or Chief Medical Officer, and Carol Eisen.

iii.  **Preserved But Not Searched:**  These data sources are not

reasonably accessible because of undue burden or cost pursuant to

Rule 26(b)(2)(B) and ESI from these sources will be preserved but

not searched, reviewed, or produced:

All data sources other than San Francisco County server.

iv.  **ESI Retention Protocols:**  Going forward, the parties agree to not

modify the document and ESI retention/destruction protocols of

Defendant.

v.  **Cost Sharing:**

☒ The parties agree to bear their own costs for preservation

of e-discovery

## II.   Initial Disclosures

a.   Pursuant to Court Order.

## III.   Scope of Discovery

a.  **Scope:**  Discovery is necessary on the following subjects/issues:

- For Plaintiff:

  1. District employment practices and policies;

  2. Communication, written and other, among District personnel;

  3. District goals;

  4. District decision making; and

  5. Other discovery relevant to Plaintiff's claims;

- For Defense:

  6. Plaintiff's communication, written and other, with District

     personnel and other third parties;

  7. Plaintiff's employment history;

  8. Plaintiff's claims for damages;

  9. Other discovery relevant to Plaintiff's allegations and claims;

## IV.   Discovery Boundaries

   a. **Limits:**  The parties do not agree to limit the number of discovery tools.

## V.   ESI

   a. ***Proportionality****: Although not a hard and fast rule, a party from whom ESI*

   *has been requested in the typical case will not be expected to search for*

   *responsive ESI:*

   - *from more than 15 key custodians;*

   - *that was created more than 5 years before the filing of the lawsuit;*

-3-

- *from sources that are not reasonably accessible without undue burden or cost; or*

- *for more than 240 hours, inclusive of time spent identifying potentially responsive ESI, collecting that ESI, searching that ESI, and reviewing that ESI for responsiveness, confidentiality, and for privilege or work product protection.  The producing party must be able to demonstrate that the search was effectively designed and efficiently conducted.*

b. **ESI File Format:**  The parties agree to produce documents in the following file format[s]:

☒PDF;

☐TIFF;

☐Native; and/or

☐Paper.

c. **ESI Production Format:**  The parties agree that documents will be produced:

☒with logical document breaks;

☒as searchable;

☐with load fields enabling review in common litigation databases such as Summation and Concordance;

with metadata, and, if so, in the following fields: Address, subject.

-5-

d. **ESI Search Methodology**:  The parties have agreed to use the following
   search methodology:

   ☒Predictive coding (or technology assisted review);

   ☒ Keyword search;

   ☐xOther: _sender & subject line.

e. **Search Methodology – Transparency:**  The parties agree that they will
   share their search methodology for responding to requests for production of
   ESI to the following extent: as applicable to the search in question.

f. **General ESI Production vs. E-mail Production:**  The parties agree that
   general ESI production requests under Federal Rules of Civil Procedure 34
   and 45, or compliance with a mandatory disclosure order of this court, shall
   include e-mail or other forms of electronic correspondence (collectively "e-
   mail").

g. **E-mail Custodian List Exchange:**  On or before August 15, 2023 the
   parties agree to exchange lists identifying (1) likely e-mail custodians, and
   (2) a specific identification of the 15 most significant listed e-mail
   custodians in view of the pleaded claims and defenses.

h. **Discovery Re E-mail Custodians, Search Terms & Time Frames:**  Each
   requesting party may propound up to 5 written discovery requests and take
   one deposition per producing party to identify the proper custodians, proper

search terms, and proper time frame for e-mail production requests.  The

court may allow additional discovery upon a showing of good cause.

i.   **Form of E-mail Production Requests:**  E-mail production requests shall

identify the custodian, search terms, and time frame. The parties shall

cooperate to identify the proper custodians, proper search terms, and proper

time frame.

j.   **Limits on E-mail Production Requests – Custodians:**  Each requesting

party shall limit its e-mail production requests to a total of 10 custodians

per producing party for all such requests.  The parties may jointly agree to

modify this limit without the court's leave.

k.   **Limits on E-mail Production Requests – Keyword Search Terms:**  Each

requesting party shall limit its e-mail production requests to a total of 20

keyword search terms per custodian per party. The parties may jointly agree

to modify this limit without the court's leave.  The keyword search terms

shall be narrowly tailored to particular issues.  Indiscriminate terms, such as

the producing company's name or its product name, are inappropriate

unless combined with narrowing search criteria that sufficiently reduce the

risk of overproduction.

l.   **Liaison:**  Each party will identify a Liaison who is responsible for, and

knowledgeable about (or has access to a person knowledgeable about), that

party's ESI.  This includes the technical aspects of e-discovery, including

the location, nature, accessibility, format, collection, search methodologies,

and production of ESI in this matter. The parties will rely on the Liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

m. The parties have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. The parties anticipate entering into a stipulation regarding discovery of electronically stored information in order to ensure full cooperation and production of electronically stored information.

## VI.   Deadlines

a. The deadline for the completion of fact discovery is: TBD.

## VII.   The deadline for completion of expert witness discovery is: TBD

## VIII.   Documents Protected From Discovery

a. **Clawback:**  Pursuant to Fed. R. Evid. 502(d), the parties must request the Court to enter an Order that production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or work-product protection in this case or in any other federal or state proceeding. The Court will enter such an order in its CMO unless the parties object or otherwise request that no such order be issued during the telephone scheduling conference.

b. **Post-Complaint Communications:** Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

## IX.   Protective Order

a. The parties will agree, if necessary, to the terms of a Protective Order to protect trade secrets, proprietary material, and personal information and will submit that to the Court for its approval.

b. The parties understand that, even if they agree to seal material filed with the Court, they must still file a motion to seal and obtain Court approval that the sealing meets the Ninth Circuit standards for sealing. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

c. The parties do not believe, given the nature of the claims, that a protective order will be necessary.

d. The parties agree to prepare a protective order in the future if circumstances necessitate.

Dated:  June 11, 2023


Russell Davis, Attorney for Plaintiffs