**Baltodano, Latricia (CAT)**

| | |
|---|---|
| **From:** | Russell Davis <loanhound@sbcglobal.net> |
| **Sent:** | Tuesday, June 13, 2023 9:46 AM |
| **To:** | Shapiro, Adam (CAT) |
| **Subject:** | Re: Keene v. CCSF |
| **Attachments:** | Model Stip E-discovery OrderStandard (1) (1).docx |

I want to make this as simple as possible.  We can always redo this.  Please see attached.  I used the Ninth Circuit's model form.

Russell Davis, Esq.

On Monday, June 12, 2023 at 09:27:11 PM PDT, Shapiro, Adam (CAT) <adam.shapiro@sfcityatty.org> wrote:


Mr. Davis,


We have yet to receive any specific feedback from you on the model order that we provided almost two weeks ago. Our ESI order follows the provisions of the Northern District's model order, and as we've mentioned, includes additional information that will assist the parties throughout the discovery process. You've departed from it entirely and instead submitted an Idaho "discovery plan," which is not the same thing as an ESI order. If you had concerns regarding the content or format of our proposed ESI order, we would have certainly been willing to discuss them at any point over the last two weeks (and we remain open to discussions on that front), but we're not inclined to simply discard our own proposal to try to salvage a vague, inconsistent, and contradictory modified form pleading that you've borrowed from another jurisdiction. Especially when it was provided on a Sunday, three days before the (extended) deadline set by the court. Problematic sections of your proposed discovery plan include, but are not limited to, section I(b) and most of section V. In terms of what you've left out, I would point you to our proposed ESI order.


Regards,


Adam Shapiro


**From:** Russell Davis <loanhound@sbcglobal.net>
**Sent:** Monday, June 12, 2023 4:07 PM
**To:** Shapiro, Adam (CAT) <Adam.Shapiro@sfcityatty.org>
**Subject:** Re: Keene v. CCSF

1

I wish you had provided edits.  You state a lot of conclusions without pointing to the language in the document that you object to.

Please provide those so we can have a meaningful discussion.

Russell Davis, Esq.

On Monday, June 12, 2023 at 03:24:24 PM PDT, Shapiro, Adam (CAT) <adam.shapiro@sfcityatty.org> wrote:

Mr. Davis,

We provided your office with a draft ESI order on May 30, 2023. We believe that draft order is reasonable. It not only closely tracks the requirements of the model ESI order available on the Northern District's website, but also provides additional workflows and details to streamline negotiations regarding the identification, review, and production of ESI throughout the matter. Rather than provide edits to our draft order, it appears that you may have modified a model Idaho "discovery plan" from this website - https://www.id.uscourts.gov/Content_Fetcher/index.cfml/Discovery_Plan_2639.docx?Content_ID=2639. We cannot agree to your proposed discovery plan. Among other things, the plan contains numerous and confusing internal inconsistencies, it significantly departs from the Northern District's model ESI order, it covers a number of issues which have nothing to do with ESI, several provisions would create an undue burden for the City, it is overly vague in several key respects, it calls for the production of data in an unworkable format that would create problems (and an undue burden) for all parties, and it requires the parties to search for and preserve data that is over 24 years old -- far outside the relevant time period for this litigation. Moreover, because it is a "discovery plan" and not an ESI order, it does not address several key issues related to the search for and production of ESI.

We encourage you to review the order that we provided to you, let us know if it is acceptable, and if not, what you would like to modify. It is likely the court would prefer that we try to work this out among ourselves rather than submit competing ESI orders.

I am available to meet and confer further by phone tomorrow afternoon.

Regards,

Adam Shapiro

---

**From:** Russell Davis <loanhound@sbcglobal.net>
**Sent:** Sunday, June 11, 2023 2:47 PM
**To:** Shapiro, Adam (CAT) <Adam.Shapiro@sfcityatty.org>
**Subject:** Re: Keene v. CCSF

Please find attached Plaintiffs' ESI discovery plan.

Russ

It looks like we will have to submit separate plans.

On Wednesday, May 31, 2023 at 04:30:01 PM PDT, Shapiro, Adam (CAT) <adam.shapiro@sfcityatty.org> wrote:

Per our conversation, I'm resending the proposed ESI order.



Adam M. Shapiro

Deputy City Attorney

Office of City Attorney David Chiu

(415) 554-3830 Direct

www.sfcityattorney.org

**From:** Shapiro, Adam (CAT)
**Sent:** Tuesday, May 30, 2023 11:44 AM
**To:** 'rdavis@pji.org' <rdavis@pji.org>; 'Kevin Snider' <ksnider@pji.org>
**Cc:** 'Turner, Coby M.' <CTurner@seyfarth.com>; Super, Amy (CAT) <Amy.Super@sfcityatty.org>; Taylor, Dante (CAT) <Dante.Taylor@sfcityatty.org>; Baltodano, Latricia (CAT) <Latricia.Baltodano@sfcityatty.org>
**Subject:** Keene v. CCSF

Kevin and Russell,

Today is the deadline for the parties are to file an ESI order in the Keene matter. I understand that you have already agreed to an two-week extension of the deadline in the Guardado matter. Would you be willing to agree to the same extension in the Keene matter?

A draft of the order is attached for your review (it is the same as the one provided in Guardado) - we are still waiting on some feedback from internal stakeholders. Please let us know if you have any comments, concerns, or proposed edits.

Regards,



Adam M. Shapiro

Deputy City Attorney

Office of City Attorney David Chiu

(415) 554-3830 Direct

www.sfcityattorney.org

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Plaintiff(s),<br>vs.<br><br>Defendant(s). | Case Number: C xx-xxxx<br><br>[MODEL] STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION |

**1. PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

**2. COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

**3. LIAISON**

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI.  Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

4. **PRESERVATION**

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

a) Only ESI created or received between 12/01/1999 to current date will be preserved;

b) The parties have exchanged a list of the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved, e.g., "HR head," "scientist," and "marketing manager." The parties shall add or remove custodians as reasonably necessary;

c) The parties have agreed/will agree on the number of custodians per party for whom ESI will be preserved;

d) These data sources are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) and ESI from these sources will be preserved but not searched, reviewed, or produced: [e.g., systems no longer in use that cannot be accessed];

e) Among the sources of data the parties agree are not reasonably accessible, the parties agree not to preserve the following: [e.g., backup media created before 12/01/1999)

f) In addition to the agreements above, the parties agree data from these sources (a) could contain relevant information but (b) under the proportionality factors, should not be preserved: TBD.

5. **SEARCH**

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

6. **PRODUCTION FORMATS**

The parties agree to produce documents in x☐ PDF, ☐TIFF, ☐native and/or ☐paper or a combination thereof (check all that apply)] file formats. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

7. **PHASING**

When a party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the parties agree to phase the production of ESI and the initial production will be from the following sources and custodians: _____.
Following the initial production, the parties will continue to prioritize the order of subsequent productions.

8. **DOCUMENTS PROTECTED FROM DISCOVERY**

   a) Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

   b) The parties have agreed upon a "quick peek" process pursuant to Fed. R. Civ. P. 26(b)(5) and reserve rights to assert privilege as follows ____N/A_____
   _____.

   c) Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

9. **MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: _____

Counsel for Plaintiff

Dated: _____

Counsel for Defendant

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated: _____

|     |                                          |
| --- | ---------------------------------------- |
| 1   |                                          |
| 2   | UNITED STATES DISTRICT/MAGISTRATE JUDGE  |