DAVID CHIU, State Bar #189542
City Attorney
WAYNE K. SNODGRASS, State Bar #148137
JAMES M. EMERY, State Bar #153630
LAUREN E. WOOD, State Bar #280096
ADAM SHAPIRO, State Bar #245368
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-5408
Telephone:    (415) 554-4628 (Emery)
              (415) 554-4261 (Wood)
              (415) 554-3830 (Shapiro)
E-Mail:       jim.emery@sfcityatty.org
              lauren.wood@sfcityatty.org
              adam.shapiro@sfcityatty.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELINA KEENE, MELODY FOUNTILA, MARK MCCLURE,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY and COUNTY OF SAN FRANCISCO<br><br>Defendant. | Case No. 22-cv-01587-JSW<br><br>**DEFENDANT'S ADMINISTRATIVE MOTION TO ENLARGE TIME AND ALLOW EXPEDITED DISCOVERY**<br>**[L.R. 6-3, 7-11]**<br><br>Judge:        Honorable Jeffrey S. White<br><br>Filed:        March 14, 2022<br>Trial Date:   None set |

Admin. Mot to Enlarge Time & Allow Discovery                                n:\labor\li2022\220836\01686063.docx
CASE NO. 22-cv-01587-JSW

1

## INTRODUCTION

Pursuant to Civil Local Rules 6-3 and 7-11, the City and County of San Francisco ("City") requests that the Court (1) enlarge time for the City to respond to Plaintiffs' Motion to Enter Order Pursuant to the Ninth Circuit's Memorandum (Dk. No. 82 ("June 23 Motion")) so the City's response would be due on August 10, 2023, and (2) allow the City to conduct expedited discovery related to the Motion. The Ninth Circuit recently issued an opinion in *Keene v. City & Cnty. of San Francisco*, No. 22-16567, 2023 WL 3451687 (9th Cir. May 15, 2023), which reversed and remanded the Court's prior order (Dkt No. 32) denying Plaintiffs' Motion for Preliminary Injunction ("PI Motion") (Dkt No. 19). The City attempted to meet and confer with Plaintiffs to formulate a stipulated briefing schedule that would allow the parties to address the issues the Ninth Circuit directed the Court to consider on remand, and which would allow the City adequate time to conduct discovery on those issues. *See* Declaration of Adam M. Shapiro ("Shapiro Decl.") ¶¶ 6-10. Plaintiffs refused to meet and confer and instead filed a motion asking the Court to grant the PI motion without further briefing by the parties. *Id.* Substantial harm will occur if the briefing schedule is not enlarged, as the City will have inadequate time to depose Plaintiffs concerning statements they made in support of the PI Motion. Expedited discovery is warranted because it is in the interest of justice to more fully develop the record on Plaintiffs' PI Motion.

## BACKGROUND

Plaintiffs assert claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the California Fair Employment and Housing Act. Dkt. No. 1 ("Compl."). Plaintiffs allege that they were separated from their employment with the City in or around late 2021 because they refused to comply with the City's COVID-19 vaccine mandate. *Id.* ¶¶ 8-10, 20. They further allege that receiving the vaccines conflicted with their alleged religious beliefs. *Id.*

Despite being on notice of the City's vaccine mandate since at least June 2021, Plaintiffs did

Admin. Mot to Enlarge Time & Allow Discovery                              n:\labor\li2022\220836\01686063.docx
CASE NO. 22-cv-01587-JSW

2

not file this lawsuit until March 14, 2022.[1] They then waited more than two months to file their PI Motion seeking reinstatement and backpay. Dkt. No. 19. In support, Plaintiffs Keene and Fountila submitted conclusory declarations stating: "The currently available COVID-19 vaccines were derived from aborted fetal stem cells. I will not take a vaccine derived from murdered children." Dkt. No. 19-3, ¶ 8; Dkt. No. 19-4 ¶ 2. On September 23, 2022, the Court denied the PI Motion. Dkt. No. 31 at 3-5.

Plaintiffs Keene and Fountila appealed the Court's Order denying the PI Motion, but McClure did not. Dkt. No. 38. On May 15, 2023, the Ninth Circuit issued a Memorandum, reversing and remanding the Court's order denying the PI Motion, with instructions to reevaluate various issues. *Keene*, 2023 WL 3451687 at 2-3.

On June 13, 2023, Plaintiffs filed a one-page unsworn declaration, styled as a "Petition," asking the Court to enter an order "consistent with the Ninth Circuit's remand." Dkt. No. 73. On June 20, 2023, before the City could file a response, the Clerk terminated the Petition because it did not comply with Local Rule 7-2. Dkt. No. 80; Shapiro Decl. ¶ 5.

On June 22 and 23, the City attempted to confer with Plaintiffs on a briefing schedule that would allow the City time to schedule and take the depositions of Plaintiffs Keene and Fountila. Shapiro Decl. ¶¶ 6-10, Exs 1 & 2. Plaintiffs refused to stipulate or agree to deposition dates, and instead filed the June 23 Motion, again asking the Court to enter an order consistent with the Ninth Circuit's remand. *Id.* Plaintiffs appear to have taken the erroneous position that the Court cannot consider any further evidence or argument concerning the PI Motion. *See* Shapiro Decl. ¶ 10, Ex. 2. The current deadline for the City to respond to the June 23 Motion is July 7, 2023, which leaves insufficient time for the City to depose Keene and Fountila. Shapiro Decl. ¶ 11.

**DISCUSSION**

**I.   The Court should enlarge the time for the City to respond to Plaintiffs' June 23 Motion because a more robust record would assist the Court in ruling on the remanded PI Motion.**

The Ninth Circuit's decision does not dictate the outcome of the PI Motion. Rather, the Ninth Circuit merely vacated the Court's order denying the PI motion with instructions to consider various

---

[1] Plaintiffs filed an earlier lawsuit in December 2021 which they then voluntarily dismissed. *See Keene, et al. v. City and County of San Francisco, et al.*, Case No. 21-09879-SK.

Admin. Mot to Enlarge Time & Allow Discovery        n:\labor\li2022\220836\01686063.docx
CASE NO. 22-cv-01587-JSW

3

additional issues, including: (1) whether Plaintiffs' are likely to show that their beliefs are sincere, religious, and conflict with receiving the vaccine; (2) whether Plaintiffs' can show that they lost their careers, as opposed to their jobs; (3) whether Plaintiffs' "Hobson's" choice argument has any merit in the context of an irreparable harm analysis; and (4) reevaluating the balance of equities analysis to consider other interests concerning the enforcement of civil rights statutes. *See Keene*, 2023 WL 3451687, at *2-*3. Additional briefing on these issues would assist the Court in reaching a considered and appropriate decision.

Further development of the record would be especially helpful because the briefing Plaintiffs presented to the Court on the PI Motion did not discuss many of the key issues raised in the Ninth Circuit's opinion. As to the likelihood of success on the merits, Plaintiffs' moving papers focused almost exclusively on arguments that were never addressed by the Ninth Circuit, including arguments that the COVID-19 vaccines were "treatments, not vaccines," Dkt No. 19 at 1-5, and that Plaintiffs already had "robust natural immunity" to COVID-19, *id.* at 10-11. Plaintiffs' moving papers did not address the issue of sincerely held religious beliefs at all, and their reply brief devoted a single paragraph to the issue. Dkt. No. 23 at pp. 4-5. As to irreparable harm, Plaintiffs' supporting declarations provide no information that would support their contention that they lost their careers. *See* Dkt. Nos. 19-3, 19-4. Plaintiffs did not raise the argument concerning a purported "Hobson's choice" until their reply brief, and thus the City did not have an opportunity to respond. Dkt. No. 23 at 3. Finally, the issue of enforcement of civil rights statutes appears nowhere in Plaintiffs' prior briefing.

**II.     The Ninth Circuit's decision does not preclude further substantive briefing, additional discovery, or further development of the record.**

Plaintiffs appear to assert that the Court may not consider any additional evidence or argument on remand concerning the PI motion. Plaintiffs are wrong. Although the Court must follow the Ninth Circuit's mandate, it may also do "'anything not foreclosed by the mandate.'" *United States v. Kellington,* 217 F.3d 1084, 1092 (9th Cir. 2000). Thus, absent a mandate that "explicitly directs to the contrary," on remand, a district court may permit a party to "file additional pleadings, [and] vary or expand issues." *Nguyen v. United States*, 792 F.2d 1500, 1502 (9th Cir. 1986) (cleaned up). Likewise,

Admin. Mot to Enlarge Time & Allow Discovery                                    n:\labor\li2022\220836\01686063.docx
CASE NO. 22-cv-01587-JSW

4

the Court may reopen discovery and consider new evidence following an appellate remand.[2] Here, nothing in the Ninth Circuit's mandate expressly precludes the City from supplementing the record on the PI Motion. Accordingly, the Court has the discretion to allow it.

Additional briefing and discovery would assist the Court here. As discussed above, Plaintiffs raised a number of issues on appeal that were neither previously argued nor fully developed before this Court. Moreover, the Ninth Circuit has directed the Court to reevaluate Plaintiffs' claim that they have a sincerely held religious belief that conflicts with receiving the vaccine. At present, the only evidence before the Court on that issue is a few vaguely-worded sentences from Plaintiffs' self-serving declarations. The City now has documents that raise questions about the veracity of those statements, Shapiro Decl. ¶ 13, and the City should have the opportunity to further develop the record on this issue through deposition. The Ninth Circuit also directed the Court to consider whether Plaintiffs suffered irreparable harm because they allegedly lost their careers. Plaintiffs have yet to present any evidence on this issue, and the City should have the opportunity to question Plaintiffs on this topic.

### III. Expedited discovery is warranted and permissible on preliminary injunction motions.

Under normal circumstances, where a motion for preliminary injunction is filed before the commencement of discovery, courts have the discretion to allow expedited discovery on such motions. *See Stanley v. Univ. of S. California*, 13 F.3d 1313, 1326 (9th Cir. 1994).[3] Here, discovery is technically permissible under Rule 26(d), as the parties have already met and conferred, and a case management conference was held on April 28, 2023. Dkt. No. 60. While the City maintains that the general discovery period should remain stayed pending resolution of the City's motion to consolidate this and other related cases, courts may allow limited, expedited discovery upon a showing of good cause, including in cases involving preliminary injunctions. See *Am. LegalNet, Inc. v. Davis*, 673 F.

---

[2] *See Stevens v. F/V Bonnie Doon,* 731 F.2d 1433, 1436 (9th Cir. 1984) (court could consider new evidence on remand where mandate did not forbid it); *In re Hanford Nuclear Rsrv. Litig.*, 292 F.3d 1124, 1139 (9th Cir. 2002) (advising court to reopen expert discovery on remand).

[3] *See also Citizens for Quality Educ. San Diego v. San Diego Unified Sch. Dist.*, No. 17-CV-1054-BAS-JMA, 2018 WL 1150836, at *3–4 (S.D. Cal. Mar. 5, 2018) (granting ex parte motion and allowing plaintiff to take expedited discovery on preliminary injunction motion).

Supp. 2d 1063, 1066 (C.D. Cal. 2009). Good cause exists here because the breadth of discovery sought is limited and directly related to Plaintiffs' contentions regarding the propriety of a preliminary injunction, and the burden on Plaintiffs is limited, especially relative to the broad relief they are seeking through the PI Motion. *See id.*

### IV. Substantial harm will occur absent an enlargement of time.

As set forth above, further briefing and development of the record would assist the Court in adjudicating Plaintiffs' PI Motion and issuing an order that addresses the issues raised by the Ninth Circuit. Rather than meet and confer on an appropriate briefing schedule, Plaintiffs jumped the gun and filed a one-page motion, which asks the Court to enter an order on the PI Motion without the benefit of any further briefing, and which sets a two-week deadline for the City to respond. See Civ. L. Rule 7-3(a); Shapiro Decl. ¶¶ 6-10. Unless the briefing schedule is enlarged, the City will be prejudiced as it will be unable to depose Plaintiffs Keene and Fountila before the July 7, 2023 opposition deadline. Shapiro Decl. ¶ 11. The City's lead counsel is also unavailable on the June 28 hearing date. *Id.* Moreover, the Court will be deprived of information that will be useful in adjudicating the PI Motion. Enlarging the time for the City to respond to the Motion should not have any impact on the schedule for the case, as the Court has yet to set a trial date or pre-trial deadlines. *Id.* ¶ 12. Delaying the schedule by a few weeks should not prejudice Plaintiffs, especially given their delay in seeking a preliminary injunction.

## CONCLUSION

For the foregoing reasons, the City respectfully asks the Court to (1) enlarge the time for the City to respond to the motion so that the City's response is due on August 10, 2023, (2) continue the hearing date on the June 23 Motion; (3) order Keene and Fountila to sit for deposition in advance of the City's opposition deadline, and (4) allow the City to re-depose Keeene and Fountila at a later date, after further development of the record.[4]

---

[4] Contrary to Plaintiffs' contentions, depositions taken in connection with a preliminary injunction motion do not preclude second depositions of the same witnesses, especially where, as here, document discovery has yet to commence. See *Mut. of Omaha Bank v. Huntington*, 2009 WL 10693637, at *1 (D. Nev. Dec. 23, 2009); *In re Hallwood Energy Partners, L.P. Sec. Litig.*, 1994 WL 330403, at *1 (S.D.N.Y. July 11, 1994); *see also* Fed. R. Civ. P. 30(a)(2)(A)(ii).

Admin. Mot to Enlarge Time & Allow Discovery       n:\labor\li2022\220836\01686063.docx
CASE NO. 22-cv-01587-JSW

6

Dated: June 26, 2023

                                              DAVID CHIU
                                              City Attorney
                                              JAMES M. EMERY
                                              LAUREN E. WOOD
                                              ADAM SHAPIRO
                                              Deputy City Attorneys

                                      By: */s/ Adam Shapiro*
                                              ADAM SHAPIRO

                                              Attorneys for Defendant
                                              CITY AND COUNTY OF SAN FRANCISCO

Admin. Mot to Enlarge Time & Allow Discovery       n:\labor\li2022\220836\01686063.docx
CASE NO. 22-cv-01587-JSW

7