1  DAVID CHIU, State Bar #189542
   City Attorney
2  WAYNE K. SNODGRASS, State Bar #148137
   JAMES M. EMERY, State Bar #153630
3  LAUREN E. WOOD, State Bar #280096
   ADAM SHAPIRO, State Bar #245368
4  Deputy City Attorneys
   City Hall, Room 234
5  1 Dr. Carlton B. Goodlett Place
   San Francisco, California 94102-5408
6  Telephone:    (415) 554-4628 (Emery)
                 (415) 554-4261 (Wood)
7                (415) 554-3830 (Shapiro)
   E-Mail:       jim.emery@sfcityatty.org
8                lauren.wood@sfcityatty.org
                 adam.shapiro@sfcityatty.org
9
   Attorneys for Defendant
10 CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| SELINA KEENE, MELODY FOUNTILA, MARK MCCLURE,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY and COUNTY OF SAN FRANCISCO<br><br>Defendant. | **DECLARATION OF ADAM M. SHAPIRO IN SUPPORT OF DEFENDANT'S ADMINISTRATIVE MOTION TO ENLARGE TIME AND ALLOW EXPEDITED DISCOVERY**<br>[L.R. 6-3, 7-11]<br><br>Judge:       Honorable Jeffrey S. White<br><br>Filed:       March 14, 2022<br>Trial Date:  None set |
|---|---|

SHAPIRO DECL.
CASE NO. 22-cv-01587-JSW

n:\labor\li2022\220836\01686095.docx

1

I, Adam Shapiro, declare:

1. I am currently employed by the City and County of San Francisco (the "City") as a Deputy City Attorney, and am lead counsel and counsel of record for Defendants in the above-captioned matter.

2. Except where stated otherwise, I have personal knowledge of the following facts and, if called to testify, could and would testify competently thereto.

3. The City seeks an enlargement of time to respond to Plaintiffs' Motion to Enter Order Pursuant to the Ninth Circuit's Memorandum so that the City may take the depositions of Plaintiffs Selina Keene and Melody Fountila and use the transcripts of those depositions in the City's opposition to Plaintiffs' Motion.

4. As set forth below, I attempted to meet and confer with Plaintiffs to obtain a stipulation to the requested time change, but was unable to reach an agreement.

5. On June 13, 2023, Plaintiffs filed a one-page unsworn declaration, styled as a "Petition," requesting the Court to enter an order "consistent with the Ninth Circuit's remand." Dkt. No. 73. It is unclear whether the Petition was intended as a noticed motion or administrative motion. On June 20, 2023, before the City could file a response, the Clerk terminated the motion on the grounds the Petition did not comply with Local Rule 7-2. Dkt. No. 80.

6. On June 22, 2023, I sent an email to Plaintiffs' counsel, requesting that the parties meet and confer and reach a stipulation regarding a supplemental briefing schedule regarding the Ninth Circuit's decision reversing and remanding the Court's Order denying Plaintiffs' motion for a preliminary injunction. I also requested that Plaintiffs' counsel make Plaintiffs Keene and Fountila available for deposition in advance of the parties briefing for the limited purpose of exploring issues related to the preliminary injunction motion, and that their depositions remain open so that the City could re-depose them after further discovery. A true and correct copy of that correspondence is attached hereto as **Exhibit 1**.

7. On June 22, 2023, Plaintiffs' counsel responded: "Sorry--you get one and only one deposition per party. I am calendaring a noticed motion to enter an order re: the Ninth Circuit's ruling.

1  No need to stipulate. You will have the standard time to respond." A true and correct copy of that
2  correspondence is also included in Exhibit 1.

3      8.    On June 23, 2023, I responded to Plaintiffs' counsel's email, stating that the City would
4  be forced to seek administrative relief if Plaintiffs filed their motion without stipulating to a briefing
5  schedule, alerting Plaintiffs that I was on vacation during the week of July 4, 2023, proposing
6  deposition dates, and asking Plaintiffs' counsel to confirm whether or not he would agree to "(1) put
7  up Keene and Fountila for deposition in advance of our opposition deadline, (2) stipulate to modify the
8  briefing schedule to allow adequate time for us to depose Keene and Fountila and get their
9  transcripts." A true and correct copy of that correspondence is also included in Exhibit 1.

10      9.    Plaintiffs' then filed their "Motion to Enter Order Pursuant to the Ninth Circuit's
11  Memorandum" at around 4:07 p.m. on June 23, 2023. Dkt. No. 82.  The hearing on the motion has
12  been calendared for July 28, 2023. The deadline for the City to respond to the Motion is July 7, 2023,
13  during the time I informed Plaintiffs' counsel I was on vacation.

14      10.    At 4:11 p.m. on June 23, 2023, Plaintiffs' counsel emailed me stating: "You seem to
15  forget something:  CCSF has NO grounds to oppose a motion to enter an order.  The facts determining
16  the order are set.  We do not know what the judge will order and neither do you.  You could always
17  petition to vacate the order if, as it should be, favorable to the plaintiffs.  Good luck with that.  Further,
18  you are basically attempting to augment the record with excerpts from my clients "short" deposition.
19  However, you can't augment the record below.  CCSF failed to appeal the ruling to an en banc panel
20  and failed to augment the record before the Ninth Circuit ruled. Additionally, there is nothing CCSF
21  can get from my clients' "short" depo that you don't already have.  Because this has been an ordeal for
22  my clients I will not stipulate to delay the hearing.  This has been going on long enough.  Also:  If you
23  file a meritless motion I will move for sanctions.   Just so you know---The memorandum ruling is the
24  law of the case.   If the plaintiffs get an adverse ruling we will be back at the Ninth Circuit on the
25  existing record--not CCSF's attempt to augment it." A true and correct copy of this correspondence is
26  attached hereto as **Exhibit 2**.

27      11.    Unless the current briefing schedule is enlarged, the City will be prejudiced as it will be
28  unable to depose Plaintiffs Keene and Fountila in advance of the July 7, 2023 opposition deadline.

Additionally, I have a pre-planned vacation with my family scheduled for July 26, 2023 to August 2, 2023, and thus will be unable to attend the currently scheduled July 28, 2023 hearing on Plaintiffs' motion.

12. Enlarging the time for the City to respond to the Motion should not have any impact on the schedule for the case, as the Court has yet to set a trial date or pre-trial deadlines.

13. The City now has documents that raise questions about the veracity of the statements Plaintiffs made in their preliminary injunction declarations concerning their alleged religious beliefs.

14. Pursuant to Civil Local Rule 6-3(5), the following are all previous time modifications in the case:

    a. On April 21, 2022, the Parties stipulated to extend the time to answer the complaint to May 19, 2022. Dkt. No. 13.

    b. On April 28, 2023, the Court held a case management conference and ordered that General Order 71 disclosure shall be due 90 days from the Case Management conference. Dkt No. 60.

I certify under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 26th day of June 2023 at San Francisco, California.

By: */s/ Adam Shapiro*
     ADAM SHAPIRO

# EXHIBIT 1

| | |
|---|---|
| **From:** | Shapiro, Adam (CAT) |
| **To:** | "Russell Davis" |
| **Subject:** | RE: Keene v. CCSF |
| **Date:** | Friday, June 23, 2023 12:46:45 PM |

Dear Mr. Davis,

We are hoping to avoid burdening the Court with a dispute about a briefing schedule, so I am hoping you will reconsider the City's request for a schedule that allows the City adequate time to take limited discovery and oppose Plaintiffs' motion.

As set forth in my prior correspondence, the City wants to take the depositions of Keene and Fountila, and would like to ensure that the briefing schedule is set so that there is adequate time to do so. Under the standard briefing schedule, we would have 14 days to file our opposition after the motion is filed. Under normal circumstances, that would not be enough time for us to take the depositions and receive the transcripts. And as I have Fourth of July travel plans, that will definitely not be enough time here.

Can you please confirm whether or not you are willing to agree to (1) put up Keene and Fountila for deposition in advance of our opposition deadline, (2) stipulate to modify the briefing schedule to allow adequate time for us to depose Keene and Fountila and get their transcripts. The City proposes the following depositions dates: July 12, 14, 17, 19, and 21.

As to the issue of whether we could keep the depositions of Keene and Fountila open, FRCP 30(a)(2)(A)(ii) expressly allows for a witness to be re-deposed with a court order, and we believe there is good cause to keep Keene and Fountilla's depositions open here.

If you will not stipulate to a reasonable briefing schedule, we will seek the Court's permission through an administrative motion.

Kind regards,

Adam Shapiro

---

**From:** Russell Davis <loanhound@sbcglobal.net>
**Sent:** Thursday, June 22, 2023 3:50 PM
**To:** Shapiro, Adam (CAT) <Adam.Shapiro@sfcityatty.org>
**Subject:** Re: Keene v. CCSF

Sorry--you get one and only one deposition per party.
I am calendaring a noticed motion to enter an order re:  the Ninth Circuit's ruling.  No need to stipulate.  You will have
the standard time to respond.
We are supposed to exchange initial disclosures.  I hope you can at least send me the Plaintiffs

personnel files, copies of the religious tests they were forced to take and their answers.

Russell Davis, Esq.

On Thursday, June 22, 2023 at 10:15:22 AM PDT, Shapiro, Adam (CAT) <adam.shapiro@sfcityatty.org> wrote:

Mr. Davis,

I write concerning Plaintiffs' motion for preliminary injunction and the Ninth Circuit's decision on Plaintiff's appeal from the order denying that motion. Plaintiffs previously filed a petition for the court to enter an order consistent with the Ninth Circuit's decision. Dkt. No. 73. As you are aware, the clerk terminated that motion on June 20. Dkt. No. 80. Rather than re-filing your pleading, we think the better course would be for the Parties to meet and confer and reach a stipulation regarding a supplemental briefing schedule regarding the PI motion.

In advance of submitting supplemental briefing, the City would like to take the depositions of Keene and Fountila for the limited purpose of exploring issues related to the PI Motion. (McClure did not appeal the Court's order denying the PI motion, so we understand the Court's order remains undisturbed as to McClure.) While the City maintains that the general discovery period should remain stayed pending resolution of the City's motion to coordinate this and other related cases, courts may allow limited, expedited discovery upon a showing of good cause. Since the documentary record is currently scant, and its further development will almost certainly necessitate further and more detailed questioning, the City also believes Keene and Fountila's depositions remain open and the time Keene and Fountila spend in the preliminary injunction depositions should not count against the seven-hour limit set forth in Federal Rule of Civil Procedure 30.

Please let us know your position on the proposed stipulation.

Regards,

Adam M. Shapiro

Deputy City Attorney

Office of City Attorney David Chiu

(415) 554-3830 Direct

**(415) 359-4033 Remote**

# EXHIBIT 2

| | |
|---|---|
| **From:** | Russell Davis |
| **To:** | Shapiro, Adam (CAT) |
| **Subject:** | Motion |
| **Date:** | Friday, June 23, 2023 4:11:01 PM |

You seem to forget something: CCSF has NO grounds to oppose a motion to enter an order. The facts determining the order are set. We do not know what the judge will order and neither do you. You could always petition to vacate the order if, as it should be, favorable to the plaintiffs. Good luck with that. Further, you are basically attempting to augment the record with excerpts from my clients "short" deposition. However, you can't augment the record below. CCSF failed to appeal the ruling to an en banc panel and failed to augment the record before the Ninth Circuit ruled. Additionally, there is nothing CCSF can get from my clients' "short" depo that you don't already have.

Because this has been an ordeal for my clients I will not stipulate to delay the hearing. This has been going on long enough.

Also: If you file a meritless motion I will move for sanctions.

Just so you know---The memorandum ruling is the law of the case. If the plaintiffs get an adverse ruling we will be back at the Ninth Circuit on the existing record--not CCSF's attempt to augment it.

Russell Davis, Esq.