Russell Davis (SBN 177959)
PACIFIC JUSTICE INSTITUTE
29 Lakewood Ave.
San Francisco, CA 94127
Tel. (415) 310-6575
rdavis@pji.org

*Attorney for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELINA KEENE, MELODY FOUNTILA, MARK MCCLURE, <br><br> Plaintiffs, <br><br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO; LONDON BREED, Mayor of San Francisco in her official capacity; CAROL ISEN Human Resources Director, City and County of San Francisco, in her official capacity; DOES 1-100, <br><br> Defendants. | Case No.:  4:22-cv-01587-JSW <br><br> **OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION TO ENLARGE TIME AND TO ALLOW EXPEDITED DISCOVERY** <br><br> Date: July 30, 2023 <br> Time: 9:00 AM <br> Judge: The Honorable Jeffrey S. White |

1

## INTRODUCTION

2

Defendant has not informed the court exactly what facts they seek or how those facts

3 would help it in the forthcoming hearing. In other words, Defendant wants a fishing expedition in

4 the vain hope something favorable to its cause might be found. Failing to exercise due diligence

5 during the course of this litigation, Defendant now wants to conduct expedited discovery and to

6 re-litigate issues it should have raised before the District Court entered its initial ruling. Defendant

7 herein misrepresented the current Plaintiffs' motion as one for a preliminary injunction, when in

8 fact it is simply requesting the Court to enter an order based on the Ninth Circuit's Memorandum

9 (an order that no one knows will be favorable to the Plaintiffs or not). Defendant's own authority

10 establishes that such an effort to re-litigate issues related to the underlying PI motion is

11 inappropriate. There is no good cause for expedited discovery, because the discovery being sought

12 is not narrowly tailored to obtain information relevant to a preliminary injunction determination

13 and instead goes to the merits of the Plaintiffs' claim. *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d

14 1063, 1064 (C.D. Cal. 2009). The issue before this Court is one of law only—no amount of fact

15 discovery now can or should influence the Court's decision to enter an order pursuant to the Ninth

16 Circuit's Memorandum.

17

As shown herein, the Defendant, by its Motion, seeks to have the Court ignore its lack of

18 due diligence. Defendant failed to request expedited discovery prior to the original hearing on the

19 PI motion or even thereafter. Continuing its lack of diligence, Defendant failed to move the Ninth

20 Circuit to augment the record and failed to appeal to an en banc panel. In its current Motion it has

21 misrepresented the evidence and arguments contained in the papers submitted in support of the PI

22 motion and on appeal. For these reasons, and the fact that the Defendant's case cites are

23 distinguishable and inapposite, the Court should deny Defendant's Administrative Motion.

24

## ARGUMENT

25 I. Defendant has misrepresented the timeline in Plaintiffs' PI motion.

26

Plaintiffs' claims for reinstatement did not accrue until they were finally forced to retire on

27 April 1, 2022. It is simple logic: one cannot get a job back before it is lost. *See*, 3-ER-273, ¶¶ 18-

28

OPPOSITION TO ADMINISTRATIVE MOTION TO ENLARGE TIME AND ALLOW EXPEDITED DISCOVERY

19; 3-ER-276, ¶ 12. By simply referring to the filing date of their complaint (page 3, line 1 of Defendant's Motion), Defendant, in the hope of re-litigating the timing of Plaintiffs' PI motion, has intentionally misled the Court into thinking that Plaintiffs' PI motion was filed late. It was not; however, even if it was, the Court should be loath to withhold relief on that ground. *Lydo Enters., Inc. v. City of Las Vegas*, 745 F 2d 1211, 1213 (9th Cir. 1984). Further, the District Court did not raise this issue in its order, indicating it was not a significant issue, and should not be used as an excuse to influence the Court now.

II.  Defendant has misrepresented the supporting evidence submitted with Plaintiffs' PI motion.

Defendant's claim of conclusory declarations in support of the PI motion is nonsensical (page 3, line 3 of Defendant's Motion). Apparently, Defendant has not read the Declaration of Russell Davis in Support and attached exhibits (3-ER-241-269), nor has it read the Declaration of Jayanta Bhattacharya (3-ER-278-337). *See also*, Declaration of Russell Davis in Reply (3-ER-42-50) and the Notice of Lodgment (3-ER-51-92). The declarations of the Plaintiffs establish their sincerely held religious beliefs (3-ER-272; 3-ER-275). Such sincerity was proven by the fact they choose their faith over their careers—a Hobson's choice they should never have been forced to make in the first place. As a matter of law a violation of a civil rights statute (Title VII) is presumptively irreparable harm which the Court was duty bound to find irrespective of briefing. No amount of fact discovery will change that.

III.  Defendant's case cites actually support the Plaintiffs' argument herein.

*Stanley v. University of S. Cal*., 13 F.3d 1313, 1325-1326 (9th Cir. 1994), is a Defendant's case cite that is favorable to the Plaintiffs. The court denied Stanley's motion for PI on her claims of sex discrimination and retaliation. She asserted that the district court erred in not providing her an opportunity to conduct discovery. The Ninth Circuit disagreed. Much like the Defendant herein, Stanley did not file a request for a continuance in order to complete discovery before the hearing on the motion. The opportunity to conduct discovery was not denied; Stanley, and this instant Defendant, simply did not avail themselves of discovery prior to the hearing on the PI motion. Nothing precluded the Defendant from conducting discovery prior to the hearing on the

1  preliminary injunction. Defendant could have moved, ex parte, for an order shortening time within

2  which to conduct depositions. The Defendant is asking this Court to make up for its own lack of

3  diligence. Not only that—Defendant is seeking to take multiple depositions of the Plaintiffs and

4  subjecting them to an eleven (11) hour ordeal. The Court should reject its late filed request.

5  In *U.S. v. Kellington*, 217 F.3d 1084 (9th Cir. 2000), the defendant appealed from a final

6  judgment, not a PI. A PI merely keeps the status quo ante, a final judgment forecloses further

7  litigation absent an appeal. After being convicted of destroying documents, Kellington moved for

8  a judgment of acquittal and a new trial. The judgment of acquittal was granted, but the court failed

9  to rule on the new trial motion. The government appealed, and the circuit court reversed and

10  remanded. On remand, the issue was whether the new trial motion was to be granted. The Ninth

11  Circuit ruled that the district court was not foreclosed in addressing a new trial motion. The district

12  court granted the motion for a new trial because it had failed to enter an order on that motion

13  initially. The circuit court agreed. Nothing in that case points to allowing after the fact expedited

14  discovery in this matter.

15  In *Nguyen v. United States*, 792 F.2d 1500, 1502 (9th Cir.1986), the defendant appealed a

16  judgment in favor of the government regarding mishandling of food stamps. The case concerned

17  whether the defendant, on remand, could amend his complaint against the government. The court

18  ruled, "Absent a mandate which explicitly directs to the contrary, a district court upon remand can

19  permit the plaintiff to file additional pleadings, vary or expand the issues." *Id*. Notably, the

20  decision concerned a remand after final judgment that was overturned, not a PI motion. Nor is

21  there anything in the decision that would allow a partial deposition or additional fact discovery. In

22  that regard, the Defendant has misrepresented the import of the full email dialogue between

23  counsel. An email sent to Defendant's counsel showed that an issue Plaintiffs' counsel was

24  concerned with was the Defendant's proposal for a "partial deposition," i.e., subjecting his clients

25  to more than the one deposition normally allowed per party. In its proposed order, Defendant is

26  asking for four (4) hour partial depositions and seven (7) hour full depositions of the Plaintiffs.

27  Plaintiffs should not have to suffer such abusive discovery tactics, especially since Defendant has

28  
OPPOSITION TO ADMINISTRATIVE MOTION TO ENLARGE TIME AND ALLOW EXPEDITED DISCOVERY

1    not told the Court what fact discovery it needs or how that discovery would influence the Court's

2    order.

3           *Stevens v. F/V Bonnie Doon*, 731 F.2d 1433, 1436 (9th Cir.1984) was a case in admiralty

4    law concerning the issue of damages. Plaintiffs' PI motion did not contain a word about damages,

5    and this case is simply not applicable to the facts before this Court.

6           *Olds v. Jenkens & Gilchrist, P.C. (In re Hallwood Energy Partners, L.P. Sec. Litig.)*, 90

7    Civ. 1555 (JFK), 93 Civ. 0565 (JFK), 1994 U.S. Dist. LEXIS 9331 (S.D.N.Y. July 8, 1994), is a

8    district court case from New York. That court granted a motion to limit the scope and duration of a

9    deposition of a third-party witness, because the witness had been previously deposed. The prior

10   deposition was brief (not four hours) and there had been considerable document discovery since

11   that time. In this matter, document discovery has just started, and Plaintiffs question the authority

12   of a New York district court case in this matter, especially since it concerns a witness, not a party,

13   and deals with discovery after document production, something that has not happened herein.

14          In *Citizens for Quality Educ. San Diego v. San Diego Unified Sch. Dist.*, No. 17-cv-1054-

15   BAS-JMA, 2018 U.S. Dist. LEXIS 35756 (S.D. Cal. Mar. 5, 2018), that court granted the

16   plaintiffs' motion for expedited discovery *before* its motion for PI was heard. Herein, Defendant

17   is asking for expedited discovery *after* the PI motion was ruled on and after the Ninth Circuit filed

18   its Memorandum.

19          In *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1064 (C.D. Cal. 2009), another of

20   Defendant's cites favorable to the Plaintiffs, the court found that the plaintiff did not show good

21   cause for granting expedited discovery because the discovery sought was not narrowly tailored to

22   obtain information relevant to a preliminary injunction determination and instead went to the

23   merits of plaintiff's claims. Much like the case herein, the broad-based discovery sought by the

24   Defendant would be more properly pursued within the structure and supervision afforded by a

25   court-ordered scheduling order. Moreover, Defendant has not detailed the type of information it

26   expects to discover. The type of broad-based fishing expedition it seeks is not suitable herein. *See*

27

28

1    *also*, *Wilcox Indus. Corp. v. Hansen*, 279 F.R.D. 64, 68 (D.N.H. 2012) (expedited discovery not a

2    right).

3            Defendants cite *Mut. of Omaha Bank v. Huntington*, 597 F. Supp. 2d 1213 (D. Nev. 2009),

4    for the proposition that there may be more than one deposition taken of each Plaintiff. However,

5    that case concerned the takeover of a bank by the FDIC and concerns motions to dismiss.

6    Plaintiffs are unable to discern the application of that case, as depositions are not mentioned.

7    IV.  There is no prejudice to the Defendant because there are other procedures available to it.

8            No one knows what the Court will order. Defendant's Administrative Motion will be moot

9    if this Court does not rule favorably for the Plaintiffs. If Plaintiffs obtain a favorable order, the

10   better procedure would be to conduct discovery expeditiously and then move to vacate the order if

11   such discovery can elicit grounds for so doing, such as intrinsic or extrinsic fraud.

12                                              <u>CONCLUSION</u>

13           Defendant has failed to establish good cause to grant its Motion. There are no grounds

14   herein to grant Defendant's Motion. There are no grounds herein to reward the Defendant's lack of

15   diligence in pursuing discovery prior to the entry of the PI order, and even less reason to grant it

16   after the Ninth Circuit's ruling. However, and out of an abundance of caution, if this Court should

17   grant the Defendant's Motion, it should also apply to the Plaintiffs. In other words, Plaintiffs

18   should be allowed to take multiple depositions of the Mayor, the HR Director, and the Chief

19   Medical Officer of the Defendant (sauce for the goose is sauce for the gander). Irrespective, the

20   total amount of deposition time should be limited to seven (7) hours for each witness or party,

21   whether Defendant's or Plaintiffs' deponents. Those depositions should be taken at one time, i.e.,

22   no partial depositions.

23           Dated:  June 30, 2023

24                                                  /s/ Russell Davis
                                                    Russell Davis
25                                                  PACIFIC JUSTICE INSTITUTE

26                                                  *Attorney for Plaintiffs*

27

28