1   Russell Davis (SBN 177959)
    PACIFIC JUSTICE INSTITUTE
2   29 Lakewood Ave.
    San Francisco, CA 94127
3   Tel. (415) 310-6575
    rdavis@pji.org
4

5   *Attorney for Plaintiffs*

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**
9                  **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10   SELINA KEENE, MELODY FOUNTILA, MARK   ) Case No.:  4:22-cv-01587-JSW
     MCCLURE,                               )
11                                          )
                                            ) **PLAINTIFFS' ADMINISTRATIVE**
12        Plaintiffs,                       ) **MOTION TO ALLOW EXPEDITED**
                                            ) **DISCOVERY L.R. 6-3, 7-11**
13   v.                                     )
                                            )
14                                          )
     CITY AND COUNTY OF SAN FRANCISCO;      ) Judge: The Honorable Jeffrey S. White
15   LONDON BREED, Mayor of San Francisco in her )
     official capacity; CAROL ISEN Human Resources )
16   Director, City and County of San Francisco, in her ) Complaint filed: March 14, 2022
     official capacity; DOES 1-100,         ) Trial Date: None set
17                                          )
                                            )
18        Defendants.                       )
                                            )
19

20

21

22

23

24

25

26

27

28

## INTRODUCTION

The Ninth Circuit recently issued an opinion in *Keene v. City and Cnty. of San Francisco*, No. 22-16567, 2023 WL 3451687 (9th Cir. May 15, 2023), which reversed and remanded the Court's prior order (Dkt No. 32) denying Plaintiffs' Motion for Preliminary Injunction ("PI Motion") (Dkt No. 19). Defendant was granted its motion to enlarge time and to take depositions of the Plaintiffs prior to a hearing on Plaintiffs' Motion to Enter an Order Pursuant to the Ninth Circuit's Memorandum.  Plaintiffs herein seek the same.  If this motion appears to be a copycat that is because it is.  Pursuant to Civil Local Rules 6-3 and 7-11, the Plaintiffs request that the Court allow the Plaintiffs to conduct expedited depositions on the same basis as the Defendant. Those depositions would be that of Defendant's Persons Most Knowledgeable (hereinafter PMKs) regarding imposition of the vaccine mandate, the scientific underpinnings of the mandate, the documents relied on when imposing the mandate, the administration of the mandate, the accommodations that were granted and those that were not and the reasons why, and the basis for the religious tests administered to the Plaintiffs, amongst other items to be determined.  The deposition order is to include material witnesses subpoenaed by the Plaintiffs and all deponents should be ordered to sit for deposition, not to exceed four hours each, at a time and date that allows the Plaintiffs adequate time to obtain a transcript of those depositions in advance of August 10, 2023, and that those depositions shall remain open, and the time that those persons spend in the preliminary injunction depositions shall not count against the seven hour limit set forth in Federal Rule of Civil Procedure 30.

Substantial harm will occur if the Plaintiffs are not allowed to depose Defendant's Persons Most Knowledgeable and other persons that are material witnesses concerning statements they made and actions they took depriving the Plaintiffs of their careers. Additional deposition time was granted to the Defendant; Plaintiffs expect nothing less from this court as their need for expanded deposition time is at least as great as that of the Defendant.  Plaintiffs herein acknowledge that the court has already enlarged time for the Defendant to conduct discovery and Plaintiffs are willing to work within those time constraints. Expanded deposition

time is warranted because it is in the interest of justice to more fully develop, the record on Plaintiffs' PI Motion.

BACKGROUND

Plaintiffs assert claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the California Fair Employment and Housing Act. Dkt. No. 1 ("Compl."). Plaintiffs were separated from their employment with the Defendant on April 1, 2022 because they refused to comply with the Defendant's COVID-19 vaccine mandate due to their religious beliefs.

Good cause exists here because the breadth of discovery sought is limited and directly related to Plaintiffs' contentions regarding the propriety of a preliminary injunction, and the burden on Defendant is limited, especially relative to its statements seeking additional facts to augment the record in opposition to Plaintiffs PI Motion.

I.      Substantial harm will occur absent an enlargement of time.

As set forth above, further briefing and development of the record would assist the Court in adjudicating Plaintiffs' PI Motion and issuing an order that addresses the issues raised by the Ninth Circuit. Unless the deposition schedule is enlarged, the Plaintiffs will be prejudiced as they will be unable to file a meaningful response to Defendant's attempt to introduce additional facts into the record. Both the Court and the Plaintiffs will be deprived of information that will be useful in adjudicating the PI Motion.

CONCLUSION

For the foregoing reasons, the Plaintiffs respectfully ask the Court to (1) order Defendants' PMKs and other subpoenaed material witnesses to sit for deposition in advance of the City's opposition deadline, and (2) to allow the Plaintiffs to re-depose the PMKs and subpoenaed witnesses at a later date, after further development of the record.[1]

---

[1] Depositions taken in connection with a preliminary injunction motion do not preclude second depositions of the same witnesses, especially where, as here, document discovery has yet to commence. See *Mut. of Omaha Bank v. Huntington,* 2009 WL 10693637, at *1 (D. Nev. Dec. 23, 2009); *In re Hallwood Energy Partners, L.P. Sec. Litig.,* 1994 WL 330403, at *1 (S.D.N.Y. July 11, 1994); *see also* Fed. R. Civ. P. 30(a)(2)(A)(ii).

Respectfully submitted this 10th day of July 2023.

/s/ Russell Davis
Russell Davis
PACIFIC JUSTICE INSTITUTE

*Attorney for Plaintiffs*