UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GUARDADO, et al.,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al<br><br>　　　　　　Defendants, | Case No. 22-cv-04319-JSW<br><br>Dkt. No. 57<br><br>**ORDER GRANTING LIMITED CONSOLIDATION OF RELATED MATTERS** |
| THADDEUS SALEEM SHAHEED, et al<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al<br><br>　　　　　　Defendants, | Case No. 22-cv-06013-JSW |
| DAVID GOZUM<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>　　　　　　Defendants, | Case No. 22-cv-03975-JSW |
| SELINA KEENE, et al.,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al<br><br>　　　　　　Defendants, | Case No. 22-cv-01587-JSW |

| | |
|---|---|
| DENISE ANGELINA DEBRUNNER, et al., <br><br> Plaintiff <br> v. <br> THE CITY AND COUNTY OF SAN FRANCISCO, et al <br><br> Defendants, | Case No. 22-cv-07455-JSW |
| APRIL MONEGAS, <br><br> Plaintiff, <br> v. <br> CITY AND COUNTY OF SAN FRANCISCO DEPARTMENT OF PUBLIC HEALTH <br><br> Defendants, | Case No. 22-cv-04633-JSW |
| JOSEPH COOK, <br><br> Plaintiff, <br> v. <br> CITY AND COUNTY OF SAN FRANCISCO, <br><br> Defendants, | Case No. 22-cv-07645-JSW |
| CHARLOTTE R. SANDERS, <br><br> Plaintiff, <br> v. <br> SAN FRANCISCO PUBLIC LIBRARY, et al <br><br> Defendants, | Case No. 23-cv-00211-JSW |

On May 12, 2023, Defendant City and County of San Francisco ("Defendant") moved to consolidate cases that had been (or were subsequently) related by this Court. (*See* Motion to Consolidate the Related Vaccine Cases ("Motion"), Case No. 22-cv-04319-JSW, Dkt. No. 57.) Defendant had failed to notice the Motion in all related cases and was therefore ordered to re-file a notice of the Motion in all related cases. (*See* Order dated June 14, 2023.) Defendant then filed an amended notice of the Motion in each of the cases ("Related Vaccine Cases"). Plaintiffs in each of the Related Vaccine Cases were thereby given adequate notice of the Motion and were given time to respond. The Court has now received responses from every plaintiff in each of the Related

1  Vaccine Cases.[1]  Accordingly, the Motion to Consolidate is ripe for decision.

2  The Court has carefully considered the Motion as well as every response to the Motion filed by each Plaintiff or Plaintiff group in each of the Related Vaccine Cases.  The Court finds that every one of the related cases involve overlapping factual issues regarding Defendant's COVID-19 vaccination policy and involve similar claims about the alleged failure of Defendant to accommodate Plaintiffs' religious beliefs and/or medical conditions.  In its initial case management conference in the Related Vaccine Cases, the Court instructed the parties to work together cooperatively in order to present the merits of their various claims in a manner that avoids redundant filings and preserves both judicial and the parties' resources.  The Court indicated that it would hear the Motion to Consolidate before conducting any further proceedings in these Related Vaccine Cases.[2]

The Court HEREBY ORDERS the Related Vaccine Cases shall be consolidated up to and including the Court's ruling on summary judgment motions, including for discovery and all motions, as follows:

(1) The consolidated cases shall all proceed with the same discovery and motion schedule, through and including summary judgment;

(2) Written discovery exchanged and depositions taken in any case shall be made available across all cases and shall be treated as if the discovery or deposition had been exchanged or taken originally in each case;

---

[1] Plaintiff Guardado filed his opposition in the then-consolidated 22-cv-04319-JSW/22-cv-06013-JSW matters (lead case no. 22-cv-04319-JSW) at Docket No. 58.  Plaintiff Debrunner (originally case no. 22-cv-07455) filed her opposition in the same consolidated matter at Docket No. 66.  Plaintiff Cook (case no. 22-cv-07645-JSW) filed his opposition in the same consolidated matter at Docket No. 70.  Plaintiff Gozum (case no. 22-cv-03975) filed his opposition in the same consolidated matter at Docket No. 62.  Plaintiffs Keene and Fountila (case no. 22-cv-01587-JSW) filed their opposition in their matter at Docket No. 72.  Plaintiff Monegas (case no. 22-cv-04633-JSW) filed her opposition in her matter at Docket No. 37.  Plaintiff Sanders (case no. 23-00211-JSW) filed her statement of non-opposition in her matter at Docket No. 35.

[2] The Court is cognizant that other active matters on the Northern District docket have been noticed as possibly related.  (*See* Cases Nos. 23-cv-03139-DMR and 22-cv-09045-DMR.)  The Court is also cognizant that subsequent matters may be filed which may be noticed before this Court as possibly related.  Accordingly, the Court finds that any subsequent case filed in the District that is determined to be related to the Related Vaccine Cases shall be subject to this Limited Consolidation Order.

(3) All discovery is REFERRED to Magistrate Judge Illman for resolution;

(4) **All submissions filed by any party in any Related Vaccine Case shall be filed <u>ONLY</u> in the earliest-filed lead case, *Keene v. City and County of San Francisco*, No. 22-cv-01587-JSW, commencing from the date of this Order and until the Court rules at summary judgment** (not including motions that have already been filed);

(5) All Related Vaccine Cases shall remain open on the Court's docket as member cases[3] (regardless, the Court reiterates that all parties' submissions shall be filed exclusively in *Keene v. City and County of San Francisco*, No. 22-cv-01587-JSW);

(6) All appearing counsel and all *pro se* parties shall be added to the service list for the Lead Case, *Keene v. City and County of San Francisco*, No. 22-cv-01587-JSW;

(7) All motions involving similar legal, factual, or discovery issues shall be coordinated to have the same hearing date, to the extent possible;

(8) The parties shall cooperate to reach workable agreements regarding motions, shall file consolidated briefs where possible, and shall avoid redundancy;

(9) As to any motion filed by Defendant jointly against all Plaintiff groups, each Plaintiff group shall have the right to file their own separate opposition to any such motion and/or may elect to file, in lieu of or in addition to a separate opposition, a joinder in other Plaintiff group opposition papers;

(10) As to any motions filed by a Plaintiff group against the Defendant addressing issues common to other Plaintiff groups, any Plaintiff group shall have the right to file their own supplemental moving papers and/or joinder in support of any such motion;

(11) As to cross-motions for summary judgment, the parties shall meet and confer and briefing shall be coordinated. The parties shall submit only four briefs for any cross-motion (opening, opposition/cross-motion opening, reply/cross-motion opposition, and

---

[3] The Court HEREBY VACATES the consolidation order dated March 13, 2023, in the 22-cv-04319-JSW/22-cv-06013-JSW matter (lead case no. 22-cv-04319-JSW at Docket No. 39). The Court re-opens Plaintiff Shaheed's case no. 22-cv-06013-JSW in order to have this order of limited consolidation apply to it in the same manner as all the other Related Vaccine Cases.

1         reply on cross motion);

2   (12)    All dispositive motions shall be coordinated to occur on the same hearing date across all cases and each Plaintiff group or Defendant shall presumptively have the right to file only one summary judgment motion per case (absent a showing of exceptional cause for additional motions, including a separate motion on damages issues, if necessary, after completion of damages discovery);

7   (13)    The Court shall consider any party's **reasonable** requests for extensions of a particular hearing date or briefing schedule to allow the coordinated filing of supplemental moving papers or separate opposition papers.

**IT IS SO ORDERED.**

Dated:   July 12, 2023

_____
JEFFREY S. WHITE
United States District Judge