1  DAVID CHIU, State Bar #189542
   City Attorney
2  JONATHAN C. ROLNICK, State Bar #151814
   Chief Labor Attorney
3  LAUREN E. WOOD, State Bar #280096
   ADAM M. SHAPIRO, State Bar #267429
4  Deputy City Attorneys
   Fox Plaza, 1390 Market Street, 7th Floor
5  San Francisco, California 94102-5408
   Telephone:     (415) 554-4261 (Wood)
6                 (415) 554-3830 (Shapiro)
   Facsimile:     (415) 554-4699
7  E-Mail:        lauren.wood@sfcityatty.org
                  adam.shapiro@sfcityatty.org
8
   Attorneys for Defendant
9  CITY AND COUNTY OF SAN FRANCISCO

10

11                     UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13

14  SELINA KEENE, MELODY FOUNTILA,          Case No. 4:22-cv-01587-JSW
    MARK MCCLURE,
15                                          **DEFENDANT'S OPPOSITION TO MOTION TO**
            Plaintiffs,                     **ALLOW EXPEDITED DISCOVERY**
16
            vs.                             Judge:        Honorable Jeffrey White.
17
    CITY and COUNTY OF SAN FRANCISCO
18                                          Filed:        March 14, 2022
            Defendant.                      Trial Date:      None set
19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

Plaintiffs' Administrative Motion to Allow Expedited Discovery ("Plaintiff's Admin. Motion") (Dkt. No. 87) seeks a blank check for expedited, wide-ranging merits-based depositions, without any discernible limits and without any connection to the issues raised in Plaintiffs' Motion for a Preliminary Injunction (Dkt. No. 19, "PI Motion") or the Ninth Circuit's decision regarding the Plaintiffs' PI Motion, *Keene v. City & Cnty. of San Francisco*, No. 22-16567, 2023 WL 3451687 (9th Cir. May 15, 2023). Notably, Plaintiffs' requested discovery is directed to the validity of the City's COVID-19 Vaccination Policy, which is not at issue in this case because Plaintiffs allege only Title VII and FEHA discrimination claims due to the City's denial of their religious accommodation requests. (*See generally,* Dkt. No. 1.) Such a request is improper and should be denied.

Plaintiffs have styled their motion as a "copycat" (*id.* at 2:7) of the City's Motion to Enlarge Time and Allow Expedited Discovery (Dkt. No. 83, "City's Admin. Motion"), which was granted by the Court on July 6, 2023 (Dkt. No. 85). But there are important differences between the City's Admin. Motion and Plaintiffs' Admin. Motion that warrant granting the former and denying the latter.

**First**, the City sought limited discovery – specifically four-hour depositions of two Plaintiffs. (Dkt. No. 83-2). On the other hand, Plaintiffs seek to depose an unlimited number of yet-to-be identified fact witnesses and to depose a Rule 30(b)(6) on a variety of overbroad, open-ended topics, including "other items to be determined." (Dkt. 87 at 2:10-16.) **Second,** the discovery sought by the City directly relates to the factual issues raised in the Ninth Circuit's decision, namely whether Plaintiffs are likely to show that their beliefs are sincere, religious, and conflict with receiving the vaccine and whether Plaintiffs can show that they lost their careers, as opposed to their jobs  (Dkt. No. 83 at 2:10-17.) The expedited discovery sought by Plaintiffs does **not** relate to the issues identified by the Ninth Circuit or to the factors Plaintiffs were required to demonstrate in the PI Motion. Instead, Plaintiffs seek broad discovery into the rationale for and validity of the City's Vaccine Policy, which goes far beyond the scope of the legal issues raised by their Title VII and FEHA religious discrimination causes of action. (Dkt. No. 83:11-15.) **Third**, the City complied with the local rules, while Plaintiffs did not; this provides an additional ground for denial of their motion.

**BACKGROUND**

In September 2022, the Court denied Plaintiffs' PI Motion. (Dkt. No. 31 at 3-5.) On May 15, 2023, the Ninth Circuit issued a Memorandum, reversing and remanding the Court's order with instructions to consider: (1) whether Plaintiffs are likely to show that their beliefs are sincere, religious, and conflict with receiving the vaccine; (2) whether Plaintiffs can show that they lost their careers, as opposed to their jobs; (3) whether Plaintiffs' "Hobson's" choice argument has any merit in the context of an irreparable harm analysis; and (4) reevaluating the balance of equities analysis to consider other interests concerning the enforcement of civil rights statutes. *See Keene*, 2023 WL 3451687, at *2-*3.

On June 23, 2023, Plaintiffs filed a "Motion to Enter An Order Pursuant to the Ninth Circuit's Memorandum." (Dkt. No. 82.)

The City then filed its Admin. Motion, seeking brief depositions of Plaintiffs related to issues raised in the Ninth Circuit's order, and a briefing schedule allowing it to complete those depositions in advance of its opposition deadline. (Dkt. No. 83.) Plaintiffs opposed the motion, arguing the "discovery being sought is not narrowly tailored," that "no amount of fact discovery now can or should influence the Court's decision." (Dkt. No. 84:at 2:11-16.) The motion was granted. (Dkt. No. 85.)

Later, on July 6, 2023, Plaintiffs asked if the City would accept subpoenas for the depositions of San Francisco Mayor London Breed; Carol Isen, the City's Human Resources Director; and the "Chief Medical Officer of San Francisco," a position that does not exist. (Shapiro Decl. ¶ 8.) On July 10, without attempting to confer further, Plaintiffs filed the instant administrative motion. (Shapiro Decl. ¶ 11.) Notwithstanding Plaintiffs' prior position that expedited discovery should be "narrowly tailored," Plaintiffs now seek expedited depositions of unidentified "material witnesses subpoenaed by Plaintiffs," as well as a Rule 30(b)(6) witness on a wide range of issues, including: (1) "imposition of the vaccine mandate," (2) "the scientific underpinnings of the mandate," (3) the documents relied on when imposing the mandate," (4) "the administration of the mandate," (5) "the accommodations that were granted and those that were not and the reasons why,"[1] and (6) "the basis for the religious tests administered to Plaintiffs". (Dkt. No. 87

---

[1] Also, a Rule 30(b)(6) designee on the topic of "accommodations that were granted and those that were not" would necessarily elicit testimony regarding confidential personnel records and/or medical information pertaining to non-party current and former City employees. Yet, no stipulated protective order has been entered in this case or any of the other Related Vaccine Actions.

OPPOSITION TO MOTION FOR EXP DISCOVERY
CASE NO. 4:22-cv-01587-JSW

n:\labor\li2022\220836\01689574.docx

96548659v.1

at 2:10-16.) To date, Plaintiffs have not served any subpoenas on the City, as denoted in their motion. (Shapiro Decl. ¶ 9.)

On July 12, 2023, the Court ordered that this case and others be consolidated, and directed that the consolidated cases "shall proceed with the same discovery and motion schedule" and that "depositions taken in any case shall be made available across all cases." (Shapiro Decl. Ex. 4 at p. 3.)

## ARGUMENT

### I.    The expedited discovery sought by Plaintiffs is overbroad and unduly burdensome.

Plaintiffs' Admin. Motion should be denied because it seeks overbroad and unduly burdensome discovery, which, if allowed at all, should take place at a later date so that depositions can be coordinated among the other consolidated cases.

In the preliminary injunction context, expedited discovery may only be allowed upon showing of good cause. *See Am. LegalNet, Inc. v. Davis,* 673 F. Supp. 2d 1063, 1066, 1067 (C.D. Cal. 2009). In assessing whether good cause exists, courts consider, among other things, the burden on the responding party and the breadth of discovery sought: "a party's expedited discovery requests should be 'narrowly tailored' so as to discover only the 'minimum amount of information needed' to achieve its stated purpose." *Hum. Rts. Watch v. Drug Enf't Admin*., No. CV152573PSGJPRX, 2015 WL 13648069, at *3 (C.D. Cal. July 10, 2015). "The hallmark of an impermissible merits discovery request—although framed as a limited discovery request necessary to establish a factual record for a preliminary injunction—is the request's overbreadth." *Citizens for Quality Educ. San Diego v. San Diego Unified Sch. Dist*., No. 17-CV-1054-BAS-JMA, 2018 WL 1150836, at *4 (S.D. Cal. Mar. 5, 2018). Courts deny requests for expedited discovery where the "plaintiffs fail to identify any specific, narrowly tailored discovery requests relevant to the Motion for Preliminary Injunction." *Engelbrecht v. Fox*, No. EDCV121150VAPDTBX, 2012 WL 13015022, at *2 (C.D. Cal. Aug. 8, 2012).

Here, Plaintiffs do not specify who they want to depose, and the broad Rule 30(b)(6) topics identified  have no bearing on the PI Motion, the Ninth Circuit's remand order, or the causes of action plead in this case. Moreover, Plaintiffs' Admin. Motion expressly requests Rule 30(b)(6) testimony on "other items to be determined." (Dkt. No. 87 at 2:10-16.) Plaintiffs have requested that the City make

available three witnesses for deposition, including an apex deposition of the Mayor,[2] though it remains unclear whether Plaintiffs are seeking those depositions through this motion, or which other percipient witnesses they want to depose. Essentially, Plaintiffs are arguing that because the Court granted the City permission to conduct brief depositions of two Plaintiffs on a limited set of issues related to the PI Motion, Plaintiffs should be able to depose as many City officials as they want on any issues they want, on an expedited basis. Granting Plaintiffs such unfettered discovery would be unduly burdensome. The City would be required to prepare innumerable fact witnesses, as well as Rule 30(b)(6) witnesses on irrelevant topics and topics have yet "to be determined" in a matter of weeks.

Plaintiffs' proposed expedited discovery is especially problematic in light of the Court's consolidation order, which contemplates that depositions will be coordinated among all of the consolidated cases. (Shapiro Decl. Ex. 4.) It appears that Plaintiffs now want to depose all of the City's fact witnesses and Rule 30(b)(6) witnesses twice, once in the next few weeks, and again at a later date along with the plaintiffs in the other consolidated cases.

**II.     The expedited discovery sought by Plaintiffs is unrelated to the PI Motion, the issues raised by the Ninth Circuit, or the causes of action alleged in the Complaint.**

Plaintiffs' request for expedited discovery is also improper because it is not tethered to the PI Motion or the issues the Ninth Circuit directed the Court to consider on remand. Instead, the proposed Rule 30(b)(6) topics in Plaintiffs' Admin. Motion reveal that Plaintiffs are seeking discovery to mount a challenge to the validity of the City's Vaccination Policy, which is not at issue in this case. Plaintiffs' claims do ***not*** include a constitutional claim challenging the facial validity of the policy. Here, Plaintiffs' sole claims are for religious discrimination under Title VII and FEHA.

In assessing whether good cause exists for expedited discovery, courts consider "the purpose for requesting the expedited discovery." *Am. LegalNet,* 673 F. Supp. 2d at 1066. Courts reject requests for expedited discovery where "the scope of th[e] request is sweeping and seeks matter "wholly irrelevant" to

---

[2] An apex deposition of the Mayor is improper. At this time, suffice to say, that "the 'normal rule' is to not permit depositions of mayors unless the information cannot be obtained from another source." *NAACP of San Jose/Silicon Valley v. City of San Jose,* , 2022 WL 4537882, at *1 (N.D. Cal. Sept. 28, 2022). Here, Plaintiffs want to start by deposing the Mayor, without first examining other sources of information. Plaintiffs' counsel's correspondence also suggests the real reason Plaintiffs wish to depose the Mayor is because they harbor a personal animus toward her. (*See* Shapiro Decl. ¶ 10, Ex. 3.)

the[] preliminary injunction motion" or whether the discovery goes "beyond what is necessary to maintain the status quo." *Citizens for Quality Educ. San Diego*, No. 17-CV-1054-BAS-JMA, 2018 WL 1150836, at *5 (S.D. Cal. Mar. 5, 2018).

Here, Plaintiffs seek discovery that has nothing to do with their PI Motion, which focused on arguments that the COVID-19 vaccines are "treatments, not vaccines" and that Plaintiffs had "natural immunity."(Dkt. No. 19.) Likewise, the discovery sought has no bearing on the issues the Ninth Circuit directed the Court to consider on remand, which as noted above are: (1) whether Plaintiffs are likely to show that their beliefs are sincere, religious, and conflict with receiving the vaccine; (2) whether Plaintiffs can show that they lost their careers, as opposed to their jobs; (3) whether Plaintiffs' "Hobson's" choice argument has any merit in the context of an irreparable harm analysis; and (4) reevaluating the balance of equities analysis to consider other interests concerning the enforcement of civil rights statutes. *See Keene*, 2023 WL 3451687, at *2-*3. The last two issues are questions of law, for which discovery is not necessary. Information concerning the first two issues should be in the possession of Plaintiffs, not the City, and the Court appropriately granted the City the opportunity to depose Plaintiffs on those topics. Notably, Plaintiffs submitted declarations concerning their purported religious beliefs and careers in support of the PI Motion. (Dkt. No. 19-2, 19-3.) The Court has allowed the City to depose Plaintiffs on the statements in these declarations. In contrast, the City did not submit any declarations in opposition to the PI Motion. In short, Plaintiffs' Admin. Motion is nothing more than a thinly-veiled request for expansive "merits" discovery that goes far beyond the causes of action Plaintiffs allege.

**III.     Plaintiffs failed to comply with the Local Rules.**

Finally, Plaintiffs' Admin. Motion should be denied because Plaintiffs did not comply with Civil Local Rule 7-11 or 6-3. In violation of those rules, Plaintiffs did not seek a stipulation prior to filing their motion (Shapiro Decl. ¶ 11), or file a declaration with their Administrative Motion. Also, in violation of Local Rule 7-11(a), Plaintiffs do not describe the relief they are seeking with any specificity.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' motion for expedited discovery should be denied.

Dated:  July 14, 2023

DAVID CHIU
City Attorney
JONATHAN C. ROLNICK
Chief Labor Attorney
LAUREN E. WOOD
ADAM SHAPIRO
Deputy City Attorneys


By: */s/ Adam Shapiro*
ADAM SHAPIRO

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO