DAVID CHIU, State Bar #189542
City Attorney
JONATHAN C. ROLNICK, State Bar #151814
Chief Labor Attorney
LAUREN E. WOOD, State Bar #280096
ADAM M. SHAPIRO, State Bar #267429
Deputy City Attorneys
Fox Plaza, 1390 Market Street, 7th Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-4261 (Wood)
              (415) 554-3830 (Shapiro)
Facsimile:    (415) 554-4699
E-Mail:       lauren.wood@sfcityatty.org
              adam.shapiro@sfcityatty.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELINA KEENE, MELODY FOUNTILA, MARK MCCLURE, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY and COUNTY OF SAN FRANCISCO <br><br> Defendant. | Case No. 4:22-cv-01587-JSW <br><br> **DECLARATION OF ADAM M. SHAPIRO IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION TO ALLOW EXPEDITED DISCOVERY** <br> **[L.R. 6-3, 7-11]** <br><br> Judge:      Honorable Jeffrey S. White <br><br> Filed:      March 14, 2022 <br> Trial Date: None set |

I, Adam Shapiro, declare:

1. I am currently employed by the City and County of San Francisco (the "City") as a Deputy City Attorney, and am lead counsel and counsel of record for Defendants in the above-captioned matter.

2. Except where stated otherwise, I have personal knowledge of the following facts and, if called to testify, could and would testify competently thereto.

3. On June 22, 2023, I sent an email to Plaintiffs' counsel, requesting that the parties meet and confer and reach a stipulation regarding a supplemental briefing schedule regarding the Ninth Circuit's decision reversing and remanding the Court's Order denying Plaintiffs' motion for a preliminary injunction. I also requested that Plaintiffs' counsel make Plaintiffs Keene and Fountila available for deposition in advance of the parties briefing for the limited purpose of exploring issues related to the preliminary injunction motion, and that their depositions remain open so that the City could re-depose them after further discovery. A true and correct copy of that correspondence is attached hereto as **Exhibit 1**.

4. On June 22, 2023, Plaintiffs' counsel responded: "Sorry--you get one and only one deposition per party. I am calendaring a noticed motion to enter an order re: the Ninth Circuit's ruling. No need to stipulate. You will have the standard time to respond." A true and correct copy of that correspondence is also included in Exhibit 1.

5. On June 23, 2023, I responded to Plaintiffs' counsel's email, stating that the City would be forced to seek administrative relief if Plaintiffs filed their motion without stipulating to a briefing schedule, alerting Plaintiffs that I was on vacation during the week of July 4, 2023, proposing deposition dates, and asking Plaintiffs' counsel to confirm whether or not he would agree to "(1) put up Keene and Fountila for deposition in advance of our opposition deadline, (2) stipulate to modify the briefing schedule to allow adequate time for us to depose Keene and Fountila and get their transcripts." A true and correct copy of that correspondence is also included in Exhibit 1.

6. Plaintiffs' then filed their "Motion to Enter Order Pursuant to the Ninth Circuit's Memorandum" at around 4:07 p.m. on June 23, 2023. Dkt. No. 82.

7. At 4:11 p.m. on June 23, 2023, Plaintiffs' counsel emailed me stating: "You seem to forget something: CCSF has NO grounds to oppose a motion to enter an order. The facts determining the order are set. We do not know what the judge will order and neither do you. You could always petition to vacate the order if, as it should be, favorable to the plaintiffs. Good luck with that. Further, you are basically attempting to augment the record with excerpts from my clients' "short" deposition. However, you can't augment the record below. CCSF failed to appeal the ruling to an en banc panel and failed to augment the record before the Ninth Circuit ruled. Additionally, there is nothing CCSF can get from my clients' "short" depo that you don't already have. Because this has been an ordeal for my clients I will not stipulate to delay the hearing. This has been going on long enough. Also: If you file a meritless motion I will move for sanctions. Just so you know---The memorandum ruling is the law of the case. If the plaintiffs get an adverse ruling we will be back at the Ninth Circuit on the existing record--not CCSF's attempt to augment it." A true and correct copy of this correspondence is attached hereto as **Exhibit 2**.

8. On the evening of July 6, 2023, after the Court issued its order granting the City's Administrative Motion to Enlarge Time and Allow for Expedited Discovery, Plaintiffs' counsel emailed me to asked if the City would accept subpoenas for the depositions of San Francisco Mayor London Breed; Carol Isen, the City's Human Resources Director; and the "Chief Medical Officer of San Francisco," a position that, to my knowledge, does not exist. A true and correct copy of this correspondence is attached hereto as **Exhibit 3**.

9. I informed Plaintiffs' counsel that the City objected to those depositions, that deposition notices would be sufficient, and that in the event that Plaintiffs elected to serve subpoenas, they should provide the requisite notice to the City. To date, I am not aware of Plaintiffs serving any deposition subpoenas on the City or its employees.

10. I also informed Plaintiffs' counsel that Mayor Breed's deposition would be an improper apex deposition and asked counsel specify the topics on which Plaintiffs wanted to depose the Mayor. In response, Plaintiffs' counsel wrote:

> The mandate at issue, which caused the loss of my clients' careers, was issued by Mayor Breed. It's her mandate. She possesses relevant information. **After attending an 8 person birthday party in November 2020, and ignoring her**

**own mask mandate in September because she "felt the spirit, and attending the Pride Parade for hours on end she could hardly claim that taking time for a depo would potentially disrupt the business of the city**.[Emphasis added]. She would need to be questioned as to the basis of the mandate, why remote accommodations were not continued, why the mandate is still in effect even tho the pandemic is over, why unpaid leave was not an option for the Plaintiffs. Other topics would include the effects of the mandate and whether it was effective in controlling the virus. As the chief executive, she has the power to reverse the mandate and we are entitled to know why she hasn't.

A true and correct copy of this correspondence is part of Exhibit 3.

11. Prior to filing Plaintiffs' Administrative Motion to Allow Expedited Discovery, Plaintiffs' counsel did not contact me regarding the relief sought in that motion, or regarding a potential stipulation regarding the relief sought.

12. Attached hereto as **Exhibit 4** is a true and correct copy of the Court's July 12, 2023 Order Granting Limited Consolidation Matters filed in *Guardado v. City and County of San Francisco*, Case No. 22-cv-04319-JSW.

I certify under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 14th day of July 2023 at San Francisco, California.

By: */s/ Adam Shapiro*
ADAM SHAPIRO

# EXHIBIT 1

| | |
|---|---|
| **From:** | Shapiro, Adam (CAT) |
| **To:** | "Russell Davis" |
| **Subject:** | RE: Keene v. CCSF |
| **Date:** | Friday, June 23, 2023 12:46:45 PM |

Dear Mr. Davis,

We are hoping to avoid burdening the Court with a dispute about a briefing schedule, so I am hoping you will reconsider the City's request for a schedule that allows the City adequate time to take limited discovery and oppose Plaintiffs' motion.

As set forth in my prior correspondence, the City wants to take the depositions of Keene and Fountila, and would like to ensure that the briefing schedule is set so that there is adequate time to do so. Under the standard briefing schedule, we would have 14 days to file our opposition after the motion is filed. Under normal circumstances, that would not be enough time for us to take the depositions and receive the transcripts. And as I have Fourth of July travel plans, that will definitely not be enough time here.

Can you please confirm whether or not you are willing to agree to (1) put up Keene and Fountila for deposition in advance of our opposition deadline, (2) stipulate to modify the briefing schedule to allow adequate time for us to depose Keene and Fountila and get their transcripts. The City proposes the following depositions dates: July 12, 14, 17, 19, and 21.

As to the issue of whether we could keep the depositions of Keene and Fountila open, FRCP 30(a)(2)(A)(ii) expressly allows for a witness to be re-deposed with a court order, and we believe there is good cause to keep Keene and Fountilla's depositions open here.

If you will not stipulate to a reasonable briefing schedule, we will seek the Court's permission through an administrative motion.

Kind regards,

Adam Shapiro

---

**From:** Russell Davis <loanhound@sbcglobal.net>
**Sent:** Thursday, June 22, 2023 3:50 PM
**To:** Shapiro, Adam (CAT) <Adam.Shapiro@sfcityatty.org>
**Subject:** Re: Keene v. CCSF

Sorry--you get one and only one deposition per party.
I am calendaring a noticed motion to enter an order re:  the Ninth Circuit's ruling.  No need to stipulate.  You will have
the standard time to respond.
We are supposed to exchange initial disclosures.  I hope you can at least send me the Plaintiffs

personnel files, copies of the religious tests they were forced to take and their answers.

Russell Davis, Esq.

On Thursday, June 22, 2023 at 10:15:22 AM PDT, Shapiro, Adam (CAT) <adam.shapiro@sfcityatty.org> wrote:

Mr. Davis,

I write concerning Plaintiffs' motion for preliminary injunction and the Ninth Circuit's decision on Plaintiff's appeal from the order denying that motion. Plaintiffs previously filed a petition for the court to enter an order consistent with the Ninth Circuit's decision. Dkt. No. 73. As you are aware, the clerk terminated that motion on June 20. Dkt. No. 80. Rather than re-filing your pleading, we think the better course would be for the Parties to meet and confer and reach a stipulation regarding a supplemental briefing schedule regarding the PI motion.

In advance of submitting supplemental briefing, the City would like to take the depositions of Keene and Fountila for the limited purpose of exploring issues related to the PI Motion. (McClure did not appeal the Court's order denying the PI motion, so we understand the Court's order remains undisturbed as to McClure.) While the City maintains that the general discovery period should remain stayed pending resolution of the City's motion to coordinate this and other related cases, courts may allow limited, expedited discovery upon a showing of good cause. Since the documentary record is currently scant, and its further development will almost certainly necessitate further and more detailed questioning, the City also believes Keene and Fountila's depositions remain open and the time Keene and Fountila spend in the preliminary injunction depositions should not count against the seven-hour limit set forth in Federal Rule of Civil Procedure 30.

Please let us know your position on the proposed stipulation.

Regards,

Adam M. Shapiro

Deputy City Attorney

Office of City Attorney David Chiu

(415) 554-3830 Direct

**(415) 359-4033 Remote**

# EXHIBIT 2

| | |
|---|---|
| **From:** | Russell Davis |
| **To:** | Shapiro, Adam (CAT) |
| **Subject:** | Motion |
| **Date:** | Friday, June 23, 2023 4:11:01 PM |

You seem to forget something: CCSF has NO grounds to oppose a motion to enter an order. The facts determining the order are set. We do not know what the judge will order and neither do you. You could always petition to vacate the order if, as it should be, favorable to the plaintiffs. Good luck with that. Further, you are basically attempting to augment the record with excerpts from my clients "short" deposition. However, you can't augment the record below. CCSF failed to appeal the ruling to an en banc panel and failed to augment the record before the Ninth Circuit ruled. Additionally, there is nothing CCSF can get from my clients' "short" depo that you don't already have.

Because this has been an ordeal for my clients I will not stipulate to delay the hearing. This has been going on long enough.

Also: If you file a meritless motion I will move for sanctions.

Just so you know---The memorandum ruling is the law of the case. If the plaintiffs get an adverse ruling we will be back at the Ninth Circuit on the existing record--not CCSF's attempt to augment it.

Russell Davis, Esq.

# EXHIBIT 3

**From:** Russell Davis <loanhound@sbcglobal.net>
**Sent:** Tuesday, July 11, 2023 1:54 PM
**To:** Shapiro, Adam (CAT) <Adam.Shapiro@sfcityatty.org>
**Subject:** Re: depositions

("[I]t is exceedingly difficult to demonstrate an appropriate basis for an order barring the taking of a **deposition**."). "Among the factors the Courts look to" in determining whether to compel an **apex witness**'s **deposition** are "the likelihood that the individual possesses relevant knowledge, whether another source could provide identical information, the possibility of harassment, and the potential disruption of the business." *Markowitz*, 2022 U.S. Dist. LEXIS 69984, 2022 WL 1508638, at *2 (citation omitted); *see Treppel v. Biovail Corp.*, No. 03 Civ. 3002 (PKL), 2006 U.S. Dist. LEXIS 7836, 2006 WL 468314, at *1-2 (S.D.N.Y. Feb. 28, 2006); *Gen. Star Indem. Co. v. Platinum Indem. Ltd.*, 210 F.R.D. 80, 83 (S.D.N.Y. 2002).

Russell Reynolds Assocs. v. Usina, 2023 U.S. Dist. LEXIS 84187, *2

Just one of many cases on the subject.  The mandate at issue, which caused the loss of my clients' careers, was issued by Mayor Breed.  It's her mandate.  She possesses relevant information.  After attending an 8 person birthday party in November 2020, and ignoring her own mask mandate in September because she "felt the spirit, and attending the Pride Parade for hours on end  she could hardly claim that taking time for a depo would potentially disrupt the business of the city.  She would need to be questioned as to the basis of the mandate, why remote accommodations were not continued, why the mandate is still in effect even tho the pandemic is over, why unpaid leave was not an option for the Plaintiffs.  Other topics would include the effects of the mandate and whether it was effective in controlling the virus.  As the chief executive, she has the power to reverse the mandate and we are entitled to know why she hasn't.

Russell Davis
On Tuesday, July 11, 2023 at 12:00:33 PM PDT, Shapiro, Adam (CAT) <adam.shapiro@sfcityatty.org> wrote:

Mr. Davis,

I wanted to follow-up on two items. First, as to Mayor Breed, the normal rule is that apex witnesses, including mayors, are not subject to deposition. Can you please specify what topics wish to depose the mayor on.

Second, there is no such thing as the "Chief Medical Officer of San Francisco." The San Francisco Health Plan ("SFHP") does have a Chief Medical Officer, but it's my understanding that person wouldn't have any specialized knowledge regarding the vaccine mandate.

Regards,

Adam Shapiro

**From:** Shapiro, Adam (CAT)
**Sent:** Tuesday, July 11, 2023 9:56 AM
**To:** 'Russell Davis' <loanhound@sbcglobal.net>
**Subject:** RE: depositions

Dear Mr. Davis,

Please provide Plaintiffs' deposition dates as soon as possible. We would like to complete these soon, as I have a vacation scheduled from July 26-August 1, and have a trial starting on August 14.

In light of the administrative motion you filed last night, it appears you do not wish to meet and confer regarding the proposed depositions referenced in your last email. In any event, we can't agree to the depositions you propose below at this time. And we don't believe you have grounds to depose Mayor Breed at any time. We will provide a substantive response in our opposition to the administrative motion.

Regards,

Adam Shapiro

**From:** Russell Davis <loanhound@sbcglobal.net>
**Sent:** Thursday, July 6, 2023 5:06 PM
**To:** Shapiro, Adam (CAT) <Adam.Shapiro@sfcityatty.org>
**Subject:** depositions

I've contacted my clients for dates for their depositions.

Also:  Will you accept deposition subpoenas for Mayor Breed,

2

Carol Isen and the Chief Medical Officer of San Francisco.


Russell Davis, Esq.

3

# EXHIBIT 4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GUARDADO, et al.,<br><br>    Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al<br>    Defendants, | Case No. 22-cv-04319-JSW<br><br>Dkt. No. 57<br><br>**ORDER GRANTING LIMITED CONSOLIDATION OF RELATED MATTERS** |
| THADDEUS SALEEM SHAHEED, et al<br><br>    Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al<br>    Defendants, | Case No. 22-cv-06013-JSW |
| DAVID GOZUM<br><br>    Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br>    Defendants, | Case No. 22-cv-03975-JSW |
| SELINA KEENE, et al.,<br><br>    Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al<br>    Defendants, | Case No. 22-cv-01587-JSW |

| | |
|---|---|
| DENISE ANGELINA DEBRUNNER, et al., <br><br>Plaintiff <br>v. <br>THE CITY AND COUNTY OF SAN FRANCISCO, et al <br><br>Defendants, | Case No. 22-cv-07455-JSW |
| APRIL MONEGAS, <br><br>Plaintiff, <br>v. <br>CITY AND COUNTY OF SAN FRANCISCO DEPARTMENT OF PUBLIC HEALTH <br><br>Defendants, | Case No. 22-cv-04633-JSW |
| JOSEPH COOK, <br><br>Plaintiff, <br>v. <br>CITY AND COUNTY OF SAN FRANCISCO, <br><br>Defendants, | Case No. 22-cv-07645-JSW |
| CHARLOTTE R. SANDERS, <br><br>Plaintiff, <br>v. <br>SAN FRANCISCO PUBLIC LIBRARY, et al <br><br>Defendants, | Case No. 23-cv-00211-JSW |

On May 12, 2023, Defendant City and County of San Francisco ("Defendant") moved to consolidate cases that had been (or were subsequently) related by this Court. (*See* Motion to Consolidate the Related Vaccine Cases ("Motion"), Case No. 22-cv-04319-JSW, Dkt. No. 57.) Defendant had failed to notice the Motion in all related cases and was therefore ordered to re-file a notice of the Motion in all related cases. (*See* Order dated June 14, 2023.) Defendant then filed an amended notice of the Motion in each of the cases ("Related Vaccine Cases"). Plaintiffs in each of the Related Vaccine Cases were thereby given adequate notice of the Motion and were given time to respond. The Court has now received responses from every plaintiff in each of the Related

2

Vaccine Cases.[1]  Accordingly, the Motion to Consolidate is ripe for decision.

The Court has carefully considered the Motion as well as every response to the Motion filed by each Plaintiff or Plaintiff group in each of the Related Vaccine Cases.  The Court finds that every one of the related cases involve overlapping factual issues regarding Defendant's COVID-19 vaccination policy and involve similar claims about the alleged failure of Defendant to accommodate Plaintiffs' religious beliefs and/or medical conditions.  In its initial case management conference in the Related Vaccine Cases, the Court instructed the parties to work together cooperatively in order to present the merits of their various claims in a manner that avoids redundant filings and preserves both judicial and the parties' resources.  The Court indicated that it would hear the Motion to Consolidate before conducting any further proceedings in these Related Vaccine Cases.[2]

The Court HEREBY ORDERS the Related Vaccine Cases shall be consolidated up to and including the Court's ruling on summary judgment motions, including for discovery and all motions, as follows:

(1) The consolidated cases shall all proceed with the same discovery and motion schedule, through and including summary judgment;

(2) Written discovery exchanged and depositions taken in any case shall be made available across all cases and shall be treated as if the discovery or deposition had been exchanged or taken originally in each case;

---

[1] Plaintiff Guardado filed his opposition in the then-consolidated 22-cv-04319-JSW/22-cv-06013-JSW matters (lead case no. 22-cv-04319-JSW) at Docket No. 58. Plaintiff Debrunner (originally case no. 22-cv-07455) filed her opposition in the same consolidated matter at Docket No. 66. Plaintiff Cook (case no. 22-cv-07645-JSW) filed his opposition in the same consolidated matter at Docket No. 70. Plaintiff Gozum (case no. 22-cv-03975) filed his opposition in the same consolidated matter at Docket No. 62. Plaintiffs Keene and Fountila (case no. 22-cv-01587-JSW) filed their opposition in their matter at Docket No. 72. Plaintiff Monegas (case no. 22-cv-04633-JSW) filed her opposition in her matter at Docket No. 37. Plaintiff Sanders (case no. 23-00211-JSW) filed her statement of non-opposition in her matter at Docket No. 35.

[2] The Court is cognizant that other active matters on the Northern District docket have been noticed as possibly related. (*See* Cases Nos. 23-cv-03139-DMR and 22-cv-09045-DMR.)  The Court is also cognizant that subsequent matters may be filed which may be noticed before this Court as possibly related. Accordingly, the Court finds that any subsequent case filed in the District that is determined to be related to the Related Vaccine Cases shall be subject to this Limited Consolidation Order.

(3) All discovery is REFERRED to Magistrate Judge Illman for resolution;

(4) **All submissions filed by any party in any Related Vaccine Case shall be filed <u>ONLY</u> in the earliest-filed lead case, *Keene v. City and County of San Francisco*, No. 22-cv-01587-JSW, commencing from the date of this Order and until the Court rules at summary judgment** (not including motions that have already been filed);

(5) All Related Vaccine Cases shall remain open on the Court's docket as member cases[3] (regardless, the Court reiterates that all parties' submissions shall be filed exclusively in *Keene v. City and County of San Francisco*, No. 22-cv-01587-JSW);

(6) All appearing counsel and all *pro se* parties shall be added to the service list for the Lead Case, *Keene v. City and County of San Francisco*, No. 22-cv-01587-JSW;

(7) All motions involving similar legal, factual, or discovery issues shall be coordinated to have the same hearing date, to the extent possible;

(8) The parties shall cooperate to reach workable agreements regarding motions, shall file consolidated briefs where possible, and shall avoid redundancy;

(9) As to any motion filed by Defendant jointly against all Plaintiff groups, each Plaintiff group shall have the right to file their own separate opposition to any such motion and/or may elect to file, in lieu of or in addition to a separate opposition, a joinder in other Plaintiff group opposition papers;

(10) As to any motions filed by a Plaintiff group against the Defendant addressing issues common to other Plaintiff groups, any Plaintiff group shall have the right to file their own supplemental moving papers and/or joinder in support of any such motion;

(11) As to cross-motions for summary judgment, the parties shall meet and confer and briefing shall be coordinated. The parties shall submit only four briefs for any cross-motion (opening, opposition/cross-motion opening, reply/cross-motion opposition, and

---

[3] The Court HEREBY VACATES the consolidation order dated March 13, 2023, in the 22-cv-04319-JSW/22-cv-06013-JSW matter (lead case no. 22-cv-04319-JSW at Docket No. 39). The Court re-opens Plaintiff Shaheed's case no. 22-cv-06013-JSW in order to have this order of limited consolidation apply to it in the same manner as all the other Related Vaccine Cases.

4

1  reply on cross motion);

2  (12)  All dispositive motions shall be coordinated to occur on the same hearing date
3  across all cases and each Plaintiff group or Defendant shall presumptively have the
4  right to file only one summary judgment motion per case (absent a showing of
5  exceptional cause for additional motions, including a separate motion on damages
6  issues, if necessary, after completion of damages discovery);

7  (13)  The Court shall consider any party's **reasonable** requests for extensions of a
8  particular hearing date or briefing schedule to allow the coordinated filing of
9  supplemental moving papers or separate opposition papers.

**IT IS SO ORDERED.**

Dated:   July 12, 2023

_____
JEFFREY S. WHITE
United States District Judge