Russell Davis (SBN 177959)
PACIFIC JUSTICE INSTITUTE
29 Lakewood Ave.
San Francisco, CA 94127
Tel. (415) 310-6575
rdavis@pji.org

*Attorney for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELINA KEENE, MELODY FOUNTILA, MARK MCCLURE, | ) Case No.: 4:22-cv-01587-JSW |
| | ) |
| Plaintiffs, | ) **DECLARATION OF RUSSELL DAVIS** ) **IN REPLY TO DEFENDANT'S** ) **OPPOSITION TO PLAINTIFFS'** |
| v. | ) **ADMINISTRATIVE MOTION TO** ) **ALLOW EXPEDITED DISCOVERY** ) **L.R. 6-3, 7-11** |
| CITY AND COUNTY OF SAN FRANCISCO; LONDON BREED, Mayor of San Francisco in her official capacity; CAROL ISEN Human Resources Director, City and County of San Francisco, in her official capacity; DOES 1-100, | ) ) ) ) Judge: The Honorable Jeffrey S. White ) |
| | ) ) Complaint filed: March 14, 2022 |
| Defendants. | ) Trial Date: None set ) |

1. I, Russell Davis, am the attorney of record for the Plaintiffs herein. I have personal knowledge of the facts in this declaration, and if called to testify about them, I would and could do so competently.

2. Defendant has misrepresented the scope of the requested relief in Plaintiffs' Administrative Motion. Quoting directly:

> Those depositions would be that of Defendant's Persons Most Knowledgeable (hereinafter PMKs) regarding imposition of the vaccine mandate, the scientific underpinnings of the mandate, the documents relied on when imposing the mandate, the administration of the mandate, the accommodations that were granted and those that were not and the reasons why, and the basis for the religious tests administered to the Plaintiffs, amongst other items to be determined. The deposition order is to include material witnesses subpoenaed by the Plaintiffs.

By claiming the Plaintiffs are overreaching, the Defendant would like this Court to ignore the fact that the requested discovery is on point with issues raised by the Preliminary Injunction Motion, i.e., "the accommodations that were granted and those that were not and the reasons why, and the basis for the religious tests administered to the Plaintiffs . . ." The failure of the Defendant to reasonably accommodate the Plaintiffs and its religious test designed to dispute the Plaintiffs' sincerity is directly on point with issues raised by the PI Motion. Further, if the vaccine mandate had no legitimate reason for existing in the first place, the whole issue of a PI would be moot.

3. The subpoenas that I discussed with opposing counsel are not at issue in the Administrative Motion for a simple reason—when and if they are issued, opposing counsel will have more than adequate time to move to quash them. By bringing the subject up now, the Defendant is attempting to unduly influence the Court's decisions. Opposing counsel's remark that Plaintiffs have an animus for the Mayor is not only wrong but was purposely designed to poison the well with this Court. On the merits, an apex witness can be deposed if there is no disruption to the orderly running of her administration or business. Plaintiffs merely pointed that out, with authority to back it up. The examples given to Defendant's counsel proved that the Mayor has time for a deposition. In short, there was no animus.

4. If the Court believes the Plaintiffs' Administrative Motion is overbroad, then the solution is to narrow their depositions to questions that concern failure to accommodate, sincerity of the Plaintiffs' beliefs, and their argument that loss of their careers constituted irreparable harm. PMKs were mentioned in their brief because other than CCSF, there are no named Defendants.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

Executed this 17th day of July 2023 in San Francisco, California.

/s/ Russell Davis
Russell Davis
PACIFIC JUSTICE INSTITUTE

*Attorney for Plaintiffs*