Hugo Torbet
Attorney at Law, SBN 147650
1 Harbor Dr., Suite 300
Sausalito, CA 94965
Telephone: (415) 986-9400
email: steadyrolling@gmail.com

Attorney for Plaintiff
Joseph Cook (22-07645)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:

| | | |
|---|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, | ) ) ) | No. 22-cv-01587-JSW |
| Contemnor. | ) ) | EX PARTE APPLICATION FOR ORDER TO SHOW CAUSE re:  CONTEMPT |
| SELINA KEENE, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| CITY AND COUNTY OF SAN FRANCISCO, et al., | ) ) ) | |
| Defendants. | ) ) | |
| AND CONSOLIDATED CASES. | ) ) | |

     Plaintiff Joseph Cook hereby applies ex parte for an order to show cause re:  contempt, and avers that:

     1.  On April 28, 2023, the court invoked General Order No. 71 and ordered the parties to comply with the order within ninety days.  (See, Docket No. 31, in Case No. 4:22-cv-07645-JSW.)

     2.  General Order No. 71 is clear and unambiguous in its

1  provisions, and all of them.  (Broderick v. Donaldson, 437 F.3d
2  1226, 1234 (DC Cir. 2006) [clear and ambiguous order foundation
3  of contempt proceeding]; and see, Static Media LLC v. Lender
4  Access. LLC, 38 F.4th 1042, 1045 (Fed. Cir. 2022) [first of three
5  elements of a civil contempt action].)
6      3.  General Order No. 71 requires the Contemnor to provide
7  specified information, (Exhibit A, p. 5,) and to produce
8  specified documents.  (Id., pp. 3-4; and see, Static Media LLC,
9  supra. [second element of a civil contempt action].)
10     4.  Mr. Cook and the Contemnor agreed in writing that their
11 mutual exchange of disclosures as required by General Order No.
12 71 would be on August 1, 2023.  (Dec. of H. Torbet, ¶ 5.)
13     5.  The Contemnor provided a statement on August 1, 2023,
14 purporting to comply with General Order No. 71.  (See, Exhibit
15 B.)
16     6.  The Contemnor's statement is deficient as to much of the
17 information which it is required to supply.  (C.f., Exhibit A, p.
18 4, with Exhibit B, 6:23-9:4.)  Moreover, the Contemnor failed to
19 provide any documents.  Instead, the Contemnor (1) objected to
20 General Order No. 71, (Exhibit B, 3:13-18,) (2) merely promised
21 to produce some of the required documents on some unspecified
22 future date, and then only if Mr. Cook concedes to some
23 unspecified (and unwarranted) "protective order," (see, e.g., Id,
24 at 3:22-24,) and (3) refers Mr. Cook to a few online resources on
25 the improper objection that the particular documents there are
26 "equally available" to him.  (See, e.g., 4:27-5:9.)  In short,
27 the Contemnor failed completely and brazenly to comply with
28 General Order No. 71.  (Static Media LLC, supra. [third element

1 of a civil contempt action].)

2     7. Accordingly, the evidence is indisputable that the Contemnor is in contempt of General Order No. 71. Furthermore, efforts to persuade the Contemnor to comply with the order were not successful. (Dec. of H. Torbet, ¶¶ 8-11.)

    8. An order to show cause is the proper means by which to initiate a civil contempt action. (K.M. v. Tehachapi Unified Sch. Dist., No. 117CV01431-LJO, 2020 WL 6145113, at 10 (E.D. Cal. Oct. 20, 2020).)

    9. A request for an order to show cause must meet the standard of civil contempt. (Eaconomy, LLC v. Auvoria Prime, LLC, 482 F.Supp.3d 1030, 1037 (ED Cal. 2020).)

    10. The evidentiary standard of a civil contempt is clear and convincing, and in this context, this standard is defined as that quantum of proof which is adequate to demonstrate to a reasonable certainty that a violation has occurred. (Levin v. Tiber Holding Corp., 277 F.3d 243, 250 (2nd Cir. 2002).) In this regard, the aggrieved party need not establish that the contemnor's violation was willful. (McComb v. Jacksonville Paper Co., 336 U.S. 187, 191 (1949).)

    11. The issuance of an order to show cause upon satisfactory proof of a prima facie case of contempt of court is a ministerial act, which is an authorized basis for an ex parte application. (Phillips & Stevenson, Federal Civil Procedure Before Trial (The Rutter Group) Motion Practice, ¶ 12.162.) It is the functional equivalent of the issuance of a summons, because it does nothing more than effect jurisdiction over the Contemnor.

1   12.  While the court has broad punitive powers in a contempt
2 proceeding, the fundamental purpose of such an action is
3 compliance with the order.  (Gompers v. Buck's Stove & Range
4 Company, 221 U.S. 418, 444 (1911).)  Hence, civil contempt serves
5 primarily to enforce the rights and remedies of a litigant in a
6 civil case.  (International Union, United Mine Workers of America
7 v. Bagwell, 512 U.S. 821, 837-838 (1994).)
8   13.  The Contemnor's lawyer is Mr. Taylor.  Mr. Taylor was
9 given more than 24 hours notice in writing that this ex parte
10 application would be filed.  (Dec. of H. Torbet, ¶ 12; and
11 Exhibit G.)  Mr. Taylor was informed of the exact relief which
12 would be sought.  (Exhibit G.)  In addition, Mr. Taylor was
13 invited to provide his position regarding this application, so
14 that it could be provided to the court.  (Ibid.)  Mr. Taylor did
15 not provide a position, except to exclaim that the Contemnor
16 "will oppose any ex parte application or other motion you
17 submit."  (Dec. of H. Torbet, ¶ 13.)
18    Needless to say, the more effective response would have been
19 that "No coercion is required because the City will comply with
20 General Order No. 71 immediately, completely, and without
21 equivocation," for example.
22    Wherefore, because the elements of an action for contempt of
23 court have been established by clear and convincing evidence, the
24 court should issue an order to the Contemnor to show cause why it
25 should not be held in contempt, and for the purpose of coercing
26 the Contemnor's compliance with General Order No. 71 without
27 further delay, equivocation, or evasiveness.
28    Note:  Mr. Cook does not seek any monetary relief in this

1  action.

2  Dated:  August 4, 2023

3                                          Respectfully submitted,

4                                          s/ Hugo Torbet

5                                          Attorney for Joseph Cook