UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| SELINA KEENE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No.  22-cv-01587-JSW (RMI) (Lead Case)<br><br>Case No. 22-cv-7645-JSW<br><br>**ORDER**<br><br>Re: Dkt. No. 105 |

Now pending before the court is an *ex parte* application for an order directing Defendant to show cause why it should not be held in contempt based on what appears to be a run of the mill disagreement between Plaintiff and Defendant regarding discovery (*see* dkts. 105, 106, 107, 108). There is more than one problem with Plaintiff's application. First, this is not a suitable matter for filing *ex parte*. *See* Civil L.R. 1-5(d) (defining the term as such: "*Ex parte* means contact with the Court without the advance knowledge or contemporaneous participation of all other parties."); *see also* Civil L.R. 7-10 ("Unless otherwise ordered by the assigned Judge, a party may file an *ex parte* motion, that is, a motion filed without notice to opposing party, only if a statute, Federal Rule, local rule, or Standing Order authorizes *ex parte* filing. The motion must include a citation to the statute, rule, or order which permits the use of an *ex parte* motion to obtain the relief sought.). This is not a suitable matter for contact with the Court without the advance knowledge or contemporaneous participation of the other Party. Moreover, Plaintiff's motion is improperly filed because it fails to include any citation to any authority that would permit use of an *ex parte* motion to obtain the relief sought. Then there is the fact that requesting immediate contempt sanctions at the outset of a discovery dispute, without first bringing the discovery dispute itself before the court

1  for adjudication, is also improper. Accordingly, Plaintiff's *ex parte* application (dkt. 105) is

2  **DENIED**.

3  If Plaintiff wishes to pursue adjudication of this discovery dispute, Plaintiff's counsel must first meet and confer with opposing counsel in a good faith effort to resolve or narrow the dispute. If after such good-faith efforts a discovery dispute continues to persist counsel may present that dispute for adjudication by way of a jointly-filed letter brief in the manner and form that is set forth in Paragraph 4 of the undersigned's General Standing Order.[1]

**IT IS SO ORDERED.**

Dated: August 7, 2023

ROBERT M. ILLMAN
United States Magistrate Judge

---

[1] *See* https://www.cand.uscourts.gov/wp-content/uploads/judges/illman-rmi/RMI-Standing-Order-Revised9-16-22.pdf.

2