

CITY AND COUNTY OF SAN FRANCISCO

DAVID CHIU
City Attorney

OFFICE OF THE CITY ATTORNEY

DANTÉ R. TAYLOR
Deputy City Attorney

Direct Dial: (415) 554-4208
Email: dante.taylor@sfcityatty.org

August 9, 2023

<u>Via ECF Delivery</u>

Magistrate Judge Robert M. Illman
Eureka-McKinleyville Courthouse
3140 Boeing Avenue
McKinleyville, CA 95519

      Re:    *Joseph Cook v. City and County of San Francisco, et al.*
               U.S. District Court, Northern District of California, Case No. 22-cv-07645-JSW
               (Lead Case: *Keene v. City and County of San Francisco*, No. 22-cv-01587-JSW)

Dear Judge Illman:

This case arises from Plaintiff Joseph Cook's claims that his former employer Defendant City and County of San Francisco (City) violated the Fair Employment and Housing Act (FEHA) and Title VII of the Civil Rights Act of 1964 by denying his request for religious exemption to the City's COVID-19 Vaccination Policy and releasing him from employment for failure to comply with the City's vaccination policy. This case has been consolidated with several related cases under lead case *Keene v. City and County of San Francisco*, No. 22-cv-01587-JSW. (See Dkt. 48.) The parties are currently engaged in exchanging initial disclosures and have reached disagreements regarding discovery in this matter. Despite efforts to informally address these disagreements, the parties are at an impasse.

The City attempted to meet and confer with Plaintiff's counsel as required by your General Standing Order, and as recently reiterated in your Order denying Plaintiff's Ex Parte Application for an Order to Show Cause re: Contempt (Dkt. 109), but Plaintiff's counsel has repeatedly and unambiguously refused to meet and confer regarding a joint letter brief. (Declaration of Danté R. Taylor [Taylor Decl.] ¶ 2.) On July 31, 2023, the City sent a letter by email to Plaintiff's counsel Hugo Torbet to meet and confer regarding a coordinated discovery plan, and informing him that if the parties could not reach agreement, the City intended to submit the dispute to the Court pursuant to Judge Illman's Standing Order. (Taylor Decl. ¶ 3, Exhibit 1.) Mr. Torbet replied that he did not see a reason to meet and confer, and instructed the City to "[f]ile a motion if you have to." (Taylor Decl. ¶ 3, Exhibit 1.) Based on his response, on August 4, 2023, the City emailed Mr. Torbet to meet and confer regarding preparing a joint letter brief to submit the parties' discovery dispute to the Court. (Taylor Decl. ¶ 4, Exhibit 1.) Again, Mr. Torbet declined to participate in a joint letter brief, stating he was "not going to do anything motion-wise or related thereto." (Taylor Decl. ¶ 4, Exhibit 1.) On August 7, 2023, following the Court's denial of Plaintiff Cook's ex parte application and order for the parties to submit any dispute via a jointly-filed letter brief (see Dkt. 109), the City again requested Mr. Torbet agree to prepare a joint letter brief. (Taylor Decl. ¶ 5, Exhibit 1.) Mr. Torbet replied that he would not agree to a joint brief, that he has "no faith at all in this judicial process," that he "won't ever bother with the magistrate

FOX PLAZA · 1390 MARKET STREET, 5TH FLOOR · SAN FRANCISCO, CALIFORNIA 94102-5408
RECEPTION: (415) 554-3900 · WWW.SFCITYATTORNEY.ORG

n:\labor\li2023\220410\01696499.docx

Judge Illman
Page 2
August 9, 2023

and his 'standing order,' which he apparently believes is a real order." (Taylor Decl. ¶ 5, Exhibit 1.)

Following these attempts to meet and confer with Plaintiff's counsel in good faith, the City now submits these issues to the Court for resolution.

**Issue 1: The City's Objections to Plaintiff Cook's Discovery Requests**

City's Statement of the Issue

Plaintiff served Interrogatories, Set One; Requests for Admissions, Set One; and Requests for Production of Documents, Set One on the City by mail on June 7, 2023. Much of Plaintiff's discovery appears to be directed towards political opinions and conspiracy theories rather than the legal issues involved in this litigation. For example, Plaintiff has asked the City to admit that the "SARS-CoV-2 virus never existed" (Plaintiff's Request for Admissions, Set One, No. 4); that "[t]he results of the pantomime of mask wearing, closing schools and churches, etc., which you imposed ostensibly in response to the alleged pandemic of the virus named, 'SARS-CoV-2,' establish that your response was a public policy disaster" (Plaintiff's Request for Admissions, Set One, No. 74); and that "[t]he most frightening thing in the Covid-19 crisis is that the people who created so much socio-economic disaster and human misery still have control of the levers of government" (Plaintiff's Request for Admissions, Set One, No. 75). The City's response to this discovery is due August 10, 2023. At the initial case management conference in the related vaccination cases on April 28, 2023, Judge White ordered the parties to provide initial disclosures pursuant to General Order 71, reset initial disclosure deadlines to July 27, 2023, and referred all discovery matters to Judge Illman. (See Dkt. 60.) Plaintiff and the City agreed to, and did, exchange disclosures on August 1, 2023.

The purpose of General Order 71 is for the parties to exchange "the most relevant information and documents early in the case" to help "plan for more efficient and targeted discovery." These initial disclosures should inform the parties regarding what additional information to seek through more focused, non-duplicative discovery requests.

The City began producing all non-privileged, non-confidential documents and information on July 27, 2023, and produced its written responses to General Order 71 on August 1, 2023. The City's initial document production contained over 1400 pages of documents responsive to General Order 71. The City anticipates its complete production will provide much, if not all, of what Plaintiff seeks through his prematurely served discovery requests to the City. As stated in the City's written responses, the City intends to supplement its disclosures as additional responsive information is discovered, and after entry of an appropriate protective order to protect confidential information, including that of each plaintiff in the related cases.

On July 12, 2023, when the Court ordered this and all related cases consolidated under *Keene* (No. 22-cv-01587-JSW), it ordered, among other things: (1) the parties are to "proceed with the same discovery and motion schedule, through and including summary judgment;" (2) "[w]ritten discovery exchanged and depositions taken in any case shall be made available across all cases and shall be treated as if the discovery or deposition had been exchanged or taken originally in each case;" and (3) all discovery matters remain referred to Judge Illman for resolution. (Dkt. 90, pp. 3-4.) Plaintiff has refused to enter into any kind of protective order, notwithstanding the Court's order that discovery be shared across cases.

CITY AND COUNTY OF SAN FRANCISCO                              OFFICE OF THE CITY ATTORNEY

Judge Illman
Page 3
August 9, 2023

Counsel for the City and most of the plaintiffs in the consolidated cases engaged in a productive meeting on August 4, 2023, in which they met and conferred regarding a discovery schedule and coordinated discovery process, which will include questionnaires propounded by the City on all plaintiffs, and coordinated written discovery and/or questionnaires propounded by plaintiffs on the City. The parties also discussed the possibility of deferring additional individual discovery requests until after the completion of coordinated discovery. Plaintiff Cook's counsel flatly refused to participate in the meet and confer session, stating in written correspondence that he was a "hard no" to the City's proposal to meet and confer on discovery.

The parties have not yet discussed a discovery and motion schedule with the Court, but based on the August 4, 2023 meet and confer session with other plaintiffs' counsel, the City anticipates that the City and the majority of plaintiffs in the consolidated action will seek a conference on discovery with the Court within the next 30 to 60 days. Moreover, in the Minute Order following the April 28, 2023 CMC, the Court expressly vacated the deadlines to respond to discovery served in related case *Gozum v. CCSF*, No. 22-cv-03975-JSW, and ordered that deadlines for outstanding discovery were to be addressed by Judge Illman. (See Dkt. 60.) The City contends this indicates the Court's intent for Judge Illman to set the schedule for any additional discovery, which has not yet occurred. Plaintiff's discovery requests therefore do not comply with the consolidation order's requirement of a unified discovery schedule, and should be withdrawn and coordinated amongst the other plaintiffs.

City's Final Position

The City requests the Court vacate all deadlines for the City to respond to Plaintiff's previously propounded discovery and order Plaintiff to withdraw the previously propounded discovery in light of the consolidation order. The issue of whether and when the parties may propound additional individual written discovery on each other should be addressed at a joint discovery conference with the Court. This will prevent plaintiffs in the consolidated cases from serving discovery requests that are cumulative and duplicative of General Order 71 and of requests served by other plaintiffs. This will also support all parties having access to the same discovery information throughout this litigation.

**Issue 2: The City's Request for Entry of a Protective Order Prior to Production of Confidential Documents and Information**

City's Statement of the Issue

As a further matter, the City has met and conferred with Plaintiff's counsel Mr. Torbet on several occasions regarding entering into a protective order prior to production of documents in the consolidated cases. Because General Order 71 requires the City to produce the Plaintiff's personnel file, we need a protective order in place prior to producing these and any other confidential materials to all parties in the consolidated cases to protect each plaintiff's personnel information. To date, Mr. Torbet has refused to enter into a protective order, even one based on the Northern District's model protective order. The City's initial document production does not contain any private or confidential information, but the City has already collected these materials for Plaintiff and is prepared to produce them upon execution and entry of an appropriate protective order. The City seeks the Court's intervention on this dispute.

CITY AND COUNTY OF SAN FRANCISCO                    OFFICE OF THE CITY ATTORNEY

Judge Illman
Page 4
August 9, 2023

City's Final Position

The City requests the Court order the parties in the consolidated cases to either enter into a stipulated protective order for confidential information and documents, or to submit proposed protective orders to the Court for the Court's consideration and determination.

                                      Respectfully submitted,

                                      DAVID CHIU
                                      City Attorney
                                      JONATHAN C. ROLNICK
                                      Chief Labor Attorney
                                      AMY D. SUPER
                                      LAUREN E. WOOD
                                      DANTÉ R. TAYLOR
                                      Deputy City Attorneys


                      By: */s/ Danté R. Taylor*
                                      DANTÉ R. TAYLOR

                                      Attorneys for Defendant
                                      CITY AND COUNTY OF SAN FRANCISCO