1  DAVID CHIU, State Bar #189542
   City Attorney
2  JONATHAN C. ROLNICK, State Bar #151814
   LAUREN E. WOOD, State Bar #280096
3  ADAM SHAPIRO, State Bar #245368
   Deputy City Attorneys
4  Deputy City Attorneys
   Fox Plaza, 1390 Market Street, 7th Floor
5  San Francisco, California 94102-5408
   Telephone:    (415) 554-4261 (Wood)
6                (415) 554-3830 (Shapiro)
   Facsimile:    (415) 554-4699
7  E-Mail:       lauren.wood@sfcityatty.org
                 adam.shapiro@sfcityatty.org
8
   Attorneys for Defendant
9  CITY AND COUNTY OF SAN FRANCISCO

10

11                  UNITED STATES DISTRICT COURT

12               NORTHERN DISTRICT OF CALIFORNIA

13

14  SELINA KEENE, MELODY FOUNTILA,      Case No. 22-cv-01587-JSW
    MARK MCCLURE,
15                                      **DECLARATION OF DANTÉ R. TAYLOR IN**
          Plaintiffs,                   **SUPPORT OF DEFENDANT CITY AND**
16                                      **COUNTY OF SAN FRANCISCO'S LETTER**
          vs.                           **BRIEF RE DISCOVERY**
17  CITY and COUNTY OF SAN FRANCISCO    Related Case Nos.:
18                                      4:22-cv-03975-JSW
          Defendant.                    4:22-cv-04319-JSW
19                                      4:22-cv-04633-JSW
                                        4:22-cv-06013-JSW
20                                      4:22-cv-07455-JSW
                                        4:22-cv-07645-JSW
21                                      4:23-cv-00211-JSW

22                                      Filed:         March 14, 2022
23                                      Trial Date:    None set

24

25

26

27

28

DECLARATION OF DANTÉ R. TAYLOR                          n:\labor\li2022\220836\01696487.docx
CASE NO. 22-cv-01587-JSW
                                   1

1    I, Danté R. Taylor, declare:

2    1.    I am an attorney duly licensed to practice law before the courts of the State of

3 California. I am a Deputy City Attorney with the San Francisco City Attorney's Office, counsel of

4 record for Defendant City and County of San Francisco (City) in this action. I have personal

5 knowledge of the facts set forth below, and if called as a witness in this matter, I could and would

6 competently testify thereto under oath.

7    2.    The City has attempted to meet and confer with Plaintiff's counsel regarding submitting

8 a joint letter brief regarding the parties' discovery dispute, but Plaintiff's counsel has refused to

9 prepare a joint letter brief.

10    3.    On July 31, 2023, the City emailed a letter to Plaintiff's counsel to meet and confer

11 regarding a coordinated discovery plan, and informing counsel that the City would submit the dispute

12 to the Court if the parties could not reach agreement. That day, Plaintiff's counsel declined to meet and

13 confer and instructed the City to "[f]ile a motion if you have to." Attached as Exhibit 1 is a true and

14 correct copy of this email conversation.

15    4.    On August 4, 2023, I emailed Plaintiff's counsel to meet and confer regarding

16 preparing a joint letter brief to submit to the Court pursuant to Judge Illman's Standing Order. That

17 day, Plaintiff's counsel declined to participate in preparing a joint letter brief, stating he was "not

18 going to do anything motion-wise or related thereto." A true and correct copy of this email

19 conversation is also included in Exhibit 1.

20    5.    On August 7, 2023, following the Court's denial of Plaintiff's ex parte application and

21 order for the parties to submit any dispute by way of a jointly-filed letter brief, I again emailed

22 Plaintiff's counsel to request that he participate in preparing a joint letter brief. That day, Plaintiff's

23 counsel replied that he did not agree to prepare a joint letter brief, that he has "no faith at all in this

24 judicial process," and that he "won't ever bother with the magistrate and his 'standing order,' which he

25 apparently believes is a real order." A true and correct copy of this email conversation is also included

26 in Exhibit 1.

27

28

DECLARATION OF DANTÉ R. TAYLOR                                              n:\labor\li2022\220836\01696487.docx
CASE NO. 22-cv-01587-JSW

1    I declare under penalty of perjury under the laws of the State of California and the United

2    States of America, that the foregoing is true and correct. Executed August 9, 2023, in San Francisco,

3    California.

4

5                                                      _/s/ Danté R Taylor_____

6                                                      DANTÉ R. TAYLOR

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

| | |
|---|---|
| **From:** | H. Torbet |
| **To:** | Taylor, Dante (CAT) |
| **Subject:** | Re: Cook (220410) USDC NDCA Case No. 22-cv-07645-JSW |
| **Date:** | Monday, August 7, 2023 5:19:04 PM |
| **Attachments:** | image002.jpg |
| | image003.jpg |
| | image004.jpg |

No, I don't agree.  I will be filing a Rule 72 motion, and if that is denied, I will ask the Ninth Circuit for relief.

Your client is in violation of a court order.  This is not a discovery dispute.  This is a contempt of court.

And just so that we are on the same page, I have no faith at all in this judicial process. As to the magistrate himself, who appears never to have even practiced law, my sense is that his obvious career ambitions make him dependent upon the goodwill of the establishment, which is the government, the insurance companies, and the corporate defense bar.  Even if he and I agreed on the same vocabulary, he probably is constitutionally unable to understand anything I say.  This dynamic is compounded by the nature of this case, which is a tremendous threat to the power structure.  My sense, and I could be wrong, is that this case is pretty much fixed.

When I was young, I had a suppression hearing for a young black man.  The cop testified that he could see cocaine in a brown bag, at night, from 500 yards away, with no binoculars.  I argued that what the cop, a sworn peace officer, claimed, under oath, was impossible.  No one can see through paper.  But the judge, who had nodded along with the cop's testimony, found that because the cop said that he had four hours training at the police academy on how to identify cocaine, he was an expert, so that his testimony was credible.  The judge then upheld the search and seizure.

We went all the way to the Supreme Court, and not one esteemed member of the judiciary would do anything to help this guy, who was just a few years younger than me.  The trial court is in the best position to evaluate the evidence, blah, blah, blah.

I had gone to my university, and he would be going off to his.  On officially sanctioned lies.  He wound up dying young, but I saw him many times over the years, and he was always in good spirits.

Another case is even worse:  An old black lady got swindled in an aluminum siding scam.  She wound up losing title to her home, and a scumbag lawyer took what was left of her savings to do nothing.  By the time she got to me, all she had left was a 473

motion.  But this should have been enough.  It was outrageous what happened.

I went to the courthouse to meet the fat old white men.  They tried to tell me what the law was.  I argued to the judge, another fat old white man, that the relevant law was what written in the books; not in the papers of the thieves.  But it didn't do any good. That judge is now one of the most respected jurists in CA, if you can believe that.

Again, I carried the case all the way to the Supreme Court, but no one would listen.

When it was over, I had to tell the client the result.  I heard a gasp on the other end of the telephone line.  She died that night.

I could go on with these stories.  It makes me sick.  That's the price of principle and idealism.  But I'm not a quitter.  You might win this case, but you're going to have a fight.  On every legal point.

I'm never going to waste any time with that magistrate.  The key to this case is to get it to a jury.  I am persuaded that the courts aren't going to do one thing to help the employees, and most likely, will do everything they possibly can to throw the case in favor of the government.  As far as I can tell, discovery from the government will probably be at the government's discretion, so I anticipate preparing for trial without any discovery.  Not that I won't ask.  I just won't ever bother with the magistrate and his "standing order," which he apparently believes is a real order, unlike General Order No. 71, which he apparently interprets as a suggestion.

I'm not judging anyone.  As I mentioned before, everyone has to make his own choices, and these are usually dictated by the stack of bills on the kitchen table.  This, in turn, creates cognitive dissonance which controls interpretation of facts.  For example, most people still believe that the mRNA injections are "safe and effective," despite the overwhelming evidence to the contrary.

On Mon, Aug 7, 2023 at 4:04 PM Taylor, Dante (CAT) <Dante.Taylor@sfcityatty.org> wrote:

> Hugo,
>
>
> In light of Judge Illman's order today denying your ex parte application and ordering the parties to submit a jointly-filed letter brief in compliance with his General Standing Order, I am writing again to see if you will agree to prepare a joint letter brief on the discovery dispute between Plaintiff Cook and the City. Please confirm by close of business tomorrow, or the City will proceed with filing its own letter brief.

Kind Regards,

Danté



**Danté R. Taylor**

Deputy City Attorney

Office of City Attorney David Chiu

(415) 554-4208 Direct

www.sfcityattorney.org

*Please note: Due to our hybrid work schedule, email is the best way to reach me.*

CONFIDENTIALITY NOTICE: This electronic message transmission contains information that may be confidential or protected by the attorney-client privilege and/or the attorney work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this communication in error, please notify me immediately by email and delete the original message.

**From:** H. Torbet <steadyrolling@gmail.com>
**Sent:** Friday, August 4, 2023 8:19 PM
**To:** Taylor, Dante (CAT) <Dante.Taylor@sfcityatty.org>
**Subject:** Re: Cook (220410) USDC NDCA Case No. 22-cv-07645-JSW

I'm trying to understand this.

You promised that you would respond on August 10, 2023, to discovery which was properly propounded months ago.

Are you reneging on your agreement?  Or were you just conning me from the jump?

Why don't you just argue that you should not be required to provide any discovery?  That would be a lot simpler, since it would lay bare exactly what is going on.  Who knows, that Magistrate might even grant your request.

As far as me, I'm not going to do anything motion-wise or related thereto until there is a ripe controversy.  This means that you have not met your discovery obligations.  In that event, formal proceedings will be initiated.  I have the address of the court, and I am sick of this bullshit.  You're wasting more time arguing about responding than it would take to respond.

So go ahead and do whatever you think is best.  I'm not going to get into your drama.

P.S.  I'm writing this email down on my time log.

On Fri, Aug 4, 2023 at 7:26 PM Taylor, Dante (CAT) <Dante.Taylor@sfcityatty.org> wrote:

> Hugo,
>
> In light of your response below to the City's attempts to meet and confer regarding discovery, and your recent objections to the City's initial disclosures, these issues are ripe for submission to Judge Illman. Pursuant to Judge Illman's standing order (attached), the parties are to submit a joint letter brief to him regarding the disputed issues. The City is

prepared to submit a letter brief to Judge Illman early next week and can provide a shell template for Plaintiff's portions of the brief. The joint brief is limited to a maximum of five pages total. Will you agree to submit a joint letter brief with the City next week?

Please confirm by close of business Monday, August 7. If I do not hear from you by then, the City will proceed with submitting its own letter brief to Judge Illman.

Kind Regards,

Danté



**Danté R. Taylor**

Deputy City Attorney

Office of City Attorney David Chiu

(415) 554-4208 Direct

www.sfcityattorney.org

*\*Please note: Due to our hybrid work schedule, email is the best way to reach me.*

CONFIDENTIALITY NOTICE: This electronic message transmission contains information that may be confidential or protected by the attorney-client privilege and/or the attorney work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this communication in error, please notify me immediately by email and delete the original message.

**From:** H. Torbet <steadyrolling@gmail.com>
**Sent:** Monday, July 31, 2023 3:24 PM
**To:** Taylor, Dante (CAT) <Dante.Taylor@sfcityatty.org>
**Subject:** Re: Cook (220410) USDC NDCA Case No. 22-cv-07645-JSW

Meet and confer about what?

I served discovery requests in the proper form under the lawful discovery processes of the court, which are in place for several policy reasons, including getting at the truth and streamlining the dispute.

Further, I granted you a thirty day extension upon your request, which you seemed reluctant to make, preferring to jive me into "withdrawing" the requests on some specious rationale which I still don't understand.

Unless you can identify some specific order or statutory provision which renders my first set of discovery requests improper, I must insist that your client respond -- hopefully with facts and not meritless, boilerplate objections. Everyone's playing footsie and otherwise dragging their feet. However, this is a federal case.  There will be a trial, and the date will be upon us sooner than we expect it.  I cannot indulge any unwarranted delays without risking my client's right to a fair trial.

File a motion if you have to.  My position is firm.

Hugo Torbet

On Mon, Jul 31, 2023 at 3:15 PM Taylor, Dante (CAT) <Dante.Taylor@sfcityatty.org> wrote:

> Hugo,

My letter was an attempt to meet and confer regarding a discovery plan in compliance with the Court's consolidation order. We are not, as you suggest, trying to avoid responding to discovery. Despite your accusations, there is nothing "devious" about meeting and conferring on a discovery plan, and the City is not obstructing justice. My letter specifically refers to the relevant portions of both the April 28, 2023 CMC minute order, and the consolidation order that relate to the discovery process. I also have suggested you review the City's initial disclosures, which we have agreed will be served tomorrow, before serving discovery requests that address information covered by our initial disclosures.

As you are aware, our co-defense counsel from Seyfarth Shaw is scheduling a call with all counsel this week to discuss a discovery plan for the consolidated cases. I encourage you to participate in this discussion once a date is confirmed.

Kind Regards,

Danté



**Danté R. Taylor**

Deputy City Attorney

Office of City Attorney David Chiu

(415) 554-4208 Direct

www.sfcityattorney.org

*Please note: Due to our hybrid work schedule, email is the best way to reach me.*

CONFIDENTIALITY NOTICE: This electronic message transmission contains information that may be confidential or protected by the attorney-client privilege and/or the attorney work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this communication in error, please notify me immediately by email and delete the original message.

**From:** H. Torbet <steadyrolling@gmail.com>

**Sent:** Monday, July 31, 2023 2:40 PM
**To:** Baltodano, Latricia (CAT) <Latricia.Baltodano@sfcityatty.org>
**Cc:** Taylor, Dante (CAT) <Dante.Taylor@sfcityatty.org>
**Subject:** Re: Cook (220410) USDC NDCA Case No. 22-cv-07645-JSW


I don't understand this, except as to your desire not to respond to discovery because truthful responses will help Mr. Cook win his case.


1.  Is there a court order staying discovery processes?


2.  Is there a court order requiring the parties to get some kind of approval from the Magistrate before commencing the taking of discovery?


I can see the deviousness in this from a mile away.  I realize that this is how you play, but ultimately your objective is to obstruct justice, and that's offensive to me.


Hugo Torbet

Sausalito

(415) 986-9400


On Mon, Jul 31, 2023 at 2:14 PM Baltodano, Latricia (CAT) <Latricia.Baltodano@sfcityatty.org> wrote:

> Counsel,
>
> The attached letter has been sent to you at the request of Dante Taylor, counsel for

Defendant City and County of San Francisco.

Best regards,



**Latricia Baltodano**

Legal Secretary

Office of City Attorney David Chiu

(415) 554-3866 Direct

www.sfcityattorney.org