## Hugo Torbet

Attorney at Law
1 Harbor Dr., Suite 300
Sausalito, CA 94965
Telephone: (415) 986-9400

hugotorbet.com                                    steadyrolling@gmail.com

August 10, 2023

<u>By electronic transmission</u>

Hon. Robert M. Illman
United States Magistrate Judge
3140 Boeing Ave.
McKinleyville, CA 95519

        Re:  <u>Cook v. San Francisco</u>, Case No. 22-07645

Dear Magistrate Judge Illman,

        I apologize for a separate letter on the issues raised by
the government's lawyer, Mr. Taylor.  He has a habit of
unilateral activity where the rules call for joint action, e.g.,
filing one side case management statements, submitting proposed
orders with no process, etc.  More-and-more, it appears that he
is of the belief that his office enjoys an unwritten exemption
from the rules.

        In any event, in deciphering his letter, Mr. Taylor's
concerns appear to be four, although they are blended together,
and are, disappointingly, advanced with half-truths.  Under
Federal Rule of Evidence 106, I have attached our complete
correspondence related to his issues.  This correspondence is
labeled as Exhibits 2 to 5, and is paginated as 6 to 35.

        <u>First</u>, Mr. Taylor has articulated difficulties with Mr.
Cook's first set of written discovery requests.  (Exhibit 2, p.
7.)  His initial argument was that because other lawyers might
ask the same questions, I should wait on my requests until they
made theirs.  (Ibid.)  He also argued that I should withdraw my
discovery requests, because he would be providing a great deal of
the relevant evidence in his compliance with General Order No.
71.  (Id., pp. 7 and 9.)

        In the course of this, he also said that he wanted a
discovery conference under your standing order.  (Id., pp. 7 and
9.)

        I told him that as an ethical matter, I could not rely on
other lawyers to prepare my client's case, (Id., pp. 10-11,) and
I explained the <u>obvious</u> reasons why.  (Ibid.)  Further, I stated
to him that I didn't see any "dispute."  (Ibid.)  Discovery had
been properly propounded.  (Id., p. 10)  However, I also stated
to him that if he wished to discuss it, I was available, and if
he wished to address concerns to the magistrate court, he was
free to get started on the paperwork.  (Id., p. 11.)

Hon. Robert M. Illman
August 10, 2023
Page Two

I do recall that we had a telephone conversation, but my recollection is that it did not lead either to any agreement or to any further contention(s).  Notably, Mr. Taylor did not again raise the need for a discovery conference with the magistrate court on this particular matter.

Second, Mr. Taylor's ongoing difficulties with my first set of discovery requests eventually lead to a request for an extension of time to August 10, 2023, to respond.  (Exhibit 3-A, p. 13.)  Of course I agreed, (Id., p. 14,) with the provision only that we were agreeing on complete responses.  (Ibid.)  Mr. Taylor promised that his "responses will be as responsive as possible."  (Id., p. 15.)

About ten days before his promised responses, Mr. Taylor wrote a convoluted and ultimately disingenuous argument re-hashing his earlier argument why I should withdraw the discovery requests.  (Exhibit 3-B, pp. 17-18.)  I responded that I did not understand his position, (Id., p. 19,) and asked him directly whether there is an order either (1) that discovery is stayed, (Id., ¶ 1,) or (2) that the discovery process is dependent upon some further order from the magistrate court.  (Id., ¶ 2.)

Mr. Taylor did not respond directly to my questions.  (Id., p. 20.)  As a result, I reiterated that I expected him to honor his promise and his client's legal obligations, and to respond to the discovery requests.  (Id., p. 21.)

In response to this, Mr. Taylor stated that he would be preparing a letter for a magistrate conference, and then sending it to me for my contribution.  (Id., p. 22.)  However, as with the earlier matter, Mr. Taylor did not follow through on this threat.  More to the point, he did not do anything in terms of preparing for a magistrate conference.

What is not clear to me is whether or not this current conflagration created with his letter to you is part of the same hysteria, or whether its source is a fresh panic.  All of it together does appear to be part and parcel of consistent behavior towards a preference not to provide any discovery at all.  This, in turn, appears to be borne of an arrogance that Mr. Taylor's office believes that it enjoys a double-standard:  It is entitled to the benefits of the discovery laws, but it does not bear the burdens of those laws.  (See, Cal. Civil Code § 3521.)

Third, there is the matter of the failure of Mr. Taylor's client to comply with General Order No. 71.  Upon this failure to provide the material which Mr. Taylor had repeatedly assured me would render my first set of discovery requests redundant, I contacted him, and demanded immediate compliance.  (Exhibit 4, p.

Hon. Robert M. Illman
August 10, 2023
Page Three

25.)

Mr. Taylor did not respond.  As a result, I wrote him a second time, and offered him the choice of a magistrate conference or a contempt proceeding.  (Id., p. 26.)  Again, he did not respond.  As a result, I informed him that I would be proceeding with a contempt proceeding.  (Id., p. 27.)

In this latter communication, I stated that if he wished for me to inform the court of his position, he should provide it to me, and I would do so.  (Ibid.)  He responded merely that his client would be opposing the application.  (Id., p. 28.)

After you denied Mr. Cook's ex parte application, Mr. Taylor asked whether I was interested in a magistrate conference about his client's contempt of court.  (Id., p. 30.)  I told him that I was not interested, because I would be pursuing relief through the formal processes of the law.  (Id., p. 31.)

My response was consistent with your order which expressly (and correctly) left the decision of how best to proceed with Mr. Cook's grievance related to the government's violation of General Order No. 71 to me.  (See, Docket No. 109, 2:3 ["If plaintiff wishes to pursue adjudication of his discovery dispute, ..."].)

Fourth, Mr. Taylor has asked me several times to enter a protective order of unlimited and unspecified scope, and granting to him, a person who has worked relentlessly to convince me that he cannot be trusted, the unilateral authority to designate anything and everything as subject to the terms of that protective order.  (See, e.g., Exhibit 5, p. 34.)  I have told him, on the phone, on video, and in emails, that I would not agree to a blanket protective order.  (Id., p. 35.)  However, I have assured him on multiple occasions, and always consistently, that if he has some specific information or documentation which he believes should be subject to a protective order, he could rely on me to take his concerns seriously.  (Ibid.; see also, Exhibit 2, p. 10.)

I also recall that on one of the calls, I proposed to him that if he ever had some material which he believed should be subject to a protective order, I would go to his office, so that we could look at it together, and discuss whether or not a protective order is required.  He scoffed at this offer, and stated only that my proposal was "inefficient," without elaborating.

In fact, I recall that I actually made this offer to him twice, because my thought after the first time, was that Mr. Taylor had not understood what I said.

Hon. Robert M. Illman
August 10, 2023
Page Four

Now, as to a protective order, the law is settled that a litigant who wants one has the burden of making a clear showing of a "particular and specific" need for one.  (Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).)  On this high standard, there is nothing material whatsoever before you which would warrant the imposition of a protective order of any kind or form.

But more than this, it is inappropriate to argue about such a serious matter in this cursory format.  Such an important matter should be fully briefed in formal proceedings, so that everyone's rights, including Mr. Cook's, are respected, and the potential for caprice and sloppiness is held at bay.  The legal process works most effectively when things are done slowly and carefully thought through.

As to the other three issues, I am having a very difficult time seeing an actual "discovery dispute" articulated in Mr. Taylor's letter.  What I see, instead, is a manufactured drama, and a not very subtle effort to end-run the Due Process Clause.

1.  Mr. Taylor's client did not comply with General Order No. 71.  This is my problem; not his.  I will deal with this in the manner which in my judgment, is the most appropriate.  In this endeavor, I will abide all of the relevant rules.

2.  Likewise, Mr. Taylor appears prepared to renege on his promise to respond to outstanding discovery requests.  If this occurs, and the delinquency fails to resolve in a manner satisfactory to me and consistent with my client's rights and interests, I will abide all of the relevant rules in order to obtain appropriate redress, if that is the best course.

3.  Last, Mr. Taylor appears not to comprehend the order consolidating these cases.  (See, Docket No. 90.)  District Judge White did not stay discovery; nor did he order that the plaintiffs' discovery would be collectivized; nor did he order that all discovery requests to the City be sorted out or approved in advance by you, or by the City.

What District Judge White ordered was merely that all of the cases would be on the same schedule through summary judgment, (Id., 3:15-16,) and that the parties should serve one another with their discovery requests (and responses).  (Id., 3:17-19.)

What District Judge White plainly did not order was a merger of all of the separate lawsuits into a single action.  Indeed, such an order would have been contrary to precedent.  (Enterprise Bank v. Saettele, 21 F.2d 233, 235 (8th Cir. 1994).)  As a result, each case remains separate from the others, (J.G. Link &

Hon. Robert M. Illman
August 10, 2023
Page Five

<u>Co. v. Continental Casualty Co.</u>, 470 F.2d 1133, 1138 (9th Cir.
1974); and see, <u>Johnson v. Manhattan Railway. Co.</u>, 289 U.S. 479,
496-497 (1933),) with, and this is really very super important,
plaintiff's counsel in each case remaining ethically obligated to
prepare his or her case for the benefit of his or her client(s).

　　　If Mr. Taylor wishes for some other order, including the one
he has fantasized, he should present his issues and requests in
formal proceedings.  This case is important enough that a formal
record should be made of every contested issue, and certainly of
all issues as significant as the statutory rights of the parties
to discovery from one another.

　　　In passing, let me note that months-and-months have already
slipped by, and the City has thusfar provided absolutely no
discovery, despite repeated assurances from Mr. Taylor that the
production of significant evidence is imminent.  Thus, it is fair
to infer that the clear strategy on the part of the City is to
delay (or avoid) the disclosure of relevant evidence in order to
prejudice its former employees.

　　　These underhanded tactics should not be indulged in any
manner or to any degree.  It is bad faith incarnate.  Further, if
Mr. Cook's right to discovery continues to be impaired so that he
is not able to be ready for trial, a continuance of the trial
date should be freely available.

　　　To discharge my ethical obligations of diligence, I started
on this discovery process months ago, and we're still here at
Square One having a puerile argument about whether or not the law
even requires the City to respond.

　　　This is ridiculous.  The people in the City Attorney Office
are not stupid.  They can read the law.  They know what is
required of them.

　　　To sum up, there is not, at this time, as far as I can tell,
a discovery dispute between the parties which requires your
attention.  However, if you are persuaded otherwise, and wish to
conduct proceedings on Mr. Taylor's letter, or on any other
foundation, please set a motion schedule, so that all judicial
actions related to my client's rights are orderly, fair, and
correct.

　　　　　　　　Yours truly,

　　　　　　By electronic transmission

　　　　　　　Hugo Torbet

Exhibit 2

 **Gmail**

H. Torbet <steadyrolling@gmail.com>

## Cook v. CCSF (220410): Meet and Confer re: Plaintiff's Discovery

Taylor, Dante (CAT) <Dante.Taylor@sfcityatty.org>                                         Tue, Jun 20, 2023 at 3:31 PM
To: Hugo Torbet <steadyrolling@gmail.com>
Cc: "Spiers, Victoria (CAT)" <Victoria.Spiers@sfcityatty.org>, "Super, Amy (CAT)" <Amy.Super@sfcityatty.org>, "Shapiro, Adam (CAT)" <Adam.Shapiro@sfcityatty.org>

Hugo,

I am writing regarding Plaintiff Joseph Cook's discovery requests to the City and County of San Francisco (City), which you served on the City by mail on June 7, 2023. Plaintiff's discovery includes Interrogatories, Set One; Requests for Production of Documents, Set One; and Requests for Admission, Set One. I would like to meet and confer with you regarding these requests.

As you are aware, the City has filed a motion to consolidate all related cases and the motion is pending before Judge White in the related case *Guardado v. City and County of San Francisco*, Case No. 4:22-cv-04319-JSW (Dkt. #57). The related cases involve very similar claims by the plaintiffs and will involve discovery of documents and information germane to all of the related cases. I have reviewed Plaintiff's discovery requests and many of them seek information and/or documents that would likely be requested by plaintiffs in the other related cases. Additionally, the parties' initial disclosures are due July 27, 2023, and the City will already be producing documents and information responsive to the Court's General Order 71. Pursuant to General Order 71, its purpose is for the parties to exchange "the most relevant information and documents early in the case" to help "plan for more efficient and targeted discovery."

The City believes it would be more efficient to hold any additional discovery until after the motion to consolidate is decided, and after initial disclosures have been exchanged and Plaintiff has had a chance to determine what additional documents and information he seeks.

Pursuant to Judge Illman's standing orders (see attached), the parties are to meet and confer regarding any discovery dispute, and within five business days of their meet and confer session, file a joint letter (maximum 5 pages) explaining the dispute and each side's position. Please let me know your availability for a conference call this week to discuss this matter. I have availability Wednesday 6/21 9:00am to 10:00am or 1:00pm to 2:00pm; Thursday 6/22 2:00pm to 5:00pm; and Friday 6/23 11:00am to 2:00pm or 3:00pm to 5:00pm.

Kind Regards,

7

 Gmail

H. Torbet <steadyrolling@gmail.com>

---

## Cook v. CCSF (220410): Meet and Confer re: Plaintiff's Discovery

---

**H. Torbet** <steadyrolling@gmail.com>                                    Tue, Jun 20, 2023 at 3:43 PM
To: "Taylor, Dante (CAT)" <Dante.Taylor@sfcityatty.org>

Dante, I'm trying to understand your position as something other than just not wanting to answer, because you're busy with other things or whatever.

It seems that your position is that other people might eventually ask for the same material, so I should wait on preparing my client's case until they do so.

Also, you seem to suggest that you may produce some of the material on your own, or you may not, i.e., the more likely scenario, so again, I should just wait and see what you produce until I start preparing my client's case.

Is that it?  Or have I missed something?

I don't see how this is grounds for a protective order, so I don't see how this is a "dispute" warranting the magistrate's attention.

If you need an extension to answer, you should ask for that, instead of trying to bullshit me into needless procedures.


Hugo Torbet
Lawyer
Sausalito
[Quoted text hidden]

 **Gmail**                                          H. Torbet <steadyrolling@gmail.com>

## Cook v. CCSF (220410): Meet and Confer re: Plaintiff's Discovery

**Taylor, Dante (CAT)** <Dante.Taylor@sfcityatty.org>                    Tue, Jun 20, 2023 at 4:14 PM
To: "H. Torbet" <steadyrolling@gmail.com>
Cc: "Spiers, Victoria (CAT)" <Victoria.Spiers@sfcityatty.org>, "Super, Amy (CAT)" <Amy.Super@sfcityatty.org>, "Shapiro, Adam (CAT)" <Adam.Shapiro@sfcityatty.org>

Hugo,

As I mentioned in my email, the City will be providing information and documents to Plaintiff pursuant to General Order 71 next month. The point of our request to hold additional discovery is to avoid any duplicative or repetitive discovery by allowing the parties a chance to serve and review initial disclosures first. Any additional discovery the parties propound would then be focused on any information and/or documents not already produced in initial disclosures. I believe that is the goal of General Order 71. Some of Plaintiff's current discovery requests are likely to be unnecessary after the parties exchange initial disclosures pursuant to General Order 71.

Are you willing to schedule a call/Webex call to further discuss this matter?

Kind Regards,

Danté

**Danté R. Taylor**
Deputy City Attorney
Office of City Attorney David Chiu

(415) 554-4208 Direct

www.sfcityattorney.org

[Quoted text hidden]

**9**

 **Gmail**

H. Torbet <steadyrolling@gmail.com>

---

### Cook v. CCSF (220410): Meet and Confer re: Plaintiff's Discovery

---

**H. Torbet** <steadyrolling@gmail.com>
To: "Taylor, Dante (CAT)" <Dante.Taylor@sfcityatty.org>

Wed, Jun 21, 2023 at 10:05 AM

Dante, I told you on April 7, 2023, that you can call me anytime about anything.

What you're asking of me would be unethical for me to agree to. First, I cannot agree to let other people conduct my discovery. Second, I cannot agree not to act with diligence in preparing my case.

I realize that fundamentally you want me to help you win, but this is obviously out of the question.

Lawyers can look in the books to find the rules of court, and they can believe that those are the rules. But those aren't the real rules. Sometime when I'm even older, I will publish the Real Rules of Court. Part of this depends on thinking of a format which does not involve "war stories," which are the most boring kind of lawyer books.

Rule No. 2 is that "The rules only matter when they want to screw you."

Let me tell you something: After more than thirty years of representing regular people in court, civil plaintiffs and criminal defendants, the courts want to screw people. Many judges even take delight in this. It is part of the pathology of power. This is not a moral judgment. This is just an anthropological fact. More importantly, it is fact that a lawyer in my position must be ever-mindful of. On the other hand, you as a government lawyer, have all of the advantages on your side. Pretty much, the courts will do whatever you want them to.

One of the easiest way for a lawyer like me to fuck up a case is not to act with diligence in discovery, thinking that if there's a problem later with a deadline, the court will understand and "liberally" construe the discovery statutes so as to effectuate substantial justice between the parties. Nothing could be further from the truth. If I don't have my case ready when the jury is called, the judge will laugh at me, and advise my client to sue for malpractice.

If you need a visual, watch the scene in "The Verdict," in which Frank asks the judge for an extension after the insurance company bribes his expert witness.

I don't see a "dispute" here. I properly propounded discovery requests in the proper form and in conformance with all of the applicable rules. You simply do not want to answer them, because you perceive that doing so will make it more difficult for you to win this case.

As far as I can tell, there isn't a legally plausible basis for a protective order. Further, as I noted above, for me to agree with you to essentially withdraw these requests would be unethical (and negligent).

**10**

If you see a "dispute," and if you want to address it to the magistrate, you can go ahead to get started on the papers.  Also, if the rules require us to "meet and confer," I am always available to talk with you.  The best times to call are around 10:00 a.m. or after 5:00 p.m. every day of the week, holidays included.  The inside line is (415) 563-7234.

Note further:  I don't usually write emails down in my time log, in view of Justice Blackmun's advice in <u>Hensley</u>; however, you are wasting my time, so I'm going to add this into my time log of this case.

Hugo Torbet
Lawyer
Sausalito
(415) 986-9400
[Quoted text hidden]

**11**

Exhibit 3-A

 **Gmail**                                H. Torbet <steadyrolling@gmail.com>

---

**Cook v. CCSF (220410): Meet and Confer re: Plaintiff's Discovery**

**Taylor, Dante (CAT)** <Dante.Taylor@sfcityatty.org>                Mon, Jul 3, 2023 at 3:17 PM
To: "H. Torbet" <steadyrolling@gmail.com>
Cc: "Spiers, Victoria (CAT)" <Victoria.Spiers@sfcityatty.org>

Hugo,

I am writing to further meet and confer regarding Plaintiff's Interrogatories, Set One; Request for Admissions, Set One; and Request for Production of Documents, Set One. The City's responses are currently due July 10, 2023. We are requesting an extension to respond to these requests by August 10, 2023 to provide us additional time to search for responsive information and documents. Please let me know if Plaintiff will grant this request.

Kind Regards,

Danté

**Danté R. Taylor**

Deputy City Attorney

Office of City Attorney David Chiu

(415) 554-4208 Direct

www.sfcityattorney.org

CONFIDENTIALITY NOTICE: This electronic message transmission contains information that may be confidential or protected by the attorney-client privilege and/or the attorney work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this communication in error, please notify me immediately by email and delete the original message.

[Quoted text hidden]

 **Gmail**                                              H. Torbet <steadyrolling@gmail.com>

## Cook v. CCSF (220410): Meet and Confer re: Plaintiff's Discovery

**H. Torbet** <steadyrolling@gmail.com>                              Mon, Jul 3, 2023 at 3:27 PM
To: "Taylor, Dante (CAT)" <Dante.Taylor@sfcityatty.org>

That sounds alright, if I have your assurance that you're going to be as responsive as possible, and that I'm not going to get the usual thousand boilerplate objections with very little information included.

I've been trying to figure out what is actually in dispute in this case, and these discovery requests are tailored to narrow the issues, if possible.

P.S.  I'm not a "I told you so" person, but I remind you that I suggested you just ask for an extension when we went through all of that anxiety a few weeks ago.
[Quoted text hidden]

14

 Gmail

H. Torbet <steadyrolling@gmail.com>

## Cook v. CCSF (220410): Meet and Confer re: Plaintiff's Discovery

**Taylor, Dante (CAT)** <Dante.Taylor@sfcityatty.org>
To: "H. Torbet" <steadyrolling@gmail.com>
Cc: "Spiers, Victoria (CAT)" <Victoria.Spiers@sfcityatty.org>

Mon, Jul 3, 2023 at 4:47 PM

Hugo,

Our responses will be as responsive as possible, and we reserve our right to make objections. Thank you for granting the extension.

[Quoted text hidden]



**image001.png**
32K

Exhibit 3-B



CITY AND COUNTY OF SAN FRANCISCO

DAVID CHIU
City Attorney

OFFICE OF THE CITY ATTORNEY

DANTÉ R. TAYLOR
Deputy City Attorney

Direct Dial:   (415) 554-4208
Email:         dante.taylor@sfcityatty.org

July 31, 2023

**VIA ELECTRONIC MAIL ONLY**

Hugo Torbet
1 Harbor Dr., Suite 300
Sausalito, CA 94965
steadyrolling@gmail.com

      Re:    *Joseph Cook v. City and County of San Francisco, et al.*
             U.S. District Court, Northern District of California, Case No. 22-cv-07645-JSW

Dear Mr. Torbet:

Our office is in r–eceipt of discovery Plaintiff Joseph Cook served on Defendant City and
County of San Francisco (City) in the above-referenced case. Specifically, Plaintiff served
Interrogatories, Set One; Requests for Admissions, Set One; and Requests for Production of
Documents, Set One by mail on June 7, 2023. The City's response to this discovery is due
August 10, 2023. At the initial case management conference in the related vaccination cases on
April 28, 2023, Judge White ordered the parties to provide initial disclosures pursuant to General
Order 71, reset initial disclosure deadlines to July 27, 2023, and referred all discovery matters to
Judge Illman. (See dkt. 31.) I note, that Plaintiff and the City have agreed to exchange initial
disclosures by August 1, 2023.

Pursuant to General Order 71, its purpose is for the parties to exchange "the most relevant
information and documents early in the case" to help "plan for more efficient and targeted
discovery." The City will be producing documents and information responsive to General Order
71 shortly and we anticipate this production will provide much, if not all, of what Plaintiff seeks
through his prematurely served discovery requests to the City. These initial disclosures should
inform the parties regarding what additional information to seek through more focused, non-
duplicative discovery requests.

Additionally, on July 12, 2023, the Court ordered this and all related cases consolidated under
lead case *Keene v. City and County of San Francisco*, No. 22-cv-01587-JSW. (See dkt. 48.)
Pursuant to that order, the parties are to "(1) …proceed with the same discovery and motion
schedule, through and including summary judgment;" "(2) Written discovery exchanged and
depositions taken in any case shall be made available across all cases and shall be treated as if
the discovery or deposition had been exchanged or taken originally in each case;" and all
discovery matters remain referred to Judge Illman for resolution. (*Id.*, at pp. 3-4.) The parties
have not yet discussed a discovery and motion schedule with Judge Illman. Moreover, in the
Minute Order following the April 28, 2023 CMC, the Court expressly vacated the deadlines to
respond to discovery served in related case *Gozum v. CCSF*, No. 22-cv-03975-JSW, and ordered
that deadlines for outstanding discovery were to be addressed by Judge Illman. (See dkt. 31.)
This indicates the Court's intent for Judge Illman to set the schedule for any additional
discovery, which has not yet occur–red. Plaintiff's discovery requests therefore do not comply

FOX PLAZA · 1390 MARKET STREET, 7TH FLOOR · SAN FRANCISCO, CALIFORNIA 94102-5408
RECEPTION: (415) 554-3900 · FACSIMILE: (415) 554-4248

n:\labor\li2023\220410\01694264.docx

17

CITY AND COUNTY OF SAN FRANCISCO                    OFFICE OF THE CITY ATTORNEY

Letter to **Error! Reference source not found.**
Re: *Cook v. CCSF*
Page 2
July 31, 2023

with the consolidation order's requirement of a unified discovery schedule. Accordingly, the City requests Plaintiff withdraw his previously served discovery requests, without prejudice to raise the matter with Judge Illman.

As a further matter, the City has met and conferred with you regarding entering into a protective order prior to producing documents in the consolidated cases. General Order 71 requires the City to produce the Plaintiff's personnel file, and we need a protective order in place prior to producing these materials to all parties in the consolidated cases to protect each plaintiff's personnel information. To date, you have refused to enter into a protective order, even one based on the Northern District's model protective order. We believe this matter should be discussed with all parties before submitting the matter to Judge Illman.

We will meet and confer with all counsel in the consolidated cases to discuss a discovery plan and a stipulated protective order, and to discuss scheduling a hearing with Judge Illman. On July 26, 2023, the City's co-defense counsel from Seyfarth Shaw emailed all counsel to schedule a conference on this topic within the next week. We look forward to working together with you to reach an agreement on the most efficient way to proceed with discovery. To that end, please confirm by August 4, 2023, whether Plaintiff will withdraw his previously served discovery. If the parties are unable to reach agreement on this discovery, the City will submit this issue to Judge Illman pursuant to the procedures laid out in his Standing Orders.

Very truly yours,

DAVID CHIU
City Attorney

DANTÉ R. TAYLOR
Deputy City Attorney

 **Gmail**

H. Torbet <steadyrolling@gmail.com>

---

## Cook (220410) USDC NDCA Case No. 22-cv-07645-JSW

---

**H. Torbet** <steadyrolling@gmail.com>                                  Mon, Jul 31, 2023 at 2:39 PM
To: "Baltodano, Latricia (CAT)" <Latricia.Baltodano@sfcityatty.org>
Cc: "Taylor, Dante (CAT)" <Dante.Taylor@sfcityatty.org>

I don't understand this, except as to your desire not to respond to discovery because truthful responses will help Mr. Cook win his case.

1. Is there a court order staying discovery processes?

2. Is there a court order requiring the parties to get some kind of approval from the Magistrate before commencing the taking of discovery?

I can see the deviousness in this from a mile away. I realize that this is how you play, but ultimately your objective is to obstruct justice, and that's offensive to me.

Hugo Torbet
Sausalito
(415) 986-9400
[Quoted text hidden]

**19**

 **Gmail**

H. Torbet <steadyrolling@gmail.com>

---

## Cook (220410) USDC NDCA Case No. 22-cv-07645-JSW

---

**Taylor, Dante (CAT)** <Dante.Taylor@sfcityatty.org>
To: "H. Torbet" <steadyrolling@gmail.com>
Cc: "Baltodano, Latricia (CAT)" <Latricia.Baltodano@sfcityatty.org>, "Spiers, Victoria (CAT)"
<Victoria.Spiers@sfcityatty.org>, "Shapiro, Adam (CAT)" <Adam.Shapiro@sfcityatty.org>, "Wood, Lauren (CAT)"
<Lauren.Wood@sfcityatty.org>, "Kelley, Maura (CAT)" <Maura.Kelley@sfcityatty.org>

Mon, Jul 31, 2023 at 3:15 PM

Hugo,


My letter was an attempt to meet and confer regarding a discovery plan in compliance with the
Court's consolidation order. We are not, as you suggest, trying to avoid responding to discovery.
Despite your accusations, there is nothing "devious" about meeting and conferring on a
discovery plan, and the City is not obstructing justice. My letter specifically refers to the relevant
portions of both the April 28, 2023 CMC minute order, and the consolidation order that relate to
the discovery process. I also have suggested you review the City's initial disclosures, which we
have agreed will be served tomorrow, before serving discovery requests that address
information covered by our initial disclosures.


As you are aware, our co-defense counsel from Seyfarth Shaw is scheduling a call with all
counsel this week to discuss a discovery plan for the consolidated cases. I encourage you to
participate in this discussion once a date is confirmed.


Kind Regards,


Danté


**Danté R. Taylor**
Deputy City Attorney
Office of City Attorney David Chiu

(415) 554-4208 Direct

www.sfcityattorney.org


*\*Please note: Due to our hybrid work schedule, email is the best way to reach me.*

**20**

 **Gmail**

H. Torbet <steadyrolling@gmail.com>

---

**Cook (220410) USDC NDCA Case No. 22-cv-07645-JSW**

---

**H. Torbet** <steadyrolling@gmail.com>
To: "Taylor, Dante (CAT)" <Dante.Taylor@sfcityatty.org>

Mon, Jul 31, 2023 at 3:23 PM

==Meet and confer about what?==

I served discovery requests in the proper form under the lawful discovery processes of the court, which are in place for several policy reasons, including getting at the truth and streamlining the dispute.

Further, I granted you a thirty day extension upon your request, which you seemed reluctant to make, preferring to jive me into "withdrawing" the requests on some specious rationale which I still don't understand.

==Unless you can identify some specific order or statutory provision which renders my first set of discovery requests improper, I must insist that your client respond --== hopefully with facts and not meritless, boilerplate objections. Everyone's playing footsie and otherwise dragging their feet. However, this is a federal case. There will be a trial, and the date will be upon us sooner than we expect it. I cannot indulge any unwarranted delays without risking my client's right to a fair trial.

File a motion if you have to. My position is firm.

Hugo Torbet
[Quoted text hidden]

21

 Gmail

**H. Torbet <steadyrolling@gmail.com>**

---

## Cook (220410) USDC NDCA Case No. 22-cv-07645-JSW

---

**Taylor, Dante (CAT)** <Dante.Taylor@sfcityatty.org>                                    Fri, Aug 4, 2023 at 7:26 PM
To: "H. Torbet" <steadyrolling@gmail.com>
Cc: "Spiers, Victoria (CAT)" <Victoria.Spiers@sfcityatty.org>, "Wood, Lauren (CAT)" <Lauren.Wood@sfcityatty.org>,
"Super, Amy (CAT)" <Amy.Super@sfcityatty.org>, "Shapiro, Adam (CAT)" <Adam.Shapiro@sfcityatty.org>


Hugo,


In light of your response below to the City's attempts to meet and confer regarding discovery, and your recent objections to the City's initial disclosures, these issues are ripe for submission to Judge Illman. Pursuant to Judge Illman's standing order (attached), the parties are to submit a joint letter brief to him regarding the disputed issues. The City is prepared to submit a letter brief to Judge Illman early next week and can provide a shell template for Plaintiff's portions of the brief. The joint brief is limited to a maximum of five pages total. Will you agree to submit a joint letter brief with the City next week?


Please confirm by close of business Monday, August 7. If I do not hear from you by then, the City will proceed with submitting its own letter brief to Judge Illman.

[Quoted text hidden]

---

**2 attachments**



**image001.png**
32K

🗎 **RMI-Standing-Order-Revised9-16-22-2.pdf**
113K

 Gmail

**H. Torbet <steadyrolling@gmail.com>**

---

## Cook (220410) USDC NDCA Case No. 22-cv-07645-JSW

---

**H. Torbet** <steadyrolling@gmail.com>
To: "Taylor, Dante (CAT)" <Dante.Taylor@sfcityatty.org>
Bcc: Joe Cook <cookjj75@gmail.com>

Fri, Aug 4, 2023 at 8:19 PM

I'm trying to understand this.

You promised that you would respond on August 10, 2023, to discovery which was properly propounded months ago.

Are you reneging on your agreement?  Or were you just conning me from the jump?

Why don't you just argue that you should not be required to provide any discovery?  That would be a lot simpler, since it would lay bare exactly what is going on.  Who knows, that Magistrate might even grant your request.

As far as me, I'm not going to do anything motion-wise or related thereto until there is a ripe controversy.  This means that you have not met your discovery obligations.  In that event, formal proceedings will be initiated.  I have the address of the court, and I am sick of this bullshit. You're wasting more time arguing about responding than it would take to respond.

So go ahead and do whatever you think is best.  I'm not going to get into your drama.

P.S.  I'm writing this email down on my time log.
[Quoted text hidden]

Exhibit 4

 **Gmail**

H. Torbet <steadyrolling@gmail.com>

---

### Keene v. San Francisco

---

H. Torbet <steadyrolling@gmail.com>                                      Wed, Aug 2, 2023 at 9:43 AM
To: "Taylor, Dante (CAT)" <Dante.Taylor@sfcityatty.org>

Dante, yesterday was the day for you to comply with General Order No. 71. It was not the day
on which you would promise to comply with it, and then only in the manner in which you chose
to.

This is to demand that you immediately produce all documents required by General Order No.
71. Moreover, this is to demand that if you are asserting privileges as to any of the order's
requirements, you produce a privilege log in sufficient specificity for review of your objections by
the Magistrate.

I note finally that this behavior undermines your argument that I should withdraw my first set of
discovery requests, because your compliance with General Order No. 71 would provide much of
the requested information. Indeed, it validates my pessimism/ cynicism that you could not be
relied on to respond to the discovery process in good faith.


Hugo Torbet
Lawyer
Sausalito
(415) 986-9400

 Gmail

H. Torbet <steadyrolling@gmail.com>

**Keene v. San Francisco**

**H. Torbet <steadyrolling@gmail.com>**
To: "Taylor, Dante (CAT)" <Dante.Taylor@sfcityatty.org>

Wed, Aug 2, 2023 at 1:03 PM

Dante, it appears that I have a choice upon your flagrant refusal to comply with a lawful order of the court. I can raise this matter as a discovery dispute, or I can file papers to have your client held in contempt.

I'm leaning towards the latter. However, if you prefer to address the matter to the Magistrate as a discovery dispute, we should have a telephone call to try to resolve the delinquency and to make arrangements for the preparation of a joint letter.

If you do not respond to this invitation, I will ask the court for a contempt citation.

Hugo Torbet
Lawyer
Sausalito
(415) 986-9400

 **Gmail**

H. Torbet <steadyrolling@gmail.com>

---

## Keene v. San Francisco

---

H. Torbet <steadyrolling@gmail.com>
To: "Taylor, Dante (CAT)" <Dante.Taylor@sfcityatty.org>

Wed, Aug 2, 2023 at 5:17 PM

Dante, not having heard from you after I invited a meet and confer related to your client's wilful contempt of General Order No. 71, I will proceed with the institution of a contempt proceeding.

I will do this by ex parte application filed on Friday morning. The evidence, i.e., the probable cause for issuance of process, will consist of my affidavit verifying that General Order No. 71 was expressly invoked by the district judge, that you had notice of the order, and that you failed to comply with the order. The affidavit will further verify that I promptly contacted you to persuade you to comply, and that you both refused to do so and also rejected (by not accepting) my proposal to discuss the matter.

The ex parte procedure is not very clear in federal court; however, I do believe that it is the best practice is to solicit your response or objection to this proposed action, and to include any such in my affidavit. Accordingly, please let me know your position by the close of business tomorrow, if you'd like me to inform the court of it.

The application will request that the court issue an order to show cause to your client why it should not be held in contempt for wilful disobedience of General Order No. 71. The application will be accompanied by both the aforedescribed affidavit and a short brief with the relevant authority for the proposed action.

The proceeding will not seek any monetary relief or penalties. It will seek only compliance with General Order No. 71. I will also be reserving the right to delay the trial and any dispositive proceedings to the extent required by your intentional abuse of the discovery processes. However, you should be aware that the court retains the inherent authority to fine your client quite a bit of money on a daily basis.

Again, this application will be filed first thing Friday morning.

Hugo Torbet
Lawyer
Sausalito
(415) 986-9400

 **Gmail**

H. Torbet <steadyrolling@gmail.com>

## RE: Keene v. San Francisco (Cook; 220410)

**Taylor, Dante (CAT)** <Dante.Taylor@sfcityatty.org>                    Thu, Aug 3, 2023 at 6:53 PM
To: "H. Torbet" <steadyrolling@gmail.com>
Cc: "Shapiro, Adam (CAT)" <Adam.Shapiro@sfcityatty.org>, "Wood, Lauren (CAT)" <Lauren.Wood@sfcityatty.org>,
"Super, Amy (CAT)" <Amy.Super@sfcityatty.org>, "Spiers, Victoria (CAT)" <Victoria.Spiers@sfcityatty.org>

Hugo,

The City will oppose any ex parte application or other motion you submit tomorrow.

Danté

**Danté R. Taylor**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-4208 Direct
www.sfcityattorney.org

**From:** H. Torbet <steadyrolling@gmail.com>
**Sent:** Thursday, August 3, 2023 5:36:12 PM
[Quoted text hidden]

[Quoted text hidden]

28

 Gmail

H. Torbet <steadyrolling@gmail.com>

---

## RE: Keene v. San Francisco (Cook; 220410)

---

**H. Torbet** <steadyrolling@gmail.com>
To: "Taylor, Dante (CAT)" <Dante.Taylor@sfcityatty.org>

Fri, Aug 4, 2023 at 8:15 AM

---

That's an understandable response.

However, a more effective one might have been that no coercion is required because the City will comply with General Order No. 71 immediately, completely, and without equivocation.

At least the facades are down.

[Quoted text hidden]

 Gmail

H. Torbet <steadyrolling@gmail.com>

## Cook (220410) USDC NDCA Case No. 22-cv-07645-JSW

**Taylor, Dante (CAT)** <Dante.Taylor@sfcityatty.org>
To: "H. Torbet" <steadyrolling@gmail.com>
Cc: "Spiers, Victoria (CAT)" <Victoria.Spiers@sfcityatty.org>, "Shapiro, Adam (CAT)" <Adam.Shapiro@sfcityatty.org>, "Wood, Lauren (CAT)" <Lauren.Wood@sfcityatty.org>, "Super, Amy (CAT)" <Amy.Super@sfcityatty.org>

Mon, Aug 7, 2023 at 4:04 PM

Hugo,

In light of Judge Illman's order today denying your ex parte application and ordering the parties to submit a jointly-filed letter brief in compliance with his General Standing Order, I am writing again to see if you will agree to prepare a joint letter brief on the discovery dispute between Plaintiff Cook and the City. Please confirm by close of business tomorrow, or the City will proceed with filing its own letter brief.

[Quoted text hidden]

**image001.png**
32K

 Gmail                                    H. Torbet <steadyrolling@gmail.com>

**Cook (220410) USDC NDCA Case No. 22-cv-07645-JSW**

H. Torbet <steadyrolling@gmail.com>                         Mon, Aug 7, 2023 at 5:18 PM
To: "Taylor, Dante (CAT)" <Dante.Taylor@sfcityatty.org>

No, I don't agree.  I will be filing a Rule 72 motion, and if that is denied, I will ask the Ninth
Circuit for relief.

Your client is in violation of a court order.  This is not a discovery dispute.  This is a contempt of
court.

And just so that we are on the same page, I have no faith at all in this judicial process.  As to the
magistrate himself, who appears never to have even practiced law, my sense is that his obvious
career ambitions make him dependent upon the goodwill of the establishment, which is the
government, the insurance companies, and the corporate defense bar.  Even if he and I agreed on
the same vocabulary, he probably is constitutionally unable to understand anything I say.  This
dynamic is compounded by the nature of this case, which is a tremendous threat to the power
structure.  My sense, and I could be wrong, is that this case is pretty much fixed.

When I was young, I had a suppression hearing for a young black man.  The cop testified that he
could see cocaine in a brown bag, at night, from 500 yards away, with no binoculars.  I argued
that what the cop, a sworn peace officer, claimed, under oath, was impossible.  No one can see
through paper.  But the judge, who had nodded along with the cop's testimony, found that
because the cop said that he had four hours training at the police academy on how to identify
cocaine, he was an expert, so that his testimony was credible.  The judge then upheld the search
and seizure.

We went all the way to the Supreme Court, and not one esteemed member of the judiciary would
do anything to help this guy, who was just a few years younger than me.  The trial court is in the
best position to evaluate the evidence, blah, blah, blah.

I had gone to my university, and he would be going off to his.  On officially sanctioned lies.  He
wound up dying young, but I saw him many times over the years, and he was always in good
spirits.

Another case is even worse:  An old black lady got swindled in an aluminum siding scam.  She
wound up losing title to her home, and a scumbag lawyer took what was left of her savings to do
nothing.  By the time she got to me, all she had left was a 473 motion.  But this should have been
enough.  It was outrageous what happened.

I went to the courthouse to meet the fat old white men.  They tried to tell me what the law was.
I argued to the judge, another fat old white man, that the relevant law was what written in the
books; not in the papers of the thieves.  But it didn't do any good.  That judge is now one of the
most respected jurists in CA, if you can believe that.

Again, I carried the case all the way to the Supreme Court, but no one would listen.

When it was over, I had to tell the client the result.  I heard a gasp on the other end of the telephone line.  She died that night.

I could go on with these stories.  It makes me sick.  That's the price of principle and idealism.  But I'm not a quitter.  You might win this case, but you're going to have a fight.  On every legal point.

I'm never going to waste any time with that magistrate.  The key to this case is to get it to a jury.  I am persuaded that the courts aren't going to do one thing to help the employees, and most likely, will do everything they possibly can to throw the case in favor of the government.  As far as I can tell, discovery from the government will probably be at the government's discretion, so I anticipate preparing for trial without any discovery.  Not that I won't ask.  I just won't ever bother with the magistrate and his "standing order," which he apparently believes is a real order, unlike General Order No. 71, which he apparently interprets as a suggestion.

I'm not judging anyone.  As I mentioned before, everyone has to make his own choices, and these are usually dictated by the stack of bills on the kitchen table.  This, in turn, creates cognitive dissonance which controls interpretation of facts.  For example, most people still believe that the mRNA injections are "safe and effective," despite the overwhelming evidence to the contrary.
[Quoted text hidden]

Exhibit 5

 Gmail

H. Torbet <steadyrolling@gmail.com>

---

**Cook v. CCSF (220410): Meet and Confer re: Plaintiff's Discovery**

---

**Taylor, Dante (CAT)** <Dante.Taylor@sfcityatty.org>                    Mon, Jul 24, 2023 at 3:45 PM
To: "H. Torbet" <steadyrolling@gmail.com>
Cc: "Spiers, Victoria (CAT)" <Victoria.Spiers@sfcityatty.org>

Hugo,


In light of the Court's recent order consolidating the related vaccine cases and instructing the parties to share discovery with all parties, I am writing to revisit my previous request that Plaintiff enter into a stipulated protective order. Pursuant to General Order 71, part of the documents the City must include in initial disclosures is Plaintiff's personnel file. I think it makes sense for the parties to have a protective order in place prior to producing these documents. I have attached the Northern District's model protective order which I propose we agree to use in this case. Let me know if Plaintiff will stipulate to enter into a protective order prior to exchange of initial disclosures later this week.


Kind Regards,


Danté


**Danté R. Taylor**

Deputy City Attorney

Office of City Attorney David Chiu

(415) 554-4208 Direct

www.sfcityattorney.org


*Please note: Due to our hybrid work schedule, email is the best way to reach me.*


CONFIDENTIALITY NOTICE: This electronic message transmission contains information that may be confidential or protected by the attorney-client privilege and/or the attorney work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this communication in error, please notify me immediately by email and delete the original message.

[Quoted text hidden]

 Gmail

H. Torbet <steadyrolling@gmail.com>

---

## Cook v. CCSF (220410): Meet and Confer re: Plaintiff's Discovery

---

H. Torbet <steadyrolling@gmail.com>                                     Tue, Jul 25, 2023 at 10:11 AM
To: "Taylor, Dante (CAT)" <Dante.Taylor@sfcityatty.org>
Bcc: Joe Cook <cookjj75@gmail.com>

1. I don't see any reason to have a protective order at this point.

As I have stated to you multiple times, if you have specific information or documents which your office believes should be subject to a protective order, you can rely on me to take your office's legitimate concerns seriously. While trials and the evidence adduced therein are public, discovery proceedings are not part of the trial, and therefore not public. My last interest is in running to the press with the "smoking gun" evidence of the City's corruption. However, I can understand why your office might have a legitimate concern to conceal some of the evidence of the history of the mismanagement in the Covid-19 pantomime, and I will respect the processes of the court system.

By the same token, your office should consider very seriously the benefit of coming clean with the public. No one trusts the government, and not only is this the government's own fault, but it is also highly damaging to the democracy, to the very essence of the democratic process. But I am not naive enough to believe that any government actor will ever own up to his or her own mistakes. It's just not how things work.

2. I also don't see how this proposed protective order would assist my client with his interests. I realize that your generation doesn't really understand the concept of privacy. However, privileges do exist in the law, and at least in theory, the courts will still enforce them. (Time will tell.) More to the point: How would a protective order between our clients protect my client from the improper use of his personal information by other people who are not subject to the order but to whom you have disclosed it?

3. Mr. Cook does not authorize you to release any of his confidential or private information to anyone else, including any lawyer in or party to the various cases which were consolidated by Judge White pursuant to his somewhat ambiguous order of a few weeks ago. I suggest in the strongest terms possible that you tread lightly in this regard.

[Quoted text hidden]

35