DAVID CHIU, State Bar #189542
City Attorney
LAUREN E. WOOD, State Bar #280096
ADAM M. SHAPIRO, State Bar #267429
Deputy City Attorneys
1390 Market Street, 5th Floor
San Francisco, California 94102-5408
Telephone:      (415) 554-4261 (Wood)
                (415) 554-3830 (Shapiro)
Facsimile:      (415) 554-4699
E-Mail:         lauren.wood@sfcityatty.org
                adam.shapiro@sfcityatty.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELINA KEENE, MELODY FOUNTILA, MARK MCCLURE, | Case No. 4:22-cv-01587-JSW |
| Plaintiffs, | **ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |
| vs. | **(Civil L.R. 3-12(b) and 7-11)** |
| CITY and COUNTY OF SAN FRANCISCO | Judge:          Hon. Jeffrey S. White |
| Defendant. | Trial Date:     None set. |

Admin. Motion to Relate Cases
CASE NO. 4:22-cv-01587-JSW

n:\labor\li2022\220836\01697079.docx

1

## INTRODUCTION

The City and County of San Francisco (the "City") respectfully asks the Court to consider whether the above-captioned action (the "*Keene* Action") is related to a later filed action: *Royce v. City and County of San Francisco*, N.D. Cal. Case No. 3:23-cv-03643-TSH (the "*Royce* Action").

The Court previously related nine other actions to the *Keene* Action: *Gozum v. City and County of San Francisco*, No. 4:22-cv-03975-JSW (the "*Gozum* Action"); *Guardado, et al. v. City and County of San Francisco*, No. 4:22-cv-04319-JSW (the "*Guardado* Action"); *Shaheed, et al. v. City and County of San Francisco*, No. 4:22-cv-06013-JSW (the "*Shaheed* Action"); *Debrunner, et al. v. City and County of San Francisco, et al. (Debrunner* Action*)*, No. 4:22-cv-07455-JSW; *Cook v. City and County of San Francisco*, No. 4:22-cv-07645-JSW (the "*Cook* Action"); *Sanders v. San Francisco Public Library*, No. 4:23-cv-00211-JSW (the "*Sanders* Action"); *Monegas v. City and County of San Francisco Department of Public Health*, No. 4:22-cv-04633-JSW (the "*Monegas* Action"); *Rodriguez v. City and County of San Francisco*, No. 4:23-cv-03139-JSW (the "*Rodriguez* Action"); *Yancey v. City and County of San Francisco*, No. 4:23-cv-09045-JSW (the "*Yancey* Action") (collectively "Related Vaccine Actions"). The recently filed *Royce* Action bears a substantially similar relationship to *Keene* as the Related Vaccine Actions and likewise should be related.

The *Royce* Action was brought by a former City employee who alleges he was terminated for failure to comply with the City's COVID-19 vaccination policy. *See* Declaration of Lauren E. Wood ("Wood Decl.") Ex. 1 (Royce Complaint).  Like the plaintiffs in the *Keene* Action and many of the other Related Vaccine Actions — including *Cook*, *Debrunner*, *Gozum*, *Guardado*, and *Shaheed*, — Royce asserts claims under the California Fair Employment and Housing Act ("FEHA") and Title VII of the Civil Rights Act of 1964 ("Title VII") based on the City's alleged failure to grant a religious exemption from the City's vaccination policy. Wood Decl. Ex. 1.

On May 12, 2023, the City filed a motion to consolidate the *Keene* Action and the first seven Related Vaccine Actions.[1] Wood Decl. ¶ 4. On July 12, 2023, the Court granted the City's motion to

---

[1] The *Rodriguez* Action was not yet pending in this District at the time the motion to consolidate was filed. The *Yancey* Action had been filed but not served, and the City was unaware that it was pending at the time the motion was filed. Wood Decl. ¶ 5.

Admin. Motion to Relate Cases
CASE NO. 4:22-cv-01587-JSW

n:\labor\li2022\220836\01697079.docx

2

consolidate and ordered that all Related Vaccine Actions shall be consolidated up to and including the Court's ruling on summary judgment motions, including for discovery and all motions ("Limited Consolidation Order" Dkt. 90). Wood Decl. ¶ 5, Ex. 2. The Court also found that "any subsequent case filed in the District that is determined to be related to the Related Vaccine Cases shall be subject to this Limited Consolidation Order." *Id*. at p. 3, lines 26-28.

## DISCUSSION

Cases are related if:

> (1) The actions concern substantially the same parties, property, transaction, or event; and
>
> (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

N.D. Cal. Local Civil Rule 3-12(a). Whenever a party believes an action filed in this district may be "related to an action which is or was pending in this District …, the party must promptly file in the lowest-numbered case an Administrative Motion to Consider Whether Cases Should be Related." *Id*. Rule 3-12(b).

Here, the *Royce* Action concerns substantially the same parties as the *Keene* Action and the Related Vaccine Actions, as the City, its constituent departments, and/or City employees are parties in to each of the actions.

The plaintiffs in *Keene* and *Royce* and the other Related Vaccine Actions are all current or former City employees who are challenging the City's vaccine mandate claiming that the City failed to provide accommodations. If certified, the putative class in the *Guardado* Action would likely include the plaintiff in the *Royce* Action. The *Royce* Action, like *Keene* and the other Related Vaccine Actions concern substantially the same events, as they arise out of challenges to the City's vaccine mandate, including the validity of the policy, both facially and as applied, would necessarily affect the plaintiffs across all actions.

It is also "likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the [*Royce* Action were] conducted before [a] different Judge" than the other

Admin. Motion to Relate Cases
CASE NO. 4:22-cv-01587-JSW

n:\labor\li2022\220836\01697079.docx

3

Related Vaccine Actions. N.D. Cal. Local Civil Rule 3-12(a)(2). The *Keene* Action and the nine other Related Vaccine Actions, including the *Guardado* Putative Class Action, challenge the same policy and are all pending before the Honorable Jeffrey S. White. Moreover, the *Keene* Action and the Related Vaccine Actions have been consolidated up through summary judgment, and the Court has expressly found that subsequently related cases will be subject to the Limited Consolidation Order. Thus, in the interest of judicial efficiency, and to avoid conflicting decisions, the *Royce* Action too should be heard before Judge White.

## CONCLUSION

Because the *Royce* Action is related to *Keene* and the Related Vaccine Actions, the Court should assert its case management authority over the *Royce* Action, find that they are related and reassign the cases to the Honorable Jeffrey S. White. Once related, the *Royce* Action should be consolidated up through summary judgment, including for discovery and all motions, and be subject to the Limited Consolidation Order.

Dated:

DAVID CHIU
City Attorney
LAUREN E. WOOD
ADAM SHAPIRO
Deputy City Attorneys


By: */s/ Lauren E. Wood*
LAUREN E. WOOD

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

Admin. Motion to Relate Cases
CASE NO. 4:22-cv-01587-JSW

n:\labor\li2022\220836\01697079.docx

4