1  DAVID CHIU, State Bar #189542
   City Attorney
2  LAUREN E. WOOD, State Bar #280096
   ADAM M. SHAPIRO, State Bar #267429
3  Deputy City Attorneys
   1390 Market Street, 5th Floor
4  San Francisco, California 94102-5408
   Telephone:     (415) 554-4261 (Wood)
5                 (415) 554-3830 (Shapiro)
   Facsimile:     (415) 554-4699
6  E-Mail:        lauren.wood@sfcityatty.org
                  adam.shapiro@sfcityatty.org
7
   Attorneys for Defendant
8  CITY AND COUNTY OF SAN FRANCISCO

9

10

11                  UNITED STATES DISTRICT COURT

12                 NORTHERN DISTRICT OF CALIFORNIA

13

14  SELINA KEENE, MELODY FOUNTILA,        Case No. 4:22-cv-01587-JSW
    MARK MCCLURE,
15                                        **DECLARATION OF LAUREN E. WOOD IN**
          Plaintiffs,                     **SUPPORT OF ADMINISTRATIVE MOTION**
16                                        **TO CONSIDER WHETHER CASES SHOULD**
          vs.                             **BE RELATED**
17
    CITY and COUNTY OF SAN FRANCISCO      **(Civil L.R. 3-12(b) and 7-11)**
18
          Defendant.                      Judge:          Hon. Jeffrey S. White
19
                                          Trial Date:     None set.
20

21

22

23

24

25

26

27

28

I, Lauren E. Wood, hereby declare:

1.      I am a member of the bar of the state of California and counsel of record for defendants in this action (collectively, "the City").  I submit this declaration to support San Francisco's Motion to Consider Whether Cases Should be Related.  If called as a witness, I could and would testify competently to the matters set forth herein.

2.      Attached hereto as **Exhibit 1** is a true and correct copy of the complaint filed in *Royce v. City and County of San Francisco*, N.D. Cal. Case No. 3:23-cv-03643-TSH (the "*Royce* Action").

3.      The *Royce* Action was filed on July 24, 2023. The City has not responded to the Complaint.

4.      On May 12, 2023, the City filed a motion to consolidate the *Keene* Action, *Gozum v. CCSF*, No. 4:22-cv-03975-JSW (the "*Gozum* Action"); *Guardado, et al. v. CCSF*, No. 4:22-cv-04319-JSW (the "*Guardado* Action"); *Shaheed, et al. v. CCSF*, No. 4:22-cv-06013-JSW (the "*Shaheed* Action"); *Debrunner, et al. v. CCSF, et al. (Debrunner* Action*)*, No. 4:22-cv-07455-JSW; *Cook v. CCSF*, No. 4:22-cv-07645-JSW (the "*Cook* Action"); *Sanders v. San Francisco Public Library*, No. 4:23-cv-00211-JSW (the "*Sanders* Action"); and *Monegas v. City and County of San Francisco Department of Public Health*, No. 4:22-cv-04633-JSW (the "*Monegas* Action").

5.      Two additional related actions: *Rodriguez v. City and County of San Francisco*, No. 4:23-cv-03139-JSW (the "*Rodriguez* Action"); and *Yancey v. City and County of San Francisco*, No. 4:23-cv-09045-JSW (the "*Yancey* Action"), are also pending, but were not included in the motion to consolidate. The *Rodriguez* Action was not yet pending in this District at the time the motion to consolidate was filed. The *Yancey* Action had been filed but not served, and the City was unaware that it was pending at the time the motion was filed.

6.      On July 12, 2023, the Court granted the City's motion to consolidate and ordered that all Related Vaccine Actions shall be consolidated up to and including the Court's ruling on summary judgment motions, including for discovery and all motions ("Limited Consolidation Order" Dkt. 90). Attached hereto as **Exhibit** 2 is a true and correct copy of the Limited Consolidation Order. The Court also found that "any subsequent case filed in the District that is determined to be related to the Related Vaccine Cases shall be subject to this Limited Consolidation Order." (*Id*. at p. 3, lines 26-28).

Wood Decl. ISO Admin. Motion to Relate Cases
CASE NO. 22-cv-01587-JSW

n:\labor\li2022\220836\01689310.docx

1    I declare under penalty of perjury under the laws of the State of California and the United

2 States that the foregoing is true and correct.  Executed August 17, 2023 in San Francisco, California.

3

4                                                  _/s/ Lauren E. Wood_____
                                                   LAUREN E. WOOD
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

PETER J DEAN (CA BAR NO. 219902)
ATTORNEY-AT-LAW
LAW OFFICES OF PETER J DEAN
PO BOX 1566
OAKDALE, CA 95361
Telephone: (209) 765-7301
email: PeterJD209@protonmail.com

Attorney for Plaintiff,
Michael Royce

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ROYCE, an individual | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND DECLATORY RELIEF** |
| vs. | |
| CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation and administrative division of the State of California, and DOES 1 to 50, | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff MICHAEL ROYCE sues Defendants, CITY AND COUNTY OF SAN FRANCISCO ("City"), a municipal corporation city and administrative division of the State of California and Does 1 through 50, inclusive, and alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff, Michael Royce is an adult person and at all times herein an employee of Defendants working in the State of California, County of Tuolumne.

2. This action is filed in this Court because Defendants are an incorporated city and a county located in the United States District Court for the Northern District and related cases have been filed in the same district.

3. At all times material to this complaint, Defendant City and County of San Francisco (hereinafter sometimes referred to as "City") is an incorporated city of the State of California and public employer operating as a consolidated City and County of San Francisco in the County of San Francisco, which operates a division under the name Hetch Hetchy Water and Power which has facilities in multiple counties, employs more than 15 employees, and is subject to suit under Title VII of the Civil Rights Act of 1964 and the California Fair Employment and Housing Act, Government Code § 12940 et seq. (FEHA).

4. Defendant City and County of San Francisco, Hetch Hetchy Water and Power Division, is a public entity that was the employer of Plaintiff Michael Royce at all relevant times herein.

5. The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 – 50, inclusive, are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is in some way responsible for, or participated in, or contributed to, the matters and things complained of herein, and is legally responsible in some manner. Plaintiff will seek leave to amend this Complaint when the true names, capacities, and responsibilities have been ascertained.

**FACTS COMMON TO ALL CAUSES OF ACTION**

6.      On June 23, 2021, the City issued a "COVID-19 Vaccination Policy" requiring that all employees be vaccinated against SARS-CoV-2, (the virus that Defendants claim causes COVID-19 ("COVID")), when the U.S. Food and Drug Administration ("FDA") approves any COVID-19 Vaccine.

7.      At all times relevant to City's June 23, 2021 "COVID-19 Vaccination Policy" and subsequent revisions, Plaintiff has held sincere religious beliefs that prohibit Plaintiff from having injected into his body substances contrary to his spiritual beliefs.  Plaintiff's sincerely held religious beliefs prohibit him from being injected with any of the COVID-19 Vaccination Drugs.

8.      Plaintiff's job duties do not require Plaintiff to be within close proximity to other workers or the public.  Plaintiff consistently utilized personal protective equipment as needed to safely perform job duties.  Plaintiff routinely performed testing such as temperature monitoring and was willing to continue testing to demonstrate Plaintiff's fitness for duty.

9.      Defendants contend the FDA Approved a COVID-19 Vaccine on August 23, 2021.

10.      On October 13, 2021, Plaintiff notified Defendants of his religious prohibition to being injected with the COVID-19 Vaccine by filing the form "Employee Request for Religious Accommodation (COVID-19 Vaccination Exemption)".  Plaintiff supplemented his October 13, 2021 notification with a declaration from his Assistant Pastor, dated October 15, 2021, further evidencing his sincere religious beliefs.

11.      On October 20, 2021, Defendants sent Plaintiff three written questions:  "1.  Have you received any vaccines prior to today?  2.  Have you authorized your children to receive vaccines?  3.  Have you taken any over-the-counter or prescription medications?"

12.      On or about October 24, 2021, Plaintiff submitted responses to all three written questions sent by the City.  Defendants made no further requests for information or clarification of Plaintiff's religious beliefs.

Complaint

13.     Dated October 14, 2021, Defendants sent Plaintiff the form "DETERMINATION ON COVID-19 VACCINATION EXEMPTION REQUEST" the form stated Defendants "DENIED SINCERELY HELD RELIGIOUS BELIEF" stating the reason as "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance" the form stated the determination date was October 14, 2021.

14.     On November 8, 2021, Defendants mailed to Plaintiff a letter titled "Notice of Proposed Disciplinary Action and Employee Conferences/Skelly Meeting (Skelly Notice) and Placement on Paid Administrative Leave".  The letter stated Defendants intended to terminate Plaintiff's employment based upon violation of the COVID-19 Vaccination Policy and in the interim was removing Plaintiff from the workplace by placing Plaintiff on administrative leave.

15.     On November 22, 2021, Plaintiff submitted an Intake Form with the California Department of Fair Employment and Housing complaining of past and continuing discrimination and other employment violation by Defendants against Plaintiff.  The Intake Form was filed concurrently with the U.S. Equal Employment Opportunity Commission (hereafter, "U.S. EEOC").

16.     On November 22, 2021 Plaintiff responded in writing to Defendants' November 8, 2021 letter titled "Notice of Proposed Disciplinary Action and Employee Conferences/Skelly Meeting (Skelly Notice) and Placement on Paid Administrative Leave", objecting to Defendants' proposed process and actions and detailing the unlawfulness of Defendants' proposed actions including discrimination.

17.     On December 6, 2021, Defendants sent Plaintiff a letter stating Plaintiff was terminated from employment effective December 6, 2021.  The dismissal letter contained a finding of, "Acts which present an immediate danger to public health and safety.".

18.     On January 6, 2022, Defendants sent Plaintiff notice that his employment was reinstated effective December 7, 2021, Defendants placed Plaintiff on unpaid leave effective December 29, 2021, and provided notice of Defendants' intent to reclassify defendant as "released from employment" on April 1, 2022 unless plaintiff became "fully vaccinated (as defined by the City's current Vaccination Policy)".

19.     Plaintiff is informed and believes and hereafter alleges that Defendants trained Defendants' employees to search COVID-19 Vaccination Policy Exemption Requests for defined characteristics such as opposition to fetal cell based drugs which would then subject the employee's Exemption Request to a disparate sham process designed to result in no approvals. Further, that Defendants did not approve any COVID-19 Vaccination Policy Exemption Requests that included objections to fetal cells even if the Exemption Request contained information that would otherwise qualify for acknowledgment of sincere religious beliefs to the COVID-19 Vaccination Policy under Defendants' unlawfully narrow standards.

20.     Defendants offered Plaintiff no accommodations to the COVID-19 Vaccination Policy.  Defendant proclaimed a 60 day "citywide job search process" to find another position to be a reasonable accommodation.  Defendant offered the 60 day "citywide job search process" accommodation to other employees where Defendants determined the employee to have a sincerely held religious belief against vaccination, but not Plaintiff. Employees working in the same geographic region and division as Plaintiff, were offered the 60 day "citywide job search process" as an accommodation.

21.     The 60 day "citywide job search process" accommodation is described in Defendants' document titled, "COVID-19 VACCINATION MEDICAL AND RELIGIOUS EXEMPTION REQUEST".  Plaintiff is informed and believes and hereafter alleges that Defendants' offer to accommodate employees with the 60 day citywide job search process was pretextual.  The 60 day citywide job search process is not a reasonable accommodation because it is a fool's errand given the Defendants' impossible criteria of finding a position where the Defendants themselves predetermined if the employee has the ability to perform every potential duty of the position with no potential for human contact at anytime.  Defendant was aware of other forms of accommodation to the vaccination requirement of the COVID-19 Vaccination Policy including masking, testing, or refraining from close contact with others but made a blanket predetermination that no accommodation is reasonable.

22.     On or about March 22, 2022, and within one year of the date of discrimination committed by Defendants, Plaintiff signed a charge of discrimination with the California

Complaint

Department of Faith Employment and Housing (now renamed to California Civil Rights Department) concurrently acting with the U.S. EEOC.

23.     On March 14, 2023, the California Civil Rights Department issued to Plaintiff a notice of right to sue.  A copy of this notice of right to sue is appended hereto, marked "Exhibit 1", and is incorporated by this reference as though fully set forth.

24.     On July 18, 2023, the U.S. EEOC issued to Plaintiff a notice of right to sue.  A copy of this notice of right to sue is appended hereto, marked "Exhibit 2", and is incorporated by reference as though fully set forth.

25.     Plaintiff has exhausted all of his administrative remedies.

## FIRST CAUSE OF ACTION
## TITLE VII – RELIGIOUS DISCRIMINATION –
## FAILURE TO ACCOMMODATE
### (42 U.S.C. § 2000e-2(a)(1))
### (All Defendants)

26.     As a first, separate and distinct cause of action, Plaintiff complains against Defendant and Does 1 through 50, and each of them, and incorporates by reference the foregoing paragraphs of this complaint, as if fully set forth herein.

27.     At all times mentioned in this compliant, Title VII was in full force and effect and was binding on Defendants.  This section provides, in relevant part, that:

28.     Title VII prohibits an employer from discriminating against an employee "because of such individual's … religion."  42 U.S.C. § 2000e-2(a)(1).  This "includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate an employee's . . .  religious observance or practice without undue hardship on the conduct of the employer's business."  *Id.* § 2000e(j).

29.     In other words, it is "unlawful 'for an employer not to make reasonable accommodations, short of undue hardship, for the religious practices of his employees and prospective employees.'" *Opuku-Boateng v. State of Cal.*, 95 F.3d 1461, 1467 (9th Cir. 1996)

(quoting *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63, 74 (1977)).

30.     To establish a *prima facie* case for failure to accommodate a Plaintiff must present evidence that: (1) the employee has a bona fide religious belief that conflicts with an employment requirement; (2) they informed the employer of this belief; and (3) they were disciplined for failure to comply with the conflicting employment requirement.  *Heller v. EBB Auto Co.*, 8 F.3d 1433, 1438 (9th Cir. 1993).

31.     Once the plaintiff has made out a *prima facie* case for discrimination, the burden then shifts to the employer to show that it could not reasonably accommodate the plaintiff's religious beliefs without undue hardship.  *TWA v. Hardison*, 432 U.S. 63, 84 (1977).  Not only does the burden of *proving* an undue hardship fall on defendants here, "at a minimum, the employer was required to negotiate with the employee in an effort reasonably to accommodate the employee's religious beliefs." *EEOC v. Hacienda Hotel*, 881 F.2d 1504, 1513 (9th Cir. 1989), overruled on other grounds by *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998).

32.     On October 13, 2021,  Plaintiff clearly established a "bona fide religious belief" and its conflict with the COVID-19 Vaccination Policy by notifying Defendants and providing supporting documentation that his religious beliefs conflicted with Defendants' COVID-19 Vaccination Policy job requirement of injecting any of the COVID-19 Vaccination drugs.

33.     Defendants provided no reasonable accommodation options for Plaintiff, nor did it engage in the interactive process to attempt to find a workable accommodation that would not pose an undue hardship to Defendants.  The failure to engage in meaningful interactive process signals an employer's violation of its duty to accommodate because the employer is attempting to remain purposefully ignorant of potential reasonable accommodations.

34.     Defendants can provide Plaintiff a reasonable accommodation without an undue hardship or substantial increased cost.

35.     But as an initial matter, any supposed "undue hardship" must be "*on the conduct of the employer's business.*" *EEOC v. Townley Engineering & Mfg. Co.*, 859 F.2d 610, 615 (9th Cir. 1988) (citing 42 U.S.C. § 2000e(j)).  As Defendants had operated without vaccinated employees for more than a year and a half throughout the pandemic, having unvaccinated

1  employees on the job cannot be said to be an "undue hardship on the conduct of the employer's

2  business." *Townley*, 859 F.2d at 615. The employer's business had proceeded through other

3  avenues (such as masking and testing) and compulsory vaccination-while desired by the City-

4  thus cannot override religious exemptions. Defendants made no attempt to reasonably

5  accommodate Plaintiff.

6       36.     Plaintiff is informed and believes and herein alleges that Defendants have at times

7  accommodated other employees, and that other cities, counties, municipalities, hospitals, and

8  businesses have accommodated their employees cost free utilizing testing, masking or other

9  accommodations. Reasonable (and safe) accommodations were available and known,

10  Defendants just chose to ignore them.

11       37.     As a direct and proximate result of Defendants' discriminatory actions against

12  Plaintiff, as alleged herein, Plaintiff has suffered harm in the form of special damages, including

13  but not limited to, back pay, front pay, pre-judgment and post-judgment interest, and

14  compensatory damages and other affirmative relief necessary to eradicate the effects of

15  Defendants' unlawful employment practices.

16       38.     Plaintiff is also entitled to reasonable attorneys' fees and costs pursuant to law.

17       39.     Plaintiff further seeks a declaration that Defendants has discriminated against

18  Plaintiff and has violated Plaintiff's legal rights by failing to provide a reasonable

19  accommodation of his religious beliefs.

20       40.     As a direct and proximate cause of Defendants' willful, knowing, and intentional

21  discriminatory actions against Plaintiff, Plaintiff has sustained and continues to sustain

22  substantial losses as alleged herein including economic loses from lost past and future wages and

23  lost employment benefits, all to his damage in a sum according to proof.

24       41.     Plaintiff has incurred and continues to incur legal expenses, costs and attorney

25  fees. Plaintiff is presently unaware of the precise amount of these expenses and fees, and prays

26  leave of court to amend this complaint when the amounts are more fully known.

27       42.     WHEREFORE, plaintiff requests relief as set forth below in the Prayer for Relief.

28

Complaint

**SECOND CAUSE OF ACTION**

**RELIGIOUS DISCRIMINATION – DISPARATE TREATMENT**

**(42 U.S.C. § 2000e-2(a)(1))**

**(All Defendants)**

43.     As a second, separate and distinct cause of action, Plaintiff complains against Defendant and Does 1 through 50, and each of them, and incorporates by reference the foregoing paragraphs of this complaint, as if fully set forth herein.

44.     Title VII makes it "an unlawful employment practice  for an employer to discriminate against any individual with respect to h[er] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-(a)(1).

45.     A *prima facie* case for disparate treatment based on religion requires four elements: (1) membership in a protected class; (2) meeting the qualifications for the job in question; (3) adverse employment action; and (4) different treatment than similarly situated employees outside the protected class.  *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)).

46.     A plaintiff asserting a prima facie case for disparate treatment can do so through either direct or indirect evidence.  *See Lyons v. England*, 307 F.3d 1092, 1113 (9th Cir. 2002).

47.     By requesting religious accommodation from Defendants which included his religious opposition to injection of medications related to fetal cells, Plaintiff established himself as a member of a protected class.

48.     Plaintiff's employee record demonstrates unquestionably that he was qualified for the position.  That is why, prior to the mandate, Plaintiff had no indication that his job was in jeopardy.

49.     Plaintiff suffered an adverse employment action when Defendants seeing Plaintiff's request for exemption from the COVID-19 Vaccination Policy contained a religious opposition to injection of drugs related to fetal cell tissue identified Plaintiff's request for further

scrutiny in a process designed to result in Plaintiff's religious beliefs to be determined invalid, Plaintiff's beliefs would have been deemed valid by Defendants if the request did not contain the opposition to injection of drugs related to fetal cells.  Prior to denying Plaintiff's religious beliefs, Defendants made no effort to clarify Plaintiff's religious opposition to injection with all vaccines as described in the request for religious accommodations which would prohibit Plaintiff from injection with any COVID-19 vaccination regardless of the drugs relationship to fetal tissue. Plaintiff is informed and believes and herein alleges that Defendants implementation of this sham process resulted in the termination of all employees that reported to Defendant that they opposed the COVID-19 Vaccination Policy application due to its requirements to be injected with drugs related to fetal cells.

50.     As a result of Plaintiff's request for exemption from the COVID-19 Vaccination Policy containing opposition to injection of drugs related to fetal cells, Plaintiff suffered an adverse employment action of having his religious beliefs denied by Defendants and no attempts to make an accommodation (such as the 60 day citywide job search process ), thus the act was in essence termination of employment utilizing the COVID-19 Vaccination Policy as pretext. Plaintiff suffered further adverse employment action by being terminated, then reinstated and placed on unpaid leave with an offer for reemployment if Plaintiff violated his religious belief, then terminated again.

51.     As a direct and proximate result of Defendants' disparate treatment against Plaintiff, as alleged herein, Plaintiff has suffered harm and is entitled to further relief as set forth below in the Prayer for Relief.

52.     As a direct and proximate cause of Defendants' willful, knowing, and intentional discriminatory actions against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses as alleged herein including economic loses from lost past and future wages and lost employment benefits, all to his damage in a sum according to proof.

53.     Plaintiff has incurred and continues to incur legal expenses, costs and attorney fees.  Plaintiff is presently unaware of the precise amount of these expenses and fees, and prays leave of court to amend this complaint when the amounts are more fully known.

54.     WHEREFORE, Plaintiff requests relief as set forth below in the Prayer for Relief.

### THIRD CAUSE OF ACTION
### TITLE VII – RETALIATION FOR RELIGIOUS CLAIIMS
### (42 U.S.C. § 2000e-3(a))
### (All Defendants)

55.     As a third, separate and distinct cause of action, Plaintiff complains against Defendant and Does 1 through 50, and each of them, and incorporates by reference the foregoing paragraphs of this complaint, as if fully set forth herein.

56.     Title VII makes it unlawful "an employer to discriminate against any of [its] employees . . . because [s]he has opposed any practice made unlawful by this subchapter." 42 U.S.C. § 2000e-3(a).

57.     A *prima facie* case for retaliation requires a showing that (1) the plaintiff engaged in activity protected by Title VII; (2) an adverse employment action was taken by the employer against the plaintiff; and (3) a causal link existed between the protected activity and the adverse action. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064 (9th Cir. 2002).

58.     Here, on October 13, 2021, Plaintiff engaged in protected activity under Title VII when Plaintiff reported that he opposed Defendants' COVID-19 Vaccination Policy due to the COVID-19 Vaccination Policy's requirement to be injected with drugs related to fetal cell tissue and asserted the COVID-19 Vaccination Policy should not be applicable to Plaintiff due to religious reasons.

59.     Then because Plaintiff's October 13, 2021 opposition to the COVID-19 Vaccination Policy included an opposition to fetal cell related drugs, Defendants used Plaintiff's submission to identify Plaintiff for termination by wrongfully not considering Plaintiff's religious request sufficient thus preventing Plaintiff from being able to participate in an accommodation search.  Plaintiff is informed and believes and herein alleges that Defendants implementation of this sham process resulted in the termination of all employees that reported to Defendants that they opposed the COVID-19 Vaccination Policy application due to its

1 requirements to be injected with drugs related to fetal cells.

2      60.    As a direct and proximate result of Defendants' retaliatory actions against

3 Plaintiff, as alleged herein, Plaintiff has suffered harm and is entitled to further relief as set forth

4 below in the Prayer for Relief.

5      61.    As a direct and proximate cause of Defendants' willful, knowing, and intentional

6 actions against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses as

7 alleged herein including economic loses from lost past and future wages and lost employment

8 benefits, all to his damage in a sum according to proof.

9      62.    Plaintiff has incurred and continues to incur legal expenses, costs and attorney

10 fees. Plaintiff is presently unaware of the precise amount of these expenses and fees, and prays

11 leave of court to amend this complaint when the amounts are more fully known.

12      63.    WHEREFORE, plaintiff requests relief as set forth below in the Prayer for Relief.

13

14 <center>**FOURTH CAUSE OF ACTION**</center>

15 <center>**CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT RELIGIOUS**</center>

16 <center>**DISCRIMINATION – FAILURE TO ENGAGE IN INTERACTIVE PROCESS**</center>

17 <center>**(Cal. Gov. Code § 12900 et seq.)**</center>

18 <center>**( All Defendants)**</center>

19      64.    As a fourth, separate and distinct cause of action, Plaintiff complains against

20 Defendant and Does 1 through 50, and each of them, and incorporates by reference the foregoing

21 paragraphs of this complaint, as if fully set forth herein.

22      65.    As alleged in this Complaint, Defendants failed to engage in a good-faith

23 interactive process with Plaintiff. Here, Defendants implemented a policy requiring injection

24 with a COVID-19 Vaccination Drug, allowed application for an exemption to the policy, asked

25 three questions which Plaintiff answered, and denied Plaintiff's exemption request alleging not

26 enough information provided. Defendants' failure to make any attempt to notify Plaintiff of

27 additional information needed or how the application was otherwise deficient and provide an

28 opportunity for Plaintiff to supplement the application is indicative of no interactive process.

<center>Complaint</center>

1  Defendants' failure to attempt to identify any accommodation for Plaintiff's sincerely held
2  religious beliefs to the COVID-19 Vaccination Policy is further indication of no interactive
3  process.

4        66.     As a direct and proximate result of Defendants' failure to engage in an interactive
5  process with Plaintiff, as alleged herein, Plaintiff has suffered harm and is entitled to further
6  relief as set forth below in the Prayer for Relief.

7        67.     As a direct and proximate cause of Defendants' willful, knowing, and intentional
8  discriminatory actions against Plaintiff, Plaintiff has sustained and continues to sustain
9  substantial losses as alleged herein including economic loses from lost past and future wages and
10 lost employment benefits, all to his damage in a sum according to proof.

11       68.     Plaintiff has incurred and continues to incur legal expenses, costs and attorney
12 fees.  Plaintiff is presently unaware of the precise amount of these expenses and fees, and prays
13 leave of court to amend this complaint when the amounts are more fully known.

14       69.     WHEREFORE, Plaintiff requests relief as set forth below in the Prayer for Relief.

15

16                   **FIFTH CAUSE OF ACTION**
17     **CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**
18     **RELIGIOUS DISCRIMINATION – FAILURE TO ACCOMMODTE**
19            **(Cal. Gov. Code § 12940(l))**
20               **(All Defendants)**

21       70.     As a fifth, separate and distinct cause of action, Plaintiff complains against
22 Defendant and Does 1 through 50, and each of them, and incorporates by reference the foregoing
23 paragraphs of this complaint, as if fully set forth herein.

24       71.     At all times relevant, Defendants were subject to Government Code § 12940 et
25 seq. because it regularly employed five (5) or more persons.  Defendants employed Plaintiff
26 prior to termination of Plaintiff for his refusal to violate his religious beliefs.

27       72.     Government Code § 12940(l) provides that it is unlawful to discriminate against a
28 person based on religion and may not invoke the undue hardship defense, unless the employer

1   demonstrates it has "explored any available reasonable alternative means of accommodating the

2   religious belief but is unable to reasonably accommodate the religious belief without undue

3   hardship."

4         73.    As elaborated above in detail, Plaintiff has sincerely held religious beliefs that

5   prevent him from receiving the COVID-19 Vaccines.

6         74.    Plaintiff's sincerely held religious beliefs conflicted with a job requirement

7   enacted during the course his employment, specifically, Defendants' mandatory COVID-19

8   Vaccination Policy for all employees.

9         75.    Plaintiff informed Defendants of his religious beliefs and of the conflict that these

10  beliefs created regarding the vaccination policy.

11        76.    Defendants did not explore any available alternatives of accommodating Plaintiff,

12  such as regular testing, or utilizing Personal Protective Equipment.  Rather, Defendants did not

13  propose any accommodation options to Plaintiff although accommodation options were offered

14  to other employees.

15        77.    Plaintiff's inability to comply due to his religious beliefs conflicting with the

16  COVID-19 Vaccination Policy was a substantial motivating reason for Defendants decision to

17  take adverse employment actions against Plaintiff.  Adverse employment actions included

18  among other things described in this Complaint, subjecting Plaintiff to intrusive and ill-

19  motivated questioning, subjecting Plaintiff to unequal safety restrictions, placing Plaintiff on

20  unpaid leave, and eventually terminating Plaintiff.

21        78.    As a direct and proximate result of Defendants' failure to accommodate against

22  Plaintiff, as alleged herein, Plaintiff has suffered harm and is entitled to further relief as set forth

23  below in the Prayer for Relief.

24        79.    As a direct and proximate cause of Defendants' willful, knowing, and intentional

25  actions against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses as

26  alleged herein including economic loses from lost past and future wages and lost employment

27  benefits, all to his damage in a sum according to proof.

28        80.    Plaintiff has incurred and continues to incur legal expenses, costs and attorney

1   fees.  Plaintiff is presently unaware of the precise amount of these expenses and fees, and prays

2   leave of court to amend this complaint when the amounts are more fully known.

3        81.    WHEREFORE, Plaintiff requests relief as set forth below in the Prayer for Relief.

4

5   ### SIXTH CAUSE OF ACTION

6   ### CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

7   ### RETALIATION FOR RELIGIOUS CLAIMS

8   ### (Cal. Gov. Code § 12940(h) et seq.)

9   ### (All Defendants)

10       82.    As a sixth, separate and distinct cause of action, Plaintiff complains against

11  Defendant and Does 1 through 50, and each of them, and incorporates by reference the foregoing

12  paragraphs of this complaint, as if fully set forth herein.

13       83.    At all times relevant, Defendants were subject to Government Code § 12940 et

14  seq. because it regularly employed five (5) or more persons.  Defendants employed Plaintiff

15  prior to terminating Plaintiff for his refusal to violate his religious beliefs

16       84.    California cases hold that in order to establish a Prima Facie case of retaliation

17  under the FEHA , a plaintiff must show (1) he or she engaged in a "protected activity", (2) the

18  employer subject the employee to an adverse employment action, and (3) a causal link existed

19  between the protected activity and the employer's action.  *See Yanowitz v. L'Oreal USA Inc.*,

20  (2005) 36 Cal.4th 1028, 1042.

21       85.    The elements for Retaliation under the FEHA are similar as Retaliation under

22  Title VII.  The acts of Defendants described in the Third Cause of Action for Retaliation for

23  Religious Claims under Title VII also set forth liability under California Government Code §

24  12940 for Retaliation for Religious Claims and are incorporated by reference herein.

25       86.    As a direct and proximate result of Defendants' retaliatory actions against

26  Plaintiff, as alleged herein, Plaintiff has suffered harm and is entitled to further relief as set forth

27  below in the Prayer for Relief.

28       87.    As a direct and proximate cause of Defendants' willful, knowing, and intentional

retaliatory actions against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses as alleged herein including economic loses from lost past and future wages and lost employment benefits, all to his damage in a sum according to proof.

88.   Plaintiff has incurred and continues to incur legal expenses, costs and attorney fees.  Plaintiff is presently unaware of the precise amount of these expenses and fees, and prays leave of court to amend this complaint when the amounts are more fully known.

89.   WHEREFORE, plaintiff requests relief as set forth below in the Prayer for Relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in his favor and against the Defendant(s), as follows:

1.   Declare that City's protocol for determining sincerity of faith in whole, or in part, on its face, and as applied, does not comport with the requirements of Title VII and/or the FEHA;

2.   Declare that City's universal declaration that each and every unvaccinated-religious-objector-employee poses a danger to the employee, co-worker, and others, and thus accommodation poses an undue hardship on San Francisco, fails the reasonableness requirement under Title VII and/or the FEHA;

3.   Declare that City violated Title VII and California state law for its failure to provide a reasonable accommodation for Plaintiff's clearly articulated religious beliefs when numerous no-cost options were available;

4.   Declare that City violated Title VII and California law by failing to engage in the interactive process in response to Plaintiff's request for accommodations to the City's COVID-19 Vaccination Policy and, instead, preemptively denied those requests based on pretextual reasons;

5.   Declare that City's disparate treatment of Plaintiff, in interrogating him seeking a religious accommodation in a bad faith attempt to undermine his beliefs rather than determine reasonable accommodation constitutes religious discrimination in violation of Title VII, and California state law;

Complaint

6. Declare that City violated Title VII and California state law by retaliating against Plaintiff for engaging in protected activity through seeking religious accommodations;

7. For a money judgment representing special damages including lost past and future wages, lost past and future employment benefits including retirement benefits, costs of the suit herein, all other sums of money, together with pre-judgment interest and post-judgment interest on said amounts at the legal rate, and any other economic injury to plaintiff, according to proof;

8. Restoration of employee benefits, including, but not limited to, medical benefits, pensions, and insurance;

9. Plaintiff's Reappointment to his prior position and duties and restore vacation days, comp hours, lost time hours, and other benefits;

10. For costs of suit herein;

11. For attorney fees under any applicable statutory or equitable basis;

12. For prejudgment interest under any applicable statutory basis, at the legal rate; and

13. For any other relief that is just and proper.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE THAT Plaintiff hereby demands trial by jury for the above cause.

Dated:  July 24, 2023                    By: _/s/ Peter J Dean_____
                                                              PETER J DEAN
                                                              LAW OFFICES OF PETER J DEAN
                                                              Attorney for Plaintiff

Complaint

# EXHIBIT 2

Case 4:22-cv-01587-JSW Document 129 Filed 08/17/23 Page 23 of 27

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT

8

NORTHERN DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| JOSE GUARDADO, et al., | Case No. 22-cv-04319-JSW |
| Plaintiff, | |
| | Dkt. No. 57 |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO, et al<br>Defendants, | **ORDER GRANTING LIMITED CONSOLIDATION OF RELATED MATTERS** |
| THADDEUS SALEEM SHAHEED, et al | Case No. 22-cv-06013-JSW |
| Plaintiff,<br>v. | |
| CITY AND COUNTY OF SAN FRANCISCO, et al<br>Defendants, | |
| DAVID GOZUM | Case No. 22-cv-03975-JSW |
| Plaintiff,<br>v. | |
| CITY AND COUNTY OF SAN FRANCISCO,<br>Defendants, | |
| SELINA KEENE, et al., | Case No. 22-cv-01587-JSW |
| Plaintiff,<br>v. | |
| CITY AND COUNTY OF SAN FRANCISCO, et al<br>Defendants, | |

United States District Court
Northern District of California

United States District Court
Northern District of California

| | |
|---|---|
| DENISE ANGELINA DEBRUNNER, et al., | Case No. 22-cv-07455-JSW |
| Plaintiff | |
| v. | |
| THE CITY AND COUNTY OF SAN FRANCISCO, et al | |
| Defendants, | |
| APRIL MONEGAS, | Case No. 22-cv-04633-JSW |
| Plaintiff, | |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO DEPARTMENT OF PUBLIC HEALTH | |
| Defendants, | |
| JOSEPH COOK, | Case No. 22-cv-07645-JSW |
| Plaintiff, | |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO, | |
| Defendants, | |
| CHARLOTTE R. SANDERS, | Case No. 23-cv-00211-JSW |
| Plaintiff, | |
| v. | |
| SAN FRANCISCO PUBLIC LIBRARY, et al | |
| Defendants, | |

On May 12, 2023, Defendant City and County of San Francisco ("Defendant") moved to consolidate cases that had been (or were subsequently) related by this Court. (*See* Motion to Consolidate the Related Vaccine Cases ("Motion"), Case No. 22-cv-04319-JSW, Dkt. No. 57.) Defendant had failed to notice the Motion in all related cases and was therefore ordered to re-file a notice of the Motion in all related cases. (*See* Order dated June 14, 2023.) Defendant then filed an amended notice of the Motion in each of the cases ("Related Vaccine Cases"). Plaintiffs in each of the Related Vaccine Cases were thereby given adequate notice of the Motion and were given time to respond. The Court has now received responses from every plaintiff in each of the Related

Vaccine Cases.[1]  Accordingly, the Motion to Consolidate is ripe for decision.

The Court has carefully considered the Motion as well as every response to the Motion filed by each Plaintiff or Plaintiff group in each of the Related Vaccine Cases.  The Court finds that every one of the related cases involve overlapping factual issues regarding Defendant's COVID-19 vaccination policy and involve similar claims about the alleged failure of Defendant to accommodate Plaintiffs' religious beliefs and/or medical conditions.  In its initial case management conference in the Related Vaccine Cases, the Court instructed the parties to work together cooperatively in order to present the merits of their various claims in a manner that avoids redundant filings and preserves both judicial and the parties' resources.  The Court indicated that it would hear the Motion to Consolidate before conducting any further proceedings in these Related Vaccine Cases.[2]

The Court HEREBY ORDERS the Related Vaccine Cases shall be consolidated up to and including the Court's ruling on summary judgment motions, including for discovery and all motions, as follows:

(1) The consolidated cases shall all proceed with the same discovery and motion schedule, through and including summary judgment;

(2) Written discovery exchanged and depositions taken in any case shall be made available across all cases and shall be treated as if the discovery or deposition had been exchanged or taken originally in each case;

[1] Plaintiff Guardado filed his opposition in the then-consolidated 22-cv-04319-JSW/22-cv-06013-JSW matters (lead case no. 22-cv-04319-JSW) at Docket No. 58.  Plaintiff Debrunner (originally case no. 22-cv-07455) filed her opposition in the same consolidated matter at Docket No. 66.  Plaintiff Cook (case no. 22-cv-07645-JSW) filed his opposition in the same consolidated matter at Docket No. 70.  Plaintiff Gozum (case no. 22-cv-03975) filed his opposition in the same consolidated matter at Docket No. 62.  Plaintiffs Keene and Fountila (case no. 22-cv-01587-JSW) filed their opposition in their matter at Docket No. 72.  Plaintiff Monegas (case no. 22-cv-04633-JSW) filed her opposition in her matter at Docket No. 37.  Plaintiff Sanders (case no. 23-00211-JSW) filed her statement of non-opposition in her matter at Docket No. 35.

[2] The Court is cognizant that other active matters on the Northern District docket have been noticed as possibly related.  (*See* Cases Nos. 23-cv-03139-DMR and 22-cv-09045-DMR.)  The Court is also cognizant that subsequent matters may be filed which may be noticed before this Court as possibly related.  Accordingly, the Court finds that any subsequent case filed in the District that is determined to be related to the Related Vaccine Cases shall be subject to this Limited Consolidation Order.

(3) All discovery is REFERRED to Magistrate Judge Illman for resolution;

(4) **All submissions filed by any party in any Related Vaccine Case shall be filed <u>ONLY</u> in the earliest-filed lead case,** *Keene v. City and County of San Francisco*, **No. 22-cv-01587-JSW, commencing from the date of this Order and until the Court rules at summary judgment** (not including motions that have already been filed);

(5) All Related Vaccine Cases shall remain open on the Court's docket as member cases[3] (regardless, the Court reiterates that all parties' submissions shall be filed exclusively in *Keene v. City and County of San Francisco*, No. 22-cv-01587-JSW);

(6) All appearing counsel and all *pro se* parties shall be added to the service list for the Lead Case, *Keene v. City and County of San Francisco*, No. 22-cv-01587-JSW;

(7) All motions involving similar legal, factual, or discovery issues shall be coordinated to have the same hearing date, to the extent possible;

(8) The parties shall cooperate to reach workable agreements regarding motions, shall file consolidated briefs where possible, and shall avoid redundancy;

(9) As to any motion filed by Defendant jointly against all Plaintiff groups, each Plaintiff group shall have the right to file their own separate opposition to any such motion and/or may elect to file, in lieu of or in addition to a separate opposition, a joinder in other Plaintiff group opposition papers;

(10) As to any motions filed by a Plaintiff group against the Defendant addressing issues common to other Plaintiff groups, any Plaintiff group shall have the right to file their own supplemental moving papers and/or joinder in support of any such motion;

(11) As to cross-motions for summary judgment, the parties shall meet and confer and briefing shall be coordinated. The parties shall submit only four briefs for any cross-motion (opening, opposition/cross-motion opening, reply/cross-motion opposition, and

---

[3] The Court HEREBY VACATES the consolidation order dated March 13, 2023, in the 22-cv-04319-JSW/22-cv-06013-JSW matter (lead case no. 22-cv-04319-JSW at Docket No. 39). The Court re-opens Plaintiff Shaheed's case no. 22-cv-06013-JSW in order to have this order of limited consolidation apply to it in the same manner as all the other Related Vaccine Cases.

4

reply on cross motion);

(12)   All dispositive motions shall be coordinated to occur on the same hearing date across all cases and each Plaintiff group or Defendant shall presumptively have the right to file only one summary judgment motion per case (absent a showing of exceptional cause for additional motions, including a separate motion on damages issues, if necessary, after completion of damages discovery);

(13)   The Court shall consider any party's **reasonable** requests for extensions of a particular hearing date or briefing schedule to allow the coordinated filing of supplemental moving papers or separate opposition papers.

**IT IS SO ORDERED.**

Dated:   July 12, 2023

_____
JEFFREY S. WHITE
United States District Judge