SEYFARTH SHAW LLP
Coby M. Turner (SBN 266298)
cturner@seyfarth.com
Yoon-Woo Nam (SBN 284644)
ynam@seyfarth.com
400 Capitol Mall, Suite 2300
Sacramento, California 95814-4428
Telephone: (916) 448-0159
Facsimile: (916) 558-4839

SEYFARTH SHAW LLP
Eric M. Lloyd (SBN 254390)
elloyd@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, CA 94105-2930
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

SEYFARTH SHAW LLP
Dawn R. Solowey (*pro hac vice*)
dsolowey@seyfarth.com
2 Seaport Lane, Suite 1200
Boston, Massachusetts 02210-2028
Telephone: (617) 946-4800
Facsimile: (617) 494-4801

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SELINA KEENE, MELODY FOUNTILA, MARK MCCLURE,<br><br>Plaintiffs,<br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO<br><br>Defendant. | Lead Case No. 22-cv-01587-JSW<br><br>Case No. 22-cv-04319-JSW<br>Case No. 22-cv-06013-JSW<br>Case No. 22-cv-03975-JSW<br>Case No. 22-cv-07455-JSW<br>Case No. 22-cv-04633-JSW<br>Case No. 22-cv-07645-JSW<br>Case No. 23-cv-00211-JSW<br>Case No. 23-cv-03139-JSW<br><br>**DEFENDANT'S CASE MANAGEMENT CONFERENCE STATEMENT RE DISCOVERY PLAN**<br><br>Date:       August 22, 2023<br>Time:      10:30 a.m.<br>Dept:      Courtroom 5 – 2nd Floor<br>              1301 Clay St.<br>              Oakland, CA 94621<br>Judge:     Hon. Jeffrey S. White<br>Action Filed:   July 26, 2022 |

|  | Trial Date: None set. |
|---|---|
| CONSOLIDATED ACTIONS | |

Defendant City and County of San Francisco ("Defendant" or "CCSF") hereby submits this Case Management Statement and Proposed Order pursuant to Civil Local Rule 16-9 and the Standing Order for All Judges of the Northern District of California.

### 1.     August 18, 2023 Discovery Conference

On August 18, 2023, counsel for Plaintiffs, Defendant and pro se parties met to confer regarding the entry of a suitable protective order for the handling of confidential information and documents in these cases; and to discuss the streamlining and expediting of the discovery process as ordered by the Court. (Dkt. No. 116). The parties in attendance were Coby Turner and Yoon-Woo Nam from Seyfarth Shaw LLP, and Lauren Wood,[1] Peter Cownan, Amy Super, and Danté Taylor, all on behalf of CCSF, Kevin Snider on behalf of Plaintiff Shaheed *et al.*, Plaintiff Guardado *et al.*, and the putative class, Robert Weisenburger and John Sullivan on behalf of Plaintiff DeBrunner *et al.*, Hugo Torbet on behalf of Plaintiff Cook, and Russell Davis on behalf of Plaintiff Keene *et al*. Counsel for Plaintiff Sanders was unable to attend due to travel complications. Counsel for the remaining parties and pro se plaintiffs were all asked to provide dates and times of availability for a conference, and notified of the time set for the joint conference, but did not respond to any correspondence or participate in the meet and confer proceedings.[2]

### 2.     Status of Discovery

Defendant and Plaintiffs in the *DeBrunner*, *Guardado*, and *Shaheed* matters have stipulated to exchange initial discovery pursuant to General Order 71 by September 6, 2023.[3]

---

[1] Lauren Wood also represents individual defendants London Breed, David Jung, Diane McHenry, Rocio Mendoza, Sari Mix, Hallie Albert, and Steven Tag in the related action *Yancey v. Breed, et al.*, Case No. 22-cv-0945-JSW.

[2] Though she did not respond to emails from Defendant or reach out regarding compliance with the Court's order to meet and confer, pro se Plaintiff Monegas has separately filed a "Notice of Refusal to Comply or Participate in 'Limited Consolidation'." (Dkt. No. 124).

[3] Plaintiffs Guardado *et al.* and Shaheed nonetheless served disclosures pursuant to General Order

Defendant has served initial disclosures pursuant to General Order No. 71 in the other Related Vaccine Cases, which were concurrently served on counsel and pro se plaintiffs in all the Consolidated Cases pursuant to the Court's Order. (Dkt. No. 90). Defendant has produced over 1,400 pages of documents covering the Consolidated Cases to date.

Plaintiffs Keene, Guardado, Shaheed, Cook, and Monegas served disclosures pursuant to General Order No. 71, and Plaintiffs Keene and Cook have also propounded written discovery requests:

- On July 18, 2023, Plaintiff Keene served Requests for Production of Documents, Set One, on Defendant. Plaintiffs Keene and Fountila were deposed pursuant to the Court's order granting expedited limited discovery related to the injunction on July 21 & 24, 2023. On July 27, 2023, Plaintiffs served General Order No. 71 disclosures. The following day, Plaintiffs served a deposition notice for Mayor London Breed along with additional Requests for Production of Documents. Plaintiffs subsequently agreed to withdraw the subpoena on Mayor Breed, which counsel confirmed during the August 18 conference.

- On July 25, 2023, Plaintiffs Guardado *et al.* and Shaheed *et al.* served General Order No. 71 disclosures.

- On August 1, 2023, Plaintiff Cook and Defendant exchanged General Order No. 71 disclosures. On June 7, 2023, Plaintiff Cook served Interrogatories, Set One, Requests for Production of Documents, Set One, and Requests for Admissions, Set One.

- On August 11, 2023, Plaintiff Monegas served a "response to the Initial Discovery Protocol requests." Defendant served General Order No. 71 disclosures on the same day. Previously on July 31, 2023 (Case 4:22-cv-04633-JSW, Dkt. No. 42), she filed a Notice of Refusal to Comply or Participate in "Limited Consolidation."

Pursuant to the Court's order, all previously served discovery is currently stayed. (Dkt. No. 116).

### 3.     Defendant's Proposed Discovery Plan

**Written Discovery**

Defendant proposes the following discovery plan with respect to written discovery in the Consolidated Cases:

---

No. 71 on July 25, 2023.

1.      During the April 28, 2023, case management conference, the Court endorsed the idea that the parties exchange questionnaires in lieu of traditional written discovery requests. Defendant has provided a draft proposed questionnaire for Plaintiffs' review, with the hope that the parties can come to an agreement with respect to the information and materials sought from Plaintiffs. To the extent that there are objections to information sought in the questionnaire that cannot be resolved informally between the parties, Defendant proposes affirmatively seeking approval of any disputed questionnaire content with the Court prior to the parties' timeline for providing a response begins.[4] Defendant proposes that Plaintiffs jointly create a questionnaire to Defendant as well and resolve any dispute(s) in advance of a timeline for a response.[5]

2.      Defendant maintains that the use of a questionnaire eliminates the need for multiple sets of interrogatories and requests for production of documents, and the parties' need to draft objections to the same. Defendant proposes that the parties be permitted to reserve objections for responses to questionnaires until such time as the information may otherwise be used in evidence, if necessary. Defendant maintains it would significantly streamline discovery and minimize the need for motion practice related to disputes over written discovery, and avoid the need for disputes to be repeated via responding to identical or substantially similar requests issued in multiple of the Consolidated Cases.

---

[4] Counsel in the *Guardado* and *DeBrunner* actions tentatively agreed to the content of the draft questionnaire at the August 18, 2023, conference, though asked for more time to review. Counsel for Plaintiff Sanders stated via email on August 18, 2023, that Sanders does not object to any of the questions set forth in the draft questionnaire. Counsel for Plaintiff Cook objected to any questions or material sought related to prior history of vaccination or Plaintiff Cook's religious beliefs as it pertains to his religious exemption request, and also stated that he did not agree with using any questionnaires for any reason. Defendant expects this will need to be addressed with the Court. Remaining counsel and Plaintiffs have yet to provide feedback on Defendant's questionnaire.

[5] Counsel in the *Guardado* and *DeBrunner* matters have endorsed the idea of a questionnaire on behalf of Plaintiffs to Defendant (and counsel for Plaintiff Sanders previously did as well, though he was unable to attend the parties' recent conference). Counsel for Plaintiff Keene wants to append the entire content of existing discovery into a Plaintiff's questionnaire, and otherwise is unwilling to consider consolidated discovery. Defendant anticipates based on the Parties' conference that there will be a dispute across multiple actions as to whether exemption-related information for non-parties is discoverable at all, or the extent to which such information may be protected and/or require consent for disclosure.

DEFENDANT'S CASE MANAGEMENT STATEMENT

3.      Defendants further propose that the parties shall have 60 days to respond to a questionnaire. Defendant is amenable to a second set of questionnaires (if necessary) as well as limited additional written discovery individualized to particular Plaintiffs' factual circumstances or claims.

4.      For individualized discovery, Defendant proposes that the Court set a limit that for each Plaintiff, each party may presumptively propound ten (10) Requests for Productions of Documents; ten (10) Requests for Admissions (exclusive of Requests seeking the genuineness/authentication of documents); and ten (10) Interrogatories. Should the parties agree that additional written discovery is necessary, the parties will meet and confer regarding such a showing and will seek the Court's assistance if an agreement cannot be reached to exceed the presumptive limits.

5.      Defendant also requests that the Court appoint liaison counsel for Plaintiffs in the Consolidated Cases who will take the lead on drafting questionnaires and coordinate with the other Plaintiffs to consolidate questions, and with respect to deposition scheduling and priority.

**Depositions**

6.      Defendant proposes that it make available up to ten (10) depositions pursuant to Federal Rule of Civil Procedure 30(b)(6) in the Consolidated Cases, in accordance with the parameters set by Judge White in the parties' initial status conference. Defendant proposes a limit of up to five (5) fact witness (i.e., non-corporate witness) depositions be permitted with respect to each Plaintiff. For corporate or fact witnesses selected who are relevant to either ten (10) or more Plaintiffs OR three (3) or more cases (*e.g.*, the City's Director of Human Resources, human resources personnel for large departments such as the PUC, Police, and Fire, a person designated to discuss the exemption review process), Defendant will agree to two (2) full days of deposition of up to seven (7) hours of deposition testimony time each day. For all other fact witnesses, depositions will be limited to one day of seven (7) hours pursuant to Federal Rule of Civil Procedure 30. Defendant proposes that written discovery be completed prior to depositions, and thus deposition notices are not be served with requests for production of documents.

1    7. While Defendant suggests depositions follow the completion of written discovery, it is not opposed to the parties commencing depositions at any time. However, should any Party seek to conduct early depositions, Defendant requests that re-examination of a witness who is deposed before the completion of written discovery be prohibited.

8. Defendant proposes that liaison counsel for Plaintiffs will coordinate the timing of depositions so the parties can attend. Reasonable efforts will be made to schedule a deposition on a date and time agreeable to most, if not all, parties during regular business hours, i.e. 9 a.m. to 5 p.m. Defendant proposes that depositions will be limited to two (2) per day and to no more than eight (8) depositions per week.

9. Defendant further proposes that liaison counsel will coordinate amongst the various Plaintiffs' counsel to determine the order in which each set of counsel will take deposition time for each witness.

SEYFARTH SHAW LLP

Dated: August 22, 2023           By: /s/ Coby M. Turner
                                     Coby M. Turner
                                     Eric M. Lloyd
                                     Dawn R. Solowey
                                     Yoon-Woo Nam

*Attorneys for Defendant
City and County of San Francisco*