1  DAVID CHIU, State Bar #189542
   City Attorney
2  JONATHAN C. ROLNICK, State Bar #151814
   Chief Labor Attorney
3  LAUREN E. WOOD, State Bar #280096
   ADAM M. SHAPIRO, State Bar #267429
4  Deputy City Attorneys
   Fox Plaza, 1390 Market Street, 7th Floor
5  San Francisco, California 94102-5408
   Telephone:     (415) 554-4261 (Wood)
6                 (415) 554-3830 (Shapiro)
   Facsimile:     (415) 554-4699
7  E-Mail:        lauren.wood@sfcityatty.org
                  adam.shapiro@sfcityatty.org
8
   Attorneys for Defendant
9  CITY AND COUNTY OF SAN FRANCISCO

10

11                UNITED STATES DISTRICT COURT

12               NORTHERN DISTRICT OF CALIFORNIA

13

14  SELINA KEENE, MELODY FOUNTILA,        | **DECLARATION OF FIONA WILSON, MD**
    MARK MCCLURE,

15         Plaintiffs,

16         vs.                            | Judge:          Honorable Jeffrey S. White

17  CITY and COUNTY OF SAN FRANCISCO      | Filed:          March 14, 2022
                                          | Trial Date:     None set
18         Defendant.

19

20

21

22

23

24

25

26

27

28

FIONA WILSON, MD DECL.
CASE NO. 4:22-cv-01587-JSW                    1

I, Fiona Wilson, MD, declare:

1.      I am currently employed by the City and County of San Francisco (the "City" or "CCSF") as the Chief Physician for CCSF Employees at the San Francisco Department of Human Resources ("DHR"). Except where stated otherwise, I have personal knowledge of the following facts and, if called to testify, could and would testify competently thereto.

2.      I earned a Bachelor of Arts from UC Santa Cruz, and a medical degree from Harvard Medical School. I then went to the University of California, San Francisco School Medicine ("UCSF") primary care, internal medicine residency program, where I trained. I also spent an additional year at UCSF as a chief resident, and remained there are practicing faculty for nineteen years.

3.      Prior to working for the City, I was a professor of clinical medicine at UCSF, a practicing internal medicine physician at UCSF; president of My Health Medical Group; Chief Quality Officer, Chief Medical and Transformation Officer at Brown & Toland Physicians; Medical Director at Pacific Business Group on Health.

4.      In my role as Supervising Physician at DHR, I worked to support the health and well-being of City employees through the COVID-19 pandemic, including by assisting with integrating and operationalizing the Department of Public Health ("DPH") Directives and Health Orders to support employees across most City Departments. I have worked for the City since May 2020.

5.      Pursuant to the City's health order, all City employees needed be fully vaccinated against COVID-19 by November 1, 2021. One of the reasons the City implemented this vaccine mandate was so that City could have a reliable, dependable work force that could perform their regular duties as well as disaster service work if and when necessary.

6.      Before issuing the COVID-19 vaccine mandate, DHR and DPH determined that the COVID-19 vaccines were effective by looking at reliable data from local, national, and international sources.

7.      The City's vaccine mandate was ultimately effective and worked to decrease the risk and spread of COVID-19 among City employees. Vaccinated persons are much less likely to contract COVID-19 than unvaccinated persons. Moreover, vaccinated persons that do contract COVID are

likely to have less severe symptoms (which could include hospitalization and death) and likely to be out of work for shorter periods of time, than unvaccinated individuals.

8.      Moreover, as of November 1, 2021, the deadline for City employees to be fully vaccinated against COVID-19, vaccinated persons were less likely to spread COVID-19 than unvaccinated persons.

9.      I have reviewed the June 29, 2023 declaration of Bart Ellison concerning the work environment of Plaintiffs Selina Keene and Melody Fountila. In my experience as a medical professional, Ms. Keene and Ms. Fountila would have posed a health and safety risk to their co-workers and their clients had they been permitted to work in person and unvaccinated at 3120 Mission Street campus. Because they were unvaccinated, they were more likely to contract COVID-19 and spread the disease to their co-workers and to their clients. It is also my professional opinion that Plaintiffs' unvaccinated status had the potential to impact the operations of the Human Services Agency's Workforce Development Division, as Plaintiffs were more likely to spread the disease to their co-workers.

10.      Even if Ms. Keene and Ms. Fountila had previously contracted COVID-19, their unvaccinated status still posed a health risk to their co-workers and to their clients. As COVID-19 evolves with new variants, vaccine generated immunity is more broadly protective and longer lasting than that of immunity generated from a single infection.

11.      It is also my professional opinion that mandates regarding masking and social distancing though helpful would be insufficient to offset the risk that Ms. Keene and Ms. Fountila's unvaccinated status posed to their co-workers and to their clients.  Due to the insidious nature of COVID-19, an infected person may not show symptoms for 24 to 48 hours while being acutely infectious and capable of spreading their infection to others. This asymptomatic period and the ability to spread infection during this time is a particular concern in working with coworkers and clients. The unvaccinated person poses a greater risk to peers and clients and contracting infection and for spreading infection to others. The clients served by HSA are often considered to be some of our most vulnerable San Franciscans.

12.     I have also reviewed certain portions of the declarations Plaintiffs Selena Keene and Melody Fountila submitted in support of their motion for a preliminary injunction. Dkt No. 19-4, Dkt. No. 19-3. Both declarations state: "The currently available COVID-19 vaccines were derived from aborted fetal stem cells." Dkt No. 19-3 ¶ 8; Dkt No. 19-4 ¶ 2.

13.     In fact, the mRNA COVID-19 vaccine produced by Pfizer does not require the use of any fetal cell cultures in order to manufacture the vaccine. The same goes for the mRNA COVID-19 vaccine produced by Moderna. Early in the development of mRNA vaccine technology, fetal cell lines (not fetal tissue) were used to test the vaccines and confirm efficacy. There are no vaccines that include fetal cells in the vaccine material itself.

14.     Additionally, the vaccine mandate went into effect when at least one COVID-19 vaccination had been approved fully by FDA. This was the Pfizer M-RNA vaccine. By November 1, 2021, the deadline for all City employees to be vaccinated against COVID-19, there were two additional vaccines available for employees to choose: Moderna M-RNA vaccination, and Johnson and Johnson single dose vaccine. Of note, the Johnson and Johnson is a more traditional vaccine which does not involve M-RNA mechanism for generating immunity.

15.     Likewise, many common medications were also tested using cell lines, including fetal cell lines, including Tylenol, Pepto Bismol, aspirin, Tums, Lipitor, Motrin, ibuprofen, Maalox, Ex-Lax, Benadryl, Sudafed, albuterol, Preparation H, Claritin, Zoloft, Prilosec OTC, and azithromycin.

16.     I have also reviewed the declaration of Dr. Jayanta Bhattacharya, and disagree with many of his conclusions, which are inconsistent with the current scientific consensus regarding COVID-19 and vaccination.

17.     Dr. Bhattacharya opines that "for the vast majority of children and young adults, COVID-19 infection poses less of a mortality risk than seasonal influenza." Bhattacharya Decl. ¶ 7. This opinion and Dr. Bhattacharya's other opinions concerning "youths" and "students" is irrelevant to Plaintiffs and other City employees, who are all adults. For reasons unclear to the scientific community, children have had, in general, less severe outcomes to COVID compared to adults. The mortality rate for children is lower but is not zero. To date, the USA has surpassed 1,100,000 deaths from COVID, thus this was not a mild inconsequential infection for many.

18.     Dr. Bhattacharya opines that vaccinations "provide[s] only short-lasting and limited protection versus infection and disease transmission."  Bhattacharya Decl. ¶ 7. But Dr. Bhattacharya fails to account for the fact that vaccination plays an important role both in reduced severity of infection, need for hospitalization and the presence of long COVID. In San Francisco, when hospitalization data was followed acutely, unvaccinated  individuals made-up the majority of COVID related hospital admissions and ICU admissions when compared to COVID vaccinated individuals.

19.     Dr. Bhattacharya opines that "the recovery from COVID disease provides strong and lasting protection against severe disease if reinfected, at least as good and likely better. . . . the vaccine mandates here incorrectly do not provide an exclusion for naturally-immune students" Bhattacharya Decl. ¶ 7. However, as discussed above, Bhattacharya's opinions concerning students and children have no application here. Moreover, as COVID-19 evolves with new variants, vaccine generated immunity in adults is more broadly protective and longer lasting than that of immunity generated from a single infection.

20.     Dr. Bhattacharya opines that "Omicron does not present a grave danger; and vaccines are ineffective at preventing Omicron infections." Bhattacharya Decl. ¶ 7. I disagree with this opinion as well. Omicron, though potentially less virulent, does continue to contribute to hospitalizations and deaths. Furthermore, the development of Long COVID, also referred to as Post-Acute Sequelae COVID-19 or PASC (ICD#10 U09.9), the debilitating ongoing range of symptoms  such as fatigue, shortness of breath, palpitations, brain fog, depression, joint pains is greatly reduced in those who received their  COVID vaccination. Dr. Bhattacharya fails to account for serious long-term effects that impact many non-vulnerable people who have recovered from COVID-19. For CCSF as an employer, the health status and routine dependability of our employees who are all adults and public servants is of paramount importance.

I certify under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 30th day of June 2023 at San Francisco, California.

By: _____
FIONA WILSON, MD