| | |
|---|---|
| Charles S. LiMandri, SBN 110841<br>  cslimandri@limandri.com<br>Paul M. Jonna, SBN 265389<br>  pjonna@limandri.com<br>Jeffrey M. Trissell, SBN 292480<br>  jtrissell@limandri.com<br>Robert E. Weisenburger, SBN 305682<br>  rweisenburger@limandri.com<br>LiMANDRI & JONNA LLP<br>P.O. Box 9120<br>Rancho Santa Fe, California 92067<br>Telephone: (858) 759-9930<br>Facsimile: (858) 759-9938<br><br>Counsel for Plaintiffs | John C. Sullivan, Texas Bar No. 24083920<br>  john.sullivan@the-sl-lawfirm.com<br>S\|L Law PLLC<br>610 Uptown Boulevard, Suite 2000<br>Cedar Hill, TX  75104<br>Telephone: (469) 523-1351<br>Facsimile: (469) 613-0891<br><br>Counsel for Plaintiffs<br>*Pro hac vice* |

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE ANGELINA DEBRUNNER, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>    Defendants. | **Case No. 22-cv-01587-JSW (Lead)**<br><br>**Case No.:  4:22-cv-07455-JSW (Debrunner)**<br><br>**DEBRUNNER PLAINTIFFS' SUPPLEMENTAL CASE MANAGEMENT CONFERENCE STATEMENT RE DISCOVERY PLAN**<br><br>Date:   N/A<br>Time:   N/A<br>Judge:  Hon. Jeffrey S. White<br><br>Action Filed:  November 23, 2022 |

    Plaintiffs Denise Angelina Debrunner, et al. ("Debrunner Plaintiffs"), hereby submit this Supplemental Case Management Conference Statement per the order of Hon. Magistrate Judge Robert M. Illman at the August 22, 2023, 10:30 a.m. hearing conducted via remote video conference in this matter.  Lodged herewith are Debrunner Plaintiffs' objections, comments, and proposals on the discovery plan proposed by the Defendant City and County of San Francisco ("Defendant" or "CCSF").

/ / /

### 1. August 18, 2023, Discovery Conference

Counsel for the Debrunner Plaintiffs, Robert E. Weisenburger and John Sullivan, attended a lengthy meet and confer call with other Plaintiffs' counsel and various attorneys representing the Defendant.

The Debrunner Plaintiffs have no further comments on this section of the Defendants statement.

### 2. Status of Discovery

The Debrunner Plaintiffs have stipulated with the Defendant to exchange disclosures pursuant to General Order 71 by September 6, 2023. There has been no discovery formally exchange in the *Debrunner* case to date. The Debrunner Plaintiffs have received a document production from the Defendant, which the Debrunner Plaintiffs understand will be referenced as a part of the Defendant's General Order 71 discovery exchange. But, Plaintiffs have not reviewed any of this information and are waiting to receive official disclosures from the Defendant to confirm what documents and information will specifically relate to the *Debrunner* case.

Plaintiffs counsel will need to prioritize review of materials that are specifically identified as relating to the *Debrunner* matter.

### 3. Debrunner Plaintiffs' Proposals and Comments on Defendant's Proposed Discovery Plan

**Written Discovery**

A. <u>Questionnaires to the Debrunner Plaintiffs</u>: The Debrunner Plaintiffs tentatively agree to the discovery questionnaire that Defendant has proposed. Though the Debrunner Plaintiffs reserve their rights to object to various items in the questionnaire if it becomes apparent through the process of responding to the questionnaire that certain items are objectionable. Also, to the extent the questionnaire contains questions with multiple sub-parts and to the extent they exceed the number of discovery requests that would ordinarily be permitted under the rules of civil procedure, the Debrunner Plaintiffs should be permitted to propound an equal number of requests either by questionnaire or by formal written discovery.

B. <u>Questionnaire Efficiency as to Debrunner Plaintiffs</u>: The Debrunner Plaintiffs

maintain that the Defendant's issuance of a questionnaire to the Debrunner Plaintiffs would significantly streamline the initial discovery process. The Debrunner Plaintiffs involve 135 named plaintiffs. Defendant would not need to waste extensive time duplicating and tailoring discovery requests to 135 different named Plaintiffs. Additionally, Plaintiffs would be able to streamline the response process by avoiding the need to respond in a cumbersome standard pleading paper format and would not need to issue time consuming objections to preserve the right to raise objections later in the discovery process.

C. <u>Questionnaires as to Defendants</u>: The Debrunner Plaintiffs are not opposed in concept to the use of a questionnaire to the Defendant, but question its efficacy. There is only one institutional Defendant in the Debrunner matter. So, there will be no needless duplication of identical discovery requests to the Defendant if ordinary discovery request format is used. Additionally, responding to a questionnaire seems to present a similar burden as would responding to standard discovery requests. Furthermore, despite the large number of plaintiffs and multiplicity of lawsuits concerning the vaccine mandate, there has not been very minimal discovery issued so far in this case and there does not appear to be any undue burden placed upon the Defendant in responding to the current discovery. Nor does it appear that any Plaintiff group has any intent of propounding duplicative discovery in this case.

The significant advantage of consolidation is that discovery is shared across all cases, and that, the Defendants will only need to serve responsive documents and information one time. Additionally, Plaintiffs or Plaintiff groups will not need to re-propound discovery in each case if it has already been propounded by another Plaintiff or Plaintiff group. But, consolidation does not mean that each individual Plaintiff loses his/her separate right to retain his/her own counsel and does not mean that each individual Plaintiff loses his/her own right to conduct an independent discovery investigation.

Finally, and perhaps most importantly, the Debrunner Plaintiffs have met and conferred with various of the other Plaintiffs' counsel, and it appears quite clear that the various Plaintiffs or Plaintiff groups will not be able to agree to a universal questionnaire. The Debrunner Plaintiffs are willing to collaborate with the other Plaintiff groups on this issue and understand that the Guardado and

Shaheed Plaintiffs have prepared a draft questionnaire that they are willing to circulate after a joint plaintiff agreement has been entered in the case. The Debrunner Plaintiffs anticipate that they will very likely be able to work out a questionnaire that they will sign on to with the Guardado and Shaheed Plaintiffs. Assuming an agreement can be worked out regarding the questionnaire between the *Debrunner*, *Guardado*, and *Shaheed* cases, then the three largest cases will be able to sign on to a joint plaintiff questionnaire. The Debrunner Plaintiffs propose that any additional Plaintiffs who wish to sign on to the questionnaire should do so and that those who do not wish to sign on to the questionnaire should not be required to do so.

There is always a burden in every case, even cases much smaller than this one, of dealing with some duplicative and overlapping discovery. It is just a part of litigation and there are procedures for dealing with duplicative and overlapping discovery when it reaches the point of creating an undue burden. This case is no different and there does not appear to be any need for the Court to issue any pre-emptive orders regarding a questionnaire.

Additionally, in concept, pre-emptively addressing discovery disputes sounds like a good idea, but the ordinary course of due process should not be supplanted and the Court should be careful not to adjudicate any discovery questions that are not yet ripe for adjudication. Whether pre-emptively or after the fact, the court should only address actual written discovery requests to which a party has raised a specific legal objection.

D.   <u>Discovery Limits Proposed by Defendant:</u> At this time, the Debrunner Plaintiffs object to and cannot agree to any of the proposed written discovery limits. Although the limits likely present no problem, this issue is simply not ripe for adjudication at this time. The Debrunner Plaintiffs have not yet exchanged the first phase of General Order 71 disclosures with Defendant. The Debrunner Plaintiffs are not and will not be in a position to evaluate and assess the needs for further written discovery until after having adequate time to review and assess the General Order 71 exchange. The Debrunner Plaintiffs do not anticipate needing a large amount of discovery beyond the General Order 71 exchange, but maintain that at this time there is simply no need for the Court to issue any orders that modify the ordinary discovery limits imposed by the rules of Civil Procedure. It would be better to address and impose written discovery limits if, at some point later

in the case, it becomes apparent that there is an excessive amount of unwarranted, duplicative discovery requests being issued. The Debrunner Plaintiffs object to addressing this issue pre-emptively when there is no dispute actually pending concerning excessive written discovery requests.

### Depositions

E. <u>FRCP 30(b)(6) Depositions</u>: The Debrunner Plaintiffs agree that the initial ten (10) FRCP 30(b)(6) depositions should be two full day depositions, subject to further deposition time being allowed upon application to the Court that reasonably indicates more time is needed to address topics relevant to a particular case that have not yet been addressed by prior questioners. This will result in a significant benefit to the Defendant of not being required to produce these higher-level witness multiple times for each case, unless the witness also is a separate independent fact witness on a particular case.

F. <u>Other Defense Depositions</u>: **The Debrunner Plaintiffs object at this time to any further limitations on corporate or fact witnesses including those that are relevant to ten or more plaintiffs or three or more cases**. If the witnesses have specific knowledge pertaining to multiple individual plaintiffs, then this proposed rule could create a serious prejudice of the Debrunner Plaintiffs' rights. For example, if one human resource representative had detailed religious accommodation interactions with 25 plaintiffs, then each plaintiff would only get 30 minutes of examination time. Depending on the nature and extent of the interactions, significantly more time may be required to examine the witness. At this time, the Debrunner Plaintiffs do not even have their own personnel files from the Defendants and have no idea as to the extent of interactions that may have occurred, the number of emails or documents exchanged, etc. Thus, it is impossible to determine how much time may be needed with each of Defendant's witnesses and any pre-emptory orders in this regard represent a serious risk of unduly limiting and prejudicing the Debrunner Plaintiffs' discovery rights under the relevant rules of civil procedure.

**Additionally, here the Defendants are not proposing any limits on their depositions of the Debrunner Plaintiffs, despite their being 135, yet they want to limit substantially curtail the Debrunner Plaintiffs' rights to take the Defendant depositions.** There is no reasonable basis for supplanting the Federal Rules of Civil Procedure and imposing unwarranted arbitrary limits at this

time. The Debrunner Plaintiffs propose that this issue should not be decided until there has been adequate exchange of relevant witnesses and discovery. Furthermore, any limits should be reciprocal. For example, something like the following rule might be appropriate: "each Plaintiff deposition shall be limited to two hours, and each Plaintiff shall have the right to conduct two hours of examination for each relevant fact witnesses affiliated with the Defendant; any defense witnesses that overlap with multiple Plaintiffs shall be coordinated to occur consecutively on the same day to the extent reasonably possible." **But, the Debrunner Plaintiffs contend that it will likely be possible to resolve all of these potential scheduling and time limit issues through meet and confer efforts with the Defendant, and that the Court likely will not need to issue any orders curtailing the rules of civil procedure at this time. Consequently, the Court should not enter any such orders until such a time as it becomes apparent that such an order may be necessary based on demonstrated abuse of the discovery process or the parties agreement that clear guidelines are needed on this issue at a later time.**

    G. <u>Completing Written Discovery Prior to Depositions:</u> The Court should not issue any orders that alter the rules of civil procedure at this time on this issue. The Debrunner Plaintiffs agree that all document exchanges should in large part occur before proceeding with depositions. But, the Debrunner Plaintiffs object to an order replacing the rules of civil procedure that allow a party to serve document requests with a deposition notice.

  Often times, such a document request is issued to ensure that full compliance with a prior document request has occurred, to require a witness to perform one more pass of examining and ensuring the relevant documents have been produced, and to allow examination of the witness on the steps taken to comply with the document production. The scope of Defendant's document production in the Debrunner Plaintiffs' case is quite large and there is a possibility of overlooking that a certain witness may have relevant documents. Additionally, adding document requests to a particular witness' notice of deposition is sometimes necessary to ensure that a particular witness will not produce an additional document at trial that was not previously disclosed.

  The Debrunner Plaintiffs will need to reserve the right to serve document requests with deposition notices in order to ensure that particular witnesses have fully and personally complied

with discovery obligations. To expedite the time used in a particular deposition, the Debrunner Plaintiffs agree that any supplemental documents that need to be produced for a particular deposition should be produced at least seven (7) days before the deposition if at all possible. But, the Debrunner Plaintiffs contend that a mutual agreement can likely be worked out with defense counsel without the need for any orders from the Court at this time regarding the timing of producing documents pursuant to a deposition notice. Indeed, any orders the Court issues at this time will likely need to be adjusted by the agreement of counsel as required to meet the demands of the case at any given point in time. As such, any order by the Court right now on this issue would be premature.

If the witness has been noticed for deposition early and prior to the completion of document productions in the case, the Debrunner Plaintiffs propose that the ordinary rules be followed regarding re-deposing a witness. There is no need for an express order addressing this issue at this time.

        H.    <u>Liaison Counsel</u>: The Debrunner Plaintiffs' counsel has met and conferred with the other Plaintiffs' counsel regarding this issue. The Debrunner Plaintiffs do not agree to the appointment of any liaison counsel at this time. The Debrunner Plaintiffs are part of a mass action and have selected their counsel for the purpose of prosecuting this case. There is also a class action and there are individual actions. The needs of each case are quite different and the counsel selected by each Plaintiff are the best suited to address the needs of their respective clients. There will also be a substantially increased economic burden imposed on any counsel that is appointed as a liaison, which no Plaintiff or Plaintiff group is willing to shoulder at this time.

**4.    Summary**

In summary, the Debrunner Plaintiffs generally agree to the plaintiff questionnaire proposed by the Defendant, subject to reserving rights to object to certain requests either collectively or individually should it become apparent through the process of responding to the questionnaire that certain requests are objectionable. The Debrunner Plaintiffs propose that a questionnaire to the Defendants will be provided if the *Debrunner*, *Shaheed*, and *Guardado* Plaintiffs are able to agree upon a proposed questionnaire. Any additional Plaintiff groups that wish to sign on to the questionnaire will be permitted the opportunity to do so. The use of this preliminary round of

questionnaires shall not replace or supplant the ordinary rules of civil procedure regarding written discovery. The only effect that the questionnaires will have on reducing the discovery burden is that to the extent responsive information is provided pursuant to the questionnaires, subsequent written discovery requests genuinely seeking duplicative information shall be subject to the standard process of objections including an objection that the request is duplicative of previously issued discovery.

With regard to written discovery, there shall be no pre-emptive limits placed on written discovery beyond the ordinary rules of civil procedure as it is too early in the case to determine whether any such limitations are warranted.

With regard to depositions, there shall be no pre-emptive limits placed on depositions or related document requests beyond the ordinary rules of civil procedure, except that Defendants shall prepare ten FRCP 30(b)(6) witnesses that shall be subject to two 7-hour deposition periods. These witnesses shall be subject to further examination upon application to the Court that more time is reasonably necessary to cover deposition topics not covered by prior examiners. Additionally, should additional 30(b)(6) type witnesses be identified as reasonably necessary upon review of discovery exchanged in the case, the Court may approve additional 30(b)(6) deponents upon application or agreement by the parties that such witnesses should be deposed as group witnesses.

Excepting the ten 30(b)(6) deponents, to the extent the Court intends to issue any orders concerning the proposed discovery plan that would limit the scope of discovery beyond that ordinarily provided in the rules of civil procedure, the Debrunner Plaintiff's would request a further hearing to ensure that all aspects of such rulings are fully considered prior to entry of any such order.

Respectfully submitted,

LiMANDRI & JONNA LLP

Dated: August 30, 2023   By:   /s/ Robert E. Weisenburger
Charles S. LiMandri
Paul M. Jonna
Jeffrey M. Trissell
Robert E. Weisenburger

S|L LAW PLLC

Dated: August 30, 2023     By:  /s/ John C. Sullivan
John C. Sullivan*
S|L LAW PLLC
610 Uptown Boulevard, Suite 2000
Cedar Hill, TX  75104
john.sullivan@the-sl-lawfirm.com

*pro hac vice

*Counsel for Plaintiffs*