UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| SELINA KEENE, *et al.*, <br><br>  Plaintiffs, <br><br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO, *et al.*, <br><br>  Defendants. | Case No. 22-cv-01587-JSW (RMI) <br><br> **ORDER RE: DEFENDANT'S PROPOSED DISCOVERY PLAN** <br> AND CONSOLIDATED CASES[1] <br><br> Re: Dkt. No. 125 |

Now pending before the court in these consolidated and related cases is a dispute related to Defendant City and County's (hereafter, "Defendant") proposed discovery plan. Given that the Vaccine Cases have been consolidated up to and including the court's ruling on summary judgment motions (including, of course, consolidation for the purposes of discovery) (*see* dkt. 90 at 3), Defendant submitted a discovery plan such as to coordinate the discovery process in a centralized fashion that would avoid duplicative discovery requests or disputes, wastage of judicial resources, and the unnecessary burdening of any party (*see generally* dkt. 125). The court then solicited Plaintiffs' respective positions and offered an opportunity for any objections to be filed (*see* dkt. 136 at 27-28; and, dkt. 139). Thereafter, various objections were submitted (*see* dkts.

---

[1] The above-styled case is the lead case in a group of consolidated and related cases (hereafter collectively referred to as the "Vaccine Cases"). The currently-pending consolidated cases are: 4:22-cv-03975-JSW, 4:22-cv-04319-JSW, 4:22-cv-07455-JSW, 4:22-cv-07645-JSW, 4:22-cv-06013-JSW, 4:23-cv-00211-JSW, and 4:23-cv-03139-JSW. The related cases are 4:22-cv-09045-JSW and 4:23-cv-03643-JSW. The order granting limited consolidation was filed in *Keane et al.*, 4:22-cv-01587-JSW; therein, the court clarified that any subsequent case filed in the District that is determined to be related to the consolidated cases shall likewise be subject to the terms of the limited consolidation order (*see* dkt. 90 at 3, n.2). The consolidation order also stated that all such cases shall proceed with the same discovery and motion schedule through summary judgment, and that all submissions filed by any party in any related case shall be filed only in the lead case, *Keene et al v. City and County of San Francisco, et al*, 4:22-cv-01587-JSW). *See id.* at 3-4.

1   130, 132, 133, 134, 135, 141). Having considered Defendant's proposed discovery plan, and
2   having considered all of the objections thereto, the court finds Defendant's proposal to be
3   reasonable. Accordingly, Defendant's request for the adoption of its proposed discovery plan is
4   **GRANTED**, and Plaintiffs' objections thereto are **OVERRULED**.

5   Courts are vested with the discretion to limit the entire scope of discovery to take account
6   of issues such as the conservation of the Parties' resources and the balancing of the burden or
7   expense of proposed discovery in light of its likely benefit. *See* Fed. R. Civ. P. 26(b)(1). This
8   discretion similarly applies to the imposition of limitations on the frequency and extent of any
9   individual facet of discovery – such as altering the limits on the number of depositions and
10  interrogatories under Rule 30, or the length of depositions, or the number of requests under Rule
11  36. *See* Fed. R. Civ. P. 26(b)(2). The court finds that the discovery plan – as set forth below –
12  would save substantial time and resources for all involved, given the significant overlap that is
13  anticipated in discovery amongst the consolidated and related cases. The court further finds that
14  the plan set forth below will also serve to promote judicial convenience and economy in
15  streamlining and centralizing discovery disputes, and rendering them more amenable to efficient
16  resolution – rather than, for example, forcing the court to repeatedly pass upon substantially
17  similar disputes as presented in piecemeal and serial fashion by individual Plaintiffs. *See e.g.*,
18  *Long v. Las Vegas Valley Water Dist.*, 2015 U.S. Dist. LEXIS 119234, *5-6 (D. Nev. Sept. 4,
19  2015) (consolidated for purposes of discovery in order promote judicial convenience and
20  economy). The discovery **STAY** previously entered by the undersigned is hereby **DISSOLVED**.
21  Discovery shall now proceed in accordance with the discovery plan set forth herein. All previously
22  propounded discovery requests and deadlines are rendered null by virtue of this Order.

23  As to written discovery, court **ORDERS** as follows:

24  1. Defendant reports that during the April 28, 2023, case management conference, the
25  Court endorsed the idea that the parties exchange questionnaires in lieu of traditional written
26  discovery requests. Defendant further reports that it has provided a draft proposed questionnaire
27  for Plaintiffs' review, with the hope that the Parties can come to an agreement with respect to the
28  information and materials that will be sought from Plaintiffs. To the extent that there are

1    objections to information sought in Defendant's questionnaire that cannot be resolved informally
2    between the parties, such disputes shall be submitted to the undersigned for resolution by way of a
3    jointly-filed letter brief in advance of the timeline for providing a response thereto. Counsel for
4    Plaintiffs shall work together to jointly create a similar questionnaire with respect to the
5    information and materials that will be sought by all Plaintiffs from Defendant. Similarly, if any
6    dispute arises as to the contents of Plaintiffs' jointly-prepared questionnaire, such dispute shall be
7    submitted to the undersigned for resolution by way of a jointly-filed letter brief in advance of a
8    timeline for any response from Defendant.

9         2. The court finds that the use of the questionnaires described above eliminates the need for
10   multiple sets of interrogatories and requests for production of documents, the Parties' need to draft
11   objections to such overlapping requests, the minimization of the need for discovery-related
12   motions' practice, and – as such – the court's need to potentially be presented with substantially
13   similar and repetitive disputes arising therefrom. The Parties shall be permitted to reserve
14   objections for responses to questionnaires until such time as the information may otherwise be
15   used in evidence, if necessary.

16        3. Once completed and finalized – and any disputes thereto having been resolved by the
17   court – the Parties shall have 60 days to respond to a questionnaire. Upon a showing of good
18   cause, the court will consider permitting a second set of questionnaires, and/or limited additional
19   written discovery individualized to particular Plaintiffs' factual circumstances or claims if
20   necessary.

21        4. For individualized discovery, each Plaintiff may *presumptively* propound ten (10)
22   Requests for Productions of Documents; ten (10) Requests for Admissions (exclusive of Requests
23   seeking the genuineness/authentication of documents); and ten (10) Interrogatories. Should
24   additional written discovery become necessary, the Parties shall meet and confer regarding the
25   matter, and if the Parties are unable to resolve the dispute informally, they will seek the court's
26   assistance through a jointly-filed letter brief.

27        5. Counsel for Plaintiffs shall meet and confer forthwith in an effort to appoint or elect a
28   liaison counsel for Plaintiffs in the Consolidated Cases who will take the lead on drafting

3

Plaintiffs' questionnaire, on coordinating with the other Plaintiffs to consolidate questions, and with respect to deposition scheduling and priority.

As to depositions, the court **ORDERS** as follows:

6. Defendant shall make available up to ten (10) depositions pursuant to Federal Rule of Civil Procedure 30(b)(6) in the Consolidated Cases, in accordance with the parameters set by Judge White in the parties' initial status conference – the limits of which will be as follows. A limit of up to five (5) fact witness (*i.e.*, non-corporate witness) depositions shall be permitted with respect to each Plaintiff. For corporate or fact witnesses selected who are relevant to either ten (10) or more Plaintiffs OR three (3) or more cases (*e.g.*, the City's Director of Human Resources, human resources personnel for large departments such as the PUC, Police, and Fire, a person designated to discuss the exemption review process), Defendant will make such witnesses available for two (2) full days of deposition of up to seven (7) hours of deposition testimony time each day. For all other fact witnesses, depositions will be limited to one day of seven (7) hours pursuant to Federal Rule of Civil Procedure 30. Written discovery shall be completed prior to depositions. Accordingly, deposition notices are not to be served with requests for production of documents.

7. In the event that any Party seeks to conduct early depositions – that is, before the completion of written discovery – and assuming that the opponent is/are amenable, re-examination of such a witness (*i.e.*, one who was deposed before the completion of written discovery) shall be prohibited.

8. Plaintiffs' liaison counsel will coordinate the timing of depositions so the Parties can attend. Reasonable efforts shall be made to schedule such depositions on a date and time agreeable to most, if not all, Parties during regular business hours. The depositions will be so limited: no more than two (2) depositions per day, and no more than eight (8) depositions per week.

9. Liaison counsel shall coordinate amongst the various Plaintiffs' counsel to determine the order in which each set of attorneys will take deposition time for each witness.

//

//

**IT IS SO ORDERED.**

Dated: September 11, 2023

\
ROBERT M. ILLMAN\
United States Magistrate Judge