DAVID CHIU, State Bar #189542
City Attorney
JONATHAN C. ROLNICK, State Bar #151814
Chief Labor Attorney
LAUREN E. WOOD, State Bar #280096
ADAM M. SHAPIRO, State Bar #267429
Deputy City Attorneys
Fox Plaza, 1390 Market Street, 7th Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-4261 (Wood)
               (415) 554-3830 (Shapiro)
Facsimile:     (415) 554-4699
E-Mail:        lauren.wood@sfcityatty.org
               adam.shapiro@sfcityatty.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| SELINA KEENE, MELODY FOUNTILA, MARK MCCLURE,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants.<br><br>*(Lead Case in Consolidated Action)* | Lead Case No.: 4:22-cv-01587-JSW<br><br>Case No. 4:22-cv-07455-JSW (DebrunnerAction)<br><br>**DEFENDANT CITY & COUNTY OF SAN FRANCISCO'S ANSWER TO THE DEBRUNNER PLAINTIFFS' COMPLAINT**<br><br>Date Action Filed:   November 23, 2022<br>Trial Date:          Not Set |
| DENISE ANGELINA DEBRUNNER, et al.,<br><br>Plaintiffs,<br>v.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | |

1

2

Defendant The City and County of San Francisco ("Defendant"),[1] by and through its attorneys, hereby submits its Answer to the Complaint and Affirmative and Additional Defenses as follows:

1.      Defendant denies that Plaintiff Dr. Susan Ruth Downs is a current or former employee of the Defendant.  Defendant admits that the remaining 134 Plaintiffs are comprised of current or former employees of Defendant. Defendant avers that the remaining allegations set forth in Paragraph 1 are conclusions of law, assertions of causes of action, or legal theories not requiring a response by Defendant, and, on that basis, Defendant denies each and every such allegation.

2.      Defendant admits Plaintiffs consist of police officers, sheriff's deputies, hospital workers, employees of the Public Utilities Commission, transit and parks/recreation workers, airport workers and IT support staff. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 of the Complaint and on that basis denies them.

3.      Defendant denies that Plaintiff Dr. Susan Ruth Downs sought an accommodation from Defendant. Defendant admits each remaining Plaintiff sought an accommodation from Defendant based on either their religious beliefs or a medical condition (or both). Defendant avers that the remaining allegations set forth in Paragraph 3 are conclusions of law, assertions of causes of action, or legal theories not requiring a response by Defendant, and, on that basis, Defendant denies each and every such allegation.

4.      Defendant denies that it did not comply with its obligations under Title VII, the ADA, or state law, or that it "responded by issuing blanket denials of requests for accommodation." Defendant denies that it granted 11/125 medical requests. Defendant further denies that it only granted 8/943 religious accommodation requests. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 4 of the Complaint that "Marin County California had a 95.65% approval rate for requested accommodations," and on that basis, denies this allegation.

---

[1] Plaintiffs voluntarily dismissed the Individual Defendants originally named in the Complaint on April 13, 2023. (Dkt. No. 40.)

1    Defendant denies that all employees working remotely were denied reasonable accommodations.

2    Defendant avers that the remaining allegations set forth in Paragraph 4 are conclusions of law, assertions

3    of causes of action, or legal theories not requiring a response by Defendant, and, on that basis,

4    Defendant denies each and every such allegation.

5          5.    Defendant denies that it "valued 100% vaccination over its employees' religious and

6    medical rights." Defendant admits that certain of its officials concluded that COVID-19 was a direct

7    threat to public health and safety, but denies this was a "problem." Defendant further admits that the

8    quoted text in Paragraph 5 appears in Exhibit 1, as referenced in footnote 1. Defendant denies the

9    remaining allegations in Paragraph 5 of the Complaint.

10         6.    Defendant denies that it was "uninterested in the facts" and that it knew or should have

11   known that testing was purportedly the best and really the only way to ensure that an individual was not

12   infected and, therefore, incapable of transmitting the virus. Defendant admits that it implemented and

13   enforced a COVID-19 Vaccination Policy to protect public health and safety based on competent

14   medical information. Defendant is without knowledge or information sufficient to form a belief as to the

15   truth of the allegations in Paragraph 6 of the Complaint that the CDC "acknowledged… that the primary

16   use of COVID vaccines is to alleviate the symptoms of those who get the virus, that the vaccines do not

17   stop transmission of the virus (especially the Omicron variant), and that natural immunity from a prior

18   infection is both robust and durable (much more so than the outdated primary series of vaccines that

19   CCSF continues to force on employees)," and that "the CDC published statements and information as

20   early as March, July, and August 2021, noting that the vaccine did not stop transmission of the virus,"

21   and on that basis denies those allegations. Defendant avers that the remaining allegations set forth in

22   Paragraph 6 are conclusions of law, assertions of causes of action, or legal theories not requiring a

23   response by Defendant, and, on that basis, Defendant denies each and every such allegation.

24         7.    Defendant denies the allegations in Paragraph 7.

25         8.    Defendant denies the allegations in Paragraph 8.

26         9.    Defendant denies the allegations in Paragraph 9.

27

28

1

2

3

10.     Defendant avers that the allegations set forth in Paragraph 10 are conclusions of law, assertions of causes of action, or legal theories not requiring a response by Defendant, and, on that basis, Defendant denies each and every such allegation.

4

11.     Defendant denies the allegations in  Paragraph 11.

5

12.     Defendant denies the allegations in Paragraph 12.

6

13.     Defendant denies the allegations in Paragraph 13.

7

8

9

10

11

12

13

14

14.     Defendant denies the allegation that "The lack of individualized process becomes apparent when examining the false 'process' provided by the City." Defendant admits that some employees' requests for an accommodation were denied on the same day they submitted their requests for failure to prove a sincere religious belief that conflicted with Defendant's Vaccination Policy, but denies that accommodations were denied for not having proven a sincere religious belief. Defendant avers that the remaining allegations set forth in Paragraph 14 are conclusions of law, assertions of causes of action, or legal theories not requiring a response by Defendant, and, on that basis, Defendant denies each and every such allegation.

15

16

17

18

19

20

21

22

23

24

15.     Defendant denies the allegation that "And even when the City sat on a request for some time before denying it, comparing the returned denial forms against what was actually submitted by employees reveals a disconnect between what CCSF claimed and reality." Defendant admits some employees presented letters concerning their alleged religious beliefs with respect to abortion and drugs that contain or were tested on fetal stem cell lines, that some of these letters were at least 20 pages long, that some individuals submitted clergy letters, and that it told some individuals that they had provided insufficient documentation to show a sincerely held religious belief that conflicted with Defendant's Vaccination Policy. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 of the Complaint and on that basis denies those allegations.

25

26

16.     Defendant denies the allegation that "the City somehow decided it was not (or that it was allowed to claim that this was not) a sincere religious belief." Defendant admits that it denied requests

27

28

CCSF ANSWER
Lead Case No.: 4:22-cv-01587-JSW
CASE NO. 4:22-cv-07455-JSW
97953609v.4

4

n:\labor\li2023\230410\01710467.docx

1    for exemption from the COVID-19 Vaccination Policy for failing to prove a sincerely held religious

2    belief that conflicted with the Policy, but denies that the number of requests was "countless." The

3    allegation that "This disconnect with reality was hardly accidental." is vague and ambiguous, and on that

4    basis, Defendant denies it. Defendant avers that the remaining allegations set forth in Paragraph 16,

5    including those set forth in footnote 3, are legal conclusions, questions of law, assertions of causes of

6    action, or legal theories not requiring a response by Defendant, and, on that basis, Defendant denies each

7    and every such allegation.

8         17.    Defendant admits that its guidance for processing exemption requests stated that Pfizer

9    and Moderna vaccines do not contain fetal cells. Defendant admits that Exhibit 2, referenced in footnote

10   4, appears to be a copy of Defendant's "Tips for Processing Religious Accommodation-Vaccine

11   Exemption Requests." Defendant denies the remaining allegations in Paragraph 17.

12        18.    Defendant denies the allegation that "This entire enterprise by CCSF was illegitimate"

13   and that Defendant purportedly "wanted to make sure that anyone with even potential inconsistencies

14   had those count against them in the process." The remaining allegations in this paragraph set forth legal

15   conclusions and questions of law to which no response is required, and on that basis, Defendant denies

16   them.

17        19.    Defendant denies the allegations in Paragraph 19.

18        20.    Defendant admits it provided a document entitled, "Tips for Processing Religious

19   Accommodation-Vaccine Exemption Requests" to departments analyzing Vaccination Policy exemption

20   requests. Footnote 6 sets forth legal conclusions and questions of law to which no response is required.

21   Defendant is without knowledge or information sufficient to form a belief as to the truth of the

22   allegations in footnote 7 of the Complaint and on that basis denies those allegations. Defendant denies

23   the remaining allegations in Paragraph 20.

24        21.    Defendant admits it provided a document entitled, "Tips for Processing Religious

25   Accommodation-Vaccine Exemption Requests" to departments analyzing Vaccination Policy exemption

26   requests. Defendant denies the remaining allegations in this paragraph.

27

28

22.  Defendant denies the allegations in Paragraph 22.

23.  Defendant denies the allegations in Paragraph 23.

24.  Defendant denies the allegations in Paragraph 24.

25.  Defendant denies the allegations in Paragraph 25.

26.  Defendant admits it placed some Plaintiffs on unpaid leave for multiple months due to their refusal to comply with Defendant's COVID-19 Vaccination Policy. Defendant denies the remaining allegations in Paragraph 26.

27.  Defendant admits that some employees from the San Francisco Police Department were initially granted exemptions from the Vaccination Policy. Defendant admits that the San Francisco Health Officer amended a public health order, and that that some employees from the San Francisco Police Department who were initially granted exemptions from the Vaccination Policy were thereafter notified that their exemption requests were undergoing a second review. Defendant admits that it revoked the exemptions granted to some employees from the San Francisco Police Department. Defendant denies remaining allegations in Paragraph 27 of the Complaint.

28.  Defendant denies the allegations in Paragraph 28.

29.  Defendant denies the allegations in Paragraph 29.

30.  Defendant admits that some employees who requested accommodations were provided 60 days of unpaid leave to find a new position with Defendant. Defendant avers that the allegation that "Of all the employees placed on a 60-day job search, only two were temporarily accommodated before subsequently having those accommodations removed as well" is so vague and ambiguous that Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation, and on that basis, Defendant denies it. Defendant denies the remaining allegations in Paragraph 30.

31.  Defendant denies the allegations in Paragraph 31.

32.  Defendant avers that the allegation that "But discriminating against employees entitled to an exemption from the mandate was improper (and illegal) when the costs of accommodating them

safely was nothing more than a de minimus burden, at most" is a conclusion of law, assertion of causes of action, or legal theory not requiring a response by Defendant, and, on that basis, Defendant denies it. Defendant denies that accommodations for exempt employees, including some Plaintiffs here, can be easily accomplished. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 of the Complaint and on that basis denies them.

33. Defendant avers that the allegation that "All this is unsurprising. Remember, CCSF—like other municipalities—had sent its employees into the workplace for the previous year and a half, telling them it was safe to work as long as the employees abided by mitigation measures such as masking, social distancing when possible, and testing/quarantine when appropriate" is so vague and ambiguous that Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation, and on that basis, Defendant denies it. Defendant denies the remaining allegations in Paragraph 33.

34. Defendant admits that it employed periodic testing and masking for employees exempt from the Vaccination Policy at or around the time the Vaccination Policy was implemented. Defendant denies that its leadership made a policy decision favoring vaccination for all over people's religious beliefs or medical need in or around August of 2021. Defendant denies that it made "a decision divorced from scientific evidence." Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations that "Indeed, as discussed in more detail below, the CDC acknowledge as early as March 2021 that vaccination did not stop transmission of the virus, and in July/August 2021 published additional statements and studies finding that the vaccines did not stop transmission" and on that basis denies them. Defendant denies the remaining allegations in Paragraph 34.

35. Defendant avers that the allegation that "While no one doubts the seriousness of the pandemic for a moment, safety concerns do not relieve San Francisco of its duties under both federal and state law" is a conclusion of law, assertion of causes of action, or legal theory not requiring a response by Defendant, and, on that basis, Defendant denies it. Defendant avers that the allegation that "Therefore, widespread testing was likely the safest option at the time" is so vague and ambiguous that

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation, and on that basis, Defendant denies it. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35 of the Complaint and on that basis denies them.

36.     Defendant admits its COVID-19 Vaccination Policy does not allow "natural immunity" to substitute for the vaccine requirement. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36 of the Complaint, including those set forth in footnote 8, and on that basis denies them.

37.     Paragraph 37 is vague and ambiguous, and, sets forth legal conclusions and questions of law to which no response is required, and on that basis, Defendant denies each and every allegation therein.

38.     Defendant denies the allegations in Paragraph 38.

39.     Defendant avers that this paragraph contains allegations that are conclusions of law, assertions of causes of action, or legal theories not requiring a response by Defendant, and, on that basis, Defendant denies each and every allegation in Paragraph 39.

40.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 40 of the Complaint that "The CDC itself recognized the impotency of primary series vaccines and began suggesting boosters in the face of overwhelming evidence that the original vaccines were not able to stop infection—especially not as well as natural immunity", and on that basis denies it. Defendant denies the remaining allegations in this paragraph.

41.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 41 of the Complaint that "The CDC never told employers to terminate unvaccinated employees because they were a greater threat and, tellingly, did not fire any of its own unvaccinated employees", and on that basis denies it. Defendant denies the remaining allegations in this paragraph.

42.     Defendant denies the allegations in Paragraph 42.

1    43.    Defendant denies that there is a lack of support for its approach, and, that its approach is

2    unscientific. Defendant is without knowledge or information sufficient to form a belief as to the truth of

3    the remaining allegations in Paragraph 43 of the Complaint, including the allegations in footnote 9, and

4    on that basis denies them.

5    44.    Defendant admits some Plaintiffs were terminated for failing to comply with Defendant's

6    COVID-19 Vaccination Policy. Defendant is without knowledge or information sufficient to form a

7    belief as to the truth of the allegation in this paragraph that the CDC advised that unvaccinated

8    individuals are no more of a threat than vaccinated individuals and on that basis denies it. Defendant is

9    without knowledge or information sufficient to form a belief as to the truth of the allegations in footnote

10    10 of the Complaint and on that basis denies. Defendant denies the remaining allegations in this

11    paragraph.

12    45.    Defendant denies the allegations in Paragraph 45.

13    46.    Defendant denies that it engaged in religious or medical discrimination, that it subjected

14    individuals to a purportedly illegal choice and that it coerced anyone "into violating their faith in some

15    instances just to put food on the table." Defendant avers that the remaining allegations in this paragraph

16    are conclusions of law, assertions of causes of action, or legal theories not requiring a response by

17    Defendant, and, on that basis, Defendant denies the remaining allegations in this paragraph. To the

18    extent a further response is required, Defendant denies the remaining allegations in this paragraph, if

19    any.

20    47.    Defendant admits that it obtained private confidential medical information from some

21    Plaintiffs through its requests for additional supporting information for their accommodation requests.

22    Defendant avers that the allegation that "The City had an obligation to take measures to prevent

23    disclosure of such information to non-essential personnel and/or to the public," is a conclusion of law,

24    assertion of causes of action, or legal theory not requiring a response by Defendant, and, on that basis,

25    Defendant denies it. Defendant denies the remaining allegations in Paragraph 47.

26

27

28

1

2

**JURISDICTION AND VENUE**

3    48.    Defendant admits that, based on the claims raised, jurisdiction is proper in this Court.

4    49.    Defendant admits that, based on the claims raised, jurisdiction is proper in this Court.

5    50.    Paragraph 50 sets forth legal conclusions and questions of law to which no response is

6    required, and on that basis, Defendant denies each and every allegation therein.

7    51.    Defendant admits that, based on the claims raised, venue is proper in this Court.

8    **BACKGROUND FACTS**

9    **A.    The COVID-19 Pandemic and Vaccine Treatments.**

10    52.    Defendant admits the allegations in Paragraph 52.

11    53.    Defendant admits COVID-19 vaccines have been developed and authorized or licensed

12    for use in the United States, and that the Food and Drug Administration ("FDA") issued an Emergency

13    Use Authorization ("EUA") for some of these vaccines. Defendant is without knowledge or information

14    sufficient to form a belief as to the truth of the remaining allegations in Paragraph 53 of the Complaint

15    and on that basis denies them.

16    54.    Defendant is without knowledge or information sufficient to form a belief as to the truth

17    of the allegations in Paragraph 54 of the Complaint and on that basis denies them.

18    55.    Defendant denies COVID-19 vaccines were forced on any of its employees. Defendant

19    admits booster shots for the Omicron variant were introduced. Defendant is without knowledge or

20    information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 55 of the

21    Complaint, including the allegations in footnotes 11, 12, 13, and 14, and on that basis denies them.

22    56.    Defendant is without knowledge or information sufficient to form a belief as to the truth

23    of the allegations in Paragraph 56 of the Complaint, including the allegations in footnotes 15 and 16, and

24    on that basis denies them.

25    57.    Defendant denies that all CCSF employees not terminated or forced to resign because of

26    the City's mandate were vaccinated with either the Pfizer, Moderna, or Janssen vaccine. Defendant is

27

28

1    without knowledge or information sufficient to form a belief as to the truth of the remaining allegations

2    in Paragraph 57 of the Complaint and on that basis denies them.

3         58.    Defendant denies that San Francisco has not required booster shots.. Defendant denies the

4    allegation that "It appears that San Francisco only follows CDC guidance when it can be used to purge

5    large groups of certain disfavored employees. CCSF conveniently decided to stop "following the

6    science" after it had rid itself of those disfavored employees." Defendant is without knowledge or

7    information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 58 of the

8    Complaint and on that basis denies them.

9         59.    Defendant is without knowledge or information sufficient to form a belief as to the truth

10   of the allegations in Paragraph 59 of the Complaint and on that basis denies them.

11        60.    Defendant is without knowledge or information sufficient to form a belief as to the truth

12   of the allegations in Paragraph 60 of the Complaint, including the allegations in footnote 17, and on that

13   basis denies them.

14       **B.**    **San Francisco's Vaccine Mandate and Sham Accommodation Process.**

15        61.    Defendant admits that it issued a series of health orders throughout the Summer and Fall

16   of 2021. Defendant further admits it encouraged vaccination against COVID-19 for its residents to

17   protect the community from COVID-19 and to increase vaccination rates to reduce transmission of

18   COVID-19. Defendant denies the remaining allegations in this paragraph.

19        62.    Defendant admits that it tasked each of the departments within the City with addressing

20   requests for exemptions from their employees. Defendant denies the remaining allegations in this

21   paragraph.

22        63.    Defendant denies the allegations in Paragraph 63.

23        64.    Defendant admits that accommodations were denied based, in part, under the undue

24   hardship analysis and for reasons related to public safety and health. Defendant denies the remaining

25   allegations in this paragraph.

26       **1.**    **The Initial Reasonable Accommodation Determination Form.**

27

28

65.    Defendant admits it used a form titled, "Determination on COVID-19 Vaccination Exemption Request" as part of its interactive process relating to requests for accommodations from the COVID-19 Vaccination Policy. Defendant admits Exhibit 2, referenced in footnote 18, appears to be a copy of Defendant's Determination on COVID-19 Vaccination Exemption Request.  Defendant denies the remaining allegations in this paragraph.

66.    Defendant admits multiple reasons for a denial of a vaccination exemption request, including (1) documentation insufficient to show a conflict with vaccination requirement and a religious belief, practice or observance; (2) accommodation would pose a direct threat to the health and safety of others and/or the employee; (3) accommodation would require the removal of essential functions of the employee's job, are listed on the "Determination on COVID-19 Vaccination Exemption Request" form. Defendant denies the remaining allegations in this paragraph.

67.    Defendant denies the allegations in Paragraph 67.

68.    Defendant denies the allegations in Paragraph 68.

69.    Defendant admits that it initially granted accommodations from the Vaccination Policy to some employees who applied in August 2021. Defendant admits that it operated in good faith at all times. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 69 of the Complaint and on that basis denies them.

**2.    Additional Steps Taken to Ensure Denials.**

70.    Defendant denies the allegations in Paragraph 70.

71.    The allegations in  Paragraph 71 are vague and ambiguous, and Defendant is without knowledge or information sufficient to form a belief as to their truth. On that basis Defendant denies the allegations in this paragraph.

72.    Defendant admits that it sent a memorandum to all departments containing "Tips"; a PowerPoint presentation; a revised evaluation form; and a series of follow-up questions. Defendant denies the remaining allegations in this paragraph.

**a.    The "Tips" Sheet Used to Deny All Accommodation Requests.**

73. Defendant admits it provided a document entitled, "Tips for Processing Religious Accommodation-Vaccine Exemption Requests" to departments analyzing vaccination exemption requests. Defendant admits Exhibit 3, referenced in footnote 19, appears to be a copy of Defendant's "Tips for Processing Religious Accommodation-Vaccine Exemption Requests." Defendant denies the remaining allegations in this paragraph.

74. Defendant admits it provided a document entitled, "Tips for Processing Religious Accommodation-Vaccine Exemption Requests" to departments analyzing vaccination exemption requests after some accommodation requests had been granted. Defendant denies the remaining allegations in this paragraph.

75. Defendant admits it provided a document entitled, "Tips for Processing Religious Accommodation-Vaccine Exemption Requests" to departments analyzing vaccination exemption requests.  Defendant admits Exhibit 3, referenced in footnote 20, appears to be a copy of Defendant's "Tips for Processing Religious Accommodation-Vaccine Exemption Requests." Defendant admits this document contains the phrase, "the department's assigned labor attorney." Defendant denies the remaining allegations in Paragraph 75.

76. Defendant admits it provided a document entitled, "Tips for Processing Religious Accommodation-Vaccine Exemption Requests" to departments analyzing vaccination exemption requests. Defendant admits Exhibit 3, referenced in footnote 20, appears to be a copy of Defendant's "Tips for Processing Religious Accommodation-Vaccine Exemption Requests." Defendant admits this documents refers to "prior vaccinations." Defendant denies the remaining allegations in Paragraph 76.

77. Defendant admits it provided a document entitled, "Tips for Processing Religious Accommodation-Vaccine Exemption Requests" to departments analyzing vaccination exemption requests. Defendant admits Exhibit 3, referenced in footnote 21, appears to be a copy of Defendant's "Tips for Processing Religious Accommodation-Vaccine Exemption Requests." Defendant admits this document refers to the term "religious." Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that a number of organized religions that have major tenets

of faith that could be seen to conflict with the COVID-19 vaccines and on that basis denies it. Defendant denies the remaining allegations in Paragraph 77.

78.    Defendant admits it provided a document entitled, "Tips for Processing Religious Accommodation-Vaccine Exemption Requests" to departments analyzing vaccination exemption requests.  Defendant admits Exhibit 3, referenced in footnotes 23 and 24, appears to be a copy of Defendant's "Tips for Processing Religious Accommodation-Vaccine Exemption Requests." Defendant admits that this document states, in part, "[w]ith respect to the COVID-19 vaccine specifically, a statement that the employee is refusing the vaccine due to concerns about the use of stem or fetal cells may not be a qualifying religious belief because neither the Pfizer nor Moderna vaccines contain fetal cells" and that "concerns about the use of fetal cell lines in researching the COVID-19 vaccines may not qualify since those same cell lines were used to develop many other vaccines . . . . If the employee has previously received other vaccines without concern, the claimed belief may not be religious, and you may need to inquire further about the basis for the employee's objection to vaccination." Defendant denies the remaining allegations in Paragraph 78.

79.    Defendant admits it provided a document entitled, "Tips for Processing Religious Accommodation-Vaccine Exemption Requests" to departments analyzing vaccination exemption requests. Defendant admits Exhibit 3, referenced in footnotes 25 and 26, appears to be a copy of Defendant's "Tips for Processing Religious Accommodation-Vaccine Exemption Requests." Defendant admits the document provides possible inquiries to evaluate an employee's request, including asking an employee to identify a specific religious tenet and whether the employee regularly worships, and, that the document references that the Vatican has endorsed COVID-19 vaccines. Defendant denies the remaining allegations in Paragraph 79.

80.    Defendant admits it provided a document entitled, "Tips for Processing Religious Accommodation-Vaccine Exemption Requests" to departments analyzing vaccination exemption requests. Defendant admits Exhibit 3, referenced in footnote 27, appears to be a copy of Defendant's "Tips for Processing Religious Accommodation-Vaccine Exemption Requests." Defendant admits the

document contains a section on "Determining Whether an Accommodation Can Be Offered" and references undue hardship and direct threat. Defendant admits it the document instructs the departments to consider whether the employee's job requires them to come into contact with others. Defendant denies the remaining allegations in Paragraph 80.

81.    Defendant denies the allegations in  Paragraph 81.

**b.    PowerPoint Training on Denying Reasonable Accommodations.**

82.    Defendant admits that Exhibit 1, referenced in footnote 28, appears to be a Power Point Presentation titled, Medical & Religious Exemptions to COVID-19 Vaccination. Defendant denies the remaining allegations in Paragraph 82.

83.    Defendant admits its HR Department hosted a Teams Meeting on September 1, 2021. Defendant admits Carol Isen is the City's Human Resources Director. Defendant denies the remaining allegations in Paragraph 83.

84.    Defendant admits Exhibit 1, referenced in footnote 29, appears to be a Power Point Presentation titled, Medical & Religious Exemptions to COVID-19 Vaccination and contains a statement that the Medical Board of California informed all licensed professionals that inappropriate medical exemptions may subject physicians to discipline. Defendant denies the remaining allegations in Paragraph 84.

85.    Defendant admits that Exhibit 1, referenced in footnote 30, appears to be a Power Point Presentation titled, Medical & Religious Exemptions to COVID-19 Vaccination and contains the statement, "EEOC has determined that COVID-19 poses a direct threat to the health and safety of an individual and the public." Defendant denies the remaining allegations in Paragraph 85.

86.    Defendant admits that Exhibit 1, referenced in footnote 31, appears to be a Power Point Presentation titled, Medical & Religious Exemptions to COVID-19 Vaccination and contains the statement, "[i]f employee cannot be vaccinated, wear a mask, or be tested then there is nothing that can be done to minimize the threat to the health and safety of the employee and the public." Defendant denies the remaining allegations in Paragraph 86.

87.    Defendant admits that Exhibit 1, referenced in footnote 32, appears to be a Power Point Presentation titled, Medical & Religious Exemptions to COVID-19 Vaccination and poses two questions regarding religious exemptions, "Is it religious?" and "Is it a sincerely held belief?" Defendant denies the remaining allegations in Paragraph 87.

88.    Defendant admits Exhibit 1, referenced in footnote 33, appears to be a Power Point Presentation titled, Medical & Religious Exemptions to COVID-19 Vaccination and cites to a legal authority that contains the quote, "the very concept of ordered liberty precludes allowing every person to make his own standards on matters of conduct in which society as a whole has important interests." Defendant denies the remaining allegations in Paragraph 88.

89.    Defendant admits Exhibit 1, referenced in footnote 34, appears to be a Power Point Presentation titled, Medical & Religious Exemptions to COVID-19 Vaccination and contains the statements, "[g]et specific belief, tenet or observance that conflicts with the vaccine equipment" and "[l]ook for factual inaccuracies in the beliefs." Defendant denies the remaining allegations in Paragraph 89.

90.    Defendant admits that Exhibit 1, referenced in footnote 35, appears to be a Power Point Presentation titled, Medical & Religious Exemptions to COVID-19 Vaccination and contains the statement, "COVID-19 is a DIRECT THREAT." Defendant denies the remaining allegations in Paragraph 90.

91.    Defendant admits that Exhibit 1, referenced in footnote 36, appears to be a Power Point Presentation titled, Medical & Religious Exemptions to COVID-19 Vaccination and contains the statement, "[e]mployers are not required to accommodate employees with conditions that pose a direct threat to their own health and safety or that of others in the workplace." Defendant denies the remaining allegations in Paragraph 91.

92.    Defendant denies the allegations in Paragraph 92.

       **c.    Revised Request Determination Form.**

93.    Defendant denies the allegations in Paragraph 93.

94.    Defendant admits the Determination on COVID-19 Vaccination Exemption Request Form contains separate reasons for a denial for an employee seek a vaccination exemption based on a sincerely held religious belief, including 1) documentation insufficient to show a conflict with vaccination requirement and a religious belief, practice or observance; 2) accommodation would pose a direct threat to the health and safety of other and/or yourself; 3) accommodation would prevent employee from performing essential function(s); and 4) accommodation would result in Undue Hardship for the City. Defendant denies the remaining allegations in Paragraph 94.

95.    Defendant denies the allegations in Paragraph 95.

**d.    Additional Follow-Up Questions.**

96.    Defendant admits it provided new forms, training and questions that the departments could ask of employees applying for a religious exemption. Defendant denies that it sent questions to "Police Officers who had previously received accommodations in an attempt to help justify taking those exemptions away." Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in footnotes 37 and 38 of the Complaint and on that basis denies them. Defendant denies the remaining allegations, if any, in Paragraph 96.

97.    Defendant denies the allegation that "Like the inquiries first set out in the "Tips" document, the follow-up questions were a fishing expedition calculated to gain information that the City could use against the employee." Defendant admits that one of its potential follow-up questions was, "Have you used any of the following over-the-counter medications as an adult: Tylenol, Advil, Asprin, Sudafed, Tums, Maalox, or Pepto-Bismol?" Defendant denies the remaining allegations in Paragraph 97.

98.    Defendant denies the allegations in Paragraph 98.

99.    Defendant admits it asked some employees if they were part of a "community or group of believers" supporting their request or if they had a "spiritual/religious leader, scholar, or other knowledgeable person" supporting their request.

100.    Defendant denies the allegations in  Paragraph 100.

**3.    The Results of San Francisco's Purposeful Strategy Against Exemptions.**

101.    Defendant denies the allegations in Paragraph 101.

102.    Defendant admits that some religious requests were denied and that some medical requests were granted. The remaining allegations in this paragraph are vague and ambiguous, and Defendant is without knowledge or information sufficient to form a belief as to the truth of its allegations. On that basis, Defendant denies the remaining allegations in Paragraph 102.

103.    Defendant denies the allegations in  Paragraph 103.

104.    Defendant denies the allegation that "[t]he reason appears to be that other leadership in the City found out that the Police Department was granting exemptions when their departments were following CCSF policy and were not granting exemptions." Defendant admits that some employees of SFFD complained to former Chief Jose Velo about the accommodation and exemption process, and that Chief Velo spoke with someone at the Police Department about the administration of the SFPD's accommodation and exemption process. Defendant denies that there was any coordination between Chief Velo and the SFPD regarding its accommodation and exemption process and further denies there was any effort by Chief Velo to "prevent accommodations from being issued." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 104 of the Complaint and on that basis denies them.

105.    Defendant denies that SFPD pretended to engage in a continuing interactive process. Defendant admits that it began secondary reviews. Defendant admits officers were informed it had begun a "secondary review" of exemption requests. Defendant denies officers' previously recognized beliefs were categorically dismissed by HR workers. Defendant denies that allegation that "CCSF was not interested in actual evaluations, just uniform denials." Defendant denies all of the boxes would be checked for each request denial with no thought given to the substance. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 105 of the Complaint and on that basis denies them.

106.    Defendant denies other departments experienced the same thing. Defendant denies that it was not interested in a good faith process and that it processed "rubber-stamp denials." Defendant

1    admits that almost half of Plaintiffs had every box checked. Defendant admits some of the Plaintiffs

2    worked remotely or alone. Defendant is without knowledge or information sufficient to form a belief as

3    to the truth of the remaining allegations in Paragraph 106 of the Complaint and on that basis denies

4    them.

5         **C.    Reasonable Accommodation Options Unjustifiably Ignored by CCSF.**

6         107.    Defendant denies the allegations in  Paragraph 107.

7         108.    Defendant denies that denial of an exemption request is an adverse employment action.

8    Defendant is without knowledge or information sufficient to form a belief as to the truth of the

9    remaining allegations in Paragraph 108 of the Complaint, including footnotes 39 and 40, and on that

10   basis denies them.

11        109.    Defendant denies the allegation that "Before instituting the Policy, San Francisco knew

12   or should have known that the vaccines were largely ineffective at controlling the spread of COVID-19."

13   Defendant is without knowledge or information sufficient to form a belief as to the truth of the

14   remaining allegations in Paragraph 109 of the Complaint, including footnotes 41 and 42, and on that

15   basis denies them.

16        110.    Defendant admits that it did not recognize natural immunity as satisfying its Vaccination

17   Policy. Defendant denies that enforcement of its Vaccination Policy was irrational and that it held

18   "ulterior motives such as virtue signaling or rank religious discrimination." Defendant is without

19   knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

20   Paragraph 110 of the Complaint, including footnotes 43 and 44, and on that basis denies them.

21        111.    Defendant is without knowledge or information sufficient to form a belief as to the truth

22   of the allegations in Paragraph 111 of the Complaint and on that basis denies them.

23        112.    Defendant denies the allegations in  Paragraph 112.

24        113.    Defendant is without knowledge or information sufficient to form a belief as to the truth

25   of the allegations in Paragraph 113 of the Complaint, including footnotes 45, 46, and 47, and on that

26   basis denies them.

27

28

114.    Defendant denies the allegation in Paragraph 114.

115.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 of the Complaint, including footnote 48, and on that basis denies them.

116.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 of the Complaint, including footnote 49, and on that basis denies them.

117.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 of the Complaint, including footnote 50, and on that basis denies them.

118.    Defendant denies the allegation that its "continued pursuit of its compulsory vaccination policy for a vaccine that was already demonstrating dramatic inefficacy, shows that the enforcement of its policy was pretext to remove certain disfavored religious and disabled employees." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 118 of the Complaint and on that basis denies them.

119.    Defendant admits no Plaintiff had been terminated by or before November 26, 2021 or December 25, 2021. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 119 of the Complaint, including footnote 51, and on that basis denies them.

120.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120 of the Complaint, including footnote 52, and on that basis denies them.

121.    Defendant denies the allegations in Paragraph 121.

122.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122 of the Complaint, including footnote 54, and on that basis denies them.

123.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123 of the Complaint, including footnotes 55, 56, 57, and 58,  and on that basis denies them.

124.     Defendant admits that it "followed the science," based in part on CDC guidance. Defendant admits its COVID-19 Vaccination Policy does not require employees to get a booster vaccine. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 124 of the Complaint and on that basis denies them.

125.     Defendant admits its COVID-19 Vaccination Policy only required employees working in high risk settings (as defined by Order of the San Francisco Health Officer) to get a booster vaccine. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 125 of the Complaint and on that basis denies them.

126.     Defendant denies the allegation that "it is clear the City only selectively follows CDC guidance when doing so furthers its discriminatory policies." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 126 of the Complaint and on that basis denies them.

127.     Defendant denies the allegations in  Paragraph 127.

128.     Defendant denies the allegations that "Alternatively, periodic COVID-19 testing would also have been a costless accommodation. It also would have been the safest." Defendant avers that the allegation that "This fact was also well-known at the time CCSF failed to accommodate Plaintiffs and should have been considered as a reasonable accommodation to the vaccine mandate." is a conclusion of law, assertion of causes of action, or legal theory not requiring a response by Defendant, and, on that basis, Defendant denies it. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 128 of the Complaint, including footnote 60, and on that basis denies them.

129.     Defendant avers that the allegation that "Having exempt employees wear masks was another possible reasonable accommodation" is a conclusion of law, assertion of causes of action, or

1    legal theory not requiring a response by Defendant, and, on that basis, Defendant denies it. Defendant is

2    without knowledge or information sufficient to form a belief as to the truth of the allegations in

3    Paragraph 129 of the Complaint, including footnote 61, that "This was done by vaccine manufacturer

4    Janssen (J&J) for its religiously exempt employees who were traveling to doctors' offices on a daily

5    basis, coming into contact with patients and office staff alike." and on that basis denies them. Defendant

6    denies the remaining allegations in Paragraph 129.

7        130.    Defendant is without knowledge or information sufficient to form a belief as to the truth

8    of the allegations in Paragraph 130 of the Complaint and on that basis denies them.

9        131.    Defendant denies the allegations in Paragraph 131.

10       **D.    Federal and State law prohibiting religious/disability discrimination and retaliation.**

11       132.    Paragraph 132 sets forth legal conclusions and questions of law to which no response is

12   required. To the extent a response is required, Defendant denies all allegations in this paragraph.

13       133.    Paragraph 133 sets forth legal conclusions and questions of law to which no response is

14   required. To the extent a response is required, Defendant denies all allegations in this paragraph.

15       134.    Paragraph 134 sets forth legal conclusions and questions of law to which no response is

16   required. To the extent a response is required, Defendant denies all allegations in this paragraph.

17       135.    Paragraph 135 sets forth legal conclusions and questions of law to which no response is

18   required. To the extent a response is required, Defendant denies all allegations in this paragraph.

19       136.    Paragraph 136 sets forth legal conclusions and questions of law to which no response is

20   required. To the extent a response is required, Defendant denies all allegations in this paragraph.

21       137.    Paragraph 137 sets forth legal conclusions and questions of law to which no response is

22   required. To the extent a response is required, Defendant denies all allegations in this paragraph.

23       138.    Paragraph 138 sets forth legal conclusions and questions of law to which no response is

24   required. To the extent a response is required, Defendant denies all allegations in this paragraph.

25       139.    Paragraph 139 sets forth legal conclusions and questions of law to which no response is

26   required. To the extent a response is required, Defendant denies all allegations in this paragraph.

27

28

140.    Paragraph 140 sets forth legal conclusions and questions of law to which no response is required. To the extent a response is required, Defendant denies all allegations in this paragraph.

141.    Paragraph 141 sets forth legal conclusions and questions of law to which no response is required. To the extent a response is required, Defendant denies all allegations in this paragraph.

142.    Paragraph 142 sets forth legal conclusions and questions of law to which no response is required. To the extent a response is required, Defendant denies all allegations in this paragraph.

## PARTIES

### Plaintiffs

143.    Defendant denies the allegations in Paragraph 143.

144.    Defendant denies  that 127 of the 135 Plaintiffs made only religious requests for exemption from the vaccine mandate; 6 made both religious and medical requests; and 2 made medical requests only. Defendant admits the allegation that "Plaintiffs making religious exemption requests are sometimes referred to herein as 'religious Plaintiffs' and Plaintiffs making medical/disability exemption requests are sometimes referred to herein as 'medical Plaintiffs.'"

145.    Defendant denies the allegations in Paragraph 145.

146.    Defendant denies the allegation that "The discriminatory policy enforced by the City was imposed on all unvaccinated workers, no matter their department." Defendant admits that the Complaint breaks down Plaintiffs by the departments in which they worked. Defendant denies Plaintiffs are broken down here by seniority in the departments in which they worked. Defendant denies all remaining allegations in this paragraph, if any.

### San Francisco Police Department (43 Plaintiffs)

147.    Defendant admits Plaintiff Denise Angelina Debrunner worked for CCSF for over 27 years, most recently as an IS Programmer Analyst-Senior at the San Francisco Police Department. Defendant admits Ms. Debrunner submitted an exemption request on October 13, 2021, seeking an accommodation from the Vaccination Policy on the basis of her alleged religious beliefs that was denied around October 28, 2021. Defendant admits the City checked the following four boxes on its exemption

determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; Accommodation Would Prevent Employee from Performing Essential Function(s); Accommodation Would Result in Undue Hardship for the City." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant denies the allegation that "As with other police department employees, CCSF's treatment of Ms. Debrunner underscores the pretext of the City's religious accommodation denials." Defendant denies it "blindly checked every box." Defendant admits her attorney sent a letter alleging she held sincerely held religious beliefs and asserting they conflicted with the Vaccination Policy, and even though she allegedly worked completely remote for the Police Department. Defendant denies Ms. Debrunner was never offered or provided any "interactive process" to assess reasonable accommodations, and further denies telework, testing, or consideration of natural immunity are reasonable accommodations. Defendant admits on November 1, 2021, she was placed on paid leave but denies that she was terminated effective December 4, 2021. Defendant admits Ms. Debrunner was on leave and admits she was terminated but denies it was on April 1, 2022 or that it was a second termination. Defendant denies the allegation that Ms. Debrunner "endured harassment and coercion from management regarding the vaccine mandate." Defendant denies the allegation that "Ms. Debrunner was forced to retire early losing retirement income for the rest of her life." Defendant denies the allegation that "The City's unlawful and harassing actions have caused severe strain on Ms. Debrunner's finances, mental health, and marriage." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 147 of the Complaint and on that basis denies them.  To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

148.    Defendant admits Plaintiff Gregory Edward Latus has worked for the San Francisco Police Department for over 25 years, most recently as a Police Sergeant. Defendant admits Sergeant Latus submitted a request for an exemption from the Vaccination Policy based on his alleged religious

beliefs on August 15, 2021, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant admits on August 25, 2021, Sergeant Latus's request was granted and he received an exemption. Defendant further admits that the Reasonable Accommodation Determination form provided to Sergeant Latus on or about August 25, 2021 stated "This Exemption is Permanent and will remain effective for the duration of the vaccination requirement." Defendant denies that it violated procedure and the law. Defendant denies he was mocked and ridiculed by his supervisors for following his religious beliefs. Defendant admits his exemption was rescinded on September 29, 2021. Defendant admits that unlike the prior approval, it checked the following four boxes on its exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; Accommodation Would Prevent Employee from Performing Essential Function(s); Accommodation Would Result in Undue Hardship for the City." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant denies the allegation that "As with other police officers, CCSF's treatment of Sergeant Latus evidences the pretext." Defendant denies the denial blindly checked every box. Defendant denies he was never offered or provided any "interactive process" to assess reasonable accommodations. Defendant admits that Sergeant Latus is still on medical leave. Defendant admits Sergeant Latus was awarded a Silver Medal of Valor. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 148 of the Complaint and on that basis denies them.  To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

149.    Defendant admits Plaintiff Philip Charles Helmer was a Police Officer 3 in the San Francisco Police Department and had worked there for over 23 years. Defendant admits on August 19, 2021, Officer Helmer submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but avers that the allegation that the request was timely is vague and

ambiguous, and on that basis, denies it. Defendant further admits that the Reasonable Accommodation Determination form provided to Officer Helmer on or about August 20, 2021, stated "This Exemption is Permanent and will remain effective for the duration of the vaccination requirement." Defendant admits it initially approved the accommodation on August 20, 2021. Defendant admits his exemption was rescinded a month later on September 24, 2021, after further review. Defendant denies Officer Helmer did not receive a single communication from the Department during the month he had his "permanent" exemption. Defendant denies he was never offered or provided any "interactive process" to assess reasonable accommodations. Defendant admits that unlike the prior approval, it checked the following four boxes on its exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; Accommodation Would Prevent Employee from Performing Essential Function(s); Accommodation Would Result in Undue Hardship for the City." Defendant admits Officer Helmer resigned on May 4, 2022, but denies that he was forced to do so or that he was under duress. Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant denies the allegation, "As with other police officers, CCSF's treatment of Officer Helmer evidences the pretext of the City's actions." Defendant denies it blindly checked every box and further denies the reconsideration of Officer Helmer's exemption request directly contradicted what had been implied earlier when his accommodation request was granted. Defendant denies Officer Helmer sustained serious and long-lasting injuries as a result of the City's actions and further denies that he was forced early retirement. Defendant further denies Officer Helmer suffered any injuries as a result of the City's actions. Defendant denies that Officer Helmer's resulting retirement salary dropped to approximately 50% of what he was previously receiving as salaried pay due to the loss of his employment and his forced early retirement. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 149 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the

remaining allegations in this Paragraph.

150.    Defendant admits Plaintiff Gerald Burton Newbeck is Lieutenant of Police at the San Francisco Police Department, where he has worked for over 23 years. Defendant admits on August 14, 2021, Lieutenant Newbeck submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant denies Lieutenant Newbeck was granted the exemption because it was prior to the City learning that accommodations were being granted by some of its departments. Defendant admits that the Reasonable Accommodation Determination form provided to Lieutenant Newbeck on or about August 17, 2021 stated "This Exemption is Permanent and will remain effective for the duration of the vaccination requirement." Defendant admits it initially approved the accommodation on August 17, 2021. Defendant admits his exemption was rescinded on September 29, 2021. Defendant admits that unlike the prior approval, it checked the following four boxes on its exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; Accommodation Would Prevent Employee from Performing Essential Function(s); Accommodation Would Result in Undue Hardship for the City." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant denies the allegation that "As with other police officers, CCSF's treatment of Lieutenant Newbeck only underscores the pretext of the City's religious accommodation denials." Defendant denies that the denial "contradicted what had been implied earlier when his accommodation request was granted" or that it "blindly" checked every box as a possible reason. Defendant denies Lieutenant Newbeck was never offered or provided any "interactive process" to assess reasonable accommodations. Defendant denies that Lieutenant Newbeck was coerced into taking the vaccine on September 30, 2021 in order to keep his job, and it also denies he was forced to use his personal vacation time from October 13, 2021 to November 11, 2021. Defendant denies that its actions have caused Lieutenant Newbeck to suffer tremendous stress, insomnia, high-blood pressure,

1    and headaches. Defendant is without knowledge or information sufficient to form a belief as to the truth

2    of the remaining allegations in Paragraph 150 of the Complaint and on that basis denies them.  To the

3    extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

4        151.    Defendant admits Plaintiff John Leong worked for Defendant, most recently as a Police

5    Officer at the San Francisco Police Department for over 22 years. Defendant admits on August 20, 2021,

6    Officer Leong submitted a request for an exemption from the Vaccination Policy based on his alleged

7    religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and

8    on that basis, denies it. Defendant denies Officer Leong never heard back regarding his request after

9    answering a follow up question. Defendant denies Officer Leong was never offered or provided any

10   "interactive process" to assess reasonable accommodations, and further denies that testing or natural

11   immunity were reasonable accommodations. Defendant admits on October 14, 2021, Officer Leong was

12   placed on administrative leave. Defendant denies that Officer Leong resigned under duress on October

13   15, 2022. Defendant is without knowledge or information sufficient to form a belief as to the truth of the

14   remaining allegations in Paragraph 151 of the Complaint and on that basis denies them.  To the extent a

15   further response is required, Defendant denies the remaining allegations in this Paragraph.

16       152.    Defendant admits Plaintiff Jonathan Shiroi Tong has worked as a Police Officer at the

17   San Francisco Police Department for over 22 years. Defendant admits on September 8, 2021, he

18   submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs,

19   but avers that the allegation that the request was timely is vague and ambiguous, and on that basis,

20   denies it. Defendant admits that request was denied on September 29, 2021. Defendant admits that

21   unlike the prior approval form, it checked the following four boxes on its exemption determination form:

22   "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held

23   Religious Belief, Practice or Observance; Accommodation Would Pose a Direct Threat to the Health

24   and Safety of Others and/or Yourself; Accommodation Would Prevent Employee from Performing

25   Essential Function(s); Accommodation Would Result in Undue Hardship for the City." Defendant

26   denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to

27

28

themselves, workers, and the public. Defendant denies the allegation, "As with other police officers, CCSF's treatment of Officer Tong underscores the pretext of the City's religious accommodation denials." Defendant denies blindly checking every box and further denies this directly contradicted what had been implied earlier when his accommodation request was granted. Defendant denies he was never offered or provided any "interactive process" to assess reasonable accommodations, and further denies that testing or natural immunity were reasonable accommodations. Defendant denies the allegation "[t]he entire process has caused Officer Tong an enormous amount of stress and anxiety, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation." Defendant denies the allegation "[i]ndeed, he has likely not healed well because he is afraid of returning to active status only to be suspended and terminated for failing to take a medical treatment." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 152 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

153.    Defendant admits Plaintiff Alicia Ann Worthington worked for CCSF for over 20 years, most recently as a Sergeant 3 at the San Francisco Police Department. Defendant admits on August 21, 2021, Sergeant Worthington submitted a request for an exemption from the Vaccination Policy based on her alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant further admits that the Reasonable Accommodation Determination form provided to Sergeant Worthington on or about August 24, 2021 stated "This Exemption is Permanent and will remain effective for the duration of the vaccination requirement." Defendant admits its initially approved the accommodation on August 24, 2021. Defendant admits her exemption was rescinded on September 29, 2021. Defendant admits that unlike the prior approval, it checked the following four boxes on its exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; Accommodation Would Prevent Employee from Performing Essential Function(s);

1    Accommodation Would Result in Undue Hardship for the City." Defendant denies it is an

2    "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves,

3    workers, and the public. Defendant denies the allegation that "As with other police officers, CCSF's

4    treatment of Sergeant Worthington underscores the pretext of the City's religious accommodation

5    denials." Defendant denies blindly checking every box and further denies this directly contradicted what

6    had been implied earlier when her accommodation request was granted. Defendant denies the allegation

7    that "It is, of course, indefensible to begin arguing (a month after granting her accommodation) that she

8    had not shown a sincerely held religious belief when, in fact, she submitted a detailed explanation of

9    Catholic doctrine regarding abortion and how the vaccines conflicted with her religious beliefs on the

10   subject." Defendant denies she was never offered or provided any "interactive process" to assess

11   reasonable accommodations, and further denies that testing or natural immunity were reasonable

12   accommodations. Defendant admits Sergeant Washington was placed on a form of unpaid leave but

13   denies it was on November 14, 2021. Defendant admits it terminated Sergeant Worthington but denies it

14   did so on July 13, 2022. Defendant denies its actions forced Sergeant Worthington to relocate out of

15   state as well as sell assets and prematurely tap into her retirement savings. Defendant is without

16   knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

17   Paragraph 153 of the Complaint and on that basis denies them. To the extent a further response is

18   required, Defendant denies the remaining allegations in this Paragraph.

19        154.    Defendant admits Plaintiff Miguel Gonzalez has worked for CCSF for over 17 years,

20   most recently as a Police Officer 3 at the San Francisco Police Department. Defendant admits on August

21   18, 2021, he submitted a request for an exemption from the Vaccination Policy based on his alleged

22   religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and

23   on that basis, denies it. Defendant further admits that the Reasonable Accommodation Determination

24   form provided to Officer Gonzalez on or about August 24, 2021 stated "This Exemption is Permanent

25   and will remain effective for the duration of the vaccination requirement." Defendant admits it initially

26   approved the request on August 24, 2021. Defendant admits his exemption was rescinded on September

27

28

30, 2021, and that some other employees had their exemptions rescinded, but avers that the allegation that "others who applied early" is vague and ambiguous, and on that basis, Defendant denies it. Defendant admits that unlike the prior approval, it checked the following four boxes on its exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; Accommodation Would Prevent Employee from Performing Essential Function(s); Accommodation Would Result in Undue Hardship for the City." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant denies the allegation that "As with other police officers, CCSF's treatment of Officer Gonzalez underscores the pretext of the City's religious accommodation denials." Defendant denies blindly checking every box and further denies this directly contradicted what had been implied earlier when his accommodation request was granted. Defendant denies Officer Gonzalez was never offered or provided any "interactive process" to assess reasonable accommodations, and further denies that testing or natural immunity were reasonable accommodations. Defendant admits that Officer Gonzalez has not returned to full-time work. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 154 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

155.    Defendant admits Plaintiff Joseph John Porta worked for CCSF for over 17 years, most recently as a Police Officer at the San Francisco Police Department. Defendant admits on August 30, 2021, Officer Porta submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant further admits that the Reasonable Accommodation Determination form provided to Officer Porta on or about September 1, 2021 stated "This Exemption is Permanent and will remain effective for the duration of the vaccination requirement." Defendant admits it initially approved the request on September 1, 2021. Defendant admits his exemption was rescinded

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

after a subsequent review on September 29, 2021. Defendant admits that unlike the prior approval, it checked the following four boxes on its exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; Accommodation Would Prevent Employee from Performing Essential Function(s); Accommodation Would Result in Undue Hardship for the City." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant denies the allegation that "As with other police officers, CCSF's treatment of Officer Porta underscores the pretext of the City's religious accommodation denials." Defendant denies blindly checking every box and further denies this directly contradicted what had been implied earlier when his accommodation request was granted. Defendant denies he was never offered or provided any "interactive process" to assess reasonable accommodations, and further denies that testing or natural immunity were reasonable accommodations. Defendant admits Officer Porta went on FMLA leave but denies it was from January 5, 2022 to May 5, 2022. Defendant denies he remains on unpaid leave. Defendant denies that "the hardship of being on unpaid leave has caused significant financial suffering for him and his family due to his need to deplete his savings to pay bills and support his family," and, that "being on forced unpaid leave caused great hardship while expecting and having a child." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 155 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

156.    Defendant admits Plaintiff Roger Cormier Morse worked for CCSF for over 16 years, most recently as a Police Officer at the San Francisco Police Department. Defendant admits that in August 2021 Officer Morse submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant further admits that the Reasonable Accommodation Determination form provided to Officer Morse in or about August 23, 2021 stated "This Exemption is

Permanent and will remain effective for the duration of the vaccination requirement." Defendant admits it initially approved the request but denies it was on August 23, 2021. Defendant admits his exemption was rescinded after further review but denies this was on September 10, 2021. Defendant admits that unlike the prior approval, it checked the following four boxes on its exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; Accommodation Would Prevent Employee from Performing Essential Function(s); Accommodation Would Result in Undue Hardship for the City." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant denies the allegation that "As with other police officers, CCSF's treatment of Officer Morse underscores the pretext of the City's religious accommodation denials." Defendant denies blindly checking every box and further denies this directly contradicted what had been implied earlier when his accommodation request was granted. Defendant denies he was never offered or provided any "interactive process" to assess reasonable accommodations, and further denies that testing or natural immunity were reasonable accommodations. Defendant admits that on October 14, 2021, Officer Morse was placed on paid leave. Defendant further admits he was placed on unpaid leave until his termination on March 17, 2022 but denies it began on November 20, 2021. Defendant denies that as a result of how the City treated Officer Morse other police departments have not been willing to hire him. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 156 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

157.    Defendant admits Plaintiff Nicholas Alexander Suslow worked for the San Francisco Police Department for over 15 years, most recently as a Police Officer. Defendant admits on August 19, 2021, Officer Suslow submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant further admits that the Reasonable Accommodation

1  Determination form provided to Officer Suslow on or about August 20, 2021 stated "This Exemption is

2  Permanent and will remain effective for the duration of the vaccination requirement." Defendant admits

3  it initially approved the request on August 20, 2021. Defendant admits his exemption was rescinded

4  after further review but denies it was rescinded on October 5, 2021. Defendant admits that unlike the

5  prior approval, it checked the following four boxes on its exemption determination form:

6  "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held

7  Religious Belief, Practice or Observance; Accommodation Would Pose a Direct Threat to the Health

8  and Safety of Others and/or Yourself; Accommodation Would Prevent Employee from Performing

9  Essential Function(s); Accommodation Would Result in Undue Hardship for the City." Defendant

10  denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to

11  themselves, workers, and the public. Defendant denies the allegation that "As with other police officers,

12  CCSF's treatment of Officer Suslow underscores the pretext of the City's religious accommodation

13  denials." Defendant denies blindly checking every box and further denies this directly contradicted what

14  had been implied earlier when his accommodation request was granted. Defendant denies he was never

15  offered or provided any "interactive process" to assess reasonable accommodations, and further denies

16  that testing or natural immunity were reasonable accommodations. Defendant admits after Plaintiff was

17  placed on leave, he was terminated on March 17, 2022. Defendant denies its actions were unlawful or

18  caused Officer Suslow to have to sell his home or pull his children out of their school in order to find a

19  job to provide for his family. Defendant further denies the situation caused strain on both his mental

20  health and his marriage. Defendant denies that it has a "dogmatic" no-accommodation policy. Defendant

21  admits Officer Suslow recently received a Gold Medal of Valor for a hostage rescue but denies he was

22  ridiculed and mocked by supervisors and co-workers for getting terminated rather than violating his

23  faith. Defendant is without knowledge or information sufficient to form a belief as to the truth of the

24  remaining allegations in Paragraph 157 of the Complaint and on that basis denies them. To the extent a

25  further response is required, Defendant denies the remaining allegations in this Paragraph.

26      158.    Defendant admits Plaintiff Christopher Smith has worked for CCSF for approximately 14

years, most recently as a Sergeant 3 at the San Francisco Police Department. Defendant admits on

August 22, 2021, Sergeant Smith submitted a reasonable accommodation request to be exempt from the

Vaccination Policy based on his alleged religious beliefs. Defendant admits on August 23, 2021,

Sergeant Smith submitted a request for an exemption from the City's Vaccination Policy, but avers that

the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant

further admits that the Reasonable Accommodation Determination form provided to Sergeant Smith on

or about August 25, 2021 stated "This Exemption is Permanent and will remain effective for the

duration of the vaccination requirement." Defendant admits it initially approved the request on August

25, 2021. Defendant denies the allegation that "As with other police officers, CCSF's treatment of

Sergeant Smith underscores the pretext of the City's religious accommodation denials." Defendant

admits the Department—including the duty evaluation committee reviewing accommodation—was

made aware of that fact in writing). Defendant denies tentative guilt and punishment were imposed on

him and further denies it failed to follow its own protocols for Internal Affairs investigations or

continued to retaliate against Sergeant Smith over the next six months. Defendant admits on September

8, 2021, he went on workers' compensation leave but denies it was for work-related stress caused in part

by the disciplinary action. Defendant admits Sergeant Smith submitted a separate request for an

exemption on September 18, 2021, based on his alleged medical condition. Defendant admits his

religious exemption was rescinded on October 4, 2021. Defendant further admits his medical exemption

request was denied on October 14, 2021 for the same reason. Defendant admits that unlike the prior

approval, it checked the following four boxes on its exemption determination form: "Documentation

Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief,

Practice or Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others

and/or Yourself; Accommodation Would Prevent Employee from Performing Essential Function(s);

Accommodation Would Result in Undue Hardship for the City." Defendant denies blindly checking

every box and further denies this directly contradicted what had been implied earlier when his

accommodation request was granted. Defendant denies it is an "unsubstantiated belief" that an

1  unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant

2  denies he was never offered or provided any "interactive process" to assess reasonable accommodations,

3  and further denies that testing or natural immunity were reasonable accommodations. Defendant admits

4  he was referred to the 60-day Citywide Job Search but denies it was pointless and denies the City was

5  not offering unvaccinated employees reasonable accommodations. Defendant admits Sergeant Smith's

6  workers' compensation leave ended on September 8, 2022 and also admits his time bank is set to expire

7  in the next few months, at which time he will not be paid. Defendant denies it caused Sergeant Smith

8  stress, strain, insomnia, and physical symptoms, and, that it harassed, retaliated against or made

9  unfounded allegations against him, or that his record is "clouded." Defendant denies its actions were

10  unlawful or caused a severe financial burden, or forced him to refinance his home. Defendant is without

11  knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

12  Paragraph 158 of the Complaint and on that basis denies them. To the extent a further response is

13  required, Defendant denies the remaining allegations in this Paragraph.

14       159.    Defendant admits Plaintiff Michael David Vannucchi worked for CCSF but denies he

15  worked for over 13 years. Defendant admits he most recently worked as a Police Officer 3 in the San

16  Francisco Police Department. Defendant admits on August 20, 2021, Officer Vannucchi submitted a

17  request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but avers

18  that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it.

19  Defendant further admits that the Reasonable Accommodation Determination form provided to Officer

20  Vannucchi approximately a week later stated "This Exemption is Permanent and will remain effective

21  for the duration of the vaccination requirement." Defendant admits it initially approved the request a

22  week later on August 27, 2021. Defendant admits his exemption was rescinded after a subsequent

23  review on September 29, 2021. Defendant admits that unlike the prior approval, it checked the following

24  four boxes on its exemption determination form: "Documentation Insufficient to Show a Conflict

25  Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance;

26  Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself;

27

28

Accommodation Would Prevent Employee from Performing Essential Function(s); Accommodation Would Result in Undue Hardship for the City." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant denies the allegation that "As with other police officers, CCSF's treatment of Officer Vannuchi underscores the pretext of the City's religious accommodation denials." Defendant denies blindly checking every box as a possible reason and further denies this directly contradicted what had been implied earlier when his accommodation request was granted. Defendant denies he was never offered or provided any "interactive process" to assess reasonable accommodations. Defendant admits Officer Vannucchi was placed on paid leave on October 13, 2021, and then unpaid administrative leave on November 13, 2021. Defendant admits he was terminated on March 17, 2022 but denies its actions caused him to gain weight and lose sleep, and harmed his relationship with his family. Defendant denies that he possessed natural immunity which rendered its Vaccination Policy pointless.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 159 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

160.    Defendant admits Plaintiff Antonio Landi has worked for CCSF for over 12 years, most recently as a Police Officer at the San Francisco Police Department. Defendant admits on June 19, 2021, he went on medical leave due to an on-duty injury. Defendant admits on August 22, 2021, he submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant further admits that the Reasonable Accommodation Determination form provided to Officer Landi on or about August 24, 2021 stated "This Exemption is Permanent and will remain effective for the duration of the vaccination requirement." Defendant admits it initially approved the request on August 24, 2021. Defendant admits his exemption was rescinded on September 30, 2021 after further review, but avers that the allegation that his exemption "was rescinded along with many others" is vague and ambiguous, and on that basis, Defendant denies it. Defendant admits that unlike the prior approval,

1    it checked the following four boxes on its exemption determination form: "Documentation Insufficient

2    to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or

3    Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or

4    Yourself; Accommodation Would Prevent Employee from Performing Essential Function(s);

5    Accommodation Would Result in Undue Hardship for the City." Defendant denies it is an

6    "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves,

7    workers, and the public. Defendant denies the allegation that "As with other police officers, CCSF's

8    treatment of Officer Landi underscores the pretext of the City's religious accommodation denials."

9    Defendant denies blindly checking every box as a possible reason and further denies this directly

10   contradicted what had been implied earlier when his accommodation request was granted. Defendant

11   denies he was never offered or provided any "interactive process" to assess reasonable accommodations,

12   and further denies that testing or natural immunity were reasonable accommodations. Defendant admits

13   he currently remains out of work. Defendant denies the allegation that Officer Landi "is under the

14   imminent threat that the moment his condition improves enough to be medically cleared for

15   modified/light duties he will be terminated from employment without consideration of the ongoing

16   hardships that have accompanied the treatment and injury he has sustained." Defendant further denies

17   Officer Landi is unable to return to work because of the Vaccination Policy and the lack of a reasonable

18   accommodation from the City. Defendant denies its actions were unlawful or caused Officer Landi to

19   develop a clinically diagnosed case of acute anxiety that negatively affects his personal and family life.

20   Defendant is without knowledge or information sufficient to form a belief as to the truth of the

21   remaining allegations in Paragraph 160 of the Complaint and on that basis denies them. To the extent a

22   further response is required, Defendant denies the remaining allegations in this Paragraph.

23       161.    Defendant admits Plaintiff Matthew Brian Ortega has worked for CCSF for over 13 years

24   and is currently a Sergeant 3 at the San Francisco Police Department. Defendant admits on August 17,

25   2021, Sergeant Ortega submitted a request for an exemption from the Vaccination Policy based on his

26   alleged religious beliefs, but avers that the allegation that the request was timely is vague and

27

28

ambiguous, and on that basis, denies it. Defendant further admits that the Reasonable Accommodation Determination form provided to Sergeant Ortega on or about August 24, 2021 stated "This Exemption is Permanent and will remain effective for the duration of the vaccination requirement." Defendant admits it initially approved the request on August 24, 2021. Defendant admits on September 16, 2021, Sergeant Ortega was informed that his exemption was under secondary review. Defendant admits it informed Sergeant Ortega that he needed to receive the single dose of the vaccine no later than September 29, 2021 to meet the October 13, 2021, deadline. Defendant admits Sergeant Ortega submitted additional information regarding his alleged sincerely held religious belief but denies this occurred on September 24, 2021. Defendant admits this information included that Sergeant Ortega had tested positive for COVID-19 on August 20, 2021 and had allegedly recovered from his illness. Defendant admits on September 14, 2021, his Department accepted his disability claim regarding this illness. Defendant denies it failed to notify Sergeant Ortega of the status of his exemption request by September 29, 2021 and further denies its actions were deliberate, inexcusable or caused him substantial stress and anxiety. Defendant admits Sergeant Ortega took the vaccine on September 29, 2021. Defendant denies it pressured Sergeant Ortega through coercive actions to take the vaccine to save his job, career, and livelihood. Defendant admits Sergeant Ortega's exemption request was denied on October 5, 2021. Defendant admits that unlike the prior approval, it checked the following four boxes on its exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; Accommodation Would Prevent Employee from Performing Essential Function(s); Accommodation Would Result in Undue Hardship for the City." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant denies the allegation that "As with other police officers, CCSF's treatment of Sergeant Ortega underscores the pretext of the City's religious accommodation denials." Defendant denies blindly checking every box as a possible reason and further denies this directly contradicted what had been implied earlier when his accommodation request was

1   granted. Defendant denies he was never offered or provided any "interactive process" to assess

2   reasonable accommodations, and further denies that testing or natural immunity were reasonable

3   accommodations. Defendant is without knowledge or information sufficient to form a belief as to the

4   truth of the remaining allegations in Paragraph 161 of the Complaint and on that basis denies them. To

5   the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

6           162.    Defendant admits Plaintiff Brendan Thomas Aristotle Caraway has worked for CCSF for

7   over 11 years, most recently as a Sergeant 3 at the San Francisco Police Department. Defendant admits

8   on August 12, 2021, Sergeant Caraway submitted a request for an exemption from the Vaccination

9   Policy based on his alleged religious beliefs, but avers that the allegation that the request was timely is

10  vague and ambiguous, and on that basis, denies it. Defendant further admits the request was approved

11  and that the Reasonable Accommodation Determination form provided to Sergeant Caraway soon after

12  stated "This Exemption is Permanent and will remain effective for the duration of the vaccination

13  requirement." Defendant admits his exemption was rescinded after further review but denies it was on

14  October 11, 2021. Defendant admits that unlike the prior approval, it checked the following four boxes

15  on its exemption determination form: "Documentation Insufficient to Show a Conflict Between

16  Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance; Accommodation

17  Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; Accommodation Would

18  Prevent Employee from Performing Essential Function(s); Accommodation Would Result in Undue

19  Hardship for the City." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person

20  employee presents a danger to themselves, workers, and the public. Defendant denies the allegation that

21  "As with other police officers, CCSF's treatment of Sergeant Caraway underscores the pretext of the

22  City's religious accommodation denials." Defendant denies blindly checking every box as a possible

23  reason and further denies this directly contradicted the previous approval without reason. Defendant

24  denies he was never offered or provided any "interactive process" to assess reasonable accommodations,

25  and further denies that testing or natural immunity were reasonable accommodations. Defendant admits

26  he was subsequently placed on unpaid leave until but denies it was until October 11, 2021. Defendant

27

28

denies Sergeant Caraway took the vaccine under duress. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 162 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

163.     Defendant admits Plaintiff Micah Alexander Norris has worked for CCSF but denies it was for over 20 years, most recently as a Police Officer 2 at the San Francisco Police Department. Defendant admits on August 18, 2021, Officer Norris submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant further admits that the Reasonable Accommodation Determination form provided to Officer Norris on or about August 20, 2021 stated "This Exemption is Permanent and will remain effective for the duration of the vaccination requirement." Defendant admits it initially approved the request on August 20, 2021. Defendant admits his exemption was rescinded after further review on September 29. 2021. Defendant admits that unlike the prior approval, it checked the following four boxes on its exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; Accommodation Would Prevent Employee from Performing Essential Function(s); Accommodation Would Result in Undue Hardship for the City." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant denies the allegation that "As with other police officers, CCSF's treatment of Officer Norris underscores the pretext of the City's religious accommodation denials." Defendant denies blindly checking every box as a possible reason and further denies this directly contradicted what had been implied earlier when his accommodation request was granted. Defendant denies Officer Norris was never offered or provided any "interactive process" to assess reasonable accommodations, and further denies that testing or natural immunity were reasonable accommodations. Defendant admits Officer Norris was placed on administrative leave but denies it was

on October 13, 2021. Defendant admits he was terminated but denies this occurred on April 20, 2022. Defendant denies that due to its alleged actions Officer Norris suffered financial strain that required him to move out of the San Francisco area and relocate to Texas. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 163 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

164.     Defendant admits Plaintiff Christopher Robert Salazar, Jr. worked as a Police Officer for the San Francisco Police Department for over five years. Defendant admits on September 1, 2021, Officer Salazar submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant admits the request was denied on September 29, 2021. Defendant admits it checked the following four boxes on its exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; Accommodation Would Prevent Employee from Performing Essential Function(s); Accommodation Would Result in Undue Hardship for the City." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant denies the allegation that "As with other police officers, CCSF's treatment of Officer Salazar underscores the pretext of the City's religious accommodation denials." Defendant denies blindly checking every box as a reason. Defendant denies he was never offered or provided any "interactive process" to assess reasonable accommodations, and further denies that testing or natural immunity were reasonable accommodations. Defendant admits Officer Salazar was placed on paid leave but denies it was on October 13, 2021. Defendant admits he placed on unpaid leave on November 12, 2021. Defendant admits he was terminated in March 2022, but denies he was terminated on March 9, 2022. Defendant denies it caused Officer Salazar to lose his income or forced him to move from San Francisco and spend down his retirement savings. Defendant further denies he also suffered

depression, isolation, and a feeling of being unheard. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 164 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

165.    Defendant admits Plaintiff Gordon Lee Shyy worked for CCSF for almost 11 years as a Police Officer in the San Francisco Police Department. Defendant admits on August 13, 2021, he submitted a request for an exemption to the Vaccination Policy due to a medical condition, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant further admits that the Reasonable Accommodation Determination form provided to Officer Shyy on or about August 20, 2021 stated "This Exemption is Permanent and will remain effective for the duration of the vaccination requirement." Defendant admits it initially approved the request on August 20, 2021. Defendant admits on October 1, 2021, he also submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant admits his religious request was denied on October 13, 2021. Defendant admits it checked the following four boxes on its exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; Accommodation Would Prevent Employee from Performing Essential Function(s); Accommodation Would Result in Undue Hardship for the City." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant denies the allegation that "As with other police officers, CCSF's treatment of Officer Shyy underscores the pretext of the City's religious accommodation denials." Defendant denies blindly checking every box as a possible reason. Defendant admits Officer Shyy's medical accommodation was revoked the same day on the ground that an accommodation would be an undue hardship because an unvaccinated employee presents a danger to themselves, co-workers, and the public, but denies this belief was unsubstantiated. Defendant denies he

was never offered or provided any "interactive process" to assess reasonable accommodations, and further denies that testing or natural immunity were reasonable accommodations. Defendant admits that Officer Shyy was referred to a 60-day Citywide Job Search. Defendant denies that Officer Shyy was forced to use his accrued sick, vacation, and comp time. Defendant admits Officer Shyy resigned in January 2022 but denies it was under duress. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 165 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

166.    Defendant admits Plaintiff Christopher John Costa worked for CCSF for over nine years, most recently as a Sergeant 3 at the San Francisco Police Department. Defendant admits on or about August 16, 2021, Sergeant Costa submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant further admits that the Reasonable Accommodation Determination form provided to Sergeant Costa on or about August 17, 2021 stated "This Exemption is Permanent and will remain effective for the duration of the vaccination requirement." Defendant admits his request was approved on August 17, 2021. Defendant admits his exemption was rescinded after further review on September 29, 2021. Defendant admits that unlike the prior approval, it checked the following four boxes on its exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; Accommodation Would Prevent Employee from Performing Essential Function(s); Accommodation Would Result in Undue Hardship for the City." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant denies the allegation that "As with other police officers, CCSF's treatment of Sergeant Costa underscores the pretext of the City's religious accommodation denials." Defendant denies blindly checking every box as a possible reason and further denies this

directly contradicted what had been implied earlier when his accommodation request was granted. Defendant denies he was never offered or provided any "interactive process" to assess reasonable accommodations, and further denies that testing or natural immunity were reasonable accommodations. Defendant admits Sergeant Costa was placed on unpaid administrative leave on November 13, 2021 and resigned, but denies he resigned on December 4, 2021, and also denies that he resigned under duress from the lack of a job or income. Defendant also denies its actions caused Sergeant Costa hardship physically, emotionally, and financially, strains in his relationships with his spouse and children, feelings of shame and abandonment from the City he had sworn to protect, or a huge financial loss of annual income resulting from having to find new employment to support his family and continue their medical coverage. Defendant denies he also lost the rank as a Sergeant and the associated retirement benefits based on the salary of an SFPD Sergeant as a result of its alleged actions. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 166 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

167.     Defendant admits Plaintiff Shyrle Marina Hawes was employed by the City of San Francisco for over nine years, but denies she was most recently a Police Officer 4 at the San Francisco Police Department. Defendant admits on August 13, 2021, Officer Hawes submitted a request for an exemption from the COVID-19 Vaccination Policy based on her alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant further admits that the Reasonable Accommodation Determination form provided to Sergeant Costa on or about August 17, 2021 stated "This Exemption is Permanent and will remain effective for the duration of the vaccination requirement." Defendant admits her request was approved on August 17, 2021. Defendant admits she was subsequently told her exemption was undergoing a "secondary review." Defendant admits it rescinded the exemption on September 30, 2021, but avers that the allegation that "others who applied early" is vague and ambiguous, and on that basis, Defendant denies it. Defendant admits that unlike the prior approval, it checked the following four boxes on its exemption determination

form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; Accommodation Would Prevent Employee from Performing Essential Function(s); Accommodation Would Result in Undue Hardship for the City." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant denies the allegation that "As with other police officers, CCSF's treatment of Officer Hawes underscores the pretext of the City's religious accommodation denials." Defendant denies blindly checking every box as a possible reason and further denies this directly contradicted what had been implied earlier when his accommodation request was granted. Defendant denies she was never offered or provided any "interactive process" to assess reasonable accommodations, and further denies that testing or natural immunity were reasonable accommodations. Defendant admits on October 14, 2021, she was placed on administrative leave. Defendant admits on November 12, 2021, she was placed on leave until her termination on March 17, 2022. Defendant denies Officer Hawes was forced to sell her home. Defendant also denies she was forced to leave her family and the SFPD. Defendant denies it caused Officer Hawes to sustain injuries that will be with her for the rest of her career and life. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 167 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

168.    Defendant admits Plaintiff John Brandon Hoge has been a Police Officer in the San Francisco Police Department for over nine years. Defendant admits on September 17, 2021, Officer Hoge submitted a request for an exemption to the City's vaccine mandate based on his alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant admits the request was denied on September 29, 2021. Defendant admits it checked the following four boxes on its exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or

Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; Accommodation Would Prevent Employee from Performing Essential Function(s); Accommodation Would Result in Undue Hardship for the City." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant denies the allegation that "As with other police officers, CCSF's treatment of Officer Hoge underscores the pretext of the City's religious accommodation denials." Defendant denies that it did not engage with the request in good faith. Defendant denies he was never offered or provided any "interactive process" to assess reasonable accommodations, and further denies that testing or natural immunity were reasonable accommodations. Defendant admits on October 15, 2021, Officer Hoge provided information that he was vaccinated but denies it was under duress. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 168 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

169.    Defendant admits Plaintiff Joel Evan Aylworth was employed by CCSF for over eight years, most recently as a Police Officer 3 at the San Francisco Police Department. Defendant admits on August 19, 2021, Officer Aylworth submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant further admits that the Reasonable Accommodation Determination form provided to Officer Aylworth on or about August 20, 2021 stated "This Exemption is Permanent and will remain effective for the duration of the vaccination requirement." Defendant admits it initially approved the request on August 20, 2021. Defendant admits his exemption was rescinded on September 29, 2021, but avers that the allegation that "others who applied early" is vague and ambiguous, and on that basis, Defendant denies it. Defendant admits that unlike the prior approval, it checked the following four boxes on its exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance; Accommodation Would Pose a Direct Threat to the Health

and Safety of Others and/or Yourself; Accommodation Would Prevent Employee from Performing

Essential Function(s); Accommodation Would Result in Undue Hardship for the City." Defendant

denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to

themselves, workers, and the public. Defendant denies the allegation that "As with other police officers,

CCSF's treatment of Officer Aylworth underscores the pretext of the City's religious accommodation

denials." Defendant denies blindly checking every box as a possible reason and further denies this

directly contradicted what had been implied earlier when his accommodation request was granted.

Defendant denies he was never offered or provided any "interactive process" to assess reasonable

accommodations, and further denies that testing or natural immunity were reasonable accommodations.

Defendant admits he was placed on paid administrative leave in October of 2021 and then unpaid leave

but denies the unpaid leave began on November 14, 2021. Defendant admits Officer Aylworth was

terminated but denies this occurred on April 1, 2022. Defendant denies its actions caused Officer

Aylworth significant stress and that he had to liquidate his savings and pull money out of his pension.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in Paragraph 169 of the Complaint and on that basis denies them. To the extent a

further response is required, Defendant denies the remaining allegations in this Paragraph.

170.    Defendant admits Plaintiff John Payton Quinlan worked for CCSF for over nine years,

most recently as a Police Officer 3 at the San Francisco Police Department. Defendant admits on August

21, 2021, Officer Quinlan submitted a request for an exemption from the Vaccination Policy based on

his alleged religious beliefs, but avers that the allegation that the request was timely is vague and

ambiguous, and on that basis, denies it. Defendant further admits that the Reasonable Accommodation

Determination form provided to Officer Quinlan on or about August 24, 2021 stated "This Exemption is

Permanent and will remain effective for the duration of the vaccination requirement." Defendant admits

it initially approved the request on August 24, 2021. Defendant admits his exemption was rescinded

after a subsequent review on September 16, 2021. Defendant admits that unlike the prior approval, it

checked the following four boxes on its exemption determination form: "Documentation Insufficient to

Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; Accommodation Would Prevent Employee from Performing Essential Function(s); Accommodation Would Result in Undue Hardship for the City." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant denies the allegation that "As with other police officers, CCSF's treatment of Officer Quinlan underscores the pretext of the City's religious accommodation denials." Defendant denies blindly checking every box and further denies this directly contradicted what had been implied earlier when his accommodation request was granted. Defendant denies he was never offered or provided any "interactive process" to assess reasonable accommodations, and further denies that testing or natural immunity were reasonable accommodations. Defendant admits Officer Quinlan was placed on leave but denies it was on October 13, 2021. Defendant admits Officer Quinlan was placed on unpaid administrative leave on November 13, 2021. Defendant admits he resigned but denies this was on March 4, 2022, and also denies that he did so under duress. Defendant denies Officer Quinlan was forced to dwindle through nearly all of his savings. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 170 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

171.    Defendant admits Plaintiff Anthony Srinivas worked for CCSF for over eight years, most recently as a Police Officer 3 at the San Francisco Police Department. Defendant admits on August 12, 2021, Officer Srinivas submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant further admits that the Reasonable Accommodation Determination form provided to Officer Srinivas on or about August 13, 2021 stated "This Exemption is Permanent and will remain effective for the duration of the vaccination requirement." Defendant admits it initially approved the request on August 13, 2021. Defendant admits his exemption was rescinded on

September 29, 2021 after further review. Defendant admits that unlike the prior approval, it checked the following four boxes on its exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; Accommodation Would Prevent Employee from Performing Essential Function(s); Accommodation Would Result in Undue Hardship for the City." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant denies the allegation that "As with other police officers, CCSF's treatment of Officer Srinivas underscores the pretext of the City's religious accommodation denials." Defendant denies blindly checking every box as a possible reason and further denies this directly contradicted what had been implied earlier when his accommodation request was granted. Defendant admits he included a letter and signed declaration from an alleged member of a church outlining his alleged religious beliefs but denies the allegation that the City's claim that he failed to prove a sincere religious belief is indefensible. Defendant denies he was never offered or provided any "interactive process" to assess reasonable accommodations, and further denies that testing or natural immunity were reasonable accommodations. Defendant admits on October 14, 2021, the Chief of Police recommended that Officer Srinivas be terminated. Defendant admits he was placed on unpaid leave on November 13, 2021. Defendant admits Officer Srinivas resigned but denies it was on January 9, 2022, and also denies that he did so under duress. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 171 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

172.    Defendant admits Plaintiff Addyson James Aguirre worked for CCSF for over seven years, most recently as a Police Officer Q4 at the San Francisco Police Department. Defendant admits Officer Aguirre submitted a request for an exemption from the Vaccination Policy based on her alleged religious beliefs, but denies this was on August 15, 2021, and Defendant further avers that the allegation

that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant further

admits that the Reasonable Accommodation Determination form provided to Office Aguirre on or about

August 24, 2021 stated "This Exemption is Permanent and will remain effective for the duration of the

vaccination requirement." Defendant admits it initially approved the request on August 24, 2021.

Defendant admits the request was rescinded. Defendant admits that unlike the prior approval, it checked

the following four boxes on its exemption determination form: "Documentation Insufficient to Show a

Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or

Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or

Yourself; Accommodation Would Prevent Employee from Performing Essential Function(s);

Accommodation Would Result in Undue Hardship for the City." Defendant denies it is an

"unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves,

workers, and the public. Defendant denies the allegation that "As with other police officers, CCSF's

treatment of Officer Aguirre underscores the pretext of the City's religious accommodation denials."

Defendant denies blindly checking every box as a possible reason and further denies this directly

contradicted what had been implied earlier when his accommodation request was granted. Defendant

denies she was never offered or provided any "interactive process" to assess reasonable

accommodations, and further denies that testing or natural immunity were reasonable accommodations.

Defendant admits on November 22, 2021, she received disciplinary action and was placed on paid leave.

Defendant admits she was moved to unpaid leave but denies it was four days before Christmas.

Defendant admits Officer Aguirre resigned but denies this occurred on January 3, 2022 and also denies

that she did so under duress. Defendant denies its actions, which included placing her on unpaid leave,

caused Officer Aguirre and her family to move half-way across the country in order to find new

employment in South Dakota. Defendant is without knowledge or information sufficient to form a belief

as to the truth of the remaining allegations in Paragraph 172 of the Complaint and on that basis denies

them. To the extent a further response is required, Defendant denies the remaining allegations in this

Paragraph.

173.    Defendant admits Plaintiff Ruben Antonio Aguirre worked for CCSF for over seven years, most recently as a Police Officer Q4 at the San Francisco Police Department. Defendant admits on September 4, 2021, Officer Aguirre submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant admits his request was denied on September 30, 2021. Defendant admits it checked the following four boxes on its exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; Accommodation Would Prevent Employee from Performing Essential Function(s); Accommodation Would Result in Undue Hardship for the City." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant denies the allegation that "As with other police officers, CCSF's treatment of Officer Aguirre underscores the pretext of the City's religious accommodation denials." Defendant denies blindly checking every box as a possible reason. Defendant denies he was never offered or provided any "interactive process" to assess reasonable accommodations, and further denies that testing or natural immunity were reasonable accommodations. Defendant admits Officer Aguirre was placed on paid leave but denies this was on February 4, 2022. Defendant further admits he was placed on unpaid leave, but denies it was on March 7, 2022. Defendant admits he resigned but denies it was on March 11, 2022, and further denies that he did so under duress for lack of a job. Defendant admits Officer Aguirre was on disability at the time he requested his religious exemption. Defendant denies Officer Aguirre and his family were forced to move half-way across the country to South Dakota in order to seek a new start. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 173 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

174.    Defendant admits Plaintiff Juan Daniel Gustilo III has worked for CCSF for over five

years, most recently as a Police Officer at the San Francisco Police Department. Defendant admits on August 17, 2021, Officer Gustilo submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant further admits that the Reasonable Accommodation Determination form provided to Officer Gustilo on or about August 17, 2021 stated "This Exemption is Permanent and will remain effective for the duration of the vaccination requirement." Defendant admits it initially approved the request on August 17, 2021. Defendant admits his exemption was rescinded after a further review but denies this occurred on September 17, 2021. Defendant admits that unlike the prior approval, it checked the following four boxes on its exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; Accommodation Would Prevent Employee from Performing Essential Function(s); Accommodation Would Result in Undue Hardship for the City." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant denies the allegation that "As with other police officers, CCSF's treatment of Officer Gustilo underscores the pretext of the City's religious accommodation denials." Defendant denies blindly checking every box as a possible reason and further denies this directly contradicted what had been implied earlier when his accommodation request was granted. Defendant denies he was never offered or provided any "interactive process" to assess reasonable accommodations, and further denies that testing or natural immunity were reasonable accommodations. Defendant admits on November 26, 2021, he was placed on paid leave. Defendant also admits on December 26, 2021, Officer Gustilo was placed on unpaid leave. Defendant denies Officer Gustilo has endured traumatic stress from the suspension. Defendant denies Officer Gustilo was forced to relocate his family to Texas. Defendant further denies he currently remains suspended on unpaid leave. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 174 of the Complaint and on that basis denies them. To the extent

1    a further response is required, Defendant denies the remaining allegations in this Paragraph.

2    175.    Defendant admits Plaintiff Paul Brice Lujano worked for CCSF for over seven years,

3    most recently as a Police Officer 2 at the San Francisco Police Department. Defendant admits on August

4    16, 2021, Officer Lujano submitted a request for an exemption from the Vaccination Policy based on his

5    alleged religious beliefs, but avers that the allegation that the request was timely is vague and

6    ambiguous, and on that basis, denies it. Defendant further admits that the Reasonable Accommodation

7    Determination form provided to Officer Lujano on or about August 17, 2021 stated "This Exemption is

8    Permanent and will remain effective for the duration of the vaccination requirement." Defendant admits

9    it initially approved the request on August 17, 2021. Defendant admits his exemption was rescinded

10    after further review but denies this occurred on September 16, 2021. Defendant admits that unlike the

11    prior approval, it checked the following four boxes on its exemption determination form:

12    "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held

13    Religious Belief, Practice or Observance; Accommodation Would Pose a Direct Threat to the Health

14    and Safety of Others and/or Yourself; Accommodation Would Prevent Employee from Performing

15    Essential Function(s); Accommodation Would Result in Undue Hardship for the City." Defendant

16    denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to

17    themselves, workers, and the public. Defendant denies the allegation that "As with other police officers,

18    CCSF's treatment of Officer Lujano underscores the pretext of the City's religious accommodation

19    denials." Defendant denies blindly checking every box as a possible reason and further denies this

20    directly contradicted what had been implied earlier when his accommodation request was granted.

21    Defendant denies he was never offered or provided any "interactive process" to assess reasonable

22    accommodations, and further denies that testing or natural immunity were reasonable accommodations.

23    Defendant admits he was placed on leave but denies this occurred on October 13, 2021. Defendant

24    denies Officer Lujano was unable to do the job he purportedly loved.  Defendant admits Officer Lujano

25    resigned on November 14, 2021 but denies he did so under duress. Defendant denies he had suffered

26    harassment from superiors and was passed over for special assignment due to his vaccine status.

27

28

1    Defendant further denies its action caused Officer Lujano significant stress and mental anguish and

2    required him to spend $15,000 from his savings and move out of state to Texas, which meant separation

3    from family and friends. Defendant denies his family was also forced to discontinue fertility treatment.

4    Defendant is without knowledge or information sufficient to form a belief as to the truth of the

5    remaining allegations in Paragraph 175 of the Complaint and on that basis denies them. To the extent a

6    further response is required, Defendant denies the remaining allegations in this Paragraph.

7        176.    Defendant admits Plaintiff Randall M. SooHoo worked for the San Francisco Police

8    Department for over 22 years, most recently as a Police Officer. Defendant admits Officer SooHoo

9    submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs,

10   but avers that the allegation that the request was timely is vague and ambiguous, and on that basis,

11   denies it and also denies it was submitted on August 30, 2021. Defendant denies he never heard back

12   regarding his request. Defendant admits Officer SooHoo was placed on leave on October 14, 2021.

13   Defendant denies Officer SooHoo was unable to perform his job on account of its purported actions.

14   Defendant admits Officer SooHoo resigned in October 2021 but denies it was under duress, and, that it

15   occurred on October 25, 2021. Defendant denies Officer SooHoo has suffered significant stress, anxiety,

16   insomnia, and depression. Defendant is without knowledge or information sufficient to form a belief as

17   to the truth of the remaining allegations in Paragraph 176 of the Complaint and on that basis denies

18   them. To the extent a further response is required, Defendant denies the remaining allegations in this

19   Paragraph.

20       177.    Defendant admits Plaintiff Christopher Thomas Sabella worked for CCSF for over seven

21   years, most recently as a Police Officer 3 for the San Francisco Police Department. Defendant admits on

22   August 25, 2021, Officer Sabella submitted a request for an exemption from the Vaccination Policy

23   based on his alleged religious beliefs, but avers that the allegation that the request was timely is vague

24   and ambiguous, and on that basis, denies it. Defendant further admits that the Reasonable

25   Accommodation Determination form provided to Officer Sabella on or about August 27, 2021 stated

26   "This Exemption is Permanent and will remain effective for the duration of the vaccination

27

28

requirement." Defendant admits it initially approved the request on August 27, 2021. Defendant admits his exemption was rescinded in September 2021, but denies this occurred on September 25, 2021. Defendant admits Officer Sabella was notified of the decision on September 29, 2021. Defendant admits that unlike the prior approval, it checked the following four boxes on its exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; Accommodation Would Prevent Employee from Performing Essential Function(s); Accommodation Would Result in Undue Hardship for the City." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant denies the allegation that "As with other police officers, CCSF's treatment of Officer Sabella underscores the pretext of the City's religious accommodation denials." Defendant denies blindly checking every box as a possible reason and further denies this directly contradicted what had been implied earlier when his accommodation request was granted. Defendant denies he was never offered or provided any "interactive process" to assess reasonable accommodations, and further denies that testing or natural immunity were reasonable accommodations. Defendant admits Officer Sabella was subsequently placed on unpaid leave. Defendant admits Officer Sabella was terminated but denies this occurred on May 4, 2022. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 177 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

178.    Defendant admits Plaintiff Mykael S. Thompson worked for CCSF for over seven years, most recently as a Police Officer 4 at the San Francisco Police Department. Defendant admits on August 23, 2021, Officer Thompson submitted a request for an exemption from the Vaccination Policy based on her alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant further admits that the Reasonable Accommodation Determination form provided to Officer Thompson on or about August 24, 2021 stated "This Exemption

1  is Permanent and will remain effective for the duration of the vaccination requirement." Defendant

2  admits it initially approved the request on August 24, 2021. Defendant admits her exemption was

3  rescinded after a subsequent review on September 29, 2021. Defendant admits that unlike the prior

4  approval, it checked the following four boxes on its exemption determination form: "Documentation

5  Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief,

6  Practice or Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others

7  and/or Yourself; Accommodation Would Prevent Employee from Performing Essential Function(s);

8  Accommodation Would Result in Undue Hardship for the City." Defendant denies it is an

9  "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves,

10  workers, and the public. Defendant denies the allegation that "As with other police officers, CCSF's

11  treatment of Officer Thompson underscores the pretext of the City's religious accommodation denials."

12  Defendant denies blindly checking every box and further denies this directly contradicted what had been

13  implied earlier when his accommodation request was granted. Defendant denies she was never offered

14  or provided any "interactive process" to assess reasonable accommodations, and further denies that

15  testing or natural immunity were reasonable accommodations. Defendant denies that Officer Thompson

16  was bullied or harassed. Defendant admits she was placed on paid leave but denies it was on October 13,

17  2021. Defendant admits Officer Thompson was then placed on unpaid leave on November 13, 2021.

18  Defendant admits Officer Thompson was terminated on April 21, 2022. Defendant denies its actions

19  were unlawful or caused Officer Thompson to have to liquidate all of her financial accounts in order to

20  financially survive, thus rendering her financial future uncertain. Defendant further denies she has also

21  suffered a strain on her mental health, her family, and her ability to obtain future employment due to the

22  stigma of termination. Defendant denies the allegation that "a snapshot of the culture created by CCSF's

23  dogmatic adherence to a no-accommodation policy reveals that a hard-working Officer, who had

24  recently been given Field Training Officer status, was ostracized and stigmatized by supervisors and co-

25  workers for getting terminated rather than violating her faith." Defendant is without knowledge or

26  information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 178 of the

27

28

Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

179. Defendant admits Plaintiff Robby Winston Willkom was a Police Officer, although it denies he was a Police Officer 3, at the San Francisco Police Department for over eight years. Defendant admits Officer Willkom submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but denies this was on August 18, 2021, and avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant further admits that the Reasonable Accommodation Determination form provided to Officer Willkom on or about the same day stated "This Exemption is Permanent and will remain effective for the duration of the vaccination requirement." Defendant admits it initially approved the request but denies it was the same day he submitted the request. Defendant admits his exemption was rescinded after a subsequent review on September 29, 2021. Defendant admits that unlike the prior approval, it checked the following four boxes on its exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; Accommodation Would Prevent Employee from Performing Essential Function(s); Accommodation Would Result in Undue Hardship for the City." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant denies the allegation that "As with other police officers, CCSF's treatment of Officer Willkom underscores the pretext of the City's religious accommodation denials." Defendant denies blindly checking every box as a possible reason and further denies this directly contradicted what had been implied earlier when his accommodation request was granted. Defendant denies he was never offered or provided any "interactive process" to assess reasonable accommodations, and further denies that testing or natural immunity were reasonable accommodations. Defendant admits it considered placing Officer Willkom on paid administrative leave but did not because he was on FMLA leave. Defendant denies it attempted to place Officer Willkom on paid administrative leave on October 13, 2021. Defendant admits Officer

1    Willkom was placed on administrative leave when he returned from FMLA leave on November 20,

2    2021. Defendant admits he was placed on unpaid leavetwo days after Christmas. Defendant admits

3    Officer Willkom was terminated but denies it was on April 20, 2022. Defendant denies its actions

4    caused undue stress on Officer Willkom and his family. Defendant is without knowledge or information

5    sufficient to form a belief as to the truth of the remaining allegations in Paragraph 179 of the Complaint

6    and on that basis denies them. To the extent a further response is required, Defendant denies the

7    remaining allegations in this Paragraph.

8         180.    Defendant admits Plaintiff Krystel Fortie has worked for CCSF for over six years, most

9    recently as a Police Officer 2 at the San Francisco Police Department. Defendant admits on August 26,

10   2021, Officer Fortie submitted a religious exemption request on the basis of her alleged religious beliefs,

11   but avers that the allegation that the request was timely is vague and ambiguous, and on that basis,

12   denies it. Defendant further admits that the Reasonable Accommodation Determination form provided to

13   Officer Fortie on or about August 31, 2021 stated "This Exemption is Permanent and will remain

14   effective for the duration of the vaccination requirement." Defendant admits it initially approved the

15   request on August 31, 2021. Defendant admits her exemption was rescinded on September 30, 2021, but

16   avers that the allegation that "others who applied early" is vague and ambiguous, and on that basis,

17   Defendant denies it. Defendant admits that unlike the prior approval, it checked the following four boxes

18   on its exemption determination form: "Documentation Insufficient to Show a Conflict Between

19   Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance; Accommodation

20   Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; Accommodation Would

21   Prevent Employee from Performing Essential Function(s); Accommodation Would Result in Undue

22   Hardship for the City." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person

23   employee presents a danger to themselves, workers, and the public. Defendant denies the allegation that

24   "As with other police officers, CCSF's treatment of Officer Fortie underscores the pretext of the City's

25   religious accommodation denials." Defendant denies blindly checking every box as a possible reason

26   and further denies this directly contradicted what had been implied earlier when his accommodation

27

28

1   request was granted. Defendant denies she was never offered or provided any "interactive process" to

2   assess reasonable accommodations, and further denies that testing or natural immunity were reasonable

3   accommodations. Defendant admits around October 1, 2021, Officer Fortie went on disability leave.

4   Defendant denies she was placed on modified duty at the end of February 2022, but denies it was

5   nominal. Defendant denies the allegation that modified duty "is not an accommodation but merely a

6   status that employees, who have been injured at work, are allowed to go on that provides them further

7   time to heal while working in a less physical capacity." Defendant further denies she was immediately

8   placed on a 30 day paid suspension on March 4, 2022. Defendant admits Officer Fortie was returned to

9   "full duty" but denies this occurred in June or July of 2022. Defendant denies Officer Fortie waited "in

10  limbo" and was forced to seek additional employment. Defendant further denies its actions caused her

11  significant stress. Defendant denies the stress negatively affected Officer Fortie's health and

12  relationships, causing strain on her and her family. Defendant is without knowledge or information

13  sufficient to form a belief as to the truth of the remaining allegations in Paragraph 180 of the Complaint

14  and on that basis denies them. To the extent a further response is required, Defendant denies the

15  remaining allegations in this Paragraph.

16      181.    Defendant admits Plaintiff Stephanie Fujihara worked for the San Francisco Police

17  Department for over six years, most recently as a Police Officer 3. Defendant admits on August 25,

18  2021, Officer Fujihara submitted a request for an exemption from the Vaccination Policy on the basis of

19  her alleged religious beliefs, but avers that the allegation that the request was timely is vague and

20  ambiguous, and on that basis, denies it. Defendant further admits that the Reasonable Accommodation

21  Determination form provided to Officer Fujihara on or about August 27, 2021 stated "This Exemption is

22  Permanent and will remain effective for the duration of the vaccination requirement." Defendant admits

23  it approved the request on August 27, 2021. Defendant admits her accommodation was rescinded after

24  further review on September 30, 2021. Defendant admits that unlike the prior approval, it checked the

25  following four boxes on its exemption determination form: "Documentation Insufficient to Show a

26  Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or

27

28

Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; Accommodation Would Prevent Employee from Performing Essential Function(s); Accommodation Would Result in Undue Hardship for the City." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant denies the allegation that "As with other police officers, CCSF's treatment of Officer Fujihara underscores the pretext of the City's religious accommodation denials." Defendant denies blindly checking every box as a possible reason and further denies this directly contradicted what had been implied earlier when his accommodation request was granted. Defendant denies she was never offered or provided any "interactive process" to assess reasonable accommodations, and further denies that testing or natural immunity were reasonable accommodations. Defendant admits Officer Fujihara was placed on administrative leave but denies this occurred on October 13, 2021. Defendant admits she was then placed on unpaid leave on or about November 14, 2021, Defendant admits she was terminated but denies it was on March 16, 2022. Defendant denies its actions were unlawful or caused Officer Fujihara to feel insulted and embarrassed, suffered significant stress from financial instability, or that she had to spend down her savings just to afford to pay her rent. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 181 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

182.    Defendant admits Plaintiff James Kenneth Lewis III worked for the San Francisco Police Department for over six years, most recently as a Police Officer. Defendant admits on October 12, 2021, Officer Lewis submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant denies the allegation that "Officer Lewis never heard back regarding his religious exemption request." Defendant denies there was never any "interactive process" to assess reasonable accommodations, and further denies that testing or natural immunity were reasonable accommodations. Defendant admits Officer Lewis was placed on unpaid non-disciplinary leave in

1

2

3

4

January 2022. Defendant admits he was terminated but denies it was on May 4, 2022. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 182 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

183.    Defendant admits Plaintiff Viola Christina Molano McCall worked for CCSF for over four years, most recently as a Police Officer at the San Francisco Police Department. Defendant admits on August 16, 2021, Officer McCall submitted a request for an exemption from the Vaccination Policy based on her alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant further admits that the Reasonable Accommodation Determination form provided to Officer McCall on or about August 17, 2021 stated "This Exemption is Permanent and will remain effective for the duration of the vaccination requirement" but avers that the allegation that "others who applied early" is vague and ambiguous, and on that basis, Defendant denies it. Defendant admits it initially approved the request on August 17, 2021. Defendant admits her exemption was rescinded after further review on September 29, 2021. Defendant admits that unlike the prior approval, it checked the following four boxes on its exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; Accommodation Would Prevent Employee from Performing Essential Function(s); Accommodation Would Result in Undue Hardship for the City." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant denies the allegation that "As with other police officers, CCSF's treatment of Officer McCall underscores the pretext of the City's religious accommodation denials." Defendant denies blindly checking every box as a possible reason and further denies this directly contradicted what had been implied earlier when his accommodation request was granted. Defendant denies she was never offered or provided any "interactive process" to assess reasonable accommodations, and further denies that testing or natural immunity were reasonable accommodations.

27

28

1    Defendant admits Officer McCall was placed on leave but denies this was on October 15, 2021.

2    Defendant admits on November 15, 2021, she was placed on unpaid leave. Defendant admits she was

3    terminated on April 21, 2022. Defendant denies throughout the process Officer McCall was shamed by

4    her co-workers for not getting the vaccine. Defendant denies she was forced to move out of state to seek

5    new employment. Defendant further denies the City's actions caused her undue stress and insomnia.

6    Defendant denies she was forced to liquidate her pension, deplete her savings and seek loans from

7    family members.  Defendant is without knowledge or information sufficient to form a belief as to the

8    truth of the remaining allegations in Paragraph 183 of the Complaint and on that basis denies them. To

9    the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

10        184.    Defendant admits Plaintiff Dennis Charles Tupper, Jr. worked as a Police Officer 2 at the

11    San Francisco Police Department for over five years. Defendant admits on August 16, 2021, Officer

12    Tupper submitted a request for an exemption from the Vaccination Policy based on his alleged religious

13    beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that

14    basis, denies it. Defendant further admits that the Reasonable Accommodation Determination form

15    provided to Officer Tupper on or about August 17, 2021 stated "This Exemption is Permanent and will

16    remain effective for the duration of the vaccination requirement." Defendant admits it initially approved

17    the request on August 17, 2021. Defendant admits his exemption was rescinded in September of 2021

18    after further review. Defendant admits it checked the following four boxes on its exemption

19    determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement

20    and Sincerely Held Religious Belief, Practice or Observance; Accommodation Would Pose a Direct

21    Threat to the Health and Safety of Others and/or Yourself; Accommodation Would Prevent Employee

22    from Performing Essential Function(s); Accommodation Would Result in Undue Hardship for the City."

23    Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a

24    danger to themselves, workers, and the public. Defendant denies the allegation that "As with other

25    police officers, CCSF's treatment of Officer Tupper underscores the pretext of the City's religious

26    accommodation denials." Defendant denies blindly checking every box and further denies this directly

contradicted what had been implied earlier when his accommodation request was granted. Defendant denies he was never offered or provided any "interactive process" to assess reasonable accommodations, and further denies that testing or natural immunity were reasonable accommodations. Defendant denies he was placed on unpaid administrative leave on October 13, 2021. Defendant admits Officer Tupper resigned but denies it was on November 14, 2021, and also denies that he did so under duress. Defendant denies Officer Tupper was forced to pull from his deferred compensation and use savings to pay bills. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 184 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

185.    Defendant admits Plaintiff Joshua Collin Tupper worked for CCSF for over four years, most recently as a Police Officer in the San Francisco Police Department. Defendant admits on August 17, 2021, Officer Tupper submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant further admits that the Reasonable Accommodation Determination form provided to Officer Tupper on or about August 17, 2021 stated "This Exemption is Permanent and will remain effective for the duration of the vaccination requirement." Defendant admits it initially approved the request on August 17, 2021. Defendant denies he was never offered or provided any "interactive process" to assess reasonable accommodations such as testing or consideration of natural immunity. Defendants admit his exemption was subsequently placed under further review. Defendant admits he was placed on unpaid administrative leave but denies it was on November 15, 2021. Defendant admits Officer Tupper resigned in January of 2022, but denies he did so under duress. Defendant denies he had no choice but to move out of state for an employment opportunity. Defendant further denies its actions caused him significant stress, which led to sleepless nights and poor eating habits. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 185 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

186.    Defendant admits Plaintiff Herschel Julian Ticzon worked as a Police Officer at the San Francisco Police Department but denies it was for over three years. Defendant admits on September 16, 2021, Officer Ticzon submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant admits the request was denied on September 29, 2021. Defendant admits that it checked the following four boxes on its exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; Accommodation Would Prevent Employee from Performing Essential Function(s); Accommodation Would Result in Undue Hardship for the City." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant denies the allegation that "As with other police officers, CCSF's treatment of Officer Ticzon underscores the pretext of the City's religious accommodation denials." Defendant denies blindly checking every box as a possible reason. Defendant denies he was never offered or provided any "interactive process" to assess reasonable accommodations, and further denies that testing or natural immunity were reasonable accommodations. Defendant admits he was placed on paid leave but denies it was on September 24, 2021. Defendant further admits Officer Ticzon was placed on unpaid leave but denies this was on December 16, 2021. Defendant admits Officer Ticzon resigned but denies it was effective February 1, 2022, or that he did so under duress. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 186 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

187.    Defendant admits Plaintiff Carson Robert Schilling worked for CCSF for over two years, most recently as a Police Officer at the San Francisco Police Department. Defendant admits on August 26, 2021, he submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and

on that basis, denies it. Defendant further admits that the Reasonable Accommodation Determination form provided to Officer Schilling on or about August 31, 2021 stated "This Exemption is Permanent and will remain effective for the duration of the vaccination requirement." Defendant admits it initially approved the request on August 31, 2021. Defendant admits his exemption was rescinded on September 29, 2021 after a subsequent review. Defendant admits that unlike the prior approval, it checked the following four boxes on its exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; Accommodation Would Prevent Employee from Performing Essential Function(s); Accommodation Would Result in Undue Hardship for the City." Defendant denies the allegation that "As with other police officers, CCSF's treatment of Officer Schilling underscores the pretext of the City's religious accommodation denials." Defendant denies blindly checking every box as a possible reason and further denies this directly contradicted what had been implied earlier when his accommodation request was granted. Defendant denies he was never offered or provided any "interactive process" to assess reasonable accommodations, and further denies that testing or natural immunity were reasonable accommodations. Defendant admits Officer Schilling was placed on administrative leave on October 14, 2021, and then placed on unpaid leave but denies he was placed on unpaid leave at the beginning of December 2021. Defendant admits he resigned on or about January 10, 2022, but denies that he did so under duress. Defendant denies it caused Officer Schilling to suffer great financial strain. Defendant also denies he was forced to spend most of his life saving in order to pay his bills. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 187 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

188.    Defendant admits Plaintiff Sarah Badr worked as a Police Officer for over a year at the San Francisco Police Department. Defendant admits on August 11, 2021, Officer Badr submitted a request for an exemption from the Vaccination Policy based on her alleged religious beliefs, but avers

that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant further admits that the Reasonable Accommodation Determination form provided to Officer Badr on or about August 13, 2021 stated "This Exemption is Permanent and will remain effective for the duration of the vaccination requirement." Defendant admits it initially approved the request on August 13, 2021. Defendant admits her exemption was rescinded on September 29, 2021, but avers that the allegation "like the others who applied early" is vague and ambiguous, and on that basis, Defendant denies it. Defendant admits that unlike the prior approval, it checked the following four boxes on its exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; Accommodation Would Prevent Employee from Performing Essential Function(s); Accommodation Would Result in Undue Hardship for the City." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant denies the allegation that "As with other police officers, CCSF's treatment of Officer Badr underscores the pretext of the City's religious accommodation denials." Defendant denies blindly checking every box as a possible reason and further denies this directly contradicted what had been implied earlier when his accommodation request was granted. Defendant denies she was never offered or provided any "interactive process" to assess reasonable accommodations, and further denies that testing or natural immunity were reasonable accommodations. Defendant admits Officer Badr was placed on administrative leave on October 14, 2021 and then placed on unpaid leave on November 14, 2021. Defendant admits she resigned on or about January 13, 2022, but denies she did so under duress. Defendant denies its actions caused Officer Badr to prematurely withdraw cash from a retirement fund to be able to sustain and not lose her home that she recently purchased. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 188 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

189.     Defendant admits Plaintiff Kiera Noelle O'Shea was employed by CCSF for over one year, most recently as a Police Officer at the San Francisco Police Department. Defendant admits on August 29, 2021, Officer O'Shea submitted a request for an exemption from the Vaccination Policy based on her alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant further admits that the Reasonable Accommodation Determination form provided to Officer O'Shea on or about August 31, 2021 stated "This Exemption is Permanent and will remain effective for the duration of the vaccination requirement." Defendant admits it initially approved the request on August 31, 2021. Defendant admits her exemption was rescinded September 24, 2021 after further review. Defendant admits that unlike the prior approval, it checked the following four boxes on its exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; Accommodation Would Prevent Employee from Performing Essential Function(s); Accommodation Would Result in Undue Hardship for the City." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant denies the allegation that "As with other police officers, CCSF's treatment of Officer O'Shea underscores the pretext of the City's religious accommodation denials." Defendant denies blindly checking every box as a possible reason and further denies this directly contradicted what had been implied earlier when her accommodation request was granted. Defendant denies she was never offered or provided any "interactive process" to assess reasonable accommodations, and further denies that testing or natural immunity were reasonable accommodations. Defendant admits Officer O'Shea was placed on paid administrative leave but denies this was on October 13, 2021. Defendant admits she was placed on unpaid leave but denies it was on November 12, 2021. Defendant admits she was terminated but denies it was on April 25, 2022. Defendant denies it caused Officer O'Shea to suffer stress and a feeling of isolation from friends, family, and co-workers. Defendant further denies she was forced to drain her savings to pay for food, shelter, and bills as a result

of being terminated. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 189 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

***San Francisco Department of Public Health (22 Plaintiffs)***

190.   Defendant admits Plaintiff Marylin Taylor worked for CCSF for almost 30 years, most recently as a Nursing Staff Assistant at San Francisco General Hospital. Defendant admits Ms. Taylor submitted an exemption request based on her alleged religious beliefs, but denies it was in July of 2021 and avers that the allegation that the exemption request was timely is vague and ambiguous, and on that basis, denies it. Defendant admits Ms. Taylor's accommodation request was denied but denies it was six months later, on January 7, 2022.

Defendant admits it checked the following four boxes on its exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; Accommodation Would Prevent Employee from Performing Essential Function(s); Accommodation Would Result in Undue Hardship for the City," but denies that it did so without evidence. Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant denies the allegation that "CCSF's treatment of Ms. Taylor underscores the pretext of the City's religious accommodation denials." Defendant denies blindly checking every box as a possible reason. Defendant admits Ms. Taylor retired on March 1, 2022 but denies this was under duress. Defendant denies she was never offered or provided any "interactive process" to assess reasonable accommodations, and further denies that testing or natural immunity were reasonable accommodations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 190 of the Complaint and on that basis denies them of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

191.   Defendant is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 191 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

192.    Defendant admits Plaintiff Robert Seth Geller worked for CCSF but denies it was for over 23 years. Defendant admits Mr. Geller most recently worked as a Patient Accounts Supervisor at the Department of Public Health. Defendant admits on September 27, 2021, Mr. Geller submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant admits the request was denied on November 29, 2021. Defendant admits it checked the following four boxes on its exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; Accommodation Would Prevent Employee from Performing Essential Function(s); Accommodation Would Result in Undue Hardship for the City." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant denies the allegation that "As with other Department of Public Health employees, CCSF's treatment of Mr. Geller only underscores the pretext of the City's religious accommodation denials." Defendant denies the allegation that the "denial blindly checked every box as a reason." Defendant denies he was never offered or provided any "interactive process" to assess reasonable accommodations, and further denies telework, testing, or consideration of natural immunity are reasonable accommodations. Defendant admits he was placed on paid administrative leave but denies it became effective on November 14, 2021. Defendant admits he retired on April 1, 2022 but denies it was under duress. Defendant denies that its actions were unlawful and that they caused Mr. Geller to lose "a recently attained supervisory position for which he had worked years to attain, and concomitantly lost the income that was slated for his youngest daughter's college tuition." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 192 of the Complaint and on that basis denies them. To the extent a further response is

1    required, Defendant denies the remaining allegations in this Paragraph.

2        193.    Defendant admits Plaintiff Novia Chandra-Madejski worked for CCSF for over 18 years,

3    most recently as an IS Business Analyst-Principal at the San Francisco Department of Public Health.

4    Defendant admits on September 2, 2021, Ms. Chandra-Madejski submitted a request for an exemption

5    from the Vaccination Policy based on her alleged religious beliefs, but avers that the allegation that the

6    request was timely is vague and ambiguous, and on that basis, denies it. Defendant admits her request

7    was denied on November 16, 2021. Defendant admits it checked the following four boxes on its

8    exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination

9    Requirement and Sincerely Held Religious Belief, Practice or Observance; Accommodation Would Pose

10   a Direct Threat to the Health and Safety of Others and/or Yourself; Accommodation Would Prevent

11   Employee from Performing Essential Function(s); Accommodation Would Result in Undue Hardship

12   for the City." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee

13   presents a danger to themselves, workers, and the public. Defendant denies the allegation that "As with

14   other Department of Public Health employees, CCSF's treatment of Ms. Chandra-Madejski only

15   underscores the pretext of the City's religious accommodation denials." Defendant denies the allegation

16   that the "denial blindly checked every box as a possible reason." Defendant denies she was never

17   offered or provided any "interactive process" to assess reasonable accommodations, and further denies

18   that testing or natural immunity were reasonable accommodations. Defendant admits she was terminated

19   on or about April 22, 2022. Defendant further denies its actions were unlawful or caused strain on both

20   Ms. Chandra-Madejski's mental health and physical health that required her to seek medical treatment.

21   Defendant denies it forced her to use her family's life savings in order to cover her medical costs and

22   family daily expenses. Defendant also denies it committed any violations or cost her an opportunity to

23   realize a substantial wage increase. Defendant denies she is on disability because of its actions.

24   Defendant is without knowledge or information sufficient to form a belief as to the truth of the

25   remaining allegations in Paragraph 193 of the Complaint and on that basis denies them. To the extent a

26   further response is required, Defendant denies the remaining allegations in this Paragraph.

27

28

1        194.    Defendant admits Plaintiff Runjohnya Burgess worked for CCSF for over 14 years, most

2   recently as a Registered Nurse / Special Nurse at the Department of Public Health. Defendant admits

3   Mr. Burgess submitted an exemption request on September 27, 2021, but avers that the allegation that

4   the exemption request was timely is vague and ambiguous, and on that basis, denies it. Defendant admits

5   it denied his request and checked the following four boxes on its exemption determination form:

6   "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held

7   Religious Belief, Practice or Observance; Accommodation Would Pose a Direct Threat to the Health

8   and Safety of Others and/or Yourself; Accommodation Would Prevent Employee from Performing

9   Essential Function(s); Accommodation Would Result in Undue Hardship for the City." Defendant

10  denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to

11  themselves, workers, and the public. Defendant denies the allegation that "As with other Department of

12  Public Health employees, CCSF's treatment of Mr. Burgess only underscores the pretext of the City's

13  religious accommodation denials." Defendant denies the allegation that the "denial blindly checked

14  every box as a possible reason." Defendant denies he was never offered or provided any "interactive

15  process" to assess reasonable accommodations, and further denies that testing or natural immunity were

16  reasonable accommodations. Defendant admits he was terminated on or about April 1, 2022. Defendant

17  denies the allegation that the "extra stress inflicted on him by the City's ostracization and termination

18  led directly to a separation from his wife." Defendant denies Mr. Burgess has suffered tremendous

19  emotional stress. Defendant is without knowledge or information sufficient to form a belief as to the

20  truth of the remaining allegations in Paragraph 194 of the Complaint and on that basis denies them. To

21  the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

22        195.    Defendant admits Plaintiff Katrina Ann Meier worked for CCSF for over 13 years, most

23  recently as a Registered Nurse at the San Francisco Department of Public Health. Defendant admits on

24  September 29, 2021, Ms. Meier submitted a request for an exemption from the Vaccination Policy based

25  on her alleged religious beliefs, but avers that the allegation that the request was timely is vague and

26  ambiguous, and on that basis, denies it. Defendant admits her exemption request was denied on

27

28

CCSF ANSWER                                                          72                                              n:\labor\li2023\230410\01710467.docx
Lead Case No.: 4:22-cv-01587-JSW
CASE NO. 4:22-cv-07455-JSW
97953609v.4

November 17, 2021. Defendant admits it checked the following three boxes on the exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; and Accommodation Would Prevent Employee from Performing Essential Function(s)." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant denies the allegation that "As with other Department of Public Health employees, CCSF's treatment of Ms. Meier only underscores the pretext of the City's religious accommodation denials." Defendant denies the allegation that the "denial blindly checked every box as a possible reason." Defendant denies she was never offered or provided any "interactive process" to assess reasonable accommodations, and further denies that testing or natural immunity were reasonable accommodations. Defendant admits she was terminated four days before Christmas but denies it was because she failed to receive a medical treatment she alleges was designed to induce artificial immunity for COVID variants that were no longer prevalent. Defendant further denies Ms. Meier was forced to exhaust her savings and to accumulate credit card debt. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 195 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

196.    Defendant admits Plaintiff Monica Lissette Gutierrez worked for CCSF for over 12 years, most recently as a Registered Nurse at the San Francisco Department of Public Health. Defendant admits on September 15, 2021, Ms. Gutierrez submitted a request for an exemption from the Vaccination Policy based on her alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant admits her request was denied on or about October 5, 2021. Defendant admits that Ms. Gutierrez submitted a 2-page letter that referred to her alleged beliefs in Catholic doctrine. Defendant admits it checked the following two boxes on the exemption determination form: "Documentation Insufficient to Show a Conflict Between

1    Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance; and

2    Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself."

3    Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a

4    danger to themselves, workers, and the public. Defendant denies she was never offered or provided any

5    "interactive process" to assess reasonable accommodations, and further denies that testing or natural

6    immunity were reasonable accommodations. Defendant admits Ms. Gutierrez was terminated on or

7    about April 1, 2022 but denies it was for failure to receive a medical treatment she alleges is "designed

8    to induce artificial immunity for COVID variants that were no longer prevalent." Defendant denies that

9    its actions caused Ms. Gutierrez to suffer high levels of depression, psychological distress, anxiety,

10   insomnia and financial hardship. Defendant is without knowledge or information sufficient to form a

11   belief as to the truth of the remaining allegations in Paragraph 196 of the Complaint and on that basis

12   denies them. To the extent a further response is required, Defendant denies the remaining allegations in

13   this Paragraph.

14       197.    Defendant admits Plaintiff Orchid Zoe Soh worked for CCSF for over 12 years, most

15   recently as a Registered Nurse at San Francisco General Hospital. Defendant admits on August 31,

16   2021, Ms. Soh submitted a request for an exemption from the Vaccination Policy based on her alleged

17   religious beliefs, but avers that the allegation that the exemption request was timely is vague and

18   ambiguous, and on that basis, denies it. Defendant admits her exemption request was denied on

19   September 30, 2021. Defendant admits it checked the following two boxes on the exemption

20   determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement

21   and Sincerely Held Religious Belief, Practice or Observance; and Accommodation Would Pose a Direct

22   Threat to the Health and Safety of Others and/or Yourself" but denies this was done without evidence.

23   Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a

24   danger to themselves, workers, and the public. Defendant denies she was never offered or provided any

25   "interactive process" to assess reasonable accommodations, and further denies that masking, testing or

26   natural immunity were reasonable accommodations. Defendant admits Ms. Soh was placed on paid

27

28

administrative leave on October 1, 2021. Defendant admits she was terminated but denies this occurred on April 1, 2022. Defendant denies its actions were unlawful or that they caused Ms. Soh to suffer insomnia and emotional stress. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 197 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

198.    Defendant admits Plaintiff Kristin C. Lavelle worked at the San Francisco Department of Public Health as an Occupational Therapist. Defendant admits on September 27, 2021, Ms. Lavelle submitted a request for an exemption from the Vaccination Policy based on her alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant admits her request was denied on November 22, 2021. Defendant admits it checked the following four boxes on its exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; Accommodation Would Prevent Employee from Performing Essential Function(s); Accommodation Would Result in Undue Hardship for the City." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant denies the allegation that "As with other Department of Public Health employees, CCSF's treatment of Ms. Lavelle underscores the pretext of the City's religious accommodation denials." Defendant denies blindly checking every box as a possible reason. Defendant denies she was never offered or provided any "interactive process" to assess reasonable accommodations, and further denies that testing or natural immunity were reasonable accommodations. Defendant admits Ms. Lavelle was terminated but denies it was April 1, 2022 for failure to receive a medical treatment she alleges is "designed to induce artificial immunity for COVID variants that were no longer prevalent." Defendant denies its actions were unlawful or caused Ms. Lavelle to suffer high stress, humiliation. and financial hardship. Defendant is without knowledge or information sufficient to

1  form a belief as to the truth of the remaining allegations in Paragraph 198 of the Complaint and on that

2  basis denies them. To the extent a further response is required, Defendant denies the remaining

3  allegations in this Paragraph.

4      199.    Defendant admits Plaintiff Lusiana Barajas was a Hospital Eligibility Worker at San

5  Francisco General Hospital (SFGH) for over eight years. Defendant admits on August 30, 2021, Ms.

6  Barajas submitted a request for an exemption from the Vaccination Policy based on her alleged religious

7  beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that

8  basis, denies it. Defendant admits her request was denied on October 12, 2021 and on its exemption

9  denial determination checked the boxes "Documentation Insufficient to Show a Conflict Between

10  Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance; and

11  Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself."

12  Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a

13  danger to themselves, workers, and the public. Defendant admits Ms. Barajas provided a letter outlining

14  why abortion purportedly violates her alleged religious beliefs and that the vaccines' purportedly tainted

15  origins cause them to conflict with those beliefs about the value of human life. Defendant denies she was

16  never offered or provided any "interactive process" to assess reasonable accommodations, and further

17  denies that testing or natural immunity were reasonable accommodations. Defendant admits Ms. Barajas

18  was placed on paid administrative leave but denies it was on September 30, 2021. Defendant admits that

19  Ms. Barajas was terminated but denies it was on April 1, 2022 or that it was a second termination.

20  Defendant is without knowledge or information sufficient to form a belief as to the truth of the

21  remaining allegations in Paragraph 199 of the Complaint and on that basis denies them. To the extent a

22  further response is required, Defendant denies the remaining allegations in this Paragraph.

23      200.    Defendant admits Plaintiff Abby Mara Thrasher worked for over eight years for CCSF as

24  a Psychiatric Occupational Therapist with the Department of Public Health at Zuckerberg San Francisco

25  General Hospital. Defendant admits on September 15, 2021, Ms. Thrasher submitted a request for an

26  exemption from the Vaccination Policy based on her alleged religious beliefs, but avers that the

27

28

allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant admits her request was denied on November 2, 2021. Defendant denies it implicitly conceded that she was entitled to an exemption. Defendant admits it denied Ms. Thrasher's exemption request and admits it checked the following two boxes on the exemption determination form: "Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; and Accommodation Would Result in Undue Hardship for the City." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant denies she was never offered or provided any "interactive process" to assess reasonable accommodations, and further denies that testing or natural immunity were reasonable accommodations. Defendant admits she was terminated but denies it was on April 1, 2022, and further denies that she was terminated "for failure to take a vaccine that induces artificial immunity for COVID variants that were no longer prevalent." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 200 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

201.    Defendant admits Plaintiff Dheyanira E. Calahorrano worked for over seven years for CCSF, most recently as a Health Worker II at the San Francisco Department of Public Health. Defendant admits on September 24, 2021, Ms. Calahorrano submitted a request for an exemption from the Vaccination Policy based on her alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant admits her request was denied on November 17, 2021 and it checked the following boxes on its exemption determination form: "Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; Accommodation Would Prevent Employee from Performing Essential Function(s); Accommodation Would Result in Undue Hardship for the City." Defendant denies the allegation that "As with other Department of Public Health employees, CCSF's treatment of Mr. Burgess only underscores the pretext of the City's religious accommodation denials." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant

denies she was never offered or provided any "interactive process" to assess reasonable accommodations, and further denies that testing or natural immunity were reasonable accommodations. Defendant admits she was referred to the 60-day Citywide Job Search but denies it was on December 6, 2021. Defendant admits her job search expired without a vacancy. Defendant denies she remains on unpaid leave. Defendant denies its actions left Ms. Calahorrano with no income, caused severe financial strain and prevented her from being promoted. Defendant denies it caused her stress or forced her to seek therapy as soon as she can afford it. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 201 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

202.    Defendant admits Plaintiff Leonidas Rosales Escalante worked for CCSF for over six years, most recently as an Institution Utility Worker at the San Francisco Department of Public Health. Defendant admits on September 29, 2021, Mr. Rosales submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant admits Mr. Rosales was placed on paid leave at the beginning of October and then his request was denied on November 30, 2021. Defendant admits it checked the following four boxes on its exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; Accommodation Would Prevent Employee from Performing Essential Function(s); Accommodation Would Result in Undue Hardship for the City." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant admits Mr. Rosales's attorney submitted a letter asserting that abortion purportedly violates Mr. Rosale's alleged religious beliefs and that the vaccines' alleged origins purportedly cause them to conflict with those alleged beliefs about the value of human life. Defendant denies the allegation that "As with other Department of Public Health employees,

1  CCSF's treatment of Mr. Rosales underscores the pretext of the City's religious accommodation

2  denials." Defendant denies blindly checking every box as a possible reason. Defendant denies he was

3  never offered or provided any "interactive process" to assess reasonable accommodations, and further

4  denies that testing or natural immunity were reasonable accommodations. Defendant admits he was

5  terminated but denies it was on April 1, 2022. Defendant is without knowledge or information sufficient

6  to form a belief as to the truth of the remaining allegations in Paragraph 202 of the Complaint and on

7  that basis denies them. To the extent a further response is required, Defendant denies the remaining

8  allegations in this Paragraph.

9          203.    Defendant admits Plaintiff Mei Zhu worked for over six years for CCSF, most recently as

10  a Medical Evaluation Assistant at San Francisco General Hospital. Defendant admits on September 15,

11  2021, Ms. Zhu submitted a request for an exemption from the Vaccination Policy based on her alleged

12  religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and

13  on that basis, denies it. Defendant admits she was placed on leave by the hospital on October 1, 2021.

14  Defendant further admits her request was denied but denies it was on November 12, 2021. Defendant

15  admits it denied the exemption request and checked the following boxes on the exemption determination

16  form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely

17  Held Religious Belief, Practice or Observance; Accommodation Would Pose a Direct Threat to the

18  Health and Safety of Others and/or Yourself; and Accommodation Would Prevent Employee from

19  Performing Essential Function(s)" but denies it was without evidence. Defendant denies it is an

20  "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves,

21  workers, and the public. Defendant denies she was never offered or provided any "interactive process"

22  to assess reasonable accommodations, and further denies that testing or natural immunity were

23  reasonable accommodations. Defendant denies Ms. Zhu was reinstated. Defendant admits Ms. Zhu was

24  placed on leave on December 10, 2021 but denies it was unpaid. Defendant admits she was terminated

25  but denies it was on April 1, 2022 or that it was a second termination. Defendant is without knowledge

26  or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 203 of

27

28

1    the Complaint and on that basis denies them. To the extent a further response is required, Defendant

2    denies the remaining allegations in this Paragraph.

3         204.    Defendant admits Plaintiff Nicole Bowman was employed by CCSF for over four years,

4    most recently as a Senior Clerk at the San Francisco Department of Public Health. Defendant admits on

5    September 1, 2021, Ms. Bowman submitted an exemption request based on her alleged religious beliefs

6    but avers that the allegation that the request was timely is vague and ambiguous, and on that basis,

7    denies it. Defendant admits it denied her request on October 12, 2021. Defendant admits it checked the

8    following boxes on the exemption determination form: "Documentation Insufficient to Show a Conflict

9    Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance;

10    Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself."

11    Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a

12    danger to themselves, workers, and the public. Defendant denies she was never offered or provided any

13    "interactive process" to assess reasonable accommodations, and further denies that testing or natural

14    immunity were reasonable accommodations. Defendant denies that it coerced Ms. Bowman or that she

15    "succumbed" to any alleged coercion, or that Ms. Bowman took the vaccine under duress on January 28,

16    2022. Defendant is without knowledge or information sufficient to form a belief as to the truth of the

17    remaining allegations in Paragraph 204 of the Complaint and on that basis denies them. To the extent a

18    further response is required, Defendant denies the remaining allegations in this Paragraph.

19         205.    Defendant admits Plaintiff Meagen Carolyn Clendenen has worked for CCSF for over

20    four years, most recently as a Registered Nurse at the San Francisco Department of Public Health.

21    Defendant admits on September 29, 2021, Ms. Clendenen submitted a request for an exemption from the

22    Vaccination Policy based on her alleged religious beliefs, but avers that the allegation that the request

23    was timely is vague and ambiguous, and on that basis, denies it. Defendant admits she was placed on

24    leave at the beginning of October. Defendant admits her request was denied on November 22, 2021.

25    Defendant admits it checked the following boxes on the exemption determination form:

26    "Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself;

27

28

Accommodation Would Prevent Employee from Performing Essential Function(s); Accommodation Would Result in Undue Hardship for the City." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant denies she was never offered or provided any "interactive process" to assess reasonable accommodations, and further denies that testing or natural immunity were reasonable accommodations. Defendant admits Ms. Clendenen was referred to the 60-day Citywide Job Search but denies it was futile. Defendant admits her job search expired without a suitable vacancy. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 205 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

206.    Defendant admits Plaintiff Cora Hermoso worked as a Technology Expert I for the CCSF Department of Public Health for the past three years. Defendant admits on December 10, 2021, Ms. Hermoso submitted a religious exemption request explaining her purported need for an accommodation under the Vaccination Policy based on her alleged religious beliefs. Defendant admits her request was denied but denies it was denied on Christmas Day, 2021. Defendant admits it checked the following four boxes on its exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; Accommodation Would Prevent Employee from Performing Essential Function(s); Accommodation Would Result in Undue Hardship for the City." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant denies the allegation that "As with other Department of Public Health employees, CCSF's treatment of Ms. Hermoso underscores the pretext of the City's religious accommodation denials." Defendant denies blindly checking every box as a possible reason. Defendant denies she was never offered or provided any "interactive process" to assess reasonable accommodations, and further denies that testing or natural immunity were reasonable accommodations. Defendant denies it was "clearly motivated by coercion and punishment,

1   not safety." Defendant admits Ms. Hermoso was terminated but denies it was two days after Christmas.

2   Defendant denies that its actions forced Ms. Hermoso to suffer depression, anger and insomnia, and

3   caused her to need to see a psychiatrist and therapist. Defendant further denies she was forced to use up

4   her retirement savings.  Defendant is without knowledge or information sufficient to form a belief as to

5   the truth of the remaining allegations in Paragraph 206 of the Complaint and on that basis denies them.

6   To the extent a further response is required, Defendant denies the remaining allegations in this

7   Paragraph.

8          207.    Defendant admits that Plaintiff Jessica Lynn Johnson worked for CCSF for over three

9   years, most recently as a Vocational Health Nurse Team Leader at the Department of Public Health.

10  Defendant admits that Ms. Johnson resigned but denies that it was on September 30, 2021 and denies

11  that her resignation was under duress. Defendant denies that Ms. Johnson suffered harassment from her

12  supervisor and discrimination t work, leading to extreme health and emotional issues, knowing that she

13  would not be granted an accommodation and threatened with termination.  Defendant denies its actions

14  caused Ms. Johnson to suffer rejection, ridicule, and psychological abuse by her superiors and co-

15  workers.  Defendant denies she had no choice but to relocate to Florida.  Defendant is without

16  knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

17  Paragraph 207 of the Complaint and on that basis denies them. To the extent a further response is

18  required, Defendant denies the remaining allegations in this Paragraph.

19         208.    Defendant admits Plaintiff Karlyne Michelle Konczal was a Behavioral Health Team

20  Leader at the San Francisco Department of Public Health for over three years. Defendant admits on

21  September 13, 2021, Ms. Konczal submitted a request for an exemption from the Vaccination Policy

22  based on her alleged religious beliefs, but avers that the allegation that the request was timely is vague

23  and ambiguous, and on that basis, denies it. Defendant admits Ms. Konczal resigned but denies it was

24  under duress or that it was on September 30, 2021. Defendant denies she had been ostracized by

25  supervisors and co-workers for declining to take the vaccine. Defendant further denies its actions caused

26  Ms. Konczal to suffer from a severe panic and anxiety disorder. Defendant denies Ms. Konczal was

27

28

1   forced to leave the San Francisco Bay area in order to be employed. Defendant is without knowledge or

2   information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 208 of the

3   Complaint and on that basis denies them. To the extent a further response is required, Defendant denies

4   the remaining allegations in this Paragraph.

5   209.    Defendant admits Plaintiff Juan Pablo Poncia worked for CCSF for over three years,

6   most recently as a Registered Nurse at San Francisco General Hospital. Defendant admits on September

7   10, 2021, Mr. Poncia submitted a request for an exemption from the Vaccination Policy based on his

8   alleged religious beliefs, but avers that the allegation that the request was timely is vague and

9   ambiguous, and on that basis, denies it. Defendant admits Mr. Poncia's request was denied but denies it

10  was denied on October 21, 2021. Defendant admits it checked the following two boxes on its exemption

11  determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement

12  and Sincerely Held Religious Belief, Practice or Observance; and Accommodation Would Pose a Direct

13  Threat to the Health and Safety of Others and/or Yourself" but denies it was without evidence.

14  Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a

15  danger to themselves, workers, and the public. Defendant denies he was never offered or provided any

16  "interactive process" to assess reasonable accommodations, and further denies that testing or natural

17  immunity were reasonable accommodations. Defendant admits Mr. Poncia was terminated but denies it

18  was on April 1, 2022 or that it was a second termination. Defendant is without knowledge or

19  information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 209 of the

20  Complaint and on that basis denies them. To the extent a further response is required, Defendant denies

21  the remaining allegations in this Paragraph.

22  210.    Defendant admits Plaintiff Nubia Vargas has worked for CCSF for over three years, most

23  recently as a Hospital Eligibility Worker at the San Francisco Department of Public Health. Defendant

24  admits Ms. Vargas submitted a request for an exemption from the Vaccination Policy based on her

25  alleged religious beliefs, but avers that the allegation that the request was timely is vague and

26  ambiguous, and on that basis, denies it and denies she submitted it on September 13, 2021. Defendant

admits the request was denied but denies it was denied two days later. Defendant further admits the City checked three boxes on the exemption determination form: "Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; Accommodation Would Prevent Employee from Performing Essential Function(s); and Accommodation Would Result in Undue Hardship for the City." Defendant denies she was never offered or provided any "interactive process" to assess reasonable accommodations, and further denies that testing or natural immunity were reasonable accommodations. Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant admits she was subsequently referred to the 60-day Citywide Job Search that expired without a suitable vacancy. Defendant admits she separated on August 31, 2022. Defendant denies it is aware that Ms. Vargas was naturally immune to the virus. Defendant denies the allegation that it has a commitment to punish the unvaccinated. Defendant denies that it did not want to reasonably accommodate its employees. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 210 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

211.    Defendant admits Plaintiff Kaitlyn Michelle Valencia worked for CCSF for over two years, most recently as a Registered Nurse at San Francisco General Hospital. Defendant admits Ms. Valencia submitted a request for an exemption from the Vaccination Policy based on her alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it and denies this was submitted on September 9, 2021. Defendant admits her request was denied on October 20, 2021. Defendant admits it denied the exemption request and checked the following boxes on the exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance; and Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself" but denies it was without evidence. Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant

admits she submitted a 4-page outline of her alleged religious beliefs. Defendant admits Ms. Valencia was terminated but denies it was on April 1, 2022. Defendant denies she was never offered or provided any "interactive process" to assess reasonable accommodations, and further denies that testing or natural immunity were reasonable accommodations. Defendant also denies it cost Ms. Valencia over 11 months of income and health insurance for herself and her husband. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 211 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

### *San Francisco Public Utilities Commission (21 Plaintiffs)*

212.    Defendant admits Plaintiff Joseph John Casteel worked for CCSF for over 32 years, most recently as Water and Power Maintenance Supervisor at the Hetch Hetchy Water & Power facility, a division of the San Francisco Public Utilities Commission. Defendant admits that Mr. Casteel submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant admits his request was denied on October 19, 2021. Defendant admits it checked the following box on the exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance." Defendant admits Mr. Casteel provided a letter asserting that the vaccines' alleged tainted origins cause them to conflict with his alleged beliefs about the value of human life, in addition to a 3-page response to the questions he received. Defendant denies challenging his initial religious beliefs response. Defendant denies the responses that Mr. Casteel submitted could not have been credibly deemed not to evidence a sincere religious belief. Defendant denies it ignored his alleged sincere religious belief and that it was "clearly documented," and further denies he was never offered or provided any "interactive process" to assess reasonable accommodations, and further denies that testing or natural immunity were reasonable accommodations. Defendant admits after a period of administrative leave he was terminated, but denies it was on April 1, 2022. Defendant denies that Mr. Casteel retired under duress. Defendant

1
2
3
4

further denies its actions have caused him severe stress. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 212 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21

213.    Defendant admits Plaintiff John Joseph Mullen worked for CCSF for over 25 years, most recently as an Operating Engineer at the San Francisco Public Utilities Commission. Defendant admits on October 4, 2021, Mr. Mullen submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant admits it denied his exemption request but denies it was the same day. Defendant admits it checked the following box on the exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance" and denies that its denial of his request was "embarrassing," and that it "obviously" did not consider his views. Defendant denies he was never offered or provided any "interactive process" to assess reasonable accommodations, and further denies that testing or natural immunity were reasonable accommodations. Defendant admits Mr. Mullen was on paid leave for November and December. Defendant denies Mr. Mullen took the vaccine under duress on March 28, 2022 after almost three months without work.  Defendant admits it terminated Mr. Mullen but denies it was on April 1, 2022 and further denies it was a form of punishment for failure to meet the vaccination deadline. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 213 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

22
23
24
25
26

214.    Defendant admits Plaintiff Ronald Michael Tolentino worked for CCSF for over 24 years, most recently as an Auto Machinist Assistant Supervisor at the San Francisco Public Utilities Commission. Defendant admits on September 28, 2021, Mr. Tolentino submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant

27
28

admits it checked the following box on the exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance" and denies it claimed his religious beliefs were insincere. Defendant denies he was never offered or provided any "interactive process" to assess reasonable accommodations, and further denies that testing or natural immunity were reasonable accommodations. Defendant admits Mr. Tolentino was terminated but denies it was on April 1, 2022 or that it was a second termination. Defendant denies he retired under duress. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 214 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

215.    Defendant admits Plaintiff Owen Glen Brantley III worked as a Truck Driver at the San Francisco Public Utilities Commission for over 22 years. Defendant admits he notified HR that he contracted COVID-19 in December 2020, and that he was given approved leave. Defendant admits on October 1, 2021, Mr. Brantley submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant admits Mr. Grantley submitted a 3-page statement outlining his purported beliefs, which were detailed in a letter sent from his attorney. Defendant admits it checked the following box on the exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance," and denies it claimed his religious belief was insincere.

Defendant admits Mr. Brantley submitted a request for a medical exemption from the Vaccination Policy based on his alleged medical condition, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant admits the request was denied the following day. Defendant admits Mr. Brantley submitted a Health Care Provider Certification Form signed by his care provider. Defendant admits it checked the following box on its exemption determination form: "Medical Documentation Inadequate/Not Submitted." Defendant admits he was placed on administrative leave on November 1, 2021. Defendant admits Mr. Brantley was terminated

but denies it was on April 1, 2022. Defendant denies it actions have caused Mr. Brantley to suffer stress, anxiety, insomnia, and depression. Defendant denies Mr. Brantley is unable to start a new career at his purportedly advanced age.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 215 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

216.    Defendant admits Plaintiff Kevin Russell Gustafson worked for CCSF for over 21 years, most recently as a Senior Stationary Engineer for the Public Utilities Commission. Defendant admits Mr. Gustafson submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it and further denies it was submitted on September 24, 2021. Defendant admits his request was denied on October 19, 2021. Defendant admits it checked the following box on the exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance." Defendant admits Mr. Gustafson submitted a letter outlining why abortion violates his alleged religious beliefs and that the vaccines' alleged tainted origins cause them to conflict with those beliefs about the value of human life but denies it was six pages in length. Defendant admits his request was denied. Defendant denies he was never offered or provided any "interactive process" to assess reasonable accommodations, and further denies that testing or natural immunity were reasonable accommodations. Defendant admits Mr. Gustafson resigned but denies it was under duress or on October 28, 2021. Defendant denies its actions caused him a great deal of mental anguish, stress, and financial hardship Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 216 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

217.    Defendant admits Plaintiff Michael Anthony Sorini has worked for CCSF for over 20 years, most recently as a Manager I at the San Francisco Public Utilities Commission. Defendant admits

on September 27, 2021, Mr. Sorini submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant denies his request was denied on or about September 29, 2021. Defendant admits it checked the following two boxes on the exemption determination form: "Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; and Accommodation Would Result in Undue Hardship for the City" but denies it did so without evidence. Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant admits he was referred to the 60-day Citywide Job Search at the beginning of November but denies he was a position in which he could have continued indefinitely without any undue hardship on the City. Defendant admits he remained on a leave of absence through May 8, 2022. Defendant denies he was never offered or provided any "interactive process" to assess reasonable accommodations. Defendant admits meeting with Mr. Sorini on September 9, 2022. Defendant admits he retired but denies it was under duress on September 15, 2022. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 217 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

218.    Defendant admits Plaintiff Martin Joseph Walsh has worked for CCSF for over 20 years, most recently as a General Laborer at the Public Utilities Commission. Defendant admits on October 18, 2021, Mr. Walsh submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant admits on October 26, 2021, his request was denied. Defendant admits it checked the following three boxes on the exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; Accommodation Would Result in Undue Hardship for the City." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves,

1    workers, and the public. Defendant denies he was never offered or provided any "interactive process" to

2    assess reasonable accommodations, and further denies that testing or natural immunity were reasonable

3    accommodations. Defendant denies Mr. Walsh acquiesced to its alleged coercion and took the vaccine

4    purportedly under duress on November 20, 2021. Defendant denies its actions caused him to suffer

5    insomnia and emotional torment. Defendant is without knowledge or information sufficient to form a

6    belief as to the truth of the remaining allegations in Paragraph 218 of the Complaint and on that basis

7    denies them. To the extent a further response is required, Defendant denies the remaining allegations in

8    this Paragraph.

9        219.    Defendant admits Plaintiff Patrick Gerard Daly worked for CCSF for over 17 years, most

10   recently as a General Laborer at the Public Utilities Commission. Defendant admits on October 18,

11   2021, Mr. Daly submitted a request for an exemption from the Vaccination Policy based on his alleged

12   religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and

13   on that basis, denies it. Defendant admits his request was denied on October 28, 2021. Defendant admits

14   it checked the following three boxes on the exemption determination form: "Documentation Insufficient

15   to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or

16   Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or

17   Yourself; and Accommodation Would Result in Undue Hardship for the City," and denies it did so

18   without evidence. Defendant denies it is an "unsubstantiated belief" that an unvaccinated person

19   employee presents a danger to themselves, workers, and the public. Defendant denies he was never

20   offered or provided any "interactive process" to assess reasonable accommodations, and further denies

21   that testing or natural immunity were reasonable accommodations. Defendant denies Mr. Daly was

22   terminated on December 6, 2022. Defendant denies its actions caused him "to lose a job promotion, and

23   his retirement wages suffered to pulling them out early, sending him into financial hardship." Defendant

24   is without knowledge or information sufficient to form a belief as to the truth of the remaining

25   allegations in Paragraph 219 of the Complaint and on that basis denies them. To the extent a further

26   response is required, Defendant denies the remaining allegations in this Paragraph.

27

28

1    220.    Defendant admits Plaintiff Refugio J. Garcia worked for CCSF for almost 18 years, most

2    recently as an Associate Mechanical Engineer at the Public Utilities Commission. Defendant admits on

3    October 18, 2021, Mr. Garcia submitted a request for an exemption from the Vaccination Policy based

4    on his alleged religious beliefs, but avers that the allegation that the request was timely is vague and

5    ambiguous, and on that basis, denies it. Defendant denies the EEO Programs Manager e-mailed him

6    confusing follow-up questions. Defendant admits Mr. Garcia submitted a three-page letter asserting his

7    alleged beliefs and church's alleged doctrine. Defendant admits his request was denied on October 27,

8    2021 but denies it was before Mr. Garcia could fully answer the questions. Defendant admits it checked

9    the following three boxes on the exemption determination form: "Documentation Insufficient to Show a

10   Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or

11   Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or

12   Yourself; and Accommodation Would Result in Undue Hardship for the City" but denies it was without

13   evidence. Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee

14   presents a danger to themselves, workers, and the public. Defendant denies its arguments were invalid

15   and denies his department was allowed to telecommute well after he was placed on leave. Defendant

16   denies he was never offered or provided any "interactive process" to assess reasonable accommodations,

17   and further denies that testing or natural immunity were reasonable accommodations. Defendant admits

18   Mr. Garcia was placed on paid leave on November 1, 2021. Defendant denies its Vaccination Policy or

19   its actions caused Mr. Garcia stress and anxiety. Defendant denies it caused emotional distress or

20   aggravated an existing heart condition. Defendant admits Mr. Garcia was placed on unpaid leave at the

21   beginning of December and was terminated but denies he was terminated on April 1, 2022. Defendant

22   denies the allegation he "suffered additional retaliation in the form of his e-mail and work access

23   (including access to digital personal property) being abruptly cut off after he spoke with the Employee

24   Labor Relations Division Manager." Defendant denies its actions caused Mr. Garcia lost promotion

25   opportunities and career seniority. Defendant is without knowledge or information sufficient to form a

26   belief as to the truth of the remaining allegations in Paragraph 220 of the Complaint and on that basis

27

28

denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

221.    Defendant admits Plaintiff Randal Ray Gerhart worked for CCSF for over 17 years, most recently as a Truck Driver at the Public Utilities Commission. Defendant admits Mr. Gerhart submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but denies it was on September 30, 2021, and also avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant admits his request was denied but denies it was denied on November 5, 2021. Defendant admits that it denied the exemption request and checked the box: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance" Defendant denies he was never offered or provided any "interactive process" to assess reasonable accommodations, and further denies that testing or natural immunity were reasonable accommodations. Defendant admits he was placed on paid leave but denies it was on November 8, 2021. Defendant admits Mr. Gerhart retired but denies it was under duress or on December 1, 2021. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 221 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

222.    Defendant admits Plaintiff Patrick Francis Mullen has worked for Defendant for over 17 years, most recently as a Sewer Repair Supervisor at the Public Utilities Commission. Defendant admits on September 13, 2021, Mr. Mullen submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant admits his request was denied on October 27, 2021. Defendant admits it checked the following three boxes on the exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; and Accommodation Would Result in Undue Hardship for the City." Defendant denies Mr. Mullen was unable to continue without a job, and that he acquiesced to

1    Defendant's purported edict and took the vaccine under duress on November 4, 2021.  Defendant denies

2    it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves,

3    workers, and the public. Defendant is without knowledge or information sufficient to form a belief as to

4    the truth of the remaining allegations in Paragraph 222 of the Complaint and on that basis denies them.

5    To the extent a further response is required, Defendant denies the remaining allegations in this

6    Paragraph.

7        223.    Defendant admits Plaintiff Tina Louise Sanchez worked for CCSF for over 15 years, 8 of

8    those years as a Maintenance Scheduler-Estimator at the Public Utilities Commission. Defendant admits

9    on September 20, 2021, Ms. Sanchez a request for an exemption from the Vaccination Policy based on

10   her alleged religious beliefs, but avers that the allegation that the request was timely is vague and

11   ambiguous, and on that basis, denies it. Defendant admits her request was denied on October 12, 2021.

12   Defendant admits Ms. Sanchez provided a letter outlining why abortion purportedly violates her alleged

13   religious beliefs and alleges that the vaccines' tainted origins caused them to conflict with her alleged

14   beliefs about the value of human life. Defendant denies that it declined to engage with her explanation

15   for her alleged beliefs. Defendant admits it placed her on unpaid leave just after Christmas 2021.

16   Defendant admits it asserts Ms. Sanchez provided "Documentation Insufficient to Show a Conflict

17   Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance."

18   Defendant denies she was never offered or provided any "interactive process" to assess reasonable

19   accommodations, and further denies telework, testing, or consideration of natural immunity are

20   reasonable accommodations. Defendant denies she could have continued to telework indefinitely.

21   Defendant admits Ms. Sanchez resigned but denies it was on April 1, 2022 or it was under duress.

22   Defendant is without knowledge or information sufficient to form a belief as to the truth of the

23   remaining allegations in Paragraph 223 of the Complaint and on that basis denies them. To the extent a

24   further response is required, Defendant denies the remaining allegations in this Paragraph.

25       224.    Defendant admits Plaintiff Walter Santo Varo worked for CCSF for over 15 years, most

26   recently as a Truck Driver at the Public Utilities Commission. Defendant admits on October 12, 2021,

27

28

Mr. Varo submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant admits his request was denied on November 3, 2021. Defendant admits it checked the following three boxes on the exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; and Accommodation Would Result in Undue Hardship for the City." Defendant denies its actions caused him so much emotional distress, depression, and anxiety that he received a letter from his physician removing him from work. Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant denies he was never offered or provided any "interactive process" to assess reasonable accommodations, and further denies that testing or natural immunity were reasonable accommodations. Defendant admits Mr. Varo was placed on unpaid leave on October 29, 2021 and terminated but denies it was on April 1, 2022. Defendant denies causing stress and emotional damages to Mr. Varo or causing him job loss of more than 50% of his retirement. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 224 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

225.    Defendant admits Plaintiff Scott Pepito worked for CCSF for over 11 years, most recently as a Transmission Line Worker at the Public Utilities Commission. Defendant admits on August 30, 2021, Mr. Pepito submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant admits Mr. Pepito received a denial letter in October but denies this was on same day he made his request. Defendant admits it denied the exemption request due to "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief." Defendant denies it never engaged in an "interactive process" to assess

1  reasonable accommodations, and further denies that testing or natural immunity were reasonable

2  accommodations.  Defendant admits he was terminated but denies it was on April 1, 2022. Defendant is

3  without knowledge or information sufficient to form a belief as to the truth of the remaining allegations

4  in Paragraph 225 of the Complaint and on that basis denies them. To the extent a further response is

5  required, Defendant denies the remaining allegations in this Paragraph.

6      226.    Defendant admits Plaintiff James R. Sutherlin worked for over 11 years for CCSF, most

7  recently as an Electrician at the Public Utilities Commission. Defendant admits in September of 2021,

8  Mr. Sutherlin submitted a request for an exemption from the Vaccination Policy based on his alleged

9  religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and

10  on that basis, denies it. Defendant admits his request was denied but denies it was on September 30,

11  2021. Defendant denies he was never offered or provided any "interactive process" to assess reasonable

12  accommodations, and further denies that testing or natural immunity were reasonable accommodations.

13  Defendant denies Mr. Sutherlin was terminated but admits he retired on November 1, 2021. Defendant is

14  without knowledge or information sufficient to form a belief as to the truth of the remaining allegations

15  in Paragraph 226 of the Complaint and on that basis denies them. To the extent a further response is

16  required, Defendant denies the remaining allegations in this Paragraph.

17      227.    Defendant admits Plaintiff Richard David Fields worked for CCSF for over 19 years,

18  most recently as an Engineer Assistant at the Public Utilities Commission. Defendant admits on October

19  14, 2021, Mr. Fields submitted a request for an exemption from the Vaccination Policy based on his

20  alleged religious beliefs, but avers that the allegation that the request was timely is vague and

21  ambiguous, and on that basis, denies it. Defendant admits on October 29, 2021, his request was denied.

22  Defendant admits it checked the following boxes on the exemption determination form: "Documentation

23  Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief,

24  Practice or Observance; and Accommodation Would Result in Undue Hardship for the City." Defendant

25  admits he submitted three letters attesting to his religious beliefs. Defendant denies he was never offered

26  or provided any "interactive process" to assess reasonable accommodations, and further denies that

27

28

testing or natural immunity were reasonable accommodations. Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant denies that he was permanently locked out of his work computer on November 1, 2021. Defendant admits Mr. Fields was first terminated on December 6, 2021. Defendant admits the next day, he was temporarily reinstated. Defendant admits on December 29, 2021, he was placed on unpaid leave. Defendant further admits Mr. Fields was terminated but denies it was on April 1, 2022. Defendant denies that its actions cause Mr. Fields to take a vested retirement. Defendant denies Mr. Fields was forced to use all his savings to pay for his mortgage, bills, and costs of taking care of his family with two young daughters. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 227 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

228.    Defendant admits Plaintiff William Daniel Brennan worked for CCSF but denies it was for over nine years. Defendant admits he worked as a Construction Inspector and most recently as a Senior Construction Inspector for the Public Utilities Commission. Defendant admits on August 22, 2021, Mr. Brennan submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant admits his request was denied on October 27, 2021. Defendant admits it checked the following three boxes on the exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; and Accommodation Would Result in Undue Hardship for the City" but denies it was without evidence. Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant admits he was placed on unpaid leave but denies it was on March 14, 2022 and denies he was terminated on April 19, 2022. Defendant denies he was never offered or provided any "interactive process" to assess reasonable accommodations, and denies that testing or consideration of "natural immunity" was a

1  reasonable accommodation. Defendant denies that the primary series did nothing to prevent infection.

2  Defendant is without knowledge or information sufficient to form a belief as to the truth of the

3  remaining allegations in Paragraph 228 of the Complaint and on that basis denies them. To the extent a

4  further response is required, Defendant denies the remaining allegations in this Paragraph.

5        229.     Defendant admits Plaintiff Eugenia Marie Casteel worked for CCSF for over eight years,

6  most recently as a Senior Clerk at Hetch Hetchy Water & Power, a division within the Public Utilities

7  Commission. Defendant admits on September 23, 2021, Ms. Casteel submitted a request for an

8  exemption from the Vaccination Policy based on her alleged religious beliefs, but avers that the

9  allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant

10  admits the request was denied on October 19, 2021. Defendant admits it checked the following box on

11  the exemption determination form: "Documentation Insufficient to Show a Conflict Between

12  Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance." Defendant

13  admits Ms. Casteel initially provided a 4-page letter, the contents of which speaks for itself. Defendant

14  admits she responded with 3-page response to follow-up questions, the content of which speaks for

15  itself, but denies it was challenging her religious beliefs. Defendant denies that Ms. Casteel's responses

16  could not have been credibly deemed not to evidence a sincere religious belief. Defendant denies that it

17  failed to account for Ms. Casteel's alleged sincere religious beliefs. Defendant denies she was never

18  offered or provided any "interactive process" to assess reasonable accommodations and denies that

19  testing or consideration of natural immunity were reasonable accommodations. Defendant denies the

20  allegation that there was "absolutely no justification for her to not be accommodated as Hetch Hetchy

21  had already mandated all non-essential employees to work completely remote." Defendant admits Ms.

22  Casteel was placed on unpaid leave but denies it was on November 8, 2021, and admits she was

23  terminated but denies it was on April 1, 2022. Defendant denies its actions caused Ms. Casteel severe

24  stress. Defendant is without knowledge or information sufficient to form a belief as to the truth of the

25  remaining allegations in Paragraph 229 of the Complaint and on that basis denies them. To the extent a

26  further response is required, Defendant denies the remaining allegations in this Paragraph.

27

28

230. Defendant admits Plaintiff Hector Manuel Rodriguez worked for over eight years for CCSF, most recently as a General Laborer for the Public Utilities Commission. Defendant admits Mr. Rodriguez submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it, and further denies he submitted it on October 1, 2021. Defendant admits his request was denied but denies it was on October 18, 2021. Defendant admits it checked the following box on the exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance." Defendant admits he was terminated but denies it was on April 1, 2022 or that it was a second termination. Defendant denies he was never offered or provided any "interactive process" to assess reasonable accommodations and denies that testing or consideration of natural immunity were reasonable accommodations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 230 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

231. Plaintiff Norma Anne Sepulveda has worked for CCSF for over eight years, most recently as a Junior Administrative Analyst at the Public Utilities Commission. Defendant admits on or about September 24, 2021, she submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant admits her religious exemption request was denied on or about October 18, 2021. Defendant admits it denied the religious exemption request and checked the box on the exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance." Defendant admits on October 29, 2021, Ms. Sepulveda's medical exemption request was also denied and the box "Medical Documentation Inadequate/Not Submitted" was checked. Defendant admits she then submitted an exemption form from her doctor but Defendant denies it never responded to her submission except for a manager to say on a call with her that the City just wanted everyone to get the

vaccine. Defendant denies she was never offered or provided any "interactive process" to assess reasonable accommodations, and denies that telework, testing, or consideration of natural immunity were reasonable accommodations. Defendant denies Ms. Sepulveda took the vaccine under duress. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 231 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

232.    Defendant admits Plaintiff Hector Rodriguez worked for CCSF for over 15 years, most recently as a Truck Driver at the San Francisco Public Utilities Commission. Defendant admits on October 18, 2021, Mr. Rodriguez submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant admits that his request was denied on October 21, 2021. Defendant admits it denied the exemption request and checked the box on the exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance." Defendant denies he was never offered or provided any "interactive process" to assess reasonable accommodations and denies that testing or consideration of "natural immunity" were reasonable accommodations. Defendant admits he was placed on unpaid leave until December 29, 2021, and was terminated but denies termination was on April 1, 2022. Defendant denies its actions caused him to suffer any mental health problems, including insomnia, anxiety, and depression. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 232 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

### San Francisco Sheriff's Office (15 Plaintiffs)

233.    Defendant admits Plaintiff Christopher Joseph Krol worked for CCSF for over 23 years, most recently as a Lieutenant at the San Francisco Sheriff's Office. Defendant admits he was placed on paid leave on or about October 14, 2021 due to his vaccination status. Defendant admits Lieutenant Krol

1    submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs,

2    but avers that the allegation that the request was timely is vague and ambiguous, and on that basis,

3    denies it. Defendant admits Lieutenant Krol submitted the request in October 2021 and denies it was

4    November of 2021. Defendant denies that his request was denied soon after. Defendant admits it denied

5    the exemption request and checked the box on the exemption determination form:  "Documentation

6    Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief,

7    Practice or Observance." Defendant denies he was never offered or provided any "interactive process"

8    to assess reasonable accommodations and denies that testing or consideration of "natural immunity"

9    were reasonable accommodations. Defendant admits he was placed on unpaid leave on or about

10   November 15, 2021. Defendant admits Lieutenant Krol was terminated but denies it was on April 1,

11   2022. Defendant denies that its actions caused him to deplete his savings. Defendant is without

12   knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

13   Paragraph 233 of the Complaint and on that basis denies them. To the extent a further response is

14   required, Defendant denies the remaining allegations in this Paragraph.

15       234.    Defendant admits Plaintiff Michael John Bouvier has worked for CCSF for over 22 years,

16   currently serving as Deputy Sheriff at the San Francisco Sheriff's Office. Defendant admits on August

17   17, 2021, Deputy Bouvier submitted a request for an exemption from the Vaccination Policy based on

18   his alleged religious beliefs, but avers that the allegation that the request was timely is vague and

19   ambiguous, and on that basis, denies it. Defendant denies the City was "not engaging in the interactive

20   process with anyone and not granting any accommodations."   Defendant admits Deputy Sheriff Bouvier

21   reported that he began his vaccine regimen in September. Defendant admits his department's

22   vaccination deadline was before a decision was made regarding his exemption request. Defendant

23   admits his request was denied on September 28, 2021 and checked the following box on the exemption

24   determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement

25   and Sincerely Held Religious Belief, Practice or Observance." Defendant is without knowledge or

26   information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 234 of the

27

28

Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

235. Defendant admits Plaintiff Valerio Josif worked for CCSF for over 16 years, most recently as a Deputy Sheriff at the San Francisco Sheriff's Office. Defendant admits Deputy Sheriff Josif reported that he contracted COVID-19 in August 2021, of which he informed his manager and HR and was placed on worker's compensation due to his reported illness. Defendant admits on September 3, 2021, Deputy Josif submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant admits his request was denied on October 19, 2021. Defendant admits it checked the following box on the exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance." Defendant denies he was never offered or provided any "interactive process" to assess reasonable accommodations and denies that testing or consideration of "natural immunity" were reasonable accommodations. Defendant denies that it considered requests as a group, denies that it had no intention of providing accommodations and further denies it just wanted to "check a box" to say that it had done individual assessments. Defendant admits Mr. Josif submitted over 20 pages of documents in support of his request, the contents of which speak for themselves. Defendant denies that it did not legitimately evaluate Mr. Josif's request. Defendant denies it was treating the exemption requests as a group and further denies that it was issuing blanket denials in lieu of providing individualized assessments. Defendant admits Mr. Josif was placed on unpaid leave on December 6, 2021 until his termination on or about April 1, 2022. Defendant denies its actions caused Mr. Josif and his family financial or emotional damage. Defendant further denies the allegation that its treatment of Mr. Josif was harsh or oppressive. Defendant also denies Mr. Josif's family was forced to sell their house in order to survive. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 235 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

CCSF ANSWER
Lead Case No.: 4:22-cv-01587-JSW
CASE NO. 4:22-cv-07455-JSW
97953609v.4
101
n:\labor\li2023\230410\01710467.docx

236.    Defendant admits that Plaintiff Jeffrey Steven Miller worked for Defendant for over 16 years, most recently as a Sergeant at the San Francisco Sheriff's Office. Defendant admits on August 22, 2021, Sergeant Miller submitted a request for an exemption from the Vaccination Policy based on an alleged medical condition, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant admits that Sergeant Miller submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but denies that he submitted it on October 8, 2021. Defendant admits that Sergeant Miller's religious exemption request was denied on October 28, 2021. Defendant admits it checked the following box on its exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance." Defendant denies he was never offered or provided any "interactive process" to assess reasonable accommodations and denies that testing or consideration of "natural immunity" were reasonable accommodations. Defendant admits that Sergeant Miller's medical request was also denied three times with the final denial on November 2, 2021. Defendant admits Sergeant Miller submitted medical documentation from a  health care provider and a verification. Defendant admits it checked the following box on the exemption determination form: "Medical Documentation Inadequate/Not Submitted." Defendant admits he was placed on unpaid administrative but denies it was on October 14, 2021. Defendant admits Sergeant Miller was terminated but denies it was on April 1, 2022. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 236 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

237.    Defendant admits that Plaintiff Michael Glisson, Jr. has worked for Defendant for over 15 years, most recently as a Deputy Sheriff at the San Francisco Sheriff's Office. Defendant admits that on September 9, 2021, Deputy Glisson submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant admits Deputy Glisson was placed on

administrative leave on October 14, 2021 because of his vaccination status, which was before his request was denied on October 18, 2021. Defendant admits that Deputy Glisson submitted a 3-page affidavit the contents of which speak for themselves. Defendant admits it checked the following box on its exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance." Defendant denies he was never offered or provided any "interactive process" to assess reasonable accommodations and denies that testing or consideration of "natural immunity" were reasonable accommodations. Defendant denies that Deputy Glisson took the vaccine under duress on October 26, 2021. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 237 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

238.    Defendant admits Plaintiff Glen Ryan Ideta worked for Defendant for over 14 years, most recently as a Deputy Sheriff at the San Francisco Sheriff's Office. Defendant admits that on September 1, 2021, Deputy Ideta submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant admits the request was denied on October 5, 2021. Defendant admits it checked the following box on its exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance." Defendant denies he was never offered or provided any "interactive process" to assess reasonable accommodations. Defendant admits he reported testing positive for COVID-19 on July 31, 2021—which he notified his manager and HR of.  Defendant denies that it was attempting to "force" anyone to take a vaccine and denies that an unvaccinated person has "superior immunity." Defendant admits Deputy Ideta was terminated but denies it was on April 1, 2022. Defendant denies that its actions caused Deputy Ideta to no longer be able to financially support himself in the Bay area or forced him to sell his home. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 238 of the Complaint and on that basis denies

them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

239.    Defendant admits that Plaintiff Derek Wray worked for Defendant for over 14 years, most recently as Deputy Sheriff at the San Francisco Sheriff's Office. Defendant admits on September 2, 2021, Deputy Wray submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant admits on September 30, 2021, he received a temporary exemption, which he received again on October 13, 2021. Defendant denies that during his temporary exemption period Deputy Wray was discriminated against by fellow employees and isolated in another position due to his vaccine status. Defendant admits that it accommodated Deputy Wray for a month and then denied his exemption but denies it was on November 1, 2021. Defendant admits checked the following box on its exemption determination form: "Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself." Defendant denies that the risk posed by unvaccinated personnel was unsubstantiated. Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendants deny that Deputy Wray participated in a Zoom meeting and further denies Director Graham humiliated him or others during it. Defendant admits Deputy Wray was referred to the 60-day Citywide Job Search. Defendant denies he was never offered or provided any "interactive process" to assess reasonable accommodations, and denies that testing or consideration of "natural immunity" were reasonable accommodations. Defendant further denies he was forced to resign under duress and denies the resignation was on March 4, 2022. Defendant denies that its actions caused Deputy Wray to suffer high anxiety. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 239 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

240.    Defendant admits Plaintiff Paul Gabriel Jacowitz worked for Defendant for over 12 years, most recently as a Sergeant at the San Francisco Sheriff's Office. Defendant admits that on

CCSF ANSWER
Lead Case No.: 4:22-cv-01587-JSW
CASE NO. 4:22-cv-07455-JSW
97953609v.4

104

n:\labor\li2023\230410\01710467.docx

September 8, 2021, Sergeant Jacowitz submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant admits Sergeant Jacowitz's request was denied around October 14, 2021. Defendant admits it checked the following box on its exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance." Defendant denies he was never offered or provided any "interactive process" to assess reasonable accommodations and further denies that testing or consideration of "natural immunity" were reasonable accommodations. Defendant admits that Sergeant Jacowitz was placed on paid leave on October 14, 2021, and then unpaid leave on November 14, 2021. Defendant admits he was terminated but denies it was on April 1, 2022. Defendant denies that it forces vaccines on any employees. Defendant denies it discriminated against its employees or rubber-stamped exemption requests. Defendant admits the COVID-19 Leave Request Form he submitted and was sent a copy of had the box identifying that he had COVID-19 symptoms, "whited out." Defendant denies this was done by leadership or directed to be made by leadership to hide anything. Defendant denies that there is any information that shows its Vaccination Policy was "useless."

Defendant denies that its actions caused Sergeant Jacowitz and his family to suffer financial and emotional stress. Defendant denies that Sergeant Jacowitz has lost rank, promotional opportunities, retirement, savings, seniority, and medical benefits as a result of its actions. Defendant denies that Sergeant Jacowitz was "forced" to take any new job. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 240 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

241. Defendant admits Deputy Kruger has worked for Defendant for over 12 years, most recently as a Deputy Sheriff at the San Francisco Sheriff's Office. Defendant admits that Deputy Kruger submitted a request for an exemption from the Vaccination Policy dated August 13, 2021, based on his alleged religious beliefs, but avers that the allegation that the request was timely is vague and

ambiguous, and on that basis, denies it. Defendant denies that his request was "mishandled and lost.". Defendant admits that Deputy Kruger followed-up on the status of his exemption request on September 7, 2021, but denies that he was told "that Chief Fisher would be doing follow-up." Defendant admits that Chief Fisher requested additional information on September 10, 2021. Defendant denies that "every request was being denied anyway." Defendant denies that Deputy Kruger began the vaccine regiment at the end of September under duress in order to remain employed. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 241 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

242.    Defendant admits Plaintiff Maria Marcela Hodgers worked for Defendant for over 12 years, most recently as a Deputy Sheriff at the Sheriff's Office. Defendant denies that vaccination constitutes "artificial immunization." Defendant admits that Deputy Hodgers submitted a request for an exemption from the Vaccination Policy based on her alleged religious beliefs, but denies that she submitted the request on or about August 28, 2021. Defendant avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant admits Deputy Hodgers was placed on leave on October 14, 2021 until her request was temporarily approved on October 26, 2021. Defendant admits the approval was then rescinded but denies it was on October 31, 2021. Defendant admits it checked the following four boxes on its exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; Accommodation Would Prevent Employee from Performing Essential Function(s); Accommodation Would Result in Undue Hardship for the City." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant denies Deputy Hodgers was never provided an "interactive process" to assess reasonable accommodations, and further denies that testing or natural immunity were reasonable accommodations. Defendant admits Deputy Hodgers was referred to the 60-day Citywide

Job Search and there was no suitable vacancy, but denies this was "predictable." Defendant admits Deputy Hodgers was terminated but denies it was on April 1, 2022. Defendant denies its actions caused Deputy Hodgers to need to see a therapist and seek counseling for depression and anxiety. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 242 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

243.    Defendant admits Plaintiff Matthew Vincent Juan worked for Defendant for over five years, most recently as a Deputy Sheriff at the San Francisco Sheriff's Office. Defendant admits that Deputy Juan submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but denies that he submitted it on September 21, 2021. Defendant avers that the allegation that Deputy Juan's request was timely is vague and ambiguous, and on that basis, Defendant denies it. Defendant admits he informed his supervisors and HR of his exposure to COVID-19 and was placed on workers compensation for exposure injury on duty. Defendant admits he returned to work but denies it was two months later. Defendant admits Deputy Juan was placed on leave due to his vaccination status, but denies that he was placed on leave on October 13, 2021. Defendant admits Deputy Juan's request for an accommodation was denied, but denies that it was on October 19, 2021. Defendant admits it checked the following box on its exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief." Defendant denies Deputy Juan was never provided an "interactive process" to assess reasonable accommodations, and further denies that testing and natural immunity were reasonable accommodations. Defendant admits Deputy Juan was placed on unpaid leave in November 2021. Defendant admits he was terminated but denies it was on April 1, 2022. Defendant denies its actions caused great pressure on Deputy Juan's personal and financial life. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 243 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

CCSF ANSWER
Lead Case No.: 4:22-cv-01587-JSW
CASE NO. 4:22-cv-07455-JSW
97953609v.4

107

n:\labor\li2023\230410\01710467.docx

244.    Defendant admits Plaintiff Eric M. Prado worked for Defendant for over five years, most recently as a Deputy Sheriff at the San Francisco Sheriff's Office. Defendant admits Deputy Prado submitted a request for an exemption from the Vaccination Policy based on his alleged existing medical condition, but denies that the request was submitted on August 20, 2021. Defendant avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant admits Deputy Prado did not submit a request for a religious accommodation.  Defendant admits Deputy Prado's medical exemption request was denied on October 19, 2021.  Defendant admits Deputy Prado submitted a medical exemption request form, but denies he submitted a letter from his physician. Defendant admits it checked the following box on its exemption determination form: "Medical Documentation Inadequate/Not Submitted." Defendant admits Deputy Prado was placed on paid leave for 30 days, and then unpaid after. Defendant admits he was terminated but denies it was on April 1, 2022. Defendant admits is no longer paid Deputy Prado a salary after he was terminated but denies that he was forced to rely on unemployment benefits. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 244 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

245.    Defendant admits Plaintiff Nathan Sablan worked as a Deputy Sheriff at the San Francisco Sheriff's Office for over five years. Defendant admits that on September 2, 2021, Deputy Sablan submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant admits Deputy Sablan's request for an accommodation was denied on October 14, 2021. Defendant admits it checked the following box on the exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance." Defendant denies he was never offered or provided any "interactive process" to assess reasonable accommodations, and further denies that testing and natural immunity were reasonable accommodations. Defendant admits that Deputy Sablan offered to test on his

personal time and at his expense to show that live antibodies were allegedly present in his body.

Defendant admits Deputy Sablan was placed on leave due to his vaccination status and then terminated but denies he was terminated on April 1, 2022. Defendant denies its actions caused Deputy Sablan to suffer an estimated loss of more than $120,000 in savings and income. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 245 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

246.    Defendant admits Joseph Stephen Jacowitz worked for Defendant for over three years, most recently as a Deputy Sheriff at the San Francisco Sheriff's Office. Defendant admits that on September 8, 2021, Deputy Jacowitz submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant admits Deputy Jacowitz's request was denied on or about October 19, 2021. Defendant denies that he submitted a letter from his pastor allegedly detailing his faith. Defendant admits it checked the following box on the exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance. Defendant denies that it never engaged in an "interactive process" to assess reasonable accommodations and further denies that testing or natural immunity were reasonable accommodations. Defendant admits Deputy Jacowitz was terminated but denies it was on April 1, 2022. Defendant denies that Deputy Jacowitz suffered significant mental and emotional strain along with financial hardship as a result of its actions. Defendant denies he was forced to quickly find a job that paid significantly less than what he was earning at the Sheriff's office.  Defendant denies the allegation that Deputy Jacowitz "will never be able to fully recover what [Defendant allegedly] took from him here." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 246 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

247.    Defendant admits Kevin Zapanta Contreras worked for Defendant for over three years,

CCSF ANSWER
Lead Case No.: 4:22-cv-01587-JSW
CASE NO. 4:22-cv-07455-JSW
97953609v.4

109

n:\labor\li2023\230410\01710467.docx

most recently as Deputy Sheriff at the San Francisco Sheriff's Office. Defendant admits that on September 23, 2021, Deputy Contreras submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant admits Deputy Contreras was placed on administrative leave in October due to his vaccination status. Defendant denies that it never engaged in an "interactive process" to assess reasonable accommodations, and further denies that testing or natural immunity were reasonable accommodations. Defendant admits Deputy Contreras notified his manager and HR in writing that he tested positive for COVID-19 on or about July 23, 2021. Defendant admits that Deputy Contreras's request was denied on November 3, 2021. Defendant admits it checked the following box on the exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance. Defendant admits he submitted a letter from his pastor, the contents of which speaks for itself. Defendant admits that Deputy Contreras was terminated but denies it was on April 1, 2022. Defendant denies its actions caused Deputy Contreras to suffer emotional distress. Defendant denies Deputy Contreras been forced to exhaust his retirement and other savings in order to pay bills and support his mother. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 247 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

### _San Francisco Municipal Transportation Agency (13 Plaintiffs)_

248.    Defendant admits Vicki Lynn Solls Davis has worked for Defendant for over 41 years, most recently as a Transit Operator at the San Francisco Municipal Transportation Agency. Defendant admits that on September 23, 2021, Ms. Davis submitted a request for an exemption from the Vaccination Policy based on her alleged religious beliefs, but avers that the allegation that the request was timely is ambiguous, and on that basis, denies it. Defendant admits she then went on medical leave on October 27, 2021. Defendant admits Ms. Davis's request was denied, but denies that the request was denied on November 27, 2021. Defendant admits that the following four boxes were checked on the

CCSF ANSWER
Lead Case No.: 4:22-cv-01587-JSW
CASE NO. 4:22-cv-07455-JSW
97953609v.4

110

n:\labor\li2023\230410\01710467.docx

Determination on COVID-19 Vaccination Exemption Request form relating to Ms. Davis's request: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; Accommodation Would Prevent Employee from Performing Essential Function(s); Accommodation Would Result in Undue Hardship for the City." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant denies the allegation that "As with other Municipal Transportation Agency employees, CCSF's treatment of Ms. Davis only underscores the pretext of the City's religious accommodation denials." Defendant denies it blindly checked every box as a possible reason. Defendant denies she was never offered or provided any "interactive process" to assess reasonable accommodations, and further denies that testing or natural immunity were reasonable accommodations. Defendant admits it placed her on administrative leave on November 1, 2021. Defendant further admits her FMLA leave ended on April 2, 2022, and her status changed to Medical Leave the next day due to knee surgery. Defendant admits Ms. Davis retired on July 26, 2022, but denies that it was involuntary. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 248 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

249.    Defendant admits that Plaintiff Atilla Michael Foti has worked as a Truck Driver for the San Francisco Municipal Transportation Agency for over 34 years. Defendant admits that on October 27, 2021, Mr. Foti submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant admits he was placed on leave at the beginning of November and further admits Mr. Foti's request was denied on November 24, 2021. Defendant admits that the following four boxes were checked on the Determination on COVID-19 Vaccination Exemption Request form relating to Mr. Foti's request: "Documentation Insufficient to Show a Conflict Between

Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; Accommodation Would Prevent Employee from Performing Essential Function(s); Accommodation Would Result in Undue Hardship for the City." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant denies the allegations "As with other Municipal Transportation Agency employees, CCSF's treatment of Mr. Foti only underscores the pretext of the City's religious accommodation denials." Defendant denies it blindly checked every box as a possible reason. Defendant denies he was never offered or provided any "interactive process" to assess reasonable accommodations, and further denies that testing or natural immunity were reasonable accommodations. Defendant admits he worked in his truck but denies Mr. Foti worked without any contact with co-workers or anyone else. Defendant denies that Mr. Foti was unable to continue without pay, and that he acquiesced to Defendant's alleged coercion (and denies that Defendant coerced him) by taking the vaccine under duress on December 10, 2021. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 249 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

250.    Defendant admits Plaintiff Reginald Bernard Snelgro worked for Defendant for over 31 years, most recently as a Transit Operator at the San Francisco Municipal Transportation Agency. Defendant admits that on October 18, 2021, Mr. Snelgro submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant admits it placed Mr. Snelgro on administrative leave on November 1, 2021, and Defendant further admits that Mr. Snelgro's request was denied on November 12, 2021. Defendant admits that the following four boxes were checked on the Determination on COVID-19 Vaccination Exemption Request form relating to Mr. Snelgro's request: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance; Accommodation Would Pose a Direct Threat to the Health

and Safety of Others and/or Yourself; Accommodation Would Prevent Employee from Performing Essential Function(s); Accommodation Would Result in Undue Hardship for the City." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant denies the allegation that "As with other Municipal Transportation Agency employees, CCSF's treatment of Mr. Snelgro only underscores the pretext of the City's religious accommodation denials." Defendant denies it blindly checked every box as a possible reason. Defendant denies he was never offered or provided any "interactive process" to assess reasonable accommodations, and further denies that testing or natural immunity were reasonable accommodations. Defendant denies that Mr. Snelgro resigned under duress on November 27, 2021. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 250 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

251.    Defendant admits Plaintiff Alexander Lavrov worked for Defendant for over 27 years, with his most recent positions being Senior Construction Inspector and Construction Inspector at the San Francisco Municipal Transportation Agency. Defendant admits that on October 14, 2021, Mr. Lavrov submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant admits Mr. Lavrov's request was denied on November 30, 2021. Defendant admits it checked the following three boxes on the exemption determination form: "Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; Accommodation Would Prevent Employee from Performing Essential Function(s); and Accommodation Would Result in Undue Hardship for the City." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant admits it from November 1, 2021 to December 10, 2021, it accommodated Mr. Lavrov by allowing him to telework from home. Defendant denies that Mr. Lavrov was never offered an "interactive process" to assess reasonable accommodations, and further denies that testing or natural immunity were reasonable accommodations.

CCSF ANSWER
Lead Case No.: 4:22-cv-01587-JSW
CASE NO. 4:22-cv-07455-JSW
97953609v.4
113
n:\labor\li2023\230410\01710467.docx

Defendant admits on December 7, 2021, he was referred to the 60-day Citywide Job Search. Defendant denies that the job search was "a dead end for everyone seeking a reasonable accommodation from the mandate." Defendant admits Mr. Lavrov was terminated on June 17, 2022, and denies this was for "failure to take a vaccine that induces artificial immunity for COVID variants that were no longer prevalent." Defendant denies that its actions were egregious or that they caused severe strain on Mr. Lavrov's mental health, marriage, and finances. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 251 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

252.    Defendant admits Plaintiff Joaquin Valle worked for over 19 years as a Transit Operator at the San Francisco Municipal Transportation Agency. Defendant admits that on April 6, 2020, Mr. Valle went on disability leave from the City. Defendant admits Mr. Valle submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but . Defendant denies that Mr. Valle submitted his request on March 14, 2022. Defendant admits that Mr. Valle submitted a reasonable accommodation request under the ADA due to alleged sciatic nerve pain and an alleged knee injury, but denies that it was submitted "at the same time." Defendant admits that on or about April 4, 2022, Mr. Valle's religious exemption request was denied. Defendant admits it checked the following four boxes on its exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; Accommodation Would Prevent Employee from Performing Essential Function(s); Accommodation Would Result in Undue Hardship for the City." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant denies the allegation that "As with other Municipal Transportation Agency employees, CCSF's treatment of Mr. Valle only underscores the pretext of the City's religious accommodation denials." Defendant denies blindly checking every box as a possible reason. Defendant admits that on July 29,

CCSF ANSWER
Lead Case No.: 4:22-cv-01587-JSW
CASE NO. 4:22-cv-07455-JSW
97953609v.4

114

n:\labor\li2023\230410\01710467.docx

2022, his ADA request was also denied, and it concluded his request was premature due to his lack of clearance to return to work given his non-vaccinated status. Defendant denies he was never offered or provided any "interactive process" to assess reasonable accommodations, and further denies that testing or natural immunity were reasonable accommodations. Defendant admits it recommended that he be dismissed, and placed him on paid administrative leave on October 11, 2022. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 252 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

253.    Defendant admits Plaintiff Kevin Breston worked for Defendant for over 13 years, most recently as a Transit Operator at the San Francisco Municipal Transportation Agency. Defendant admits that on October 25, 2021, Mr. Breston submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant admits that Mr. Breston was placed on administrative leave at the beginning of November. Defendant admits Mr. Breston's request was denied on November 19, 2021. Defendant admits it checked the following four boxes on its exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; Accommodation Would Prevent Employee from Performing Essential Function(s); Accommodation Would Result in Undue Hardship for the City." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant admits Mr. Breston submitted a letter allegedly from his pastor, the contents of which speak for themselves. Defendant denies the allegation that "As with other Municipal Transportation Agency employees, CCSF's treatment of Mr. Breston only underscores the pretext of the City's religious accommodation denials." Defendant denies blindly checking every box as a possible reason. Defendant denies he was never offered or provided any "interactive process" to assess reasonable accommodations, and further denies that testing or natural

immunity were reasonable accommodations. Defendant denies the allegation that "The closest thing to an interactive process Mr. Breston received was being called into his manager's office on multiple occasions for attempts to coerce him into taking the vaccine." Defendant denies the allegation that Mr. Breston's manager warned him that he would be terminated if he did not take the vaccine or that he would not be accommodated. Defendant admits that Mr. Breston was terminated but denies it was on April 1, 2022. Defendant denies that its actions toward Mr. Breston were egregious or caused him to need to see a therapist. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 253 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

254.    Defendant admits Plaintiff Leroy L. Vance worked for Defendant for over 12 years, most recently as a Transit Operator at the San Francisco Municipal Transportation Agency. Defendant admits that Mr. Vance submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, Defendant denies it. Defendant admits that Mr. Vance submitted his request but denies it was on October 23, 2021. Defendant admits that he was placed on administrative leave at the beginning of November. Defendant admits that Mr. Vance's request was denied on November 15, 2021. Defendant admits that Mr. Vance was scheduled for termination on or about April 1, 2022. Defendant denies that Mr. Vance resigned under duress on May 1, 2022. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 254 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

255.    Defendant admits Plaintiff Lenard Morris has worked for Defendant for over nine years, most recently as a Senior Parking Control Officer at the San Francisco Municipal Transportation Agency. Defendant admits that on or about October 8, 2021, Mr. Morris submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but avers that the

allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant admits that Mr. Morris's request was denied on October 30, 2021. Defendant admits it denied the exemption request and checked the following box on the exemption determination form: "Insufficient Documentation & Inability to Accommodate." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant denies he was never offered or provided any "interactive process" to assess reasonable accommodations, and further denies that testing or natural immunity were reasonable accommodations. Defendant admits that Mr. Morris remained on disability leave, but denies that he was released to full duty on August 28, 2022. Defendant admits that it would not allow him to return to work due to the Vaccination Policy. Defendant admits Mr. Morris resigned effective October 4, 2022 but denies that he was forced to resign. Defendant denies that its actions caused Mr. Morris to suffer loss of income, loss of health insurance for himself and family, loss of pension, loss of seniority, and his services being deemed unsatisfactory. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 255 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

256.    Defendant admits Plaintiff Dickmar Nova Rodas worked for Defendant for over five years, most recently as a Transit Operator at the San Francisco Municipal Transportation Agency. Defendant admits that on or about September 28, 2021, Mr. Nova Rodas submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant admits Mr. Nova Rodas's request was denied on October 30, 2021 and further admits it checked the following box on the exemption determination form: "Other: Insufficient Documentation & Inability to Accommodate." Defendant admits Mr. Nova Rodas submitted a 4-page letter, the content of which speaks for itself. Defendant denies he was  never offered or provided any "interactive process" to assess reasonable accommodations, and further denies that testing or natural immunity were reasonable accommodations. Defendant admits Mr. Nova Rodas was terminated on April 15, 2022. Defendant is

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 256 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

257.    Defendant admits Plaintiff Rachid Amghar worked as a Transit Operator at the San Francisco Municipal Transportation Agency for over three years. Defendant admits that on October 27, 2021, Mr. Amghar submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant admits that Mr. Amghar was placed on leave at the beginning of November and further admits that Mr. Amghar's request was denied on November 29, 2021. Defendant admits it checked the following three boxes on the exemption determination form: "Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; Accommodation Would Prevent Employee from Performing Essential Function(s); and Accommodation Would Result in Undue Hardship for the City." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant denies he was  never offered or provided any "interactive process" to assess reasonable accommodations, and further denies that testing or natural immunity were reasonable accommodations. Defendant admits that Mr. Amghar was terminated on April 1, 2022. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 257 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

258.    Defendant admits Plaintiff Bhanu Vikram has been a Transit Operator at the San Francisco Municipal Transportation Agency for over three years. Defendant admits that on October 13, 2021, Mr. Vikram submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant admits that Mr. Vikram received an offer of appointment to the Station Agent position, which he accepted, but denies that the position was offered

Case 4:22-cv-01587-JSW    Document 157    Filed 10/11/23    Page 119 of 160

two days later. Defendant admits that Mr. Vikram was placed on administrative leave and prevented from entering workplaces, but denies he was placed on leave November 1, 2021. Defendant admits his exemption request was denied on December 3, 2021. Defendant admits it checked the following four boxes on its exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; Accommodation Would Prevent Employee from Performing Essential Function(s); Accommodation Would Result in Undue Hardship for the City." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public.

Defendant denies the allegation that "As with other Municipal Transportation Agency employees, CCSF's treatment of Mr. Vikram only underscores the pretext of the City's religious accommodation denials." Defendant denies blindly checking every box as a possible reason. Defendant admits that Mr. Vikram submitted a four-page statement purporting to detail his alleged religious beliefs to Defendant allegedly through his attorney, and that he answered several follow up questions, but denies that the questions were predatory or unlawful. Defendant denies he was never offered or provided any "interactive process" to assess reasonable accommodations and further denies that testing despite offering to pay for it or natural immunity were reasonable accommodations. Defendant denies Mr. Vikram demonstrated "clear natural immunity." Defendant admits in January 2022 that Mr. Vikram's appointment to the Station Agent position was rescinded. Defendant admits that termination proceedings were initiated against Mr. Vikram because he did not have an accommodation that exempted him from the Vaccination Policy. Defendant denies that his lack of an accommodation caused Mr. Vikram immense stress. Defendant further denies it retaliated against or humiliated Mr. Vikram and further denies it caused him immense stress.

Defendant avers that the allegation that Mr. Vikram engaged in several protected activities in 2021 and 2022 is a legal conclusion not requiring a response, and on that basis, denies it. Defendant admits that Mr. Vikram made a complaint with the San Francisco Controller's Office. Defendant denies

CCSF ANSWER                                         119                    n:\labor\li2023\230410\01710467.docx
Lead Case No.: 4:22-cv-01587-JSW
CASE NO. 4:22-cv-07455-JSW
97953609v.4

the allegation that it did not provide accommodations in January 2022.

Defendant denies Mr. Vikram was forced to take the vaccine to keep his job and livelihood. Defendant admits that after Mr. Vikram completed a retraining and recertification program, Defendant returned him to his regular duties as a Transit Operator on August 3, 2022. Defendant admits that Mr. Vikram reapplied for the Station Agent position in 2021 and had completed the written test and the oral interview. Defendant admits that he was appointed to the Station Agent position on August 15, 2022, but denies that Mr. Vikram was scheduled to start his Station Agent career on September 3, 2022. Defendant admits that, on September 1, 2022, Mr. Vikram's appointment was rescinded for the second time after new termination proceedings were initiated against him for an incident that occurred on or about December 6, 2020. Defendant admits that it investigated an incident involving Mr. Vikram in which he was injured, but denies that it found no wrongdoing on Mr. Vikram's part. Defendant admits that it approved his workers' compensation and battery pay in December 2020. Defendant admits that after one year and eight months, it reopened the file. Defendant denies the allegation that it reopened the file to "falsely accus[e] him of wrongdoing despite video evidence in his favor, for the purpose of retaliating against him by rescinding his appointment to the Station Agent position a second time, aiming ultimately to terminate his employment."

Defendant denies the allegation that it targeted Mr. Vikram "for his religious beliefs and his volunteer work against the City's violations of civil rights, human rights, and labor rights." Defendant denies that its actions caused pain and suffering to Mr. Vikram or harmed his health, finances, or career. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 258 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

259.    Defendant admits that Plaintiff Michael Patrick Bourne worked for Defendant for over two years, most recently as a Traffic Signal Electrician at the San Francisco Municipal Transportation Agency. Defendant admits that on or about October 18, 2021, Mr. Bourne submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but avers that the

CCSF ANSWER
Lead Case No.: 4:22-cv-01587-JSW
CASE NO. 4:22-cv-07455-JSW
97953609v.4

120

n:\labor\li2023\230410\01710467.docx

allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant admits Mr. Bourne's request was denied on December 1, 2021. Defendant admits it checked the following four boxes on its exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; Accommodation Would Prevent Employee from Performing Essential Function(s); Accommodation Would Result in Undue Hardship for the City." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public.

Defendant denies the allegation that "As with other Municipal Transportation Agency employees, CCSF's treatment of Mr. Bourne only underscores the pretext of the City's religious accommodation denials." Defendant denies blindly checking every box as a possible reason. Defendant denies he was never offered or provided any "interactive process" to assess reasonable accommodations, and further denies that testing or natural immunity are reasonable accommodations. Defendant admits that, on November 1, 2021, Mr. Bourne was placed on unpaid leave. Defendant admits that Mr. Bourne was terminated on April 1, 2022. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 259 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

260.    Defendant admits Derrell Rutherford has worked for over a year for Defendant, most recently as a Transit Car Cleaner at the San Francisco Municipal Transportation Agency. Defendant admits that Mr. Rutherford submitted a request for an exemption from the Vaccination Policy based on his alleged religious belief, but denies that he submitted the request on October 13, 2021. Defendant avers that the allegation that Mr. Rutherford's request was timely is vague and ambiguous, and on that basis, denies it. Defendant admits Mr. Rutherford's request was denied on November 16, 2021. Defendant admits it checked the following four boxes on its exemption determination form:

"Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; Accommodation Would Prevent Employee from Performing Essential Function(s); Accommodation Would Result in Undue Hardship for the City." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant denies the allegation that "As with other Municipal Transportation Agency employees, CCSF's treatment of Mr. Rutherford only underscores the pretext of the City's religious accommodation denials." Defendant denies blindly checking every box as a possible reason. Defendant denies he was never offered or provided any "interactive process" to assess reasonable accommodations, and further denies that testing or natural immunity were reasonable accommodations. Defendant admits that Mr. Rutherford currently remains on workers' compensation leave. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 260 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

### *San Francisco Department of Emergency Management (5 Plaintiffs)*

261.    Defendant admits Plaintiff Suzanne Borg has worked for Defendant for over 24 years, most recently as a Public Safety Communications Dispatcher at the San Francisco Department of Emergency Management. Defendant admits that on September 23, 2021, Ms. Borg submitted a request for an exemption from the Vaccination Policy based on her alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant admits Ms. Borg's request was denied on October 14, 2021. Defendant admits it denied the exemption and checked the following boxes on the exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; and Accommodation Would Result in Undue Hardship for the City." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves,

CCSF ANSWER
Lead Case No.: 4:22-cv-01587-JSW
CASE NO. 4:22-cv-07455-JSW
97953609v.4

122

n:\labor\li2023\230410\01710467.docx

1  workers, and the public. Defendant denies she was never offered or provided any "interactive process"

2  to assess reasonable accommodations, and further denies telework, testing, or consideration of natural

3  immunity are reasonable accommodations. Defendant admits that Ms. Borg was placed on paid leave,

4  but denies that she was placed on paid leave on November 1, 2021. Defendant admits that Ms. Borg was

5  terminated, but denies it was on November 29, 2021. Defendant admits Ms. Borg was reinstated and

6  placed on unpaid leave, but denies it was on December 22, 2021. Defendant denies that Ms. Borg was

7  coerced to take the vaccine under duress in order to keep her job. Defendant is without knowledge or

8  information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 261 of the

9  Complaint and on that basis denies them. To the extent a further response is required, Defendant denies

10  the remaining allegations in this Paragraph.

11          262.    Defendant admits Plaintiff Denise Arevalo was a Public Safety Communications

12  Dispatcher at the San Francisco Department of Emergency Management for over 16 years. Defendant

13  admits that on October 21, 2021, Ms. Arevalo submitted a request for an exemption from the

14  Vaccination Policy based on her alleged religious beliefs, but avers that the allegation that the request

15  was timely is vague and ambiguous, and on that basis, denies it. Defendant admits that she notified HR

16  on October 26, 2021 that she had COVID-19-like symptoms, but denies that she advised HR that she

17  was infected with COVID-19. Defendant admits that Ms. Arevalo's request was denied on October 28,

18  2021. Defendant admits it checked the following three boxes on the exemption determination form:

19  "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held

20  Religious Belief, Practice or Observance; Accommodation Would Pose a Direct Threat to the Health

21  and Safety of Others and/or Yourself; and Accommodation Would Result in Undue Hardship for the

22  City." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents

23  a danger to themselves, workers, and the public. Defendant denies she was never offered or provided

24  any "interactive process" to assess reasonable accommodations, and further denies telework, testing, or

25  consideration of natural immunity are reasonable accommodations. Defendant denies that at the time of

26  Ms. Arevalo's exemption request and resulting termination, dispatchers were allowed to work in rooms

27

28

1   by themselves. Defendant denies that she was placed on unpaid leave. Defendant admits she was

2   terminated but denies it was on November 29, 2021. Defendant admits Ms. Arevalo was reinstated

3   retroactive to November 30, 2021 due to an agreement between the City and her labor union and placed

4   on unpaid leave until she was terminated on March 30, 2022. Defendant denies that its actions have

5   caused Ms. Arevalo and her husband to exhaust their deferred compensation accounts and savings, as

6   well as maxing out their credit cards. Defendant is without knowledge or information sufficient to form

7   a belief as to the truth of the remaining allegations in Paragraph 262 of the Complaint and on that basis

8   denies them. To the extent a further response is required, Defendant denies the remaining allegations in

9   this Paragraph.

10          263.    Defendant admits Plaintiff Megan Boyle was employed by Defendant for over seven

11   years, most recently as a Public Safety Communications Dispatcher at the San Francisco Department of

12   Emergency Management. Defendant admits that on September 25, 2021, Ms. Boyle submitted a request

13   for an exemption from the Vaccination Policy based on her alleged religious beliefs, but avers that the

14   allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant

15   admits that Ms. Boyle's exemption request was denied on November 10, 2021. Defendant admits it

16   checked the following three boxes on the exemption determination form: "Documentation Insufficient to

17   Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or

18   Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or

19   Yourself; and Accommodation Would Result in Undue Hardship for the City." Defendant denies it is an

20   "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves,

21   workers, and the public. Defendant denies she was never offered or provided any "interactive process"

22   to assess reasonable accommodations, and further denies telework, testing, or consideration of natural

23   immunity are reasonable accommodations. Defendant admits she was terminated but denies it was on

24   November 12, 2021. Defendant denies that Ms. Boyle was terminated while on per diem status due to

25   having her first child. Defendant denies its actions caused Ms. Boyle to suffer loss of income and future

26   employability. Defendant is without knowledge or information sufficient to form a belief as to the truth

of the remaining allegations in Paragraph 263 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

264.    Defendant admits Plaintiff Elizabeth Ng worked for Defendant for over two years, most recently as a Public Safety Communications Dispatcher at the Department of Emergency Management. Defendant admits Ms. Ng submitted a request for an exemption from the Vaccination Policy based on her alleged religious beliefs, but denies it was submitted on September 27, 2021. Defendant avers that the allegation that Ms. Ng's request was timely is vague and ambiguous, and on that basis, denies it. Defendant admits that on October 15, 2021, Ms. Ng's request was denied. Defendant admits it checked the following three boxes on the exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; and Accommodation Would Result in Undue Hardship for the City." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant denies she was never offered or provided any "interactive process" to assess reasonable accommodations, and further denies telework, testing, or consideration of natural immunity are reasonable accommodations. Defendant denies that at the time of Ms. Ng's exemption request and resulting termination it overlooked that she and others worked in separate spaces and did not need to be near one another. Defendant admits that Ms. Ng went out on medical leave on or about the same date. Defendant denies that Ms. Ng was terminated on November 1, 2021 and placed on unpaid leave. Defendant admits Ms. Ng was terminated on April 1, 2022 but denies that it was a second termination. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 264 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

265.    Defendant admits Plaintiff Sasa Galuega worked for Defendant for over one year, at the Department of Emergency Management, most recently as a Public Safety Communications Dispatcher. Defendant admits that on October 4, 2021, Mrs. Galuega submitted a request for an exemption from the

Vaccination Policy based on her alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant admits it checked the following three boxes on the exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; and Accommodation Would Result in Undue Hardship for the City." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant denies she was never offered or provided any "interactive process" to assess reasonable accommodations, and further denies that testing or natural immunity were reasonable accommodations. Defendant denies that the allegation that it "overlooked that she (and others) previously worked in separate spaces with no need to be near one another—because there were so few in her department in need of accommodations, splitting them into different shifts and allowing them to work isolated from others could have been another reasonable (and costless) accommodation." Defendant admits she was terminated on November 1, 2021 but denies such termination occurred while on disability leave. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 265 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

### *San Francisco Human Services Agency (4 Plaintiffs)*

266.    Defendant admits Priscilla Sau Lenh worked for Defendant for approximately 23 years, most recently as a Senior Eligibility Worker at the Human Services Agency. Defendant admits that on October 15, 2021, Ms. Lenh submitted a request for an exemption from the Vaccination Policy based on her alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant admits Ms. Lenh's request was denied on October 29, 2021. Defendant admits it checked the following two boxes on the exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance; and Accommodation Would Result in Undue Hardship for the

City." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant denies she was never offered or provided any "interactive process" to assess reasonable accommodations, and further denies that testing or natural immunity were reasonable accommodations. Defendant admits that on February 1, 2022, Ms. Lenh was placed on unpaid leave and that she was terminated on April 1, 2022. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 266 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

267.    Defendant admits Plaintiff Andrea Salfiti worked for Defendant for over nine years, most recently as a Program Support Analyst at the San Francisco Human Services Agency. Defendant admits that on June 29, 2021, Ms. Salfiti submitted a request for an exemption from the Vaccination Policy based on her alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant admits Ms. Salfiti's request was denied on October 15, 2021. Defendant admits it denied the exemption request and checked the following box on its exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance." Defendant denies she was  never offered or provided any "interactive process" to assess reasonable accommodations. Defendant admits that Ms. Salfiti's request for an exemption included a letter, the contents of which speak for themselves. Defendant denies Ms. Salfiti should have been considered "naturally immunized."  Defendant denies that vaccination constitutes "artificial immunization." Defendant admits that Ms. Salfiti telecommuted previously 100% between April 2020 and September 2020 but denies she could have been accommodated through remote work. Defendant admits that Ms. Salfiti was terminated, but denies it was on April 1, 2022. Defendant denies its actions caused her to lose the accumulation of her retirement benefits. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 267 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining

1    allegations in this Paragraph.

2         268.    Defendant admits Plaintiff Doris Nauer worked for Defendant for over five years, most

3    recently as a Senior Clerk with the Human Services Agency. Defendant admits that on October 13,

4    2021, Ms. Nauer submitted a request for an exemption from the Vaccination Policy based on her alleged

5    religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and

6    on that basis, denies it. Defendant admits Ms. Nauer's request was denied the same month. Defendant

7    admits it checked the following three boxes on its exemption determination form: "Documentation

8    Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief,

9    Practice or Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others

10   and/or Yourself; and Accommodation Would Result in Undue Hardship for the City." Defendant denies

11   it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves,

12   workers, and the public. Defendant admits that Ms. Nauer submitted a 6-page statement, the content of

13   which speaks for itself. Defendant denies he was  never offered or provided any "interactive process" to

14   assess reasonable accommodations, and further denies that natural immunity was a reasonable

15   accommodation. Defendant admits she was teleworking part time at the time of her request. Defendant

16   admits that Ms. Nauer placed on paid leave on November 1, 2021. Defendant denies was terminated on

17   December 8, 2021. Defendant admits she was terminated but denies it was on April 1, 2022. Defendant

18   is without knowledge or information sufficient to form a belief as to the truth of the remaining

19   allegations in Paragraph 268 of the Complaint and on that basis denies them. To the extent a further

20   response is required, Defendant denies the remaining allegations in this Paragraph.

21        269.    Defendant admits Ms. Hyun worked for Defendant for approximately 21 years, most

22   recently as an IS Senior Business Analyst. Defendant denies Ms. Hyun worked for the Department of

23   Human Services, as Defendant has no department with that name. Defendant admits that on August 30,

24   2021, Ms. Hyun submitted a request for an exemption from the Vaccination Policy based on her alleged

25   religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and

26   on that basis, denies it. Defendant admits Ms. Hyun's request was denied, but denies that it was on

27

28

October 1, 2021. Defendant admits it denied the exemption request and checked the following box on the exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance." Defendant denies it "felt justified not to engage in an 'interactive process' to determine what reasonable accommodation might be made for Ms. Hyun." Defendant denies she could have been considered "naturally immunized." Defendant denies that vaccination constitutes "artificial immunization." Defendant admits she previously performed her job duties remotely during part of the pandemic. Defendant denies the IT Department was exempted from the general requirement that workers be on site three days each week at the time of her employment. Defendant denies there was no reason for Ms. Hyun to be in the office, and, that she was "forced" to be in the office. Defendant denies that all employees in the IT unit were working remotely during the remodel. Defendant denies her exemption could easily have been accommodated by allowing her to telework. Defendant denies the allegation that on November 1, 2021, Ms. Hyun was removed from her position pending termination. Defendant admits that Ms. Hyun resigned on January 22, 2022, but denies it was under duress. Defendant denies that its actions forced Ms. Hyun's retirement, and that her retirement was "untimely, causing additional emotional distress due to financial insecurity." Defendant denies that she has been forced to deplete her savings to make ends meet. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 269 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

### *San Francisco International Airport (3 Plaintiffs)*

270.    Defendant admits Plaintiff Alden Francisco Bello worked for CCSF for over 30 years, most recently an Airfield Safety Officer at the San Francisco International Airport. Defendant admits that on October 18, 2021, Mr. Bello submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant admits Mr. Bello submitted a 6-page letter, the

CCSF ANSWER
Lead Case No.: 4:22-cv-01587-JSW
CASE NO. 4:22-cv-07455-JSW
97953609v.4

129

n:\labor\li2023\230410\01710467.docx

content of which speaks for itself. Defendant admits Mr. Bello's request was denied on October 28, 2021. Defendant admits it checked the following box on its exemption determination form: "Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself." Defendant later denied the request and checked the following box on its exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant denies he was  never offered or provided any "interactive process" to assess reasonable accommodations, and further denies that testing or natural immunity were reasonable accommodations. Defendant denies his jobs duties required minimal interaction with other people and that he spent most of his time alone in a truck. Defendant denies the allegation that "a prior infection in March 2021 would have revealed to the City the pointlessness of forcing artificial immunity" on him. Defendant admits Mr. Bello, on November 1, 2021, was placed on unpaid leave and was referred to the 60-day Citywide job vacancy search, but denies the job vacancy search was futile. Defendant admits Mr. Bello's job search expired without a suitable vacancy and that he was terminated on April 4, 2022. Defendant denies that Mr. Bello's unemployment benefits were denied due to his breaking a "reasonable employer rule" or that there was a false accusation. Defendant denies Mr. Bello was forced to retire early. Defendant denies he would have reached 31 years of service with the City on May 29, 2022. Defendant denies Mr. Bello's retirement was forced and therefore denies the details as to his "penalty for his forced early retirement" and all calculations and alleged losses in Paragraph 270 of the Complaint. Defendant denies Mr. Bello was "forced" to use all of his vacation and comp time. Defendant denies it caused financial devastation to Mr. Bello and that it "caused him to struggle to keep up with his bills, causing his credit rating to decline, and [that] he has suffered a severe amount of stress about his financial situation and future ability to provide for his family." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 270 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining

allegations in this Paragraph.

271.    Defendant admits Plaintiff Yohei Kakuda worked for over 15 years as an Airfield Safety Officer at the San Francisco International Airport. Defendant admits that Mr. Kakuda submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs on October 18, 2021, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant admits Mr. Kakuda's request was denied on October 28, 2021. Defendant admits it denied the exemption request and checked the following box on the exemption determination form: "Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant denies he was  never offered or provided any "interactive process" to assess reasonable accommodations, and further denies that testing or natural immunity were reasonable accommodations. Defendant denies his jobs duties required minimal interaction with other people and he spent most of his time alone in a truck. Defendant denies the allegation that "a prior infection in March 2021 would have revealed to the City the pointlessness of forcing artificial immunity" on him.

Defendant admits Mr. Kakuda was placed on unpaid leave on or about November 1, 2021 and was referred to the 60-day Citywide job vacancy search. Defendant denies the job vacancy search was futile. Defendant admits Mr. Kakuda's job search expired without a suitable vacancy and that he was terminated on April 4, 2022. Defendant denies it actions caused him to suffer tremendous financial hardship. Defendant denies that after being placed on unpaid leave in November 2021, Mr. Kakuda was forced to use all his accrued vacation and comp time.  Defendant denies the allegation that "Due to these hardships, he became very anxious, stressed, and emotionally unstable."  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 271 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

272.    Defendant admits Plaintiff Heather Susan Tyks worked for over nine years for CCSF.

CCSF ANSWER
Lead Case No.: 4:22-cv-01587-JSW
CASE NO. 4:22-cv-07455-JSW
97953609v.4
131
n:\labor\li2023\230410\01710467.docx

1  Defendant admits Ms. Tyks's most recent title was Airfield Safety Officer at the San Francisco

2  International Airport. Defendant admits Ms. Tyks submitted a request for an exemption from the

3  Vaccination Policy based on her alleged religious beliefs on October 18, 2021, but avers that the

4  allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant

5  admits Ms. Tyks's request was denied on October 28, 2021. Defendant admits it denied the exemption

6  request and checked the following box on the exemption determination form: "Accommodation Would

7  Pose a Direct Threat to the Health and Safety of Others and/or Yourself." Defendant denies it is an

8  "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves,

9  workers, and the public. Defendant denies that Ms. Tyks was never offered an interactive process to

10 assess reasonable accommodations, and further denies that testing and natural immunity were reasonable

11 accommodations. Defendant denies that Ms. Tyks's job duties required minimal interaction with other

12 people and that she spent most of her time alone in a truck. Defendant denies the allegation that "a prior

13 infection in March 2021 would have revealed to the City the pointlessness of forcing artificial

14 immunity" on her.

15         Defendant admits Ms. Tyks was placed on unpaid leave. Defendant admits Ms. Tyks was

16 referred to the 60-day Citywide job vacancy search in or around approximately the beginning of

17 November 2021. Defendant denies the job vacancy search was futile. Defendant admits the 60-day job

18 vacancy search was exhausted without a suitable vacancy and that Ms. Tyks was terminated on April 4,

19 2022. Defendant denies its actions caused her to suffer tremendous financial hardship. Defendant denies

20 that after being placed on unpaid leave, Ms. Tyks was forced to use all her accrued vacation and comp

21 time just to pay her bills.  Defendant admits Ms. Tyks applied for and began receiving unemployment

22 benefits in or around January 2022. Defendant denies that the City filed a dispute against her benefit

23 eligibility claiming she was discharged because she broke a reasonable employer rule. Defendant is

24 without knowledge or information sufficient to form a belief as to the truth of the remaining allegations

25 in Paragraph 272 of the Complaint and on that basis denies them. To the extent a further response is

26 required, Defendant denies the remaining allegations in this Paragraph.

27

28

1    *San Francisco Recreation and Parks (2 Plaintiffs)*

2        273.    Defendant admits that Plaintiff Vince Bryant-Teasdale worked for CCSF for over four

3    years. Defendant admits Mr. Bryant-Teasdale most recently worked for Defendant as a Stationary

4    Engineer in its Recreation and Parks Department. Defendant admits Mr. Bryant-Teasdale requested an

5    exemption from the Vaccination Policy on October 18, 2021 based on his alleged religious beliefs, but

6    avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it.

7    Defendant admits that Mr. Bryant-Teasdale provided requested documents and answered additional

8    questions from HR staff. Defendant admits Mr. Bryant-Teasdale's request was denied. Defendant admits

9    it checked the following box on its exemption determination form: "Documentation Insufficient to Show

10   a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or

11   Observance." Defendant denies Mr. Bryant-Teasdale was never offered an interactive process to assess

12   reasonable accommodations, and further denies that testing or natural immunity were reasonable

13   accommodations. Defendant admits Mr. Bryant-Teasdale was terminated on December 14, 2021.

14   Defendant denies that it caused Mr. Bryant-Teasdale "financial turmoil" which has "taken a mental and

15   physical toll on him."  Defendant is without knowledge or information sufficient to form a belief as to

16   the truth of the remaining allegations in Paragraph 273 of the Complaint and on that basis denies them.

17   To the extent a further response is required, Defendant denies the remaining allegations in this

18   Paragraph.

19       274.    Defendant denies that Plaintiff Oliver Sampson Hughes worked for CCSF for six years

20   and denies that he worked for CCSF as a public school teacher. Defendant admits that he work for at

21   least two years as a Gardener in its Recreation and Parks Department. Defendant admits Mr. Hughes

22   submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs,

23   but avers that the allegation that the request was timely is vague and ambiguous, and on that basis denies

24   it. Defendant admits his request was denied but denies it was on the same day. Defendant denies Mr.

25   Hughes worked alone but admits he worked outdoors. Defendant denies a claim of undue burden was

26   not colorable. Defendant admits it denied the exemption request and checked the following boxes on the

27

28

1    exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination

2    Requirement and Sincerely Held Religious Belief, Practice or Observance." Defendant admits Mr.

3    Hughes provided a description of his beliefs asserting his reasons for an accommodation. Defendant

4    denies the allegation that the vaccination was unnecessary for Mr. Hughes's job role. Defendant admits

5    Mr. Hughes was placed on administrative leave on November 1, 2021 and then terminated on April 1,

6    2022. Defendant denies that it did not attempt to accommodate him. Defendant is without knowledge or

7    information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 274 of the

8    Complaint and on that basis denies them. To the extent a further response is required, Defendant denies

9    the remaining allegations in this Paragraph.

10    **_San Francisco Department of Building Inspection (1 Plaintiff)_**

11    275.    Defendant admits Johanna Josepha Coble was employed by Defendant for over 21 years,

12    most recently as a Housing Inspector for the Department of Building Inspection. Defendant admits that

13    Ms. Coble submitted a request for an exemption from the Vaccination Policy based on her alleged

14    religious beliefs on October 14, 2021, but avers that the allegation that the request was timely is vague

15    and ambiguous, and on that basis, denies it. Defendant admits that Ms. Coble's request mentioned that

16    she allegedly previously had COVID-19 and that it was denied on November 30, 2021. Defendant

17    admits that Ms. Coble submitted a three-page statement asserting her alleged beliefs and that it further

18    received a letter purporting to be from her attorney. Defendant admits it checked the following boxes on

19    the exemption determination form: "Documentation Insufficient to Show a Conflict Between

20    Vaccination Requirement and Sincerely Held Religion Belief, Practice or Observance; Accommodation

21    Would Pose a Direct Threat to the Health and Safety of Others and/or Yourself; Accommodation Would

22    Prevent Employee from Performing Essential Function(s); and Other: Position working with the Public

23    & In Office." Defendant denies it claimed Ms. Coble's religious beliefs were insincere in the exemption

24    determination form.  Defendant denies it never engaged in an interactive process to assess reasonable

25    accommodations, and further, that testing or natural immunity were reasonable accommodations or

26    "superior" to Defendant's alleged "forced artificial immunity."  Defendant admits she was placed on

27

28

unpaid leave but denies it was at the beginning of November. Defendant denies Ms. Coble was terminated but admits she retired on April 1, 2022. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 275 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

### *San Francisco Controller's Office (1 Plaintiff)*

276.    Defendant admits that Plaintiff Jerry Wayne Schulze worked for the City and County of San Francisco Controller's Office for 11 years,  but Defendant denies Mr. Schulze's most recent title was IT Project Director. Defendant admits that Mr. Schulze submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs on or about September 22, 2021, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies that allegation. Defendant admits that it denied Mr. Schulze's request on or about October 14, 2021. Defendant admits it checked the following box on its exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief." Defendant denies he was never offered an interactive process to assess reasonable accommodations, and further denies that testing or continued remote work were reasonable accommodations.  Defendant admits he had been working remotely, but avers that the allegation "since the pandemic was declared" is vague and ambiguous, and on that basis, denies it. Defendant denies the closest thing to an interactive process Mr. Schulze received was a call from his manager seeking to persuade him to make an exception to his religious beliefs and take the vaccine. Defendant denies his manager alternatively suggested that Mr. Schulze get a fake vaccination card if he could not take the vaccine. Defendant admits Mr. Schulze was placed on administrative leave on November 1, 2021 and terminated on November 22, 2021. Defendant admits Mr. Schulze's termination was rescinded and that he was placed on unpaid leave effective December 30, 2021. Defendant admits Mr. Schulze was terminated on April 1, 2022. Defendant denies its actions caused Mr. Schulze to suffer monetary and career damages. Defendant denies that he was "forced to take an early retirement since his finances were

negatively impacted by having to accept a lower paying job to pay his bills." Defendant denies the allegation that "The future cost of his retirement healthcare has also been severely impacted by the City's actions." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 276 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

### San Francisco Environmental Services (1 Plaintiff)

277.    Defendant admits Plaintiff Zhangrui Nie has worked for CCSF for over six years, most recently as a Porter at the Department of Environmental Services. Defendant admits on September 14, 2021, Ms. Nie submitted a request for an exemption from the Vaccination Policy, but avers that the allegation that the request was timely is vague and ambiguous, and on that basis, denies it. Defendant denies the request was ignored. Defendant admits on October 1, 2021 Ms. Nie was placed on administrative leave. Defendant denies its actions have caused tremendous harm to Ms. Nie, both medically and financially. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 277 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

### San Francisco Fire Department (1 Plaintiff)

278.    Defendant admits Plaintiff Marcos Palacio has worked for the San Francisco Fire Department for over eight years, most recently as a Firefighter. Defendant admits Mr. Palacio submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs on or about September 29, 2021, but avers that the allegation that the submission was timely is so vague and ambiguous as to preclude a response, and on that basis, Defendant denies it. Defendant admits that it notified Mr. Palacio that his request had been denied on October 14, 2021. Defendant admits it checked the following four boxes on its exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance; Accommodation Would Pose a Direct Threat to the Health and Safety of Others and/or

Yourself; Accommodation Would Prevent Employee from Performing Essential Function(s); Accommodation Would Result in Undue Hardship for the City." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant denies the allegations that "CCSF's treatment of Mr. Palacio only underscores the pretext of the City's religious accommodation denials." Defendant denies it blindly checked every box as a possible reason. Defendant denies he was never offered an interactive process to assess reasonable accommodations, and further, that testing or natural immunity were reasonable accommodations. Defendant admits Mr. Palacio was placed on unpaid administrative leave effective January 16, 2022. Defendant denies Mr. Palacio "demonstrated" "natural immunity."  Defendant denies Mr. Palacio was coerced into taking the COVID-19 vaccine to provide for his family. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 278 of the Complaint and on that basis denies them. To the extent a further response is required, Defendant denies the remaining allegations in this Paragraph.

### *San Francisco Planning Department (1 Plaintiff)*

279.    Defendant admits Mr. Yoshikawa worked for Defendant's Planning Department for over 13 years, most recently as an IT Operations Support Administrator IV. Defendant admits Mr. Yoshikawa submitted a request for an exemption from the Vaccination Policy based on his alleged religious beliefs on or about September 17, 2021, but avers that the allegation that the submission was timely is so vague and ambiguous as to preclude a response, and on that basis, Defendant denies it. Defendant admits it denied Mr. Yoshikawa's request on or about October 12, 2021. Defendant admits it checked the following box on its exemption determination form: "Documentation Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or Observance." Defendant denies it is an "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves, workers, and the public. Defendant denies he was never offered an interactive process to assess reasonable accommodations, and further denies telework, testing, or consideration of natural immunity are reasonable accommodations. Defendant admits Mr. Yoshikawa

1   previously performed at least 50% of his work remotely and had been told by his supervisor that 90% of

2   his job or more could be performed remotely and that his supervisor told him it was fine for him to work

3   remotely at that time. Defendant admits his supervisor also relayed this same information to the

4   department's HR manager. Defendant admits Mr. Yoshikawa was placed on administrative leave on

5   November 1, 2021 and terminated on November 22, 2021. Defendant admits Mr. Yoshikawa was

6   reinstated and placed on paid leave, but denies this occurred around January 3, 2022. Defendant admits

7   Mr. Yoshikawa was terminated on March 22, 2022. Defendant is without knowledge or information

8   sufficient to form a belief as to the truth of the remaining allegations in Paragraph 279 of the Complaint

9   and on that basis denies them. To the extent a further response is required, Defendant denies the

10  remaining allegations in this Paragraph.

11  ***Port of San Francisco (1 Plaintiff)***

12          280.    Defendant admits Mr. Nishimura worked for Defendant as a Property Manager at the Port

13  of San Francisco for over two years. Defendant admits Mr. Nishimura submitted a request for an

14  exemption from the Vaccination Policy based on his alleged religious beliefs on or about September 27,

15  2021, but avers that the allegation that the submission was timely is so vague and ambiguous as to

16  preclude a response, and on that basis, Defendant denies it. Defendant admits that it denied Mr.

17  Nishimura's request on or about October 13, 2021. Defendant denies it asserted that Mr. Nishimura's

18  claim of religious belief was insincere. Defendant admits it denied the exemption request and checked

19  the following boxes on the exemption determination form: "Documentation Insufficient to Show a

20  Conflict Between Vaccination Requirement and Sincerely Held Religious Belief, Practice or

21  Observance."  Defendant denies it felt justified not to engage in an interactive process to determine what

22  reasonable accommodation might be made for Mr. Nishimura.   Defendant admits he was placed on

23  administrative leave but denies it was on November 1, 2021. Defendant admits Mr. Nishimura received

24  a Notice of Dismissal on December 2, 2021. Defendant admits it terminated Mr. Nishiura on April 1,

25  2022 but denies that it was a second termination. Defendant denies that its actions were egregious and

26  denies it caused Mr. Nishimura to see a therapist. Defendant is without knowledge or information

27

28

1  sufficient to form a belief as to the truth of the remaining allegations in Paragraph 280 of the Complaint

2  and on that basis denies them.  To the extent a further response is required, Defendant denies the

3  remaining allegations in this Paragraph.

4  ***San Francisco Public Library (1 Plaintiff)***

5  281.    Defendant admits that Plaintiff Simon Can Hui Yep worked for over 23 years, most

6  recently as a Library Page at the San Francisco Public Library. Defendant admits that Mr. Yep submitted

7  a request for an exemption from the Vaccination Policy based on religious beliefs on or about October 4,

8  2021, but avers that the allegation that the submission was timely is so vague and ambiguous as to

9  preclude a response. Defendant admits Mr. Yep's request for an exemption was denied on or about

10  November 1, 2021. Defendant admits it checked the following three boxes on the exemption

11  determination form: "Accommodation Would Pose a Direct Threat to the Health and Safety of Others

12  and/or Yourself; Accommodation Would Prevent Employee from Performing Essential Function(s); and

13  Accommodation Would Result in Undue Hardship for the City." Defendant denies it is an

14  "unsubstantiated belief" that an unvaccinated person employee presents a danger to themselves,

15  workers, and the public. Defendant denies Mr. Yep was never offered an interactive process to assess

16  reasonable accommodations, and further denies telework, testing, or consideration of natural immunity

17  are reasonable accommodations. Defendant admits Mr. Yelp was terminated on November 30, 2021 and

18  reinstated on December 22, 2021. Defendant admits Mr. Yep was placed on unpaid leave but denies it

19  was on December 22, 2021. Defendant admits it terminated Mr. Yep on March 30, 2022 but denies that

20  it was a second termination. Defendant denies its actions caused his family and him to suffer financial

21  stress and negative mental health. Defendant is without knowledge or information sufficient to form a

22  belief as to the truth of the remaining allegations in Paragraph 281 of the Complaint and on that basis

23  denies them. To the extent a further response is required, Defendant denies the remaining allegations in

24  this Paragraph.

25  282.    Defendant denies that Plaintiffs each filed complaints with the Equal Employment

26  Opportunity Commission. This remainder of Paragraph 282 sets forth legal conclusions and questions of

law to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in this paragraph.

**Defendants**

283.     Defendant admits it is municipal corporation and administrative division of the State of California.

284.     Defendant admits London Breed is the mayor of San Francisco and chief executive of the City and County. Defendant denies the remaining allegations in Paragraph 284 of the Complaint and avers that Mayor London Breed has been dismissed from this action.

285.     Defendant admits Carol Isen is the Human Resources Director of the City and County of San Francisco. Defendant denies the allegation that her "responsibilities include enforcing all employment policies of San Francisco, including the vaccine mandate and the denial of accommodation requests." Defendant avers that Carol Isen has been dismissed from this action.

286.     Defendant admits Kate Howard is an employee of the City and County of San Francisco. Defendant denies her title is Deputy Director of Human Resources for San Francisco. Defendant avers that Kate Howard has been dismissed from this action.

287.     Defendant admits Mawuli Tugbenyoh is an employee of the City and County of San Francisco. Defendant denies the remaining allegations in this paragraph. Defendant avers that Mawuli Tugbenyoh has been dismissed from this action.

288.     Defendant admits Janie White is an employee of the City and County of San Francisco. Defendant denies the remaining allegations in this paragraph. Defendant avers that Janie White has been dismissed from this action.

289.     Defendant admits Jessica Comes is an employee of the City and County of San Francisco. Defendant denies the remaining allegations in this paragraph. Defendant avers that Jessica Comes has been dismissed from this action.

290.     Defendant denies the allegations in Paragraph 290.

**CAUSES OF ACTION**

CCSF ANSWER
Lead Case No.: 4:22-cv-01587-JSW
CASE NO. 4:22-cv-07455-JSW
97953609v.4

140

n:\labor\li2023\230410\01710467.docx

1

2

3

4

**COUNT ONE**

**TITLE VII – RELIGIOUS DISCRIMINATION – FAILURE TO ACCOMMODATE**

**(42 U.S.C. § 2000e-2(a)(1))**

**(Religious Plaintiffs vs. All Defendants)**

5   291.   This paragraph sets forth conclusions to which no response is required. To the extent a

6   response is required, Defendant denies the allegations in Paragraph 291.

7   292.   This paragraph sets forth legal conclusions and questions of law to which no response is

8   required. To the extent a response is required, Defendant denies the allegations in Paragraph 292.

9   293.   This paragraph sets forth legal conclusions and questions of law to which no response is

10  required. To the extent a response is required, Defendant denies the allegations in Paragraph 293.

11  294.   This paragraph sets forth legal conclusions and questions of law to which no response is

12  required. To the extent a response is required, Defendant denies the allegations in Paragraph 294.

13  295.   This paragraph sets forth legal conclusions and questions of law to which no response is

14  required. To the extent a response is required, Defendant denies the allegations in Paragraph 295.

15  296.   This paragraph sets forth legal conclusions and questions of law to which no response is

16  required. Defendant denies the remaining allegations in Paragraph 296.

17  297.   This paragraph sets forth legal conclusions and questions of law to which no response is

18  required. To the extent a response is required, Defendant denies the allegations in Paragraph 297.

19  298.   Defendant denies the allegations in Paragraph 298.

20  299.   Defendant denies the allegations in Paragraph 299.

21  300.   Defendant denies the allegations in Paragraph 300.

22  301.   This paragraph sets forth legal conclusions and questions of law to which no response is

23  required. To the extent a response is required, Defendant denies the allegations in Paragraph 301.

24  302.   This paragraph sets forth legal conclusions and questions of law to which no response is

25  required. Defendant denies the remaining allegations in Paragraph 302.

26  303.   Defendant denies the allegations in  Paragraph 303.

27

28

1    304.    Defendant denies that the ability to provide accommodations to Plaintiffs is evident.

2  Defendant is without knowledge or information sufficient to form a belief as to the truth of the

3  remaining allegations in Paragraph 304 of the Complaint and on that basis denies them.

4    305.    Defendant denies the existence of cost-free accommodations for SFGH. Defendant is

5  without knowledge or information sufficient to form a belief as to the truth of the remaining allegations

6  in Paragraph 305 of the Complaint and on that basis denies them.

7    306.    Defendant is without knowledge or information sufficient to form a belief as to the truth

8  of the allegations in Paragraph 306 of the Complaint, including footnote 62,  and on that basis denies

9  them.

10    307.    Defendant denies the allegations in Paragraph 307.

11    308.    This paragraph, including footnote 63, sets forth legal conclusions and questions of law

12  to which no response is required. To the extent a response is required, Defendant denies the allegations.

13  Defendant is without knowledge or information sufficient to form a belief as to the truth of the

14  allegation "as the European Union did throughout 2021" and on that basis denies the allegations.

15  Defendant denies the remaining allegations, if any, in this paragraph.

16    309.    Defendant is without knowledge or information sufficient to form a belief as to the truth

17  of the allegations in Paragraph 309 of the Complaint and on that basis denies them.

18    310.    Defendant denies the allegations in Paragraph 310.

19    311.    Defendant denies the allegations in Paragraph 311.

20    312.    Defendant denies the allegations in Paragraph 312.

21    313.    Defendant denies the allegations in  Paragraph 313.

22    314.    Defendant denies the allegations in Paragraph 314.

23    315.    Defendant denies the allegations in Paragraph 315.

24    316.    Defendant denies the allegations in Paragraph 316.

## COUNT TWO

## TITLE VII – RELIGIOUS DISCRIMINATION – DISPARATE TREATMENT

1

**(42 U.S.C. § 2000e-2(a)(1))**

2

**(Religious Plaintiffs vs. All Defendants)**

3      317.     This paragraph sets forth conclusions to which no response is required. To the extent a

4      response is required, Defendant denies the allegations in Paragraph 317.

5      318.     This paragraph sets forth legal conclusions and questions of law to which no response is

6      required. To the extent a response is required, Defendant denies the allegations in Paragraph 318.

7      319.     This paragraph sets forth legal conclusions and questions of law to which no response is

8      required. To the extent a response is required, Defendant denies the allegations in Paragraph 319.

9      320.     This paragraph sets forth legal conclusions and questions of law to which no response is

10     required. To the extent a response is required, Defendant denies the allegations in Paragraph 320.

11     321.     This paragraph sets forth legal conclusions and questions of law to which no response is

12     required. To the extent a response is required, Defendant denies the allegations in Paragraph 321.

13     322.     Defendant denies the allegations in Paragraph 322.

14     323.     Defendant denies the allegations in Paragraph 323.

15     324.     This paragraph sets forth legal conclusions and questions of law to which no response is

16     required. To the extent a response is required, Defendant denies the allegations in  Paragraph 324.

17     325.     This paragraph sets forth legal conclusions and questions of law to which no response is

18     required. To the extent a response is required, Defendant denies the allegations in Paragraph 325.

19     326.     Defendant denies the allegations in Paragraph 326.

20     327.     Defendant denies the allegations in Paragraph 327.

21     328.     This paragraph sets forth legal conclusions and questions of law to which no response is

22     required. Defendant denies the remaining allegations in Paragraph 328.

23     329.     Defendant denies the allegations in Paragraph 329.

24     330.     Defendant denies the allegations in Paragraph 330. Defendant is without knowledge or

25     information sufficient to form a belief as to the truth of the allegations in footnote 64 of the Complaint

26     and on that basis denies.

27

28

1    331.    Defendant denies the allegations in Paragraph 331.

2    332.    Defendant denies the allegations in Paragraph 332.

3    333.    Defendant denies the allegations in Paragraph 333.

4    334.    Defendant denies the approval rate across the City was around 8% for medical

5    accommodation requests. Defendant further denies the religious accommodation requests had an

6    approval rate of 0.8%. Defendant denies the remaining allegations in Paragraph 334.

7    335.    Defendant denies the allegations in Paragraph 335.

8    336.    Defendant denies the allegations in  Paragraph 336.

9    337.    Defendant denies the allegations in Paragraph 337.

10    338.    Defendant denies the allegations in Paragraph 338.

11    339.    Defendant denies the allegations in Paragraph 339.

12    340.    Defendant denies the allegations in Paragraph 340.

13    341.    Defendant denies the allegations in Paragraph 341.

14    342.    Defendant denies the allegations in Paragraph 342.

15    343.    Defendant denies the allegations in Paragraph 343.

16    344.    Defendant denies the allegations in Paragraph 344.

17    **COUNT THREE**

18    **TITLE VII – RETALIATION FOR RELIGIOUS CLAIMS**

19    **(42 U.S.C. §2000e-3(a))**

20    **(Religious Plaintiffs vs. All Defendants)**

21    345.    This paragraph sets forth conclusions to which no response is required. To the extent a

22    response is required, Defendant denies the allegations in Paragraph 345.

23    346.    This paragraph sets forth legal conclusions and questions of law to which no response is

24    required. To the extent a response is required, Defendant denies the allegations in Paragraph 346.

25    347.    This paragraph sets forth legal conclusions and questions of law to which no response is

26    required. To the extent a response is required, Defendant denies the allegations in Paragraph 347.

27

28

CCSF ANSWER
Lead Case No.: 4:22-cv-01587-JSW
CASE NO. 4:22-cv-07455-JSW
97953609v.4

144

n:\labor\li2023\230410\01710467.docx

348.    Defendant denies the allegations in Paragraph 348.

349.    Defendant denies the allegations in Paragraph 349.

350.    Defendant denies the allegations in Paragraph 350.

351.    Defendant denies the allegations in  Paragraph 351.

352.    Defendant denies the allegations in Paragraph 352.

353.    Defendant denies the allegations in Paragraph 353.

354.    Defendant denies the allegations in Paragraph 354.

355.    Defendant denies the allegations in Paragraph 355.

356.    Defendant denies the allegations in Paragraph 356.

357.    Defendant denies the allegations in Paragraph 357.

358.    Defendant denies the allegations in Paragraph 358.

359.    Defendant denies the allegations in Paragraph 359.

360.    Defendant denies the allegations in  Paragraph 360.

361.    Defendant denies the allegations in  Paragraph 361.

362.    Defendant denies the allegations in  Paragraph 362.

363.    Defendant denies the allegations in Paragraph 363.

364.    Defendant denies the allegations in Paragraph 364.

## COUNT FOUR

### CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

### RELIGIOUS DISCRIMINATION – FAILURE TO ENGAGE IN INTERACTIVE PROCESS

### (Cal. Gov. Code § 12900 et seq.)

### (Religious Plaintiffs vs. All Defendants)

365.    This paragraph sets forth conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 365.

366.    Defendant denies the allegations in Paragraph 366.

CCSF ANSWER
Lead Case No.: 4:22-cv-01587-JSW
CASE NO. 4:22-cv-07455-JSW
97953609v.4
145
n:\labor\li2023\230410\01710467.docx

367.    Defendant denies the allegations in Paragraph 367.

368.    Defendant denies the allegations in Paragraph 368.

369.    Defendant denies the allegations in Paragraph 369.

370.    Defendant denies the allegations in Paragraph 370.

371.    Defendant denies the allegations in Paragraph 371.

372.    Defendant denies the allegations in Paragraph 372.

373.    Defendant denies the allegations in Paragraph 373.

374.    Defendant denies the allegations in Paragraph 374.

375.    Defendant denies the allegations in Paragraph 375.

376.    Defendant denies the allegations in Paragraph 376.

377.    Defendant denies the allegations in Paragraph 377.

378.    Defendant denies the allegations in Paragraph 378.

## COUNT FIVE

### CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

### RELIGIOUS DISCRIMINATION – FAILURE TO ACCOMMODATE

### (Cal. Gov. Code § 12940(l))

### (Religious Plaintiffs vs. All Defendants)

379.    Paragraph 379 sets forth conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 379.

380.    This paragraph sets forth legal conclusions and questions of law to which no response is required. Defendant denies the remaining allegations in Paragraph 380.

381.    This paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 381.

382.    Defendant denies the allegations in Paragraph 382.

383.    Defendant denies the allegations in Paragraph 383.

384.    Defendant is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 384 of the Complaint and on that basis denies them.

385.    Defendant denies the allegations in Paragraph 385.

386.    Defendant denies the allegations in Paragraph 386.

387.    Defendant denies the allegations in Paragraph 387.

388.    Defendant denies the allegations in Paragraph 388.

389.    Defendant denies the allegations in Paragraph 389.

390.    Defendant denies the allegations in Paragraph 390.

391.    Defendant denies the allegations in Paragraph 391.

## <u>COUNT SIX</u>

### CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

### RETALIATION FOR RELIGIOUS CLAIMS

### (Cal. Gov. Code § 12940(h) et seq.)

### (Religious Plaintiffs vs. All Defendants)

392.    This paragraph sets forth conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 392.

393.    This paragraph sets forth legal conclusions and questions of law to which no response is required. Defendant denies the remaining allegations in Paragraph 393.

394.    Defendant denies the allegations in Paragraph 394.

395.    Defendant denies the allegations in Paragraph 395.

396.    Defendant denies the allegations in Paragraph 396.

397.    Defendant denies the allegations in Paragraph 397.

398.    Defendant denies the allegations in Paragraph 398.

399.    Defendant denies the allegations in Paragraph 399.

400.    Defendant denies the allegations in  Paragraph 400.

401.    Defendant denies the allegations in Paragraph 401.

CCSF ANSWER
Lead Case No.: 4:22-cv-01587-JSW
CASE NO. 4:22-cv-07455-JSW
97953609v.4
147
n:\labor\li2023\230410\01710467.docx

## COUNT SEVEN

## AMERICANS WITH DISABILITIES ACT

## DISCRIMINATION BASED ON PERCEIVED DISABILITY

## (42 U.S.C. § 12101, et seq.)

## (All Plaintiffs vs. All Defendants)

402.    This paragraph sets forth conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 402.

403.    This paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 403.

404.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 404 of the Complaint and on that basis denies them.

405.    Defendant denies the allegations in Paragraph 405.

406.    Defendant denies the allegations in Paragraph 406.

407.    Defendant denies the allegations in Paragraph 407.

408.    Defendant denies the allegations in Paragraph 408.

409.    Defendant denies the allegations in Paragraph 409.

410.    Defendant denies the allegations in Paragraph 410.

411.    Defendant denies the allegations in Paragraph 411.

412.    Defendant denies the allegations in Paragraph 412.

413.    Defendant denies the allegations in Paragraph 413.

414.    Defendant denies the allegations in Paragraph 414.

415.    Defendant denies the allegations in Paragraph 415.

## COUNT EIGHT

## AMERICANS WITH DISABILITIES ACT

## DISABILITY DISCRIMINATION – FAILURE TO ACCOMMODATE

## (42 U.S.C. § 12101, et seq.)

**(Medical Plaintiffs vs. All Defendants)**

416.    This paragraph sets forth conclusions to which no response is required. To the extent a response is required, Defendant denies all allegations in Paragraph 416.

417.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 417 of the Complaint and on that basis denies them.

418.    Defendant denies the allegations in Paragraph 418.

419.    Defendant denies the allegations in Paragraph 419.

420.    Defendant denies the allegations in Paragraph 420.

421.    Defendant denies the allegations in Paragraph 421.

422.    Defendant denies the allegations in Paragraph 422.

423.    Defendant denies the allegations in Paragraph 423.

424.    Defendant denies the allegations in Paragraph 424.

425.    Defendant denies the allegations in Paragraph 425.

426.    Defendant denies the allegations in Paragraph 426.

<u>COUNT NINE</u>

**AMERICANS WITH DISABILITIES ACT**

**RETALIATION FOR DISABILITY CLAIMS**

**(42 U.S.C. § 12101, et seq.)**

**(Medical Plaintiffs vs. All Defendants)**

427.    This paragraph sets forth conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 427.

428.    Defendant denies the allegations in Paragraph 428.

429.    Defendant denies the allegations in Paragraph 429.

430.    Defendant denies the allegations in Paragraph 430.

431.    Defendant denies the allegations in Paragraph 431.

432.    Defendant denies the allegations in Paragraph 432.

CCSF ANSWER
Lead Case No.: 4:22-cv-01587-JSW
CASE NO. 4:22-cv-07455-JSW
97953609v.4

149

n:\labor\li2023\230410\01710467.docx

1    433.    Defendant denies the allegations in Paragraph 433.

2    434.    Defendant denies the allegations in Paragraph 434.

3    435.    Defendant denies the allegations in Paragraph 435.

4    436.    Defendant denies the allegations in Paragraph 436.

5    437.    Defendant denies the allegations in Paragraph 437.

6    438.    Defendant denies the allegations in Paragraph 438.

7    439.    Defendant denies the allegations in Paragraph 439.

8                            **COUNT TEN**

9            **CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

10   **DISABILITY DISCRIMINATION – FAILURE TO ENGAGE IN INTERACTIVE**

11                             **PROCESS**

12                   **(Cal. Gov. Code § 12900 et seq.)**

13                  **(Medical Plaintiffs vs. All Defendants)**

14   440.    This paragraph sets forth conclusions to which no response is required. To the extent a

15   response is required, Defendant denies the allegations in Paragraph 440.

16   441.    Defendant denies the allegations in Paragraph 441.

17   442.    Defendant denies the allegations in Paragraph 442.

18   443.    Defendant denies the allegations in Paragraph 443.

19   444.    This paragraph sets forth legal conclusions and questions of law to which no response is

20   required. Defendant denies the remaining allegations in Paragraph 444.

21   445.    Defendant denies the allegations in Paragraph 445.

22   446.    Defendant denies the allegations in Paragraph 446.

23   447.    Defendant denies the allegations in Paragraph 447.

24   448.    Defendant denies the allegations in Paragraph 448.

25   449.    Defendant denies the allegations in Paragraph 449.

26   450.    Defendant denies the allegations in Paragraph 450.

27

28

451.    Defendant denies the allegations in Paragraph 451.

452.    Defendant denies the allegations ins Paragraph 452.

**COUNT ELEVEN**

**CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

**FAILURE TO ACCOMMODATE**

**(Cal. Gov. Code § 12900 et seq.)**

**(Medical Plaintiffs vs. All Defendants)**

453.    This paragraph sets forth conclusions to which no response is required. To the extent a response is required, Defendant denies all allegations in Paragraph 453.

454.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 454 of the Complaint and on that basis denies them.

455.    Defendant denies the allegations in Paragraph 455.

456.    Defendant deniesthe allegations in Paragraph 456.

457.    Defendant denies the allegations in Paragraph 457.

458.    Defendant denies the allegations in Paragraph 458.

459.    Defendant denies the allegations in Paragraph 459.

460.    Defendant denies the allegations in Paragraph 460.

461.    Defendant denies the allegations in Paragraph 461.

**COUNT TWELVE**

**CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

**RETALIATION FOR DISABILITY CLAIMS**

**(Cal. Gov. Code § 12900 et seq.)**

**(Medical Plaintiffs vs. All Defendants)**

462.    This paragraph sets forth conclusions to which no response is required. To the extent a response is required, Defendant denies all allegations in Paragraph 462.

463.    Defendant denies the allegations in Paragraph 463.

1   464.   Defendant denies the allegations in Paragraph 464.

2   465.   Defendant denies the allegations in Paragraph 465.

3   466.   Defendant denies the allegations in Paragraph 466.

4   467.   Defendant denies the allegations in Paragraph 467.

5   468.   Defendant denies the allegations in Paragraph 468.

6   469.   Defendant denies the allegations in Paragraph 469.

7   470.   Defendant denies the allegations in Paragraph 470.

8                           **COUNT THIRTEEN**

9         **CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

10        **FAILURE TO ACCOMMODATE PERCEIVED DISABILITY**

11               **(Cal. Gov. Code § 12900 et seq.)**

12               **(All Plaintiffs vs. All Defendants)**

13   471.   This paragraph sets forth conclusions to which no response is required. To the extent a

14   response is required, Defendant denies the allegations in Paragraph 471.

15   472.   This paragraph sets forth legal conclusions and questions of law to which no response is

16   required. To the extent a response is required, Defendant denies the allegations in Paragraph 472.

17   473.   This paragraph sets forth legal conclusions and questions of law to which no response is

18   required. To the extent a response is required, Defendant denies the allegations in Paragraph 473.

19   474.   Defendant is without knowledge or information sufficient to form a belief as to the truth

20   of the allegations in Paragraph 474 of the Complaint and on that basis denies them.

21   475.   Defendant denies the allegations in Paragraph 475.

22   476.   Defendant denies the allegations in Paragraph 476.

23   477.   Defendant denies the allegations in Paragraph 477.

24   478.   Defendant denies the allegations in Paragraph 478.

25   479.   Defendant denies the allegations in Paragraph 479.

26   480.   Defendant denies the allegations in Paragraph 480.

27

28

481.    Defendant denies the allegations in Paragraph 481.

482.    Defendant denies the allegations in Paragraph 482.

483.    Defendant denies the allegations in Paragraph 483.

484.    Defendant denies the allegations in Paragraph 484.

485.    Defendant denies the allegations in Paragraph 485.

## COUNT FOURTEEN

### HOSTILE WORK ENVIRONMENT / WORK ENVIRONMENT HARASSMENT

### (Gov. Code §§ 12923, 12940(j))

### (All Plaintiffs vs. All Defendants)

486.    This paragraph sets forth conclusions to which no response is required. To the extent a response is required, Defendant denies all allegations in Paragraph 486.

487.    Defendant denies the allegations in Paragraph 487.

488.    Defendant denies the allegations in Paragraph 488.

489.    Defendant denies the allegations in Paragraph 489.

490.    Defendant denies the allegations in Paragraph 490.

491.    Defendant denies the allegations in Paragraph 491.

## COUNT FIFTEEN

### VIOLATION OF THE FREE EXERCISE CLAUSE OF THE FIRST AMENDMENT OF

### THE U.S. CONSTITUTION

### (42 U.S.C. § 1983)

### (Religious Plaintiffs vs. All Defendants)

492.    This paragraph sets forth conclusions to which no response is required. To the extent a response is required, Defendant denies all allegations in Paragraph 492.

493.    This paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent a response is required, Defendant denies all allegations in Paragraph 493.

494.    Defendant denies the allegations in Paragraph 494..

495.    This paragraph sets forth legal conclusions and questions of law to which no response is required. Defendant denies the remaining allegations in Paragraph 495.

496.    Defendant denies the allegations in Paragraph 496.

497.    Defendant denies the allegations in Paragraph 497.

498.    Defendant denies the allegations in Paragraph 498.

499.    Defendant denies the allegations in Paragraph 499.

## COUNT SIXTEEN

## VIOLATION OF THE FREE EXERCISE CLAUSE OF THE CALIFORNIA CONSTITUTION

**(Article 1, Section 4)**

**(Religious Plaintiffs vs. All Defendants)**

500.    This paragraph sets forth conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 500.

501.    Paragraph 501 sets forth legal conclusions and questions of law to which no response is required.

502.    This paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent a response is required, Defendant denies all allegations in Paragraph 502.

503.    Defendant denies the allegations in Paragraph 503.

504.    Defendant denies the allegations in Paragraph 504.

## SEPARATE AND AFFIRMATIVE DEFENSES

Defendant hereby asserts the following separate and affirmative defenses to Plaintiffs' claims, without assuming the burden of proof on any issue for which Plaintiffs bear the burden of proof. Defendant further reserves the right to raise other defenses, affirmative or otherwise, that may become evident during discovery and during any other proceeding in this action. Defendant also reserves the right to amend and/or delete any affirmative defenses in the event that discovery indicates it may be appropriate to do so.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiffs fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

To the extent Plaintiffs' claims are based on acts that occurred prior to any applicable statute of limitations, Plaintiffs' claims are barred by applicable statutes of limitations, including but not limited to those set forth in 42 U.S.C. § 2000-e-5, 42 U.S.C. § 12117, California Code of Civil Procedure §§ 338, 340, 342, and 343, and California Government Code §§ 12960 and 12965.

### THIRD AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative and Contractual Remedies)

To the extent Plaintiffs failed to exhaust their administrative or contractual remedies and/or failed to comply with the procedural prerequisites prior to bringing some or all of their claims, the Court lacks subject matter jurisdiction over such claims or such claims are otherwise barred.

### FOURTH AFFIRMATIVE DEFENSE

### (Claim Presentation)

Plaintiffs' claims are barred to the extent they have failed to comply with the requirements of the California Government Claims Act as contained in California Government Code §§ 810, *et seq.*

### FIFTH AFFIRMATIVE DEFENSE

### (Undue Hardship)

Plaintiffs' claims related to failure to accommodate and/or engage in the interactive process are barred on the grounds that granting Plaintiffs' requests for accommodations from the COVID-19 Vaccination Policy would have posed an undue hardship on Defendant.

CCSF ANSWER
Lead Case No.: 4:22-cv-01587-JSW
CASE NO. 4:22-cv-07455-JSW
97953609v.4

155

n:\labor\li2023\230410\01710467.docx

1

## SIXTH AFFIRMATIVE DEFENSE

2

### (Reasonable Accommodations)

3      Plaintiffs' claims related to failure to accommodate and/or engage in the interactive process are

4  barred to the extent Plaintiffs' requested accommodations were not reasonable accommodations.

5

6

7

## SEVENTH AFFIRMATIVE DEFENSE

8

### (Direct Threat)

9      Plaintiffs' claims under the ADA are barred to the extent that Plaintiffs who sought medical

10  and/or disability-related exemptions from the COVID-19 Vaccination Policy were not qualified

11  individuals under the ADA, because they posed a direct threat to the workplace and no reasonable

12  accommodation would eliminate that threat.

13

## EIGHTH AFFIRMATIVE DEFENSE

14

### (Immunity, Qualified Immunity, and Privilege)

15      Defendant asserts the various absolute and qualified immunities conferred upon it, either directly

16  or indirectly, pursuant to the United States Constitution and the California Government Code and other

17  applicable provisions of law, including but not limited to those contained in Division 3.6 of Title 1 of the

18  California Government Code, such as agency immunity pursuant to Government Code §§ 815, 815.2,

19  818, 818.2, 818.8; immunity from liability for intentional torts pursuant to Government Code § 815.3;

20  discretionary immunity pursuant to Government Code § 820.2; prosecutorial immunity pursuant to

21  Government Code § 821.6; and other immunities pursuant to Government Code §§ 820.4 and 820.8, the

22  United States Constitution, and the common and statutory law of the United States and the State of

23  California.

24

## NINTH AFFIRMATIVE DEFENSE

25

### (No Ratification)

26      To the extent Plaintiffs allege that any of Defendant's employees acted in an improper or illegal

27

28

CCSF ANSWER
Lead Case No.: 4:22-cv-01587-JSW
CASE NO. 4:22-cv-07455-JSW
97953609v.4

156

n:\labor\li2023\230410\01710467.docx

manner, such conduct, if it occurred, was outside the course and scope of their employment, was not authorized, ratified, or condoned by Defendant, and was undertaken without the knowledge or consent of Defendant. Thus, Defendant is not liable for any such conduct, whether under the doctrine of *respondeat superior*, agency, or otherwise, if it occurred.

## TENTH AFFIRMATIVE DEFENSE

### (Legitimate Non-Discriminatory Reasons for Employment Decision)

Plaintiffs' claims are not actionable because the employment practices and/or decisions challenged in the Complaint are justified by legitimate, non-discriminatory reasons.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Same Decision)

Defendant avers that even if some impermissible motive were a factor in any employment decision(s) concerning any Plaintiff, a claim that Defendant expressly denies, the same decision(s) would have been reached for legitimate business reasons.

## TWELTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Without conceding that Plaintiffs have suffered any damages as a result of the purportedly wrongful acts of Defendant, Plaintiffs have failed to mitigate their damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

To the extent applicable, Plaintiffs' claims may be barred, in whole or in part, by various equitable doctrines, including the doctrines of laches, estoppel, waiver, unclean hands, collateral estoppel, and/or res judicata.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Privileged Communication)

At all times and places alleged in the Complaint, Defendant's actions were privileged, including but not limited to that described in California Civil Code § 47, and/or justified under applicable law.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Preemption)**

Plaintiffs' claims are preempted in whole or in part by Section 301 of the Labor Management Relations Act (29 U.S.C. section 185(a)) to the extent that the resolution of such claims depends on interpretation of provisions of any and all collective bargaining agreements, side letters, or national agreements between Defendant and any labor organization.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(After Acquired Evidence)**

Plaintiffs' causes of action are barred and/or their claims for damages are limited to the extent they engaged in any fraud or misconduct of which Defendant was unaware until after Plaintiffs filed suit, and which, if known, would have caused Plaintiffs, or any of them, to be terminated or not hired in the first place.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Exclusive Remedy)**

The exclusive remedy for Plaintiffs' claims for damages for mental and/or emotional and/or physical injuries arising out of their employment is provided by the California Workers' Compensation Act, California Labor Code sections 3200, *et seq.*

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Participate in Interactive Process)**

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs failed to participate in good faith, or at all, in an interactive process with Defendant regarding their purported need for a reasonable accommodation.

**NINTEENTH AFFIRMATIVE DEFENSE**

**(Unable to Perform Essential Duties)**

CCSF ANSWER
Lead Case No.: 4:22-cv-01587-JSW
CASE NO. 4:22-cv-07455-JSW
97953609v.4

158

n:\labor\li2023\230410\01710467.docx

Plaintiffs' claims are barred in whole or in part, to the extent that Plaintiffs, because of a disability and/or medical condition, were unable to perform the essential duties of their positions with or without reasonable accommodations.

### TWENTIETH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

Plaintiffs cannot recover punitive damages against Defendant under Section 818 of the California Government Code.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Set-Off/Prior Recoveries)

If Plaintiffs are entitled to any recovery, which Defendant denies, Defendant is entitled to set off any prior recoveries, compensation, or benefits Plaintiffs may have received in connection with the injuries or claims identified in this case and/or any collateral sources, including but not limited to reduction of Plaintiffs' recovery as provided for by California Government Code § 985.

### RESERVATION OF RIGHTS

Defendant reserves the right to raise additional defenses as may be discovered during the course of these proceedings. Defendant joins Plaintiffs in their request for a jury trial.

**WHEREFORE**, Defendant denies that Plaintiffs are entitled to any injunctive, declaratory, and compensatory or monetary relief requested in their Prayer for Relief and Defendant prays for judgment as follows:

1.   That judgment be awarded for Defendant;

2.   That Plaintiffs' prayer for monetary damages and equitable relief be denied'

3.   That Plaintiffs take nothing by this action;

4.   That Defendant be awarded its costs of suit; and

5.   That the Court order such other and further relief for Defendant as the Court may deem just and proper.

1

2    Dated: October 11, 2023

3                                          DAVID CHIU
                                           City Attorney
4                                          JONATHAN C. ROLNICK
                                           LAUREN E. WOOD
5                                          ADAM SHAPIRO
                                           Deputy City Attorneys
6

7                                   By: */s/ Lauren E. Wood*
                                           LAUREN E. WOOD
8
                                           Attorneys for Defendant
9                                          CITY AND COUNTY OF SAN FRANCISCO

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28