UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELINA KEENE, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>　　　　Defendants. | Case No. 22-cv-01587-JSW<br><br>**ORDER DENYING MOTION TO ENTER ORDER**<br><br>Re: Dkt. Nos. 82, 190 |

On September 23, 2022, this Court entered an order denying Plaintiffs' motion for a preliminary injunction. On May 15, 2023, the Ninth Circuit reversed and remanded. Now before the Court is Plaintiffs' motion to enter an order "consistent with the Ninth Circuit's Memorandum on remand." (Dkt. No. 82, Brief at 3.)

The appellate court ordered this Court to reassess its prior order denying an injunction on several grounds. *Keene v. City and County of San Francisco*, 2023 WL 3451687 (9th Cir. 2023). First, the Ninth Circuit found that this Court erroneously concluded that there was insufficient evidence in the record to determine that Plaintiffs' religious beliefs were sincere and erred in its finding that Plaintiffs would therefore likely not succeed on the merits of their claims. The Ninth Circuit found that the record established that Plaintiffs were Christians who believe in the sanctity of life and opposed the vaccines on, among other things, the basis that tests of vaccine efficiency

started with fetal cells from elective abortions. On this premise, the Ninth Circuit determined that "COVID-19 vaccines are, albeit remotely, 'derived' from aborted fetal cell lines." *Id*. at *2. Plaintiffs have since testified that their decision not to take the vaccines was based on more than their religious beliefs in the sanctity of life and their opposition to abortion. Plaintiffs have testified that, in addition to their religious position, they also believe the vaccine to be dangerous, insufficiently tested, and ultimately ineffective.

Second, the Ninth Circuit found that, in its holding that Plaintiffs had suffered no irreparable harm, this Court failed to address Plaintiffs' arguments that they had lost the opportunity to pursue their "chosen profession." *Id*. Finally, the appellate court remanded for the purpose of having this Court extend its analysis of the balance of equities and the public interest. Because this Court finds that Plaintiffs have failed to meet their burden to demonstrate they suffered irreparable harm or that the balance of equities tilts in their favor, the Court again DENIES Plaintiffs' motion for a preliminary injunction.

## ANALYSIS

**A. Legal Standard for Preliminary Injunction.**

A party seeking a preliminary injunction must establish (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm absent preliminary relief; (3) the balance of equities tips in the movant's favor; and (4) the injunction is in the public interest. *All. For the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (citing *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008)). "When the government is a party," the third and fourth factors "merge." *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014) (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)). The first two factors are the most important. *Nken*, 556 U.S. at 434. Here, the Court finds that the second factor is dispositive.

A preliminary injunction is an extraordinary form of relief, particularly where the injunction sought is mandatory. Unlike a prohibitory injunction, a mandatory injunction goes "beyond the status quo pending litigation" and "orders a responsible party to take action." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) (internal quotation marks omitted). In general, mandatory injunctions are not granted unless extreme or

1   very serious damage will result and are not issued in doubtful cases or where the injury

2   complained of is capable of compensation in damages." *Id.* (internal quotation marks omitted).

3   **B. Irreparable Harm.**

4   A plaintiff seeking preliminary injunctive relief must demonstrate they would likely suffer

5   irreparable harm in the absence of preliminary relief. *Winter*, 555 U.S. at 20; *see also Caribbean*

6   *Marine Servs. v. Baldrige*, 844 F.3d 668, 674 (9th Cir. 1988) ("At a minimum, a plaintiff seeking

7   preliminary injunctive relief must demonstrate that it will be exposed to irreparable harm.")

8   Irreparable harm is "harm for which there is no adequate legal remedy, such as an award of

9   damages." *Ariz. Dream Act Coal v. Brewer*, 757 F.3d 1053, 1068 (9th Cir. 2014) (citation

10  omitted). Although loss of one's profession may, under certain circumstances constitute

11  irreparable harm, the mere loss of employment does not, in and of itself, constitute a harm that is

12  irreparable.

13  "In the employment context, discharge and its associated consequences do not ordinarily

14  constitute irreparable harm, no matter how 'severely they may affect a particular individual.'"

15  *O'Hailpin v. Hawaiian Airlines, Inc.*, 583 F. Supp. 3d 1294, 1302 (D. Haw. 2022) (citing *Sampson*

16  *v. Murray*, 415 U.S. 61, 92 n.68 (1974)). "'[E]xternal factors common to most discharged

17  employees,' such as insufficient savings or difficulties obtaining other employment, do 'not

18  support a finding of irreparable injury.'" *Id.* Injunctive relief should be reserved for "genuinely

19  extraordinary situation[s]." *Id.* "This is because '[m]ere injuries, however substantial, in terms of

20  money, time and energy … are not enough. The possibility that adequate compensatory or other

21  corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily

22  against a claim of irreparable harm.'" *Id.* (citing *Sampson*, 415 U.S. at 90). The Court finds that

23  loss of employment is not an irreparable injury because it is fully compensable by monetary

24  damages.

25  The Court has reviewed many cases involving vaccine policies in which courts have found

26  that loss of employment is not irreparable harm and finds their reasoning persuasive. In response

27  to the argument that employees would face irreparable harm if they were forced to choose between

28  maintaining their employment or taking a vaccine they do not want, this Court found that "[t]he

3

vast majority of courts to have considered this issue have concluded that such a choice does not constitute irreparable harm." *Plata v. Newsom*, No. 01-cv-01351-JST, 2021 WL 5410608, at *3 (N.D. Cal. Nov. 17, 2021) (citing *Smith v. Biden*, No. 1:21-cv-19457, 2021 WL 5195688, at *8 (D.N.J. Nov. 8, 2021) ("To date, every court that has considered the allegation that the potential loss of employment due to an employee's decision not to comply with an employer's COVID-19 vaccine mandate constitutes irreparable harm has rejected it."); *Bauer v. Summey*, 568 F. Supp. 3d 573, 604 (D.S.C. Oct. 21, 2021) (rejecting plaintiffs' assertion of irreparable harm where plaintiffs argued that the challenged policies "leave them effectively two options: receive the COVID-19 vaccine and give up their constitutionally protected rights to bodily autonomy and privacy, or refuse to receive the COVID-19 vaccine and risk losing their jobs, a constitutionally protected property interest."); *Mass. Corr. Officers Federated Union v. Baker*, 576 F. Supp. 3d 315, 327 (D. Mass. 2021) ("While Plaintiffs' members may suffer the harm of losing employment, it is well settled that the loss of employment is not considered irreparable harm for the purposes of an injunction."); *Beckerich v. St. Elizabeth Med. Ctr.*, 563 F. Supp. 3d 633, 644 (E.D. Ky. 2021) (finding no irreparable harm where "Plaintiffs are choosing whether to comply with a condition of employment, or to deal with the potential consequences of that choice")).

"[I]nsufficiency of savings or difficulties in immediately obtaining other employment – external factors common to most discharged employees and not attributable to any unusual actions relating to the discharge itself – will not support a finding of irreparable injury, however severely they may affect a particular individual." *Sampson*, 415 U.S. at 92 n.68. Although the damages sustained by any particular individual plaintiff may be challenging, the Court finds that the harms are not irreparable "because these harms are common to loss of employment cases and are not extraordinary, or are reparable, [therefore] injunctive relief is unwarranted." *Id.* "Deprivation of income (both in the form of wages and of benefits) is a quintessential pocketbook injury, which money damages can remedy." *Together Employees v. Mass. General Brigham Inc.*, 32 F.4th 82, 86 (1st Cir. 2022).

The Court is not convinced by Plaintiffs' attempt to reframe their harm as loss of career as opposed to loss of employment. There is no evidence in the record indicating that Plaintiffs are

4

1  unable to find work in their chosen profession.  Plaintiffs' testimony indicates that they desire
2  employment in the field of helping people in need.  (*See, e.g.,* Dkt. No. 19-3 at ¶ 2; Dkt. No. 19-4
3  at ¶ 3; *see also* Dkt. No. 129-5, Ex. 1 at 24:8-25:11 (Fountila Depo); Ex. 2 at 18:17-19:4 (Keene
4  Depo).)  However, that desire is not necessarily tied exclusively to their jobs with the City.  Both
5  Plaintiffs testified that they had their desire to help people fully realized in other positions they
6  have held.  (*See* Dkt. No. 129-5, Ex. 1 at 25:14-27:1, 27:15-28:1; Ex. 2 at 23:18-25:23.)  Both
7  Plaintiffs live in Contra Costa County which has a Human Services Agency that engages in the
8  same kind of outreach that they engaged in while working for the City.

The cases cited by Plaintiffs and mentioned by the Ninth Circuit on remand are distinguishable as they concern harms based on unique circumstances where the plaintiff was unable to retain other employment or was barred completely from her chosen profession.  *See Chalk v. U.S. Dist. Ct. Central Dist. of Cal.*, 840 F.2d 701, 709-10 (9th Cir. 1988) (involving the unique circumstance of reinstatement of an employee with only a few precious months to live); *see also Enyart v. Nat'l Conf. of Bar Examiners, Inc.*, 630 F.3d 1153, 1165-66 (9th Cir. 2011) (denial of accommodations for the California bar exam would preclude plaintiff from the practice of law altogether).  This case is readily distinguishable from these cases in which the harm was loss of a chance at a certain profession.  Rather, any harm resulting from Plaintiffs' loss of employment is common to all similar cases and do not constitute irreparable harm necessary for injunctive relief.  Having found that any potential injury Plaintiffs may have suffered is compensable with money damages, the Court finds the element of irreparable damages lacking. Accordingly, injunctive relief is not available.

**C. Balance of Equities.**

Even if the Court were to find that Plaintiffs could face some irreparable harm, the Court finds that the balance of hardships and the public interest would weigh in favor of denial of a preliminary injunction.

In its remand order, the Ninth Circuit also instructed this Court to extend its analysis of the balance of equities.  *Keene*, 2023 WL 3451687, at *3 (citing *Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 68 (2020)).  The Court finds that Plaintiffs have failed to establish that

5

the balance of harms weighs in their favor or that granting injunctive relief would not be adverse to the public interest. The injury sustained by Plaintiffs – an alleged abrogation of their religious freedom resulting in loss of employment and financial injuries – does not outweigh the possible damage – increased COVID-19 spread to the community leading to sickness, hospitalizations, and death. *See, e.g., Bruesewitz v. Wyeth* LLC, 562 U.S. 223, 226 (2011) (describing "the elimination of communicable diseases through vaccination" as "one of the greatest achievements of public health in the 20th century"); *see also Bauer*, 568 F. Supp. 3d at 605-06 (finding that the balance of equities favors the strong public interest of combatting the spread of COVID-19 over the relief from vaccine mandate); *see also Valdez v. Grisham*, 559 F. Supp. 3d 1161, 1182-83 (D.N.M. 2021), *aff'd*, No. 21-2105, 2022 WL 2129071 (10th Cir. 2022) (holding that plaintiffs who refused to get the COVID-19 vaccine as mandated by their employer had failed to establish that the balance of harm weighs in their favor or that granting the requested injunction would not be adverse to the public interest). While Plaintiffs here may remain unvaccinated at their own risk and in accordance with their religious convictions, the balance of equities and the public interest do not require the City to allow its employees to spread that risk to their workplace or to the communities they serve.

It is clear from the record that the City's vaccination mandate was designed to promote the health and safety of the City's workers and clients. The "'right to practice religion freely' … [is not] 'beyond regulation in the public interest,' including regulation aimed at reducing the risk of 'expos[ing] the community … to communicable disease." *Doe v. San Diego Unified School Dist*, 19 F.4th 1173, 1182 (9th Cir. 2021) (citing *Prince v. Massachusetts*, 321 U.S. 158, 166-67 (1944)). This case presents "the classic dilemma of balancing an individual's rights with the collective interest in health, safety, and security. The tension between these interests makes for difficult choices. Even if this is the pertinent question, it is perhaps worth remembering the familiar aphorism that one's civil liberties can only extend so far as they do not harm others." *Short v. Berger*, 593 F. Supp. 3d 944, 956-57 (C.D. Cal. 2022). "The right to practice religion freely does not include liberty to expose the community or the child to communicable disease or the latter to ill health or death." *Prince v. Massachusetts*, 321 U.S. 158, 166-67 (1944.) "[I]t is …

true that in every well-ordered society charged with the duty of conserving the safety of its members the rights of the individual in respect of his liberty may at times, under the pressure of great dangers, be subjected to some restraint, to be enforced by reasonable regulations, as the safety of the general public may demand." *Jacobson v. Commonwealth of Massachusetts*, 197 U.S. 11, 29 (1905).

## CONCLUSION

The Court finds that Plaintiffs have again failed to carry their burden to establish that they will suffer irreparable harm or that the public interest weighs in their favor. The Court finds that the requested injunction would be adverse to the public interest and again DENIES Plaintiffs' motion for preliminary injunctive relief.[1]

**IT IS SO ORDERED.**

Dated: February 21, 2024

_____
JEFFREY S. WHITE
United States District Judge

---

[1] In light of this ruling, Plaintiffs' request for an expedited status conference is DENIED as moot. (Dkt. No. 190.)

7