UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| SELINA KEENE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>    Defendants. | Case No.  22-cv-01587-JSW (RMI)<br><br>**ORDER RE: PLAINTIFF COOK'S MOTION TO COMPEL**<br><br>Re: Dkt. No. 222 |

Now pending before the court is a jointly-filed letter brief setting forth a discovery dispute which boils down to Plaintiff Cook's request to compel certain discovery. *See* Ltr. Br. (dkt. 222) at 2-3. Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the court finds the matter suitable for disposition without oral argument.

Through Requests for Admission ("RFA") Nos. 4 and 5, Plaintiff Cook seeks admissions or denials – from Defendant City and County of San Francisco – regarding a changed published definition by the non-party Centers for Disease Control and Prevention ("CDC") for the term "vaccine," and regarding whether or not the only Covid-19 vaccine for which the non-party Food and Drug Administration ("FDA") has granted a particular type of license is the mRNA vaccine manufactured by BioNTech. *See id*. at 10. Defendant responded, *inter alia*, that the information sought is not within its possession or personal knowledge and also that the information sought is publicly available. *Id*. at 10-11. Plaintiff Cook nevertheless insists on securing admissions or denials from the City and County of San Francisco regarding a definition change by the CDC and a licensing decision by the FDA and maintains that because "[t]he discovery laws require that the responding party do more than have a distracted, multi-tasking lawyer write a flippant and answer

. . . Mr. Cook's final position is that he demands compliance with the discover (sic) laws." *Id*. at 2-3. At bottom, the court agrees with Defendant that "those requests sought information that one reasonably would not expect the City and County of San Francisco to possess." *Id*. at 3. Accordingly, Plaintiff Cook's objections are **OVERRULED** and his request to compel this information is **DENIED**.

Through Interrogatory ("ROG") Nos. 3-7, Plaintiff Cook seeks further responses to questions such as asking the Defendant City and County of San Francisco: to state the basis for its contention (if any) that the Pfizer BioNTech vaccine is safe and effective; and, to state the factual basis for the contention (if any) that unvaccinated individuals are more likely to become infected by the SARS-CoV-2 virus, to spread the pathogen, and to become seriously ill and die. *Id*. at 15-19. Defendant City and County of San Francisco has responded, *inter alia*, to the effect that these ROGs call for expert opinion, misstate and assume facts, and lack foundation. *Id*. at 15-19. Additionally, Defendant City and County of San Francisco added that it relied on the publicly available findings of a number of sources, including but not limited to the FDA, the CDC, the California Department of Public Health ("CDPH"), the World Health Organization ("WHO"), and the San Francisco County Health Officer, as a basis for the contentions identified by Plaintiff Cook's ROGS. *See id*. Plaintiff Cook suggests that Defendant's responses are boilerplate, and that Defendant City and County of San Francisco has interpreted the ROGs too narrowly (*i.e.*, that the responses are focused on the contentions in light of Plaintiff Cook's religious objection, rather than being based on Defendant City and County of San Francisco's overall "contentions in this case.). *Id*. at 2. The court finds Plaintiff Cook's arguments to be without merit, thus his objections are **OVERRULED** and his request to compel further response to the ROGs in question is **DENIED**.

As to Plaintiff Cook's inspection demand – he demands that certain documents be tendered to him on a flash drive. *Id*. at 2. Because Defendant City and County of San Francisco has already agreed (*see id*. at 5) to provide documents to Plaintiff Cook in his requested format (*i.e.*, on a flash drive), Plaintiff Cook's request is **DENIED as moot**. Plaintiff Cook also lodges an objection to the responses he received in response to his Requests for Production ("RFP") Nos. 4 and 5. *Id*. at

2

3. Through these two wildly overbroad requests, Plaintiff Cook seeks "*all* documents" that would substantiate the belief that COVID-19's clinical consequences would ever be more serious than those of a severe seasonal influenza, and "*all* documents" that were considered in issuing the Order of Health Officer No. C-19-07y. *Id*. at 25-26. Defendant City and County of San Francisco's responses included, among many other objections, certain assertions of privilege. *See id*. Plaintiff complains that he did not receive a privilege log, however, the privilege assertions were clearly identified and specified in the responses. *See id*. at 3, 25-26. Having reviewed the RFPs, and the responses thereto, the court finds that the responses are appropriate. Plaintiff Cook's objections are, therefore, **OVERRULED** and his request to compel is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 18, 2024

ROBERT M. ILLMAN
United States Magistrate Judge