MICHAEL BRUNO (SBN: 166805)
ALYSON CABRERA (SBN: 222717)
MANA KOLEINI (SBN: 304381)
PAMELA NG (SBN: 273036)
GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054
mbruno@grsm.com
acabrera@grsm.com
mkoleini@grsm.com
png@grsm.com

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELINA KEENE MELODY FONTILA, MARK MCCLURE,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; DOES 1-100,<br><br>Defendants. | CASE NO.: 22-cv-01587-JSW<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO ENTER ORDER PURSUANT TO THE NINTH CIRCUIT'S MANDATE**<br><br>Date: May 2, 2025<br>Time: 9:00 AM<br>Judge: The Honorable Jeffrey S. White |

## I. INTRODUCTION

This matter is regarding Plaintiffs' Motion for Preliminary Injunction against the City and County of San Francisco ("CCSF"). On February 21, 2024, the Ninth Circuit issued a Mandate, stating that the judgment it entered on January 30, 2025, "takes effect this date." The Ninth Circuit's January 30, 2025, memorandum disposition stated: "Accordingly, we reverse the district court's denial of the preliminary injunction and remand with directions to the district

1  court to grant the preliminary injunctive relief consistent with this memorandum disposition."

2  The preliminary injunctive relief granted by the Ninth Circuit, and the only relief ever
3  sought by Plaintiffs was reinstatement. Yet Plaintiffs' Motion to Enter Order Pursuant to the
4  Ninth Circuit's Mandate seeks a litany of relief that they never requested before and that the
5  Ninth Circuit never granted.

## II. FACTUAL BACKGROUND

7  On May 23, 2022, Plaintiffs filed a Motion for Preliminary Injunction asking this Court
8  to grant their motion "either by mandating that CCSF accommodate Plaintiffs by requiring them
9  to wear masks, test often, and wear PPE, or by mandating that CCSF allow Plaintiffs to
10 telecommute to work, just as they did during the height of the pandemic." (Dkt. #19 at page 10,
11 lines 10-14).

12 On June 11, 2022, Plaintiffs filed a Reply to Opposition to Motion for Preliminary
13 Injunction and stated: "The Court should grant the Plaintiffs' Motion and mandate that CCSF
14 accommodate the Plaintiffs by allowing them either to work remotely or to wear PPE at work
15 and to test often. Either solution will cost CCSF virtually nothing." (Dkt. #23 at page 5, lines
16 18-22).

17 On November 8, 2022, Plaintiffs filed an Appellate Opening Brief stating: "For the above
18 reasons, this Court should overrule the District Court and mandate that Appellee restore
19 Appellants to their former positions." (Case No. 22-16567; Dkt. #7 at page 23, paragraph 1).

20 On December 30, 2022, Appellants filed a Reply brief and said, "The preliminary
21 injunction sought below was based on restoring the Appellants' careers. **No damages were**
22 **sought.**" (Case No. 22-16567; Dkt. #23 at page 8, paragraph 2).

23 On April 22, 2024, Appellants filed another Opening Brief and wrote:

24 "Appellants Keene and Fountila filed their complaint on March 14, 2022 (3- ER-487) and
25 filed a motion for preliminary injunction on May 23, 2022, mandating that Appellate, City and
26 County of San Francisco (CCSF), accommodate them by requiring them to wear masks, test
27 often, and wear PPE, or by mandating that CCSF allow Appellants to telecommute to work just
28 as they did during the height of the pandemic." (Case No. 22-16567; Dkt. #7 at page 3,

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

1   paragraph 2).

2   "Given that it is common knowledge that CCSF has vacated its vaccine mandate it makes
3   even less sense to not reemploy the Appellants. 2-ER-103, at fn. 2. Due to CCSF's change in
4   vaccine requirement for its workers, Appellants can be restored to their former positions, thereby
5   allowing them to restart their careers."  (Case No. 24-1574; Dkt. #7 at page 13, paragraph 1).

6   On June 10, 2024, Appellants filed a Reply Brief stating as follows:

7   "CCSF has abandoned the mandate, i.e., the mandate is no longer in effect. 2-ER-103, fn
8   2. It is now even more imperative that Keene and Fountila are rehired immediately because the
9   excuse of not being vaccinated no longer applies." (Case No. 24-1574; Dkt. #16 at page 12,
10  paragraph 2).

11  "The Government herein has denied the Title VII rights of Keene and Fountila and that
12  constitutes irreparable harm. Wherefore this Court should overrule the district court and restore
13  Keene and Fountila to their careers." (Case No. 24-1574; Dkt. #16 at page 22, paragraph 3).

14  On January 30, 2025, the Ninth Circuit ordered that Plaintiffs' request for injunctive relief
15  should be granted.  As demonstrated above, the only relief ever requested by Plaintiffs was to
16  be rehired.

17  Plaintiffs' Proposed Order, filed on March 24, 2025, asks this Court to make findings that
18  are completely inconsistent with Plaintiffs' prior requests for injunctive relief and with the Ninth
19  Circuit's Mandate.  These findings include that Plaintiffs should be paid their lost back wages,
20  receive service credit, and be paid interest on all sums due.

21  ### III. ARGUMENT

22   Pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure, the Ninth Circuit
23  issued a Mandate to give effect to its January 30, 2025, memorandum disposition.  Pursuant to
24  the Mandate and FRCP 65, this Court cannot describe the acts that are required by CCSF to the
25  extent those acts were not mandated by the Ninth Circuit.  The rule of mandate provides that
26  any "district court that has received the mandate of an appellate court cannot vary or examine
27  that mandate for any purpose other than executing it." (*Hall v. City of Los Angeles*, 697 F.3d
28  1059, 1067 (9th Cir. 2012).)  The only relief Plaintiffs ever requested, and the only thing the

1  Ninth Circuit granted was that Plaintiffs be rehired by CCSF. In fact, Plaintiffs specifically
2  stated they were not seeking monetary damages. Plaintiff's Proposed Order in support of its
3  Motion to Enter Order Pursuant to the Ninth Circuit's Mandate asks this Court to make findings
4  that were never before requested by Plaintiffs and not contemplated by the Ninth Circuit's
5  disposition, including that Plaintiffs possessed genuine religious beliefs which conflicted with
6  taking the COVID-19 vaccine, should be paid their lost back wages, should receive restored
7  benefits, and should get service credit.

## IV. CONCLUSION

For the foregoing reasons, the Court should issue an order consistent with the Ninth Circuit's decision and simply order that CCSF rehire Plaintiffs.

Dated: April 4, 2025                    GORDON REES SCULLY MANSUKHANI, LLP

By:_____

Mana Koleini

Attorneys for Defendants