Russell Davis (SBN 177959)
PACIFIC JUSTICE INSTITUTE
29 Lakewood Ave.
San Francisco, CA 94127
Tel. (415) 310-6575
rdavis@pji.org

*Attorney for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELINA KEENE, MELODY FOUNTILA, MARK MCCLURE,<br><br>         Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO; DOES 1-100,<br><br>         Defendants. | Case No.: 4:22-cv-01587-JSW<br><br>**REPLY TO OPPOSITION TO PLAINTIFFS' MOTION TO ENTER AN ORDER PURSUANT TO THE NINTH CIRCUIT'S MANDATE**<br><br>Date: May 2, 2025<br>Time: 9:00 AM<br>Judge: The Honorable Jeffrey S. White |

REPLY TO OPPOSITION TO PLAINTIFFS' MOTION TO ENTER AN ORDER
PURSUANT TO THE NINTH CIRCUIT'S MEMORANDUM

### I. Defendant has misrepresented the Ninth Circuit's Order.

The Defendant has left out the most important part of the Ninth Circuit's order. That part is quoted below:

> Given that the equitable purpose of a preliminary injunction is to preserve the "status quo ante litem," relief is warranted here. *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000) (noting that "status quo ante litem refers not simply to any situation before the filing of a lawsuit, but instead to 'the last uncontested status which preceded the pending controversy'" (quoting *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963))).
> Accordingly, we reverse the district court's denial of the preliminary injunction and remand with directions to the district court to grant the preliminary injunctive relief consistent with this memorandum disposition.

This litigation was filed on March 14, 2022, more than three years ago. The last uncontested status which preceded this litigation was full employment for both Plaintiffs. By order of the Ninth Circuit, both Plaintiffs have been restored to their employment status as of March 14, 2022. It is obvious that they would have collected three years of pay from that point to the present. Otherwise, there would be no difference in being restored at present compared with being restored as of three years ago.

### II. Back pay herein is not compensatory damages.

Back pay and compensatory damages are different. Back pay includes "[t]he wages or salary that an employee should have received but did not because of an employer's unlawful action . . . ." Black's Law Dictionary 166 (10th ed. 2014). "Compensatory damages may include future pecuniary losses, emotional damages, suffering, inconvenience, mental distress, hedonic losses, and other nonpecuniary losses." *Howe v. City of Akron*, 801 F.3d 718 (6th Cir. Sept. 17, 2015) (citing *Reeb v. Ohio Dep't of Rehabilitation & Corr.*, 435 F.3d 639, 646 (6th Cir. 2006)). Because the Ninth Circuit's ruling restored the Plaintiffs status quo ante litem, their back pay is not considered compensatory damages.

This above framework requires a court to define "back pay" and "front pay" and to distinguish these concepts from "compensatory damages" for purposes of Title VII. Back pay and front pay are equitable remedies, not subject to statutory caps because ***they are not part of the***

REPLY TO OPPOSITION TO PLAINTIFFS' MOTION TO ENTER AN ORDER
PURSUANT TO THE NINTH CIRCUIT'S MEMORANDUM

1

*legal remedy of compensatory damages under Title VII*. "An award of back pay compensates plaintiffs for lost wages and benefits between the time of the discharge and the [Ninth Circuit's order]." *Johnson v. Spencer Press of Maine, Inc*., 364 F.3d 368, 379 (1st Cir. 2004). Both back pay and reinstatement are authorized under 42 U.S.C. § 2000e-5(g)(1). *Karthauser v. Columbia 9-1-1 Communs. Dist*., No. 3:20-cv-127-SI, 2023 U.S. Dist. LEXIS 11738 (D. Or. Jan. 24, 2023).

### Conclusion

The Ninth Circuit's Order requires that Plaintiffs be restored to their "status quo ante litem." That necessarily means that Plaintiffs get back pay from the date they were constructively fired until the day they are reinstated. It also means that Plaintiffs are to be restored to everything they would have gotten over the last three years, i.e., (1) the payment of lost back wages due to each Plaintiff will include all raises to which they were otherwise entitled to; (2) additional years of service credit added to their pension plans, with the Defendant to make all payments to the Plaintiffs' pension plans necessary to adjust for the deficiencies therein suffered from the date of their coerced termination to the date of their reinstatement; (3) Plaintiffs to be restored to all expended vacation, sick, and "comp" time lost as a proximate result of all adverse actions against them related to their firing; (4) Plaintiffs to be paid interest on all sums due hereunder according to statute; and (5) Plaintiffs to be restored to full seniority. The above remedy is subject to deduction for "mitigation of damages."

Respectfully submitted this 7th day of April 2025,

/s/ Russell Davis
Russel Davis

*Attorney for Plaintiffs*

REPLY TO OPPOSITION TO PLAINTIFFS' MOTION TO ENTER AN ORDER PURSUANT TO THE NINTH CIRCUIT'S MEMORANDUM
2