UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELINA KEENE, MELODY FOUNTILA, and MARK MCCLURE,<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO; DOES 1-100,<br><br>Defendants. | Case No. 22-cv-01587-JSW<br><br>**ORDER GRANTING IN PART MOTION TO ENTER ORDER PURSUANT TO NINTH CIRCUIT MANDATE AND REQUIRING FURTHER BRIEFING**<br><br>Re: Dkt. No. 248 |

Now before the Court is Plaintiffs' motion to enter an order pursuant to Federal Rule of Civil Procedure 65(d) regarding the mandate issued by the Ninth Circuit Court of Appeals in this matter. On January 30, 2025, the Ninth Circuit entered a Memorandum Disposition ("Remand Order") which determined that this Court wrongly denied Plaintiffs' motion for a preliminary injunction and remanded to this Court with further instructions. (Dkt. No. 242.) On February 21, 2025, the Ninth Circuit issued its Mandate stating that the judgment it had earlier entered "takes effect this date." (Dkt. No. 243.) On March 24, 2025, Plaintiffs filed a motion to enter an order pursuant to the Ninth Circuit's Remand Order and Mandate. (Dkt. No. 248.) Although scantily briefed, the motion is now ripe for consideration. The Court GRANTS the motion in part and orders reinstatement of Plaintiffs to their former positions and ORDERS further briefing on the issue of additional measures of damages now sought by Plaintiffs. The hearing date of May 2, 2025, is HEREBY VACATED.

The Remand Order reversed this Court's denial of the Plaintiffs' motion for a preliminary injunction and remanded with directions to this Court to grant preliminary injunctive relief "consistent with this memorandum disposition." The Order provides:

> Given that the equitable purpose of a preliminary injunction is to preserve the "status quo ante litem," relief is warranted here. *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000) (noting that "status quo ante litem refers not simply to any situation before the filing of a lawsuit, but instead to 'the last uncontested status which preceded the pending controversy.'" (quoting *Tanner Motor Livery, Ltd. v. Avis, Inc*, 316 F.2d 804, 809 (9th Cir 1963))).
>
> Accordingly, we reverse the district court's denial of the preliminary injunction and remand with direction to the district court to grant the preliminary injunctive relief consistent with the memorandum disposition.

(Order at 11.)

It is clear from the parties' briefing that they agree that the Mandate requires this Court to order Defendant to restore Plaintiffs to their former positions. Accordingly, the Court GRANTS the motion in part and ORDERS Defendant forthwith to reinstate Plaintiffs to the positions they held at the time they left their former employment with the City and County of San Francisco.

The parties dispute whether Plaintiffs are entitled to further relief, in the form of lost back wages, raises, service credit to their pension plans, vacation and sick 'comp' time lost, interest on these monetary damages, full seniority, and all damages lessened by a deduction for Plaintiffs' "'mitigation of damages,' including all taxable amounts earned in substitute or replacement employment or business activity." (Dkt. No. 248, Motion for Order, Ex. 1 at ¶¶ 4-10.)

Plaintiffs did not request these specific measures of damages in their original briefing on the motion for a preliminary injunction (or in any other filings with the Court) and have given no indication of the calculations for them.[1] It is also unclear from the sparse briefing now before the Court whether, without having previously sought these measures of damages, they may still be legally entitled to any of these types of damages. Accordingly, the Court ISSUES this Order

---

[1] While not mentioned in their briefs, Plaintiffs did add that they sought rehiring with back pay in their proposed order on the motion for a preliminary injunction. (Dkt. No. 19-6, Proposed Order at 2:9.)

2

requiring Plaintiffs to set out: (1) the specific damages they request; (2) how they may be calculated; and (3) the binding precedent in support of granting these measures of damages on remand in this context.  By no later than May 9, 2025, Plaintiffs shall file a brief not to exceed 20 pages to provide the Court with this information.  By no later than May 23, 2025, Defendant shall file its responsive briefing, also not to exceed 20 pages.  By no later than June 6, 2025, Plaintiffs may file a reply brief not to exceed 15 pages.  Should the Court require a hearing on this matter, one will be set by further order.

**IT IS SO ORDERED.**

Dated:  April 18, 2025

_____
JEFFREY S. WHITE
United States District Judge