Russell Davis (SBN 177959)
PACIFIC JUSTICE INSTITUTE
29 Lakewood Ave.
San Francisco, CA 94127
Tel. (415) 310-6575
rdavis@pji.org

*Attorney for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELINA KEENE, MELODY FOUNTILA, MARK MCCLURE, <br><br>     Plaintiffs, <br><br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO; DOES 1-100, <br><br>     Defendants. | ) Case No.: 4:22-cv-01587-JSW <br> ) <br> ) **DECLARATION OF RUSSELL DAVIS** <br> ) **IN SUPPORT OF ADDITIONAL** <br> ) **BRIEFING RE: BACK PAY** <br> ) <br> ) <br> ) <br> ) Date: May 9, 2025 <br> ) Courtroom: Courtroom 5 <br> ) Judge: The Honorable Jeffrey S. White <br> ) |

DECLARATION OF RUSSELL DAVIS

**DECLARATION OF RUSSELL DAVIS IN SUPPORT ADDITIONAL BRIEFING**

I, Russell Davis, declare as follows:

1. I am the attorney of record for the Plaintiffs herein. I have personal knowledge of the facts in this matter and if called to testify regarding them I would and could do so competently.

2. The Court has ordered Plaintiffs to set out the specific damages requested and how they are to be calculated. (Order of April 18, 2025). To the extent the Court is asking for specific liquidated amounts such information is presently within the sole purview of the Defendant. Indeed, the Defendant has subpoenaed its own retirement system for the information the Court is requesting. Should the Court permit discovery on this limited issue, Plaintiff would eagerly undertake it. The exact adjustment to the Plaintiffs' pensions involve complicated computations regarding the effects of adding three (3) additional service years, plus yearly increases, bonuses, and promotions, prejudgment interest, "gross ups," and minus the amounts Plaintiffs received from their forced retirement pensions. Said information is within the Defendant's retirement department or expert testimony and cannot be provided within the time Plaintiffs have been allotted to respond to the Court's order. Further, there is no need for liquidated amounts at this time.

3. The Court's order concerns damages. Plaintiffs are demanding restitution, not damages. As shown in the legal argument, restitution under Title VII is not considered damages. The categories of such restitution will be laid out within the Plaintiffs' legal argument. Exact amounts are not necessary at this time. After the categories of restitution are established, an exact amount can be calculated, most easily and correctly by the Defendant. Plaintiffs can, and will, provide their own expert testimony on this matter as soon as it's available.

4. A proposed order consistent with the Ninth Circuit's mandate is attached as **Exhibit 1** herein.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 9th day of May 2025 in San Francisco, California.

/s/ Russell Davis
Russell Davis

---

# EXHIBIT 1

Russell Davis (SBN 177959)
PACIFIC JUSTICE INSTITUTE
29 Lakewood Ave.
San Francisco, CA 94127
Tel. (415) 310-6575
rdavis@pji.org

*Attorney for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELINA KEENE, MELODY FOUNTILA, MARK MCCLURE,<br><br>     Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO; LONDON BREED, Mayor of San Francisco in her official capacity; CAROL ISEN Human Resources Director, City and County of San Francisco, in her official capacity; DOES 1-100,<br><br>     Defendants. | Case No.: 4:22-cv-01587-JSW<br><br>**[PROPOSED] ORDER RE: PLAINTIFFS' MOTION TO ENTER AN ORDER PURSUANT TO THE NINTH CIRCUIT'S MANDATE** |

The Court finds and rules as follows:

1.  Plaintiffs Keene and Fountila possess genuine religious beliefs which conflicted with taking the COVID-19 vaccine. They requested religious exemptions and were constructively fired for their noncompliance with the Defendant's vaccine mandate. This occurred despite alternative accommodations, such as remote work or the use of PPE, being available to the Defendant.

2.  Plaintiffs Keene and Fountila established their prima facie cases and met all four Winter factors in support of their Motion for Preliminary Injunction. Pursuant to the Ninth Circuit's Mandate, Plaintiffs' motion is granted.

3.  Plaintiffs Keene and Fountila are to be restored to "the last uncontested status which preceded the pending controversy." That is, they are to be reinstated to their former careers as of the date of their coerced termination.

4.  Plaintiffs Keene and Fountila shall be paid their lost back wages from the date of their coerced termination until the date of their actual reinstatement. Such reinstatement shall take place forthwith.  For purposes of computing liquidated amounts due, the effective date of this order shall be April 18, 2025.

5. The payment of lost back wages due to each Plaintiff will include all raises to which they were otherwise entitled to.

6.  Additional years of service credit shall be made to the Plaintiffs' pension plans. The City will make all payments to Keene's and Fountila's pension plans necessary to adjust for the deficiencies therein suffered from the date of their coerced termination to the date of their reinstatement.

7.  Plaintiffs Keene and Fountila shall be restored to all expended vacation, sick, and 'comp' time lost as a proximate result of all adverse administrative actions against them related to the City's COVID-19 Vaccination Policy.

8.  Plaintiffs Keene and Fountila shall be paid interest on all sums due hereunder according to statute.

9.  Plaintiffs Keene and Fountila shall be restored to full seniority.

10. Plaintiffs shall receive a "gross up" to compensate for any adverse tax consequences due to receiving a lump sum for back pay.

11. From the total amount of back wages which are due to each Plaintiff, the Plaintiffs will deduct their "mitigation of damages," including all taxable amounts earned in substitute or replacement employment, business activity or pensions.

IT IS SO ORDERED.

DATED: _____

_____
The Honorable Jeffrey S. White