UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SELINA KEENE, et al.,

Plaintiffs,

v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

Defendants.

Case No. 22-cv-01587-JSW

**ORDER DENYING BACK PAY AND REQUESTED RELIEF WITHOUT PREJUDICE**

Re: Dkt. Nos. 254, 259

Now before the Court are the parties' briefs concerning Plaintiffs' new request upon remand for additional relief pursuant to their motion for preliminary injunction. In its order dated April 18, 2025, the Court set out the parties' dispute about whether Plaintiffs are entitled to further relief, in the form of lost back wages, raises, service credit to the pension plans, vacation and sick 'comp' time lost, interest on these monetary damages, full seniority, and all damages lessened by a deduction for Plaintiffs' "'mitigation of damages,' including all taxable amounted earned in substitute or replacement employment or business activity." (Dkt. No. 253, Order at 2.) Because Plaintiffs did not request these specific measures of damages in their original briefing on the motion for a preliminary injunction (or in any other filings with the Court), the Court requested further briefing on their entitlement to these additional damages.

A motion for a preliminary injunction requires courts to "determine if the balance of the hardship favors the party seeking the injunction" and requires a court to consider "the competing claims of injury and … the effect on each party of the granting or withholding of the requested relief." *Heil Trailer Int'l Co. v. Kula*, 542 F. App'x 329, 336 (5th Cir. 2013 (per curiam) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)) (emphasis added). In this matter, in their motion papers, Plaintiffs only requested reinstatement to their former positions with the City;

United States District Court
Northern District of California

United States District Court
Northern District of California

they never briefed the issue of back pay, full seniority, service credit, raises, or any of the relief now being sought. Accordingly, any new or additional relief was explicitly not part of the consideration before the Ninth Circuit and were not ordered on remand.

However, the Court finds that the newly-requested relief may be available to Plaintiffs after a decision is rendered on the merits of Plaintiffs' claims. To obtain preliminary injunctive relief, a plaintiff need only show she is "likely to succeed on the merits." *Winter*, 555 U.S. at 20. Here, the Ninth Circuit found that Plaintiffs showed "a strong likelihood of success on the merits under both Title VII and FEHA." (Dkt. No. 242 at 8.) A preliminary injunction is not a determination on the merits and, once granted, serves "merely to preserve the relative positions of the parties until a trial on the merits can be held." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981); *see also Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984) (holding that a preliminary injunction is "not a preliminary adjudication on the merits but rather a device for preserving the status quo and preventing irreparable loss of rights before judgment.") "The granting or denial of a preliminary injunction does not amount to an adjudication of the ultimate rights in controversy." *System 99 v. System 101*, 35 Cal. App. 3d 170, 173 (1973). Here, the case has not yet been decided on the merits and an award of back pay and other additional, previously-unrequested relief is premature at this point.[1]

Accordingly, the Court denies without prejudice Plaintiffs' request for additional measures of damages until such time as a decision is rendered on the merits.

**IT IS SO ORDERED.**

Dated: July 10, 2025

JEFFREY S. WHITE
United States District Judge

[1] In addition, the expert analysis of Plaintiffs' damages is not only premature at the preliminary injunction stage but was also not provided in Plaintiffs' opening brief and is not appropriately filed on reply. Although the Court has reviewed the reply and supporting declaration and exhibits, the Court does not use the analysis in its finding and GRANTS Defendant's administrative motion to strike those portions of Plaintiffs' submissions.