Russell Davis (SBN 177959)
PACIFIC JUSTICE INSTITUTE
29 Lakewood Ave.
San Francisco, CA 94127
Tel. (415) 310-6575
rdavis@pji.org

*Attorney for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELINA KEENE, MELODY FOUNTILA, MARK MCCLURE,<br><br> Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO; DOES 1-100,<br><br> Defendants. | Case No.: 4:22-cv-01587-JSW<br><br>**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE** |

Attached as Exhibit 1 is a true and correct copy of a consent judgment entered in *Opuku-Boateng v. California*, Case No. S-87-755 MLS. The exhibit is a true and correct copy of official public records, whose authenticity is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See*, Fed. R. Evid. 201(b). *Mitchell v. Wells Fargo Bank, N.A.*, No. CV 13-04017-KAW, 2014 U.S. Dist. LEXIS 7803, at *8-9 (N.D. Cal. Jan. 21, 2014).

Wherefore, Plaintiffs request that this Court take judicial notice of Exhibit 1.

Respectfully submitted this 5th day of September 2025,

/s/ Russell Davis
Russell Davis
PACIFIC JUSTICE INSTITUTE

*Attorney for Plaintiffs*

# EXHIBIT 1

1 ROBERT H. ZIPRICK
  Ziprick, Schilt, Heinrich & Cramer
2 707 Brookside Avenue
3 Redlands, CA 92373
  (909) 824-4305
4
5 LEE BOOTHBY
  Boothby & Yingst
6 Suite 201, 4545 42nd St., NW
  Washington, DC 20016
7 (202) 363-1773
8 Attorneys for Plaintiff

**FILED**

MAY 1 2 1999

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
        DEPUTY CLERK

LODGED

MAY 10 1999

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFOR
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KWASI OPUKU-BOATENG,

        Plaintiff,

        v.

STATE OF CALIFORNIA, et al.,

        Defendants.

Civil No. S-87-755 MLS

**CONSENT JUDGMENT**

This action was instituted by plaintiff, Kwasi Opuku-Boateng, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* In that action, plaintiff seeks a declaratory judgment that defendants engaged in religious discrimination, a violation of Title VII; a permanent injunction enjoining defendants from further engaging in any such discriminatory practices; reinstatement (with appropriate promotions, back pay and other benefits to which he would have been entitled since November 2, 1982); costs of suit and attorneys' fees.

Trial was held by this court, sitting without a jury, on April 19 through May 1, 1993, following which the case was taken under submission. Judgment was entered by this court on

1

153

July 25, 1994, in favor of defendants.

Thereafter, plaintiff filed an appeal to the Ninth Circuit Court of Appeals, and on September 19, 1996, the court of appeals reversed the judgment of the district court and remanded the case. Thereafter, a timely petition for rehearing with suggestions for rehearing en banc was filed by defendants which was subsequently denied. Thereafter, a petition for writ of certiorari was filed with the United States Supreme Court by the defendants. On May 19, 1997, the Court denied defendants' petition.

Thereafter, this court held a status conference, and a procedure was established including a process by which the parties were to attempt to arrive at a final resolution. As a result of extended negotiations between counsel for the parties, a stipulation was finally entered into on March 9, 1999, which stipulation provided for a settlement of all claims and the entry of a judgment against defendant State of California consistent with a stipulation which has been filed with this court.

This court has reviewed the terms and provisions of the Settlement Agreement and has found them to be fair, reasonable, appropriate, and in accordance with the law, THEREFORE:

IT IS HEREY ORDERED, ADJUDGED, AND DECREED that as a separate and distinct provision of this Judgment, defendant shall pay to the plaintiff the sum of $385,000 as damages for back pay, and any and all other benefits of employment which plaintiff would have received, had he been employed by defendant as of November 2, 1982. Interest shall accrue at the rate of 7% per annum, commencing the date following the date of entry of this Judgment. The full amount thereof shall be due and payable on or before December 15, 1999.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that defendant will also pay to plaintiff's counsel attorney fees and costs in the amount of $373,199.76. Interest shall accrue on any unpaid amount at the rate of 7% per annum, commencing the date following the date of

the entry of this Judgment. The full amount thereof shall be due and payable on or before December 15, 1999.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that plaintiff will pay any and all federal and/or state tax or other governmental obligations required by law and associated with the payment referenced above, as defendant will not withhold any amount for any reason from this sum. Plaintiff will indemnify and hold defendant harmless from any liability, claims, demands, deficiencies, levies, assessments, executions, judgments or recoveries by any governmental entity for any amounts claimed due on account of the Stipulation entered into by the parties or pursuant to claims made under any federal or state laws, whether arising from nonpayment of tax or noncompliance with other governmental obligations associated with this payment or on account of this Judgment and the Stipulation entered into by the paties.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that plaintiff will be employed by defendant at the California Department of Food and Agriculture. His employment shall commence within sixty (60) days of the date of the execution of the Settlement Agreement which was effective as of March 9, 1999, but at such time as is mutually agreed upon by the parties. His official date of hire will be the date he first reports to work. His initial assignment shall be at the Yermo Inspection Station where he will be employed as a Plant Quarantine Inspector at the highest rate of pay and economic benefits available for a Plant Quarantine Inspector, Range B. All benefits to which plaintiff is entitled will begin on the first day he is eligible for them, based on the official date of hire. Plaintiff's twelve-month probationary period shall begin on the official date of hire.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that for layoff purposes only, plaintiff shall receive full seniority as of November 1, 1982, until the date of entry of this Judgment. Plaintiff will begin accruing additional seniority on his official date of hire.

Consent Judgment                                3

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that plaintiff's religious practices of Sabbath observance between sunset Friday and sunset Saturday will be accommodated in that regard. Defendant's Department of Food and Agriculture will not schedule plaintiff to work at any time between sunset Friday and sunset Saturday. Nor will he be unlawfully penalized or unlawfully discriminated against as to transfer, salary, benefits, or any other manner because of his religious practice of Sabbath observance. Plaintiff has acknowledged in the Settlement Agreement that because of the limited number of employees at the small-to-medium-sized Border Inspection Station (including Yermo) that it may not be possible to accommodate plaintiff for promotion to supervisor in the Plant Quarantine class; plaintiff has agreed in the Settlement Agreement not to challenge the Department of Food and Agriculture's decision related to this situation except as provided by law. Plaintiff, however, shall be entitled to any transfers available to employees employed by the Department of Food and Agriculture under civil service regulations. Plaintiff has acknowledged in the Settlement Agreement that any transfer will be dependent upon the staffing at the transfer location and its ability to accommodate plaintiff's religious practices without unfairly impacting other employees.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that this court shall retain jurisdiction over this case for at least a period of time equivalent to plaintiff's further employment probationary period (12 months) plus 60 days for the purpose of issuing any additional orders and decrees needed to effectuate, clarify, or enforce the provisions of the Settlement Agreement including the payment of all sums provided for therein.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that these provisions shall continue to be fully enforceable as a judgment of this court in the event of any breach of the Settlement Agreement and the terms and provisions of this Judgment that the court may enter further orders against defendants consistent with the terms of the Settlement Agreement and this

Consent Judgment                                  4

1  Judgment, including the provisions of paragraphs 8 through 10 as set forth in the Stipulation
2  entered into by counsel for the parties.

4  Dated: May 12, 1999

    HONORABLE MILTON L. SCHWARTZ
    United States District Court Judge

7  Agreed as to form:

9  Dated: May 7, 1999

    LEE BOOTHBY
    Suite 201, 4545 42nd St., NW
    Washington, DC 20016
    (202) 363-1773

    Attorney for Plaintiff

13  Dated: May 3, 1999

    CHARLES W. GETZ, IV
    Assistant Attorney General
    50 Fremont St., Room 300
    San Francisco, CA 94105
    (415) 356-6348

    Attorney for Defendants

Consent Judgment    5

United States District Court
for the
Eastern District of California
May 12, 1999

\* \* CERTIFICATE OF SERVICE \* \*

2:87-cv-00755

Opuku-Boateng

   v.

State of California

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on  May 12, 1999, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.

       Charles William Getz IV                MP/MLS
       Attorney General's Office of the State of California
       50 Fremont Street
       Suite 300
       San Francisco, CA   94105-2239

       DAG
       Attorney General's Office of the State of California
       PO Box 944255
       1300 I Street
       Suite 125
       Sacramento, CA   94244-2550

       Claude D Morgan
       Boothby and Yingst
       2740 Fulton Avenue
       Sacramento, CA   95821

       Lee Boothby
       PRO HAC VICE
       Lee Boothby Attorney at Law
       4545 42nd Street NW
       Suite 201
       Washington, DC   20016

Jack L. Wagner, Clerk

by: Deputy Clerk