Russell Davis (SBN 177959)
PACIFIC JUSTICE INSTITUTE
29 Lakewood Ave.
San Francisco, CA 94127
Tel. (415) 310-6575
rdavis@pji.org

*Attorney for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELINA KEENE, MELODY FOUNTILA, MARK MCCLURE,<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendant. | Case No.: 4:22-cv-01587-JSW<br><br>**PLAINTIFFS' NOTICE OF LODGMENT** |

PLAINTIFFS' NOTICE OF LODGMENT

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE
2  TAKE NOTICE that Plaintiffs have lodged the attached documents with the Court.
3  These documents are (1) emails to Selina Keene and Melody Fountila from the
4  SFHSA, and (2) subpoenas issued to San Francisco Employee's Retirement
5  System by the Defendant.
6      Respectfully submitted this 11th day of September 2025.

/s/ Russell Davis
Russell Davis, Esq.
PACIFIC JUSTICE INSTITUTE

*Attorney for Plaintiffs*

---

PLAINTIFFS' NOTICE OF LODGMENT

1

# ATTACHMENT



**SAN FRANCISCO HUMAN SERVICES AGENCY**

P.O. Box 7988
San Francisco, CA
94120-7988
www.SFHSA.org

**Delivered via postal mail & email (selinakeene@yahoo.com)**

June 27, 2025

Department of Benefits
and Family Support

Department of Disability
and Aging Services

Selina Keene
2452 Stanford Way
Antioch, CA 94531

Dear Selina Keene:

Pursuant to the court order issued by the Northern District Court of California in case number 22-cv-01587-JSW, the San Francisco Human Services Agency (HSA/Agency) has been ordered to return you to your former 9704 Employment & Training Specialist III position. Your return date is currently set for July 21, 2025.

According to City records, you have retired from the City and County of San Francisco and will need to un-retire in order to return to your former position. As this may impact your retiree health and pension benefits, HSA will coordinate with the Health Services System (HSS) and the San Francisco Employees' Retirement System (SFERS) to facilitate your return.



**Daniel Lurie**
Mayor

**Trent Rhorer**
Executive Director, SFHSA

**Kelly Dearman**
Executive Director, DAS

To initiate your return, you will first need to be fingerprinted and re-enrolled in the Department of Justice's Subsequent Arrest Program. Please contact me via e-mail or telephone using my contact information below to schedule a fingerprint appointment with HSA-Human Resources located at 1650 Mission Street, 2nd Floor, San Francisco, CA 94513. Please note that fingerprint results may take up to two weeks; therefore, it is imperative you contact me no later than July 3, 2025 to avoid any delays in processing your return.

Your last work location with HSA was the suite located at 1800 Oakdale Avenue. HSA no longer occupies the space in this building; therefore, you will report to 3120 Mission Street under your previous supervisor, Roxie Vinson-Hardeman. As you may know, the City currently requires most employees to work in the office a minimum of three days per week. Effective August 18, 2025, City employees will be mandated to work in the office a minimum of four days per week with

Page 1 of 2



SAN FRANCISCO
HUMAN SERVICES AGENCY

P.O. Box 7988
San Francisco, CA
94120-7988
www.SFHSA.org

exceptions for approved disability accommodation or those covered by the Family Friendly Workplace Ordinance (FFWO).

As a returning employee, please be advised that policies, procedures, and systems related to your role may have changed since you last worked at HSA. To ensure you are fully up to date, you will be required to complete a 9-week refresher training under the guidance of your supervisor. This training will follow a hybrid format, combining both in-person and virtual sessions based on the assigned topics. Upon your return, you may coordinate your work schedule and training plan directly with your supervisor.

If you have any questions, please feel free to contact me.

Sincerely,

David Tu

David Tu
Human Resources Manager
Human Services Agency
David.Tu@sfgov.org
(415) 816-9896





**SAN FRANCISCO HUMAN SERVICES AGENCY**

P.O. Box 7988
San Francisco, CA
94120-7988
www.SFHSA.org

**Delivered via postal mail & email (fountila@att.net, fountila@gmail.com)**

Department of Benefits
and Family Support

Department of Disability
and Aging Services

June 27, 2025

Melody Fountila
5176 Domengine Way
Antioch, CA 94531

Dear Melody Fountila:

Pursuant to the court order issued by the Northern District Court of California in case number 22-cv-01587-JSW, the San Francisco Human Services Agency (HSA/Agency) has been ordered to return you to your former 9704 Employment & Training Specialist III position. Your return date is currently set for July 21, 2025.

According to City records, you have retired from the City and County of San Francisco and will need to un-retire in order to return to your former position. As this may impact your retiree health and pension benefits, HSA will coordinate with the Health Services System (HSS) and the San Francisco Employees' Retirement System (SFERS) to facilitate your return.

To initiate your return, you will first need to be fingerprinted and re-enrolled in the Department of Justice's Subsequent Arrest Program. Please contact me via e-mail or telephone using my contact information below to schedule a fingerprint appointment with HSA-Human Resources located at 1650 Mission Street, 2nd Floor, San Francisco, CA 94513. Please note that fingerprint results may take up to two weeks; therefore, it is imperative you contact me no later than July 3, 2025 to avoid any delays in processing your return.

Your last work location with HSA was the suite located at 1800 Oakdale Avenue. HSA no longer occupies the space in this building; therefore, you will report to 3120 Mission Street under your previous supervisor, Roxie Vinson-Hardeman. As you may know, the City currently requires most employees to work in the office a minimum of three days per week. Effective August 18, 2025, City employees will be



**Daniel Lurie**
Mayor

**Trent Rhorer**
Executive Director, SFHSA

**Kelly Dearman**
Executive Director, DAS

Page 1 of 2



P.O. Box 7988
San Francisco, CA
94120-7988
www.SFHSA.org

mandated to work in the office a minimum of four days per week with exceptions for approved disability accommodation or those covered by the Family Friendly Workplace Ordinance (FFWO).

As a returning employee, please be advised that policies, procedures, and systems related to your role may have changed since you last worked at HSA. To ensure you are fully up to date, you will be required to complete a 9-week refresher training under the guidance of your supervisor. This training will follow a hybrid format, combining both in-person and virtual sessions based on the assigned topics. Upon your return, you may coordinate your work schedule and training plan directly with your supervisor.

If you have any questions, please feel free to contact me.

Sincerely,

David Tu

David Tu
Human Resources Manager
Human Services Agency
David.Tu@sfgov.org
(415) 816-9896



AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| Selina Keene, et al. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 4:22-cv-01587-JSW |
| City and County of San Francisco, et al. | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: San Francisco Employees' Retirement System, 1145 Market Street, 5th Floor, San Francisco, CA 94103

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment 3

| Place: Gordon Rees Scully Mansukhani, LLP; 315 Pacific Avenue, San Francisco, CA 94111 | Date and Time: May 21, 2025 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 4/30/2024

CLERK OF COURT

OR

_____         /s/ Pamela Ng
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* City and County of San Francisco, who issues or requests this subpoena, are:
Deputy City Attorney Adam Shapiro of SF City Attorney's Office, 1390 Market St., Floor 7, San Francisco, CA 94102; 415-554-383[?]; adam.shapiro@sfcityatty.org; Pamela Ng, png@grsm.com, 315 Pacific Avenue, San Francisco, CA 94111, 415-986-5900

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## ATTACHMENT 3

Any and all documents from January 1, 2021 to present, that relate to, reference or concern Melody Fountila ("Fountila"), DOB: 3/14/1960; SSN: XXX-XX-5680, including but not limited to all Fountila's applications for retirement benefits; documents reflecting the amount of benefits Fountila is entitled to including the annual member statements; documents reflecting benefits paid to Fountila to date, notices of supplemental COLA benefit adjustments interest payments, worksheets for calculating years of service credit and payment amounts, and retirement interview checklists, excluding any attorney-client communications or attorney work product.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:22-cv-01587-JSW

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____         _____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Print    Save As...    Add Attachment    Reset

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# CERTIFICATE OF SERVICE

### *Keene v. City of San Francisco*
United States District Court Northern District Case No.22cv-01587-JSW

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: 315 Pacific Avenue, San Francisco, CA 94111. On the date below I served the within documents:

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSEPCATION OF PREMISES IN A CIVIL ACTION TO SAN FRANCISCO EMPLOYEES' RETIREMENT SYSTEM RE: MELODY FOUNTILA**

[X] **Via E-Mail**: by transmitting via electronic mail the document(s) listed above to the email address(es) set forth below.

[ ] **Via U.S. Mail**: by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Francisco, addressed as set forth below.

[ ] **Via ECF Filing System**: By electronic transmission through ECF and the below email addresses listed in the court's ECF Filing System

[ ] **Via TitanFile**: by transmitting via electronic mail via secure *TitanFile* the document(s) listed above to the email address(es) set forth below.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on May 1, 2025 at San Francisco, California.

Javier Lopez-Olvera

CERTIFICATE OF SERVICE

## SERVICE LIST

PACIFIC JUSTICE INSTITUTE
Emily C. Mimnaugh
1580 Grand Point Way #33171
Reno, NV 89533
Phone: (916) 857-6900
Fax: (916) 857-6902
emimnaugh@pji.org

Attorneys for Plaintiffs,
GUARDADO, et al.

PACIFIC JUSTICE INSTITUTE
Kevin T. Snider
Terri Franklin
P.O. Box 276600
Sacramento, CA 95827
Tel. (916) 857-6900
Fax (916) 857-6902
knider@pji.org
mattmcreynolds@pji.org
tfranklin@pji.org

Attorneys for Plaintiffs,
GUARDADO, et al.
THADDEUS SALEEM SHAHEED, et al.
SELINA KEENE, MELODY FOUNTILA, MARK MCCLURE

PACIFIC JUSTICE INSTITUTE
Kevin T. Snider
Matthew B. McReynolds
Terri Franklin
P.O. Box 276600
Sacramento, CA 95827
Tel. (916) 857-6900
Fax (916) 857-6902
knider@pji.org
mattmcreynolds@pji.org
tfranklin@pji.org

Attorneys for Plaintiffs,
GUARDADO, et al.
THADDEUS SALEEM SHAHEED, et al.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

Selina Keene, et al. )
*Plaintiff* )
v. )  Civil Action No. 4:22-cv-01587-JSW
City and County of San Francisco, et al. )
)
*Defendant* )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: San Francisco Employees' Retirement System, 1145 Market Street, 5th Floor, San Francisco, CA 94103

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment 3

| Place: Gordon Rees Scully Mansukhani, LLP; 315 Pacific Avenue, San Francisco, CA 94111 | Date and Time: May 21, 2025 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 4/30/2024

CLERK OF COURT
                                        OR
_____          /s/ Pamela Ng
*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
City and County of San Francisco _____, who issues or requests this subpoena, are:
Deputy City Attorney Adam Shapiro of SF City Attorney's Office, 1390 Market St., Floor 7, San Francisco, CA 94102; 415-554-383
adam.shapiro@sfcityatty.org; Pamela Ng, png@grsm.com, 315 Pacific Avenue, San Francisco, CA 94111, 415-986-5900

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## ATTACHMENT 3

Any and all documents from January 1, 2021 to present, that relate to, reference or concern Selina Keene ("Keene"), DOB: 11/24/1963; SSN: XXX-XX-6620, including but not limited to all Keene's applications for retirement benefits; documents reflecting the amount of benefits Keene is entitled to including the annual member statements; documents reflecting benefits paid to Keene to date, notices of supplemental COLA benefit adjustments interest payments, worksheets for calculating years of service credit and payment amounts, and retirement interview checklists, excluding any attorney-client communications or attorney work product.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:22-cv-01587-JSW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# CERTIFICATE OF SERVICE

**_Keene v. City of San Francisco_**
United States District Court Northern District Case No.22cv-01587-JSW

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: 315 Pacific Avenue, San Francisco, CA 94111. On the date below I served the within documents:

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSEPCATION OF PREMISES IN A CIVIL ACTION TO SAN FRANCISCO EMPLOYEES' RETIREMENT SYSTEM RE: SELINA KEENE**

[X] **Via E-Mail**: by transmitting via electronic mail the document(s) listed above to the email address(es) set forth below.

[ ] **Via U.S. Mail**: by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Francisco, addressed as set forth below.

[ ] **Via ECF Filing System**: By electronic transmission through ECF and the below email addresses listed in the court's ECF Filing System

[ ] **Via TitanFile**: by transmitting via electronic mail via secure _TitanFile_ the document(s) listed above to the email address(es) set forth below.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on May 1, 2025 at San Francisco, California.

Javier Lopez-Olvera

CERTIFICATE OF SERVICE

## SERVICE LIST

PACIFIC JUSTICE INSTITUTE
Emily C. Mimnaugh
1580 Grand Point Way #33171
Reno, NV 89533
Phone: (916) 857-6900
Fax: (916) 857-6902
emimnaugh@pji.org

Attorneys for Plaintiffs,
GUARDADO, et al.

PACIFIC JUSTICE INSTITUTE
Kevin T. Snider
Terri Franklin
P.O. Box 276600
Sacramento, CA 95827
Tel. (916) 857-6900
Fax (916) 857-6902
knider@pji.org
mattmcreynolds@pji.org
tfranklin@pji.org

Attorneys for Plaintiffs,
GUARDADO, et al.
THADDEUS SALEEM SHAHEED, et al.
SELINA KEENE, MELODY FOUNTILA, MARK MCCLURE

PACIFIC JUSTICE INSTITUTE
Kevin T. Snider
Matthew B. McReynolds
Terri Franklin
P.O. Box 276600
Sacramento, CA 95827
Tel. (916) 857-6900
Fax (916) 857-6902
knider@pji.org
mattmcreynolds@pji.org
tfranklin@pji.org

Attorneys for Plaintiffs,
GUARDADO, et al.
THADDEUS SALEEM SHAHEED, et al.

CERTIFICATE OF SERVICE