UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THADDEUS SALEEM SHAHEED, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>Defendant. | Case No. 22-cv-06013-JSW<br>22-cv-01587-JSW<br><br>**ORDER GRANTING MOTION TO PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 279 |

Now before the Court is the motion filed by Plaintiff Thaddeus Saleem Shaheed ("Plaintiff") for a preliminary injunction to be reinstated by Defendant City and County of San Francisco ("City"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and HEREBY GRANTS the Plaintiff's motion for a preliminary injunction.

**BACKGROUND**

During the global COVID-19 pandemic Plaintiff, who was working for the City as a Customer Service Agent for its 311 Call Center, professed his religious objection as a Muslim to the vaccination requirement for continued employment. In response to the City's mandatory policy, Plaintiff submitted a request for a religious exemption and accommodation based on his faith. Reviewers of the request found that it was based on sincere beliefs, but finding him in violation of the mandatory policy, the City fired him from his position.

On October 12, 2022, Plaintiff filed this lawsuit claiming that the City violated Title VII of the Civil Rights Act of 1964, the First Amendment to the United States Constitution, and California's Fair Employment and Housing Act ("FEHA") by failing to accommodate his religious beliefs by allowing him to work remotely or to work in-person while wearing personal protective equipment and regularly testing for COVID-19.

Now, three years passed the time he first sued the City for failure to accommodate him, Plaintiff files this motion for a preliminary injunction seeking reinstatement to his former position.

## ANALYSIS

### A. Legal Standard.

A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)); *see also Munaf v. Geren*, 553 U.S. 674, 689-690 (2008) (internal citations omitted) (holding that preliminary injunctive relief is an "extraordinary and drastic remedy" that is never awarded as of right). In order to obtain this extraordinary remedy, Plaintiffs must show "(1) they are likely to succeed on the merits, (2) they are likely to 'suffer irreparable harm' without relief, (3) the balance of equities tips in their favor, and (4) an injunction is in the public interest." *East Bay Sanctuary Covenant v. Barr*, 964 F.3d 832, 844-45 (9th Cir. 2020) (citing *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009)). "When the government is a party," the third and fourth factors "merge." *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014) (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)).

Thus, "[i]n each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'" *Winter*, 555 U.S. at 24 (citing *Amoco Production Co. v. Gambell*, 480 U.S. 531, 542 (1987)). "In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction.'" *Id*. (citing *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982)).

The Supreme Court's decision in *Winter*, however, did not disturb the precedent set by the

Ninth Circuit's alternative analysis that a court may grant injunctive relief where "serious questions going to the merits were raised and the balance of the hardships tips sharply in the plaintiff's favor." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (quoting *The Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008), *overruled on other grounds by Winter*, 555 U.S. at 22). "For the purposes of injunctive relief, 'serious questions' refers to questions which cannot be resolved one way or the other at the hearing on the injunction and as to which the court perceives a need to preserve the status quo lest one side prevent resolution of the questions or execution of any judgment by altering the status quo." *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988). Serious questions are "substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberative investigation." *Hamilton Watch Co. v. Benrus Watch Co.*, 206 F.2d 738, 740 (2d Cir. 1952). Serious questions need not promise a certainty of success, nor even present a probability of success, but must involve a "fair chance of success on the merits." *National Wildlife Fed'n v. Coston*, 773 F.2d 1513, 1517 (9th Cir. 1985).

However, a plaintiff also must show that he is likely to suffer irreparable injury and that the injunction is in the public interest. *Id.* at 1135. "For the purposes of injunctive relief, 'serious questions' refers to questions which cannot be resolved one way or the other at the hearing on the injunction and as to which the court perceives a need to preserve the status quo lest one side prevent resolution of the questions or execution of any judgment by altering the status quo." *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988).

Serious questions are "substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberative investigation." *Hamilton Watch Co. v. Benrus Watch Co.*, 206 F.2d 738, 740 (2d Cir. 1952). Serious questions need not promise a certainty of success, nor even present a probability of success, but must involve a "fair chance of success on the merits." *Nat'l Wildlife Fed'n v. Coston*, 773 F.2d 1513, 1517 (9th Cir. 1985). Whether a plaintiff can establish a likelihood of success on the merits or establishes serious questions going to the merits, that plaintiff is still required to show the likelihood of irreparable harm and that the public interest favors an injunction. *Cottrell*, 632 F.3d at 1135. Accordingly, the Court may grant a preliminary

3

1  injunction "if there is a likelihood of irreparable injury to plaintiff; there are serious questions
2  going to the merits; the balance of hardships tips sharply in favor of the plaintiff; and the
3  injunction is in the public interest." *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012).

**B. Likelihood of Success on the Merits.**

In this case, like the Plaintiffs in the related *Keene* matter (22-cv-1587-JSW), Plaintiff seeks reinstatement to his former position with the City, here as a Customer Service Agent for the City's 311 Call Center.[1]

A prima facie case for religious discrimination under a failure-to-accommodate theory requires an employee to show "(1) he had a bona fide religious belief, the practice of which conflicts with an employment duty; (2) he informed his employer of the belief and the conflict; and (3) the employer discharged, threatened, or otherwise subjected him to an adverse employment action because of his inability to fulfill the job requirement." *Keene v. City & Cty. of San Francisco*, No. 24-1574, 2025 WL 341831, at *2 (9th Cir. Jan. 30, 2025) (*Keene II*) (internal citations omitted). Here, Plaintiff has met all three prongs. He has a bona fide religious belief that conflicted with the City's vaccine policy as evidenced by the City's determination of sincerity. (Dkt. No. 279-2, Shaheed Declaration, Ex. 2.) Plaintiff informed his employer of the belief and the conflict by his submission of a request for a religious exemption and accommodation using the forms provided by the City. (*Id.*, Ex. 1.) And it is undisputed that Plaintiff was terminated from his job as a result of the failure to get vaccinated or for the City to accommodate his refusal to vaccinate. In addition, in his position, Plaintiff had fewer public-facing duties than the plaintiffs in *Keene* and so would have been easier to accommodate. The plaintiffs in *Keene* were found to have stated a likelihood of success on the merits of their similar claims. So too here, Plaintiff has made out a prima facie case for religious discrimination and is likely to succeed on the merits of his claim.

---

[1] Regardless whether the holdings in the related *Keene* action are law of the case, res judicata, or constitute issue preclusion or, as unpublished precedent, not binding, at a minimum the Court finds the guidance of the Ninth Circuit on the *Keene* appeals to be persuasive in resolving this related matter.

**C. Irreparable Harm.**

Plaintiff contends that in the absence of preliminary relief, he will suffer irreparable harm. Similar to the findings by the appellate court in *Keene*, here, Plaintiff asserts that he has lost the opportunity to pursue his "chosen profession," which has been "recognized as irreparable harm under certain circumstances." *Keene v. City & Cty. of San Francisco*, No. 22-16567, 2023 WL 3451687, at *2 (9th Cir. May 15, 2023) (*Keene I*) (internal citations omitted); *see also* Shaheed Decl. ¶¶ 4, 5.) The appellate court also considered the contention that the City gave its former employees "a Hobson's choice: lose your faith and keep your job, or keep your faith and lose your job." *Keene I*, 2023 WL 3451687, at *2. So too here, Plaintiff contends that he was given the same choice, leading to a finding of irreparable harm. Plaintiff also argues that he has faced and continues to face profound financial distress, including loss of income and his house being on the verge of foreclosure. (Shaheed Decl. ¶ 22.)

Under California law, the FEHA authorizes injunctive relief "to stop discriminatory practices." *Harris v. City of Santa Monica*, 56 Cal. 4th 203, 234 (2013). Further, under California law, the loss of employment is sufficient to establish irreparable harm. *Keene II*, 2025 WL 341831, at *2 (citing *Costa Mesa City Emps.' Ass'n v. City of Costa Mesa*, 209 Cal. App. 4th 298, 305-07 (2012) (finding irreparable harm when employees "were in serious peril of being terminated"); *Barajas v. City of Anaheim*, 15 Cal. App. 4th 1808, 1811-13 (1993) (finding irreparable harm when law preventing street vending would "destroy the [vendors'] livelihoods")). Under federal law, the tension between career choice and faith carries a weight that "may so far depart from the normal situation that irreparable injury might be found." *Id.* (citing *Sampson v. Murray*, 415 U.S. 61, 90 (1974)); *Nelson v. NASA*, 530 F.3d 865, 881-82 (9th Cir. 2008) *rev'd on other grounds*, 562 U.S. 134 (2011) (finding the "stark choice" between "constitutional rights of loss of [plaintiffs'] jobs" to constitute irreparable harm given the "emotional damages and stress, which cannot be compensated by mere back payment of wages")). Lastly, here, Plaintiff alleges a cause of action for violation of his constitutional rights under the First Amendment, the loss of protected religious freedoms, "for even minimal periods of time, unquestionably constitutes irreparable injury." *Id.* at *3 (citing *Roman Cath. Diocese of Brooklyn v. Cuomo*, 592 U.S. 14, 19

5

(2020) (citation omitted)).

Here, Plaintiff has made a sufficient showing of likelihood to suffer irreparable harm in the absence of preliminary injunctive relief.

### D. Balance of Equities and Public Interest.

Because the government is a party, the final two factors required for determination of the propriety of a preliminary injunction are merged. *Drakes Bay Oyster Co.*, 747 F.3d at 1092. The balance of equities requires the Court to evaluate the public interest in increased vaccination against the COVID-19 virus against the enforcement of civil rights statutes. *See Keene I*, 2023 WL 3451687, at *3 (citations omitted). Here, the balance of equities favors Plaintiff as the City's interest in preventing the spread of the COVID-19 virus has passed and the mandatory vaccination policy has lifted. Even during the pandemic, there were alternative accommodations available to the City, especially considering that Plaintiff worked as a customer service agent and did not have physical contact with the public. With regard to the public interest factors, "reinforcing anti-discrimination statutes is in the public's interest under both California and federal law." *Keene II*, 2025 WL 341831, at *3 (citing *Armendariz v. Found. Health Psychcare Servs., Inc.*¸ 24 Cal. 4th 83, 100 (2000) ("There is no question that the statutory rights established by the FEHA are 'for a public reason.'") (quoting Cal. Civ. Code § 3513); *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 417-18 (1975) (stating that relief under Title VII not only compensates victims but vindicates broader public interest in deterring future discrimination)). Further, as the mandatory vaccine requirement is no longer in place, there is no burden on the City for Plaintiff's noncompliance. *Id.*

Accordingly, Plaintiff has demonstrated that the balance of equities and the public interest favor granting his request for preliminary relief.

### E. Delay is Not Determinative.

Plaintiff was terminated from City employment on April 1, 2022, and filed his complaint on October 12, 2022. Despite his purported lack of income and continued financial difficulties, Plaintiff waited over three years to file for preliminary injunctive relief and to seek reinstatement. Although delay in filing for an injunction weighs against a finding of irreparable harm, the Court finds it is not determinative. *See, e.g., Kiva Health Brands LLC v. Kiva Brands, Inc.*, 402

6

F.Supp.3d 877, 897 (N.D. Cal. 2019) (finding that substantial delay in filing for an injunction rebuts presumption of irreparable harm); *but see Aguayo ex rel. NLRB v. Tomco Carburetor Co.*, 853 F.2d 744, 750 (9th Cir. 1988) (holding that delay by itself is not a determinative factor in whether the grant of interim relief is just and proper); *Doe v. Horne*, 115 F.4th 1083, 1111 (9th Cir. 2024) (holding that delay is but a single factor to consider in evaluating irreparable injury, and courts are loathe to withhold relief solely on that ground and even a long delay is not particularly probative in the context of ongoing, worsening injuries).

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion for a preliminary injunction and orders the Defendant to reinstate Plaintiff to his former position with the City and County of San Francisco forthwith.

**IT IS SO ORDERED.**

Dated:  December 18, 2025

_____
JEFFREY S. WHITE
United States District Judge