UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH COOK,

           Plaintiff,

      v.

CITY AND COUNTY OF SAN FRANCISCO,

           Defendant.

Lead Case No. 22-cv-01587-JSW

Case No.  22-cv-07645-JSW

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS MISREPRESENTATION CAUSES OF ACTION FROM PLAINTIFF'S SECOND AMENDED COMPLAINT**

Re: Dkt. No. 300

Now before the Court is the motion to dismiss filed by the City and County of San Francisco (the "City").  By its motion, the City seeks to dismiss the first, second, and third causes of action sounding in misrepresentation.  Plaintiff amended his complaint to add causes of action for deceit by intentional misrepresentation, deceit by reckless misrepresentation, and deceit by negligent misrepresentation based on the later testimony from Secretary of Health and Human Services, Robert F. Kennedy and Dr. Deborah Leah Brix, who served as the White House Coronavirus Response Coordinator.  Plaintiff claims that the testimony given before the United States Senate Committee on Finance in September of 2025 indicating these witnesses' belief that they were "lied to" by the previous administration regarding the efficacy of the coronavirus

United States District Court
Northern District of California

vaccine somehow imbues the City with knowledge that their representation about the necessity of the coronavirus vaccine in June of 2021 during the pandemic was false.

To survive a motion to dismiss for failure to state a claim upon which relief can be granted, a complaint "may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (holding that mere "labels and conclusions" or "formulaic recitation of the elements of a cause of action" will not suffice to overcome a motion to dismiss. A complaint must contain sufficient factual matter that, accepted as true, states a "claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth. *Id.* at 679.

In order to state a claim for deceit by intentional, reckless, or negligent misrepresentation, Plaintiff must plead with particularity that in June 2021, the City knew or should have known that its representations about the necessity of the coronavirus vaccine were false or misleading, or it acted with reckless disregard for the truth, or had no reasonable grounds for believing the representation was true at the time it was made. Plaintiff's newly amended deceit causes of action are predicated on the allegedly false statement contained in the City's vaccination policy enacted in 2021 but which was purportedly revealed to Plaintiff by the testimony of Kennedy and Brix in September 2025. There is no logical or plausible connection between the testimony of two federal witnesses in 2025 regarding their opinions of the efficacy of the coronavirus vaccine and the scope of the City's knowledge about the necessity of the vaccine in 2021. It is simply incorrect to imbue any knowledge of the supposed falsity of the representation to the City based on this relatively recent testimony of witnesses unaffiliated with the City. Such imputation is both illogical and anachronistic and, as the sole basis for the new claims sounding in deceit, fails in its entirety. Accordingly, the Court GRANTS the City's motion to dismiss the first, second, and third causes

of action from Plaintiff's second amended complaint without leave to amend.

**IT IS SO ORDERED.**

Dated: May 20, 2026

_____
JEFFREY S. WHITE
United States District Judge